**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:11-CV-61663-MORENO**

CONTINENT AIRCRAFT TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**AND INCORPORATED MEMORANDUM OF LAW**

Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant

## Table of Contents

I.      Background. ................................................................................................... 1

    A.      Events that Gave Rise to This Litigation. ......................................... 1

    B.      Procedural History. ............................................................................ 3

II.     Motion to Dismiss for Failure to State a Claim. ........................................ 5

    A.      Applicable Standard. .......................................................................... 6

    B.      Argument. ............................................................................................ 7

        1.      Plaintiff's Failure to Sufficiently Plead Agency Precludes its Claims.  7

        2.      If Premier Was Diamond's Agent, Such Agency Would Create Privity Between Diamond and Plaintiff.  In Turn, Disclaimers in the Aircraft Sales Agreement and the Economic Loss Rule Bar this Action. ........... 9

        3.      The Purported Misrepresentations Are Not Actionable, Barring the Misrepresentation Claims, Counts I and II. ........................................ 12

        4.      Plaintiff Fails to State a Claim for Fraudulent Concealment (Count III). ....................................................................................................... 16

III.    Conclusion. ................................................................................................... 18

Defendant Diamond Aircraft Industries, Inc. ("Diamond"), by and through its undersigned counsel and pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss this action with prejudice for failure to state a claim.

## I.      Background.

### A.      Events that Gave Rise to This Litigation.

Diamond is a Canadian company that manufactures different models of light aircraft, including the Diamond DA42 Twin Star (the "DA42").  (Compl. ¶¶ 2, 6.)  Plaintiff Continent Aircraft Trust 1087 (the "Continent Trust") is a Texas Trust.  (*Id.* ¶ 1.)  Karsten Damgaard-Iversen is presently, allegedly, the sole beneficiary of the Continent Trust, and is a citizen of Denmark.  (*Id.* ¶ 39.)  Mr. Damgaard-Iversen allegedly, on or about February 2007, entered into a contract with a Florida company, Premier Aircraft Sales, Inc. ("Premier"), a non-party, to purchase a DA42 (the "Aircraft").  (*Id.* ¶ 49; *see also* Aircraft Sales Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.)[1]  The Complaint and Aircraft Sales Agreement confirm that the Continent Trust *itself* did not purchase the Aircraft from Premier, and there are no allegations as to Mr. Damgaard-Iversen's role with the Continent Trust as of the February 2007 purchase.  Thus, by all indications, Mr. Damgaard-Iversen purchased the Aircraft purely in his individual capacity.[2]

---

[1] By attaching the Aircraft Purchase Agreement, Diamond does not convert its Motion to Dismiss into one for summary judgment because this document is central to Plaintiff's claims and is undisputed.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[2] Additionally, public records obtained from the Federal Aviation Administration ("FAA") indicate that the Continent Trust did not even exist at the time of the Aircraft purchase.  (*See* **Exhibit B** (indicating the Continent Trust was formed on July 1, 2007, and received title to the Aircraft in September 2007).)  The allegation that "Continent Trust purchased this aircraft through Premier's Ft. Lauderdale sales center" is contradicted by the Aircraft Sales Agreement.  (*Compare* Compl. ¶ 48 *with* Ex. A.)

Premier is a distributor of Diamond aircraft.  (*Id.* ¶ 42.)  The Aircraft was equipped with twin turbo diesel engines that were manufactured by the German company Thielert Aircraft Engines GmbH ("TAE").  (*Id.* ¶ 6.)  TAE and Diamond are two separate, unrelated entities; Plaintiff does not allege otherwise.  The only relationship between the two was that, for a time, Diamond installed TAE engines in some of its aircraft.  (*See, e.g.*, *id.* ¶¶ 6-7.)  The Aircraft's engines were warranted only by TAE.  (*Id.* ¶¶ 31-38; *see also* Terms of Guarantee for the Centurion 2.0 and Terms of Guarantee of the Limited Pro Rata Manufacturer's Guarantee for the CENTURION 1.7 (the "TAE Warranty Documents"), a true and correct copy of which is attached hereto as **Composite Exhibit C**.)[3]  Diamond specifically excluded the TAE engines from its warranty.  (*See* DA42 Diamond Twin Star Limited Warranty – New Aircraft, a true and correct copy of which is attached hereto as **Exhibit D**.)[4]  On or about April 24, 2008 – more than a year after Mr. Damgaard-Iversen contracted to purchase the Aircraft – TAE entered into a proceeding in Germany that is akin to a bankruptcy proceeding in the United States, and its warranties were voided.  (*Id.* ¶ 17.)

The loss of Plaintiff's engine warranty sparked this litigation.  (*Id.* ¶ 18.)  Plaintiff seeks to recover from <u>Diamond</u> damages Plaintiff allegedly suffered because of the <u>TAE</u> insolvency. Plaintiff's tenuous theory is that

---

[3] By attaching the TAE warranty documents, Diamond does not convert its Motion to Dismiss into one for summary judgment because these documents are central to Plaintiff's claims and are undisputed.  *See Horsley*, 304 F.3d at 1134.  Indeed, the TAE warranty is the foundation of this action.

[4] By attaching the Diamond Limited Warranty, Diamond does not convert its Motion to Dismiss into one for summary judgment because that document is central to Plaintiff's claims and is undisputed.  *See Horsley*, 304 F.3d at 1134.  Plaintiff also references and relies upon this document in the Complaint.  (Compl. ¶¶ 31-32.)

(1)     Between December 2006 and February 2007, Plaintiff's sole beneficiary communicated "with a representative of a Diamond distributor who explained the terms of the TAE warranty.  (Compl. ¶¶ 43-46.)

(2)     To the extent any of the "representatives" were not actual employees of Diamond, they were nonetheless agents of Diamond.  (*Id*. ¶¶ 19-30.)

(3)     Plaintiff relied on those representations to purchase its Aircraft.  (¶¶ 52, 55.)

(4)     The statements should not have been made because Diamond allegedly knew or should have known that TAE was not solvent and thus would not be able to fulfill its warranty obligations.  (*See generally* Compl.)

Plaintiff does not allege that the mere restatements of the TAE warranty terms were false. Indeed, the purported representations were entirely consistent with the terms of the TAE warranty.  (*Compare* Compl. ¶¶ 43-46 *with* Ex. C.)  Nor does Plaintiff allege that any representations were made as to the ability of TAE to honor its warranties.  (*See generally* Compl.)  Plaintiff also alleges that Diamond "knew or should have known" that TAE was experiencing financial problems.  (*Id*. ¶ 11.)  However, Plaintiff does not allege sufficient facts showing that Diamond would have had any reason to believe beforehand that TAE was going to file an insolvency proceeding and would not honor its warranties.

**B.      Procedural History.**

Plaintiff's counsel represents 21 plaintiffs who have, in various combinations, filed virtually identical lawsuits against Diamond.  In fact, this action is the <u>third</u> action the Continent Trust has filed against Diamond (a Kentucky action was voluntarily dismissed, and this Court dropped the Continent Trust from the second action).  All of the cases hinge on the loss of the TAE engine warranty and have similar backgrounds involving similar "representations" by various Diamond distributors.

3

The convoluted history of this case began on August 25, 2009, when a sole plaintiff, Morris Aviation, LLC, initiated a lawsuit against Diamond in the United States District Court for the Western District of Kentucky.  *Morris Aviation, LLC v. Diamond*, Case No. 3:09-cv-00644. On October 15, 2009, Morris Aviation amended its complaint to add an additional plaintiff, Mascaro Aviation, L.L.C.  (*See id*. Doc. 9.)  On July 26, 2010, that court granted Diamond's motion to dismiss all of Mascaro Aviation's claims for lack of personal jurisdiction.  (*See id*. Docs. 38-39.)  The court also ultimately dismissed, in a series of orders, all of Morris Aviation's claims on substantive grounds.  (*See id*. Docs. 38, 39, 72, 73, 82, 83.)  Morris Aviation has appealed the dismissal, and the appeal remains pending.  *See Morris Aviation, LLC v. Diamond Aircraft Indus, Inc.*, Case No. 12-6021 (6th Cir.).

On April 7, 2010, 18 additional plaintiffs (including the Continent Trust) filed a separate suit against Diamond in the Western District of Kentucky.  Diamond moved to dismiss those claims and, on August 4, 2010, those plaintiffs voluntarily dismissed that action.

On April 9, 2010, while the two Kentucky cases were pending, Morris Aviation, Mascaro Aviation, and the 18 other plaintiffs in the Kentucky case, including the Continent Trust, initiated an action against Diamond in the Southern District of Florida.  The 20 plaintiffs alleged claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment.  Morris Aviation was voluntarily dismissed to pursue its Kentucky case, and, after two rounds of briefing on Diamond's motions to dismiss, all remaining plaintiffs except Mascaro Aviation were dropped on the ground of misjoinder.  (*See id*. Docs. 39, 41, 49, 52.)  The dropped parties appealed to the Eleventh Circuit Court of Appeals; almost a year later, the appeal was dismissed for lack of jurisdiction.  *DSM Leasing, Inc. v. Diamond*, Appeal No. 11-13443-CC, Opinion (11th Cir. July 31, 2012).  While the appeal was pending, the dropped parties also each

filed an individual case in the United States District Court for the Southern District of Florida.[5]
This case is one of those individual actions.[6]

During the pendency of the appeal, all of the cases were transferred to the Honorable Judge Frederico A. Moreno, and all of the cases were closed and stayed. Following the dismissal of the appeal, all plaintiffs moved to reopen their respective cases. This Court recently entered an order in *Mascaro Aviation* directing the parties to each select two cases, which would then be adjudicated on their merits. One of the selected cases, involving plaintiff Xie Jian Trustee, was voluntarily dismissed with prejudice on November 5, 2012. The remaining three, opened cases involve plaintiffs World Traveling Fools, LLC, the Continent Trust, and Twinstar Partners, LLC. Attached hereto as **Exhibit E** is a table summarizing the pertinent cases filed in this Court.

## II.     Motion to Dismiss for Failure to State a Claim.

This action should be dismissed with prejudice because the claims remain fundamentally flawed. First, there are no factual allegations supporting any wrongdoing directly by Diamond or an employee of Diamond. In lieu of any wrongdoing by Diamond, Plaintiff goes to great lengths to establish Premier as Diamond's agent. (*See* Compl. ¶¶ 19-30; 42-64.) This is because all of the purportedly wrongful actions alleged in the Complaint were made by Susan McKenzie of Premier. (*Id*. ¶¶ 47-52, 53-55.)

---

[5] At this point, another plaintiff that was not involved with the prior suits (K-9, LLC) also sued Diamond in the Southern District of Florida but, shortly after filing, voluntarily dismissed its lawsuit with prejudice.

[6] Importantly, in *Mascaro Aviation* the Court dropped the remaining plaintiffs without making any rulings on any other grounds for dismissal (i.e., failure to state a claim) as to the remaining plaintiffs. Similarly, although the Court in *Mascaro Aviation* found that venue was proper in Florida in part because "five of the transactions [purchases by other plaintiffs] occurred here," that is not the case in this individual action because no transaction occurred in Florida. (*Mascaro Aviation* Doc. 39 at 12.)

These allegations of agency create a Catch-22 for Plaintiff. If Premier was not Diamond's agent, then the purported concealment and misrepresentations cannot be imputed to Diamond and thus cannot ground a claim against Diamond. However, if Premier was Diamond's agent, the agency relationship would create privity between Diamond and Plaintiff under the Aircraft Sales Agreement. In turn, the disclaimers in the Aircraft Sales Agreement and the economic loss rule would bar Plaintiff's claims. To be clear, Diamond disputes that any of its distributors are, were, or have ever been its agents, and Plaintiff has failed to sufficiently allege such a relationship with Premier. But the bottom line is that Plaintiff's case against Diamond cannot survive under either theory. Additionally, under either scenario, Plaintiff fails to allege essential elements of the claims it brings against Diamond.

### A.     Applicable Standard.

"A Rule 12(b)(6) motion tests the formal sufficiency of the allegations of claims for relief. The dismissal of a complaint is warranted 'when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Solar Star Sys., LLC v. Bellsouth Telecomm., Inc.*, 2011 WL 3648267, *2 (S.D. Fla. Aug. 15, 2011) (Moreno, J.) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)). The Court must view the Complaint in the light most favorable to Plaintiff and accept Plaintiff's well-pleaded facts as true. *Solar Star*, 2011 WL 3648267 at *2. "This tenet, however, does not apply to legal conclusions." *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1257 (S.D. Fla. 2010) (Moreno, J.). "[T]he complaint cannot merely allege misconduct, but must demonstrate that it is plausible that the pleader is entitled to relief." *Solar Star*, 2011 WL 3648267 at *2 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1272-73 (S.D. Fla. 2010) (Moreno, J.) (granting 12(b)(6) motion to dismiss where plaintiff's

allegations were unspecific "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, which do not suffice").

**B.     Argument.**

          **1.     Plaintiff's Failure to Sufficiently Plead Agency Precludes its Claims.**

Plaintiff's lawsuit requires Premier to be Diamond's agent so that the statements of Ms. McKenzie may be imputed to Diamond.  However, Plaintiff fails to adequately plead agency. Federal and Florida courts have dismissed claims based on, *inter alia*, a plaintiff's failure to allege facts supporting an agency relationship.  *See, e.g.*, *Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, *4 (S.D. Fla. Feb. 3, 2011); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326-27 (Fla. 3d DCA 2008).[7]

Florida law recognizes two types of agency: actual and apparent.  To plead actual agency, Plaintiff must set forth factual allegations showing acknowledgement by Diamond that Premier would act for it; Premier's acceptance of the undertaking; and most importantly, sufficient **control** by Diamond over Premier's **day-to-day** actions.  *See, e.g.*, *Great Fla. Bank*, 2011 WL 382588 at *4; *GEMB Lending, Inc. v. RV Sales of Broward, Inc.*, 2010 WL 3385343, *3-4 (S.D. Fla. Aug. 25, 2010); *Ortega v. Gen. Motors Corp.*, 392 So. 2d 40, 42-43 (Fla. 4th DCA 1981). Regarding the element of control, Plaintiff must allege that, for instance, Diamond has the ability to hire, fire, or supervise Premier's employees or owners.  *See Ocana*, 992 So. 2d at 326 (listing

---

[7]  Plaintiff does not allege precisely where the representations that ground this action were made and/or received.  However, Plaintiff has previously asserted that Florida law applies to the Continent Trust's claims.  (*See* attached **Composite Exhibit F**, two exhibits Plaintiff previously filed in *Mascaro Aviation* (Doc. 51 Ex. A) and the subsequent *DSM Leasing* appeal (Appellants' Br. Ex. A).)  Therefore, solely for purposes of this motion, Diamond references and relies upon Florida law, without prejudice to revisiting this issue if additional details come to light indicating different law should apply.

numerous ways in which the manufacturer allegedly "controlled" the dealer but concluding that those were not the "tell-tale signs of a principal-agent relationship").

To plead apparent agency, Plaintiff must plead factual allegations showing (1) a **representation** by Diamond to Plaintiff regarding Premier's status as Diamond's agent, (2) Plaintiff's reliance on the representation, and (3) Plaintiff's change in position in reliance on the representation. *See, e.g.*, *GEMB*, 2010 WL 3385343 at *3-4. Importantly, Plaintiff's "subjective understanding" with respect to agency is irrelevant. *See Ocana*, 992 So. 2d at 326; *Pardo v. Tanning Research Laboratories, Inc.*, 996 F. Supp. 1222, 1226 (M.D. Fla. 1998) ("The focus is on the appearance created by the *principal*, and not the appearance created by the *agent*.") (emphasis in original).

Further, because Plaintiff's claims are all in the nature of fraud, "the heightened standard of pleading in Rule 9(b) applies not only to the underlying fraud claim but also to the issue of agency." *See Young v. Harbor Mortor Works, Inc.*, 2009 WL 187793, *7 (N.D. Ind. Jan. 27, 2009) (citing *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999)); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 765 (S.D. Tex. Aug. 24, 2007) (citing *Lachmund* as well *Whitney Nat'l Bank v. Medical Plaza Surgical Center, L.L.P.*, 2007 WL 400094, *3 (S.D. Tex. 2007); *Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 569-570 (S.D.N.Y. 1996) ("The requirement of precision applies equally when the goal is to hold defendants vicariously liable for the fraud of another and when the agency relationship itself allegedly is part of the fraud. When an implied agency relationship is allegedly part of the fraud, 'the circumstances constituting the fraud' on the part of the purported principal include both the facts constituting the underlying fraud and the facts establishing the agency relationship."), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *Am. Credit Indemnity Co. v. HCG Fin. Servs., Inc.*, 1990 WL

8

77992, *4 (N.D. Ill. June 1, 1990); *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1362 (Fed. Cir. 2001); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001)).[8]

Plaintiff's allegations fail to meet the requirements for pleading an agency relationship. Plaintiff's general allegations of agency are set forth in paragraphs 19 through 30. These allegations do not mention a manifestation by Diamond that Premier was its agent and thus fail to meet the criteria for alleging either an actual or apparent agency relationship. At best for Plaintiff, the allegations in paragraphs 19 through 30 establish a relationship between Diamond and its distributors generally, but not specific to Premier, that might have caused third parties to confuse the two companies. However, such allegations do not rise to the level of the manifestations required to state either an actual or apparent agency relationship. Without agency, Plaintiff's only arguable claim (although tenuous) would be against Ms. McKenzie and/or Premier, not Diamond, and the Complaint should be dismissed accordingly.

### 2.    If Premier Was Diamond's Agent, Such Agency Would Create Privity Between Diamond and Plaintiff.  In Turn, Disclaimers in the Aircraft Sales Agreement and the Economic Loss Rule Bar this Action.

Plaintiff's allegations are internally inconsistent. Plaintiff cannot simultaneously ground the purported misrepresentation claim on an agency relationship and ignore the Aircraft Sales Agreement and the legal implications that flow from it. To the extent this Court finds that

---

[8] The requirement to plead agency with particularity applies only where, as here, an agency relationship is a <u>prerequisite</u> to stating a fraud claim. *See BP Chemicals Ltd. v. Jiangsu Sopo Corp. (Group) Ltd.*, 285 F.3d 677, 687 (8th Cir. 2002) (distinguishing *Lachmund*, 191 F.3d at 783, and declining to impose a particularity requirement on agency allegations, where the plaintiff did <u>not</u> allege fraud in its amended complaint); *see also Campbell v. Republican Central Executive Committee*, 2006 WL 3390428, *3 (E.D. Ky. Nov. 22, 2006) ("Because fraud claims must be pled with more particularity, the facts of agency must be pled with more particularity in cases where these two are connected."). There appears to be no Eleventh Circuit case law speaking directly to this issue. However, there is similarly no contrary authority barring application of Rule 9(b) to allegations of agency in connection with fraud. Therefore, because courts in at least six federal circuits consistently apply Rule 9(b) to allegations of agency in connection with fraud, Rule 9(b) applies to Plaintiff's allegations of agency.

Plaintiff has pled that there is an agency relationship between Diamond and Premier, then the Aircraft Sales Agreement entered into between Diamond's purported "agent," Premier, and Plaintiff must be applicable to Diamond.  After all, if an agent is acting within its scope of authority, then it binds the principal to the contract.  *See, e.g.*, *Sumpolec v. Pruco Life Ins. Co.*, 563 So.2d 778, 779 (Fla. 3d DCA 1990).

Plaintiff does not distinguish between an agency relationship with respect to making representations from an agency relationship for purposes of entering into the contract.  Plaintiff cannot have it both ways.  Premier cannot be Diamond's agent with respect to inducing Plaintiff to purchase the Aircraft (which helps Plaintiff's case) but not with respect to entering into the Aircraft Sales Agreement (which hurts Plaintiff's case).  If Plaintiff has established agency with respect to Premier's representations, then Plaintiff has also established agency with respect to the contract.  If Premier was Diamond's agent, it follows that the disclaimers in that agreement and the economic loss rule bar this action.

### a.        *Contract Disclaimers.*

Reasonable reliance is an element of Plaintiff's claims for fraudulent and negligent misrepresentation.  *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295-96 (S.D. Fla. 2007).  In *Garcia*, the plaintiffs alleged that they had entered into purchase contracts based on certain oral representations made by the salespeople.  *Id.* at 1288-89.  The purchase agreements contained a merger clause and a number of provisions that disclaimed any reliance on the part of the plaintiffs.  *See id.* at 1289.  The court dismissed the claims for fraudulent and negligent misrepresentation with prejudice because the disclaimers precluded any reasonable reliance.  *See id.* at 1296.  "[R]eliance on fraudulent representations is unreasonable *as a matter of law* where the alleged misrepresentations contradict the express terms of the ensuing written agreement."

10

*Id.* at 1295 (quoting *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999)) (emphasis in *Garcia*).

Here, the Continent Trust alleges that Mr. Damgaard-Iversen received certain purported "misrepresentations" prior to the Continent Trust's purchase of the Aircraft.  (*See* Compl. ¶¶ 44-46.)  As a matter of law, the following disclaimers in the Aircraft Sales Agreement preclude any "reasonable reliance" on those representations:

> **9. Entire Agreement/Governing Law.**  This Agreement is made in and governed by the laws of Florida, without regard to the provisions thereof respecting conflicts of law.  This Agreement constitutes the entire agreement of the parties hereto with respect to the purchase and sale of the Aircraft and supercedes [sic] all prior representations and understandings whether written or oral.   No modification, termination or waiver of any provision hereof shall be valid unless in writing signed by the parties.
>
> *     *     *
>
> **11. Warranty Disclaimer.  EXCEPT AS EXPRESSLY STATED TO THE CONTRARY HEREIN, THE AIRCRAFT IS SOLD "AS IS" AND SELLER HEREBY DISCLAIMS AND MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS OF ANY KIND WITH RESPECT TO THE AIRCRAFT INCLUDING, WITHOUT LIMITATION, ITS CONDITION, DESIGN, QUALITY, CAPACITY, MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, COMPLIANCE WITH THE REQUIREMENTS OF ANY LAW, ORDER, RULE, REGULATION, SPECIFICATION, PATENT OR CONTRACT.**
>
> **SELLER SHALL NOT BE LIABLE FOR ANY DEFECT, EITHER LATENT OR PATENT, IN THE AIRCRAFT AND SHALL HAVE NO OBLIGATION OR LIABILITY IN NEGLIGENCE, STRICT LIABILITY OR OTHER TORT.  IN NO EVENT SHALL SELLER BE LIABLE FOR EXEMPLARY OR PUNITIVE DAMAGES OR FOR ANY DIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING, WITHOUT LIMITATION, FOR LOSS OF USE OF THE AIRCRAFT OR FOR ANY INTERRUPTION IN BUYER'S BUSINESS OCCASIONED BY BUYER'S INABILITY TO USE THE AIRCRAFT.**

(Ex. A at 4.)  As in *Garcia*, these clauses expressly preclude Plaintiff's reliance on any purported statements prior to the entry into the Aircraft Sales Agreement.  *See also Hillcrest Pacific Corp.*

*Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999).  Therefore, Plaintiff's Complaint fails as a matter of law and should be dismissed with prejudice.

**b.**  ***Economic Loss Rule.***

If the Aircraft Sales Agreement is applicable to Diamond, then the economic loss rule bars Plaintiff's claims against Diamond.  Under Florida law, the economic loss rule applies "(1) where the parties are in contractual privity and one party seeks to recover damages in tort for matters arising out of the contract, or (2) where the defendant is a manufacturer or distributor of a defective product which damages itself but does not cause personal injury or damage to any other property."  *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1223 (Fla. 2010); *see also Pavletic v. Bertram Yacht, Inc.*, 2011 WL 3475394, *6 (Aug. 9, 2011) (finding that the "contractual privity economic loss rule" barred claims for negligent misrepresentation and fraud in the inducement).  Scenario (1) applies here: Diamond and Plaintiff were in contractual privity (by virtue of an agency relationship between Premier and Diamond), and Plaintiff is suing Diamond in tort.  Therefore, to the extent the Court accepts that Plaintiff has pled an agency relationship between Premier and Diamond, the economic loss rule bars Plaintiff's claims.

**3.     The Purported Misrepresentations Are Not Actionable, Barring the Misrepresentation Claims, Counts I and II.**

At the core of Plaintiff's misrepresentation claims is, obviously, the requirement that there be a misrepresentation.  *See Platinum Estates, Inc. v. TD Bank, N.A.*, 2012 U.S. Dist. LEXIS 30684, *6 (S.D. Fla. Mar. 7, 2012) (describing the requirements of a negligent misrepresentation claim); *Romo v. Amedex Ins. Co*, 930 So. 2d 643, 651 (Fla. 3d DCA 2006) (listing the elements of fraudulent misrepresentation).  Further, the heightened pleading standard of Rule 9(b) applies to claims for both negligent and fraudulent misrepresentation.  *Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Assoc., Inc.*, 2011 WL 5117163, *6 (S.D. Fla. Sep.

12

20, 2011) (negligent misrepresentation); *Bonita Villas Condominium Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2010 WL 2541763, *4 (S.D. Fla. June 23, 2010) (fraudulent misrepresentation).

To comply with Rule 9(b), Plaintiff must allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garcia*, 528 F. Supp. 2d at 1294.

Here, none of Plaintiff's allegations meet the substantive or federal pleading standard.

Plaintiff alleges representations ostensibly in support of the misrepresentation claims (Counts I and II), as follows:

| ¶ | Date | Place | Content | Source |
|---|------|-------|---------|--------|
| ¶ 41 | August/September 2006 | United Kingdom | "[T]he TAE engines would be revolutionary and covered by a warranty." | "Mr. Heinrich" of Diamond Aircraft UK, Ltd.,[9] discussion |
| ¶ 44 | December 2006- February 2007 | Not alleged | "[T]he aircraft would need periodic replacements of the clutches and gearboxes, which would be covered by the engine warranty." | Susan McKenzie; discussion |
| ¶ 45 | December 2006- February 2007 | Not alleged | "TAE and its engines were high quality." "Diamond had worked closely with TAE in developing he turbo-diesel engines" and "Diamond was extremely confident in TAE and the engine technology" | Susan McKenzie; discussion |
| ¶ 46 | February 6, 2007 | Email attachment | "[T]he DA42 had a 'reliable powerplant'" | Susan McKenzie, email correspondence |

---

[9] Plaintiff fails to allege any relationship between Diamond Aircraft UK, Ltd. and Diamond, and thus this representation cannot ground the misrepresentation claims for this additional reason. (*See also* Section III.B.1, above.)

| ¶ | Date | Place | Content | Source |
|---|------|-------|---------|--------|
| ¶ 46 | February 6, 2007 | Email attachment | "[T]he engines had a 'full factory warranty' for '12 years or 2400 hours." | Susan McKenzie, email correspondence |
| ¶ 46 | February 6, 2007 | Email attachment | "[T]he DA42 engines were covered by a warranty for 'parts and labor prorated over 2,400 hours or 12 years." | Susan McKenzie, email correspondence |

**Failure to Allege Misrepresentations.**   At the core of Plaintiff's misrepresentation claims is, obviously, the requirement that there be a <u>mis</u>representation.   *See, e.g.*, *Florida Women's Medical Clinic v. Sultan*, 656 So. 2d 931, 933 (Fla. 4th DCA 1995) (requiring a "misrepresentation of material fact" to state a claim for negligent misrepresentation); *Jallali v. Nova Southeastern Univ., Inc.*, 55 So. 3d 665, 665 (Fla. 4th DCA 2011) (requiring same to state a claim for fraudulent misrepresentation).   Here, representations in paragraphs 44 through 46 are not actionable to the extent they are mere restatements of the TAE engine warranty (*see* Ex. C). The TAE engine warranty was not void at the time the representations were made.   Therefore, the representations could not have been false at the time they were made.   Because these representations could not have been <u>mis</u>representations, Plaintiff fails to meet this fundamental element of its misrepresentation claims (Counts I and II), and the claims should be dismissed accordingly.

**Failure to Allege Representation of Fact**.   The representations containing qualitative descriptions such as "revolutionary" and "reliable" and describing Diamond's "confidence" are not actionable because they are mere statements of opinion and not of fact.   *See, e.g.*, *Florida Women's Medical Clinic v. Sultan*, 656 So. 2d 931, 933 (Fla. 4th DCA 1995) (requiring a "misrepresentation of material ***fact***" to state a claim for negligent misrepresentation); *Jallali v. Nova Southeastern Univ., Inc.*, 55 So. 3d 665, 665 (Fla. 4th DCA 2011) (requiring same to state

a claim for fraudulent misrepresentation).   Because such representations cannot be considered "factual," they cannot ground a claim for misrepresentation.

**Failure to Allege Reliance.**   As discussed above, in connection with contract disclaimers, reliance is an essential element of Plaintiff's misrepresentation claims.  *See Garcia*, 528 F. Supp. 2d at 1295-96.  Plaintiff never alleges that he relied on the purported representation made by Mr. Heinrich in the United Kingdom.  (*See* Compl. ¶ 41.)  Therefore, that representation cannot ground Plaintiff's misrepresentation claims.

**Failure to Meet the Rule 9(b) Requirements.**   The heightened pleading standard of Rule 9(b) applies to claims for both negligent and fraudulent misrepresentation.  *Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Assoc., Inc.*, 2011 WL 5117163, *6 (S.D. Fla. Sep. 20, 2011) (negligent misrepresentation); *Bonita Villas Condominium Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2010 WL 2541763, *4 (S.D. Fla. June 23, 2010) (fraudulent misrepresentation). To comply with Rule 9(b), Plaintiff must allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1294 (S.D. Fla. 2007).  Here, Plaintiff fails to allege the location and date of two of the purported representations, thus falling short of the heightened pleading standard of Rule 9(b).  Therefore, those representations cannot ground Plaintiff's misrepresentation claims.

**Plaintiff Not a Proper Party.**  Plaintiff does not (and cannot) allege that it received a misrepresentation (*See generally* Compl.).  Based on public records (Ex. B), Plaintiff did not even exist until July 1, 2007 – approximately five months <u>after</u> the purchase agreement was

executed. (*See* Ex. A and Ex. B.)[10]  Thus, Plaintiff's allegations that the Continent Trust was in any way involved with this purchase are contrary to documents available in the public record. Since the Plaintiff did not exist at the time that it was allegedly induced into entering the purchase agreement, Plaintiff's misrepresentation claims must be dismissed. *See Brown v. Chamax, LLC*, 51 So. 3d 552, 555 (Fla. 2d DCA 2010) (affirming dismissal of fraud claims where "[t]he Trust has not alleged, nor has it claimed it could allege, that at the time [the defendant] made the representation, [the defendant] intended to induce the Trust, which did not exist at the time, to rely on it).[11]

### 4.    Plaintiff Fails to State a Claim for Fraudulent Concealment (Count III).

Plaintiff's claim for fraudulent concealment alleges that Diamond failed to disclose TAE's purported "financial instability" (Compl. ¶¶ 13, 56) and Diamond's development of a new engine (*id*. ¶¶ 15-15, 58).  This claim hinges on Diamond's purported "superior knowledge

---

[10]  As mentioned above in note 2, public records indicate that Plaintiff did not purchase the Aircraft until September 18, 2007, more than seven months after the purchase at issue. (*See* Ex. N.)

[11] Unlike *Brown*, this action should be dismissed with prejudice. *See Brown*, 51 So. 2d at 556. In *Brown*, the court declined to dismiss with prejudice because of the possibility that the trust could obtain an assignment of the claim. *See id*. Here, unlike in *Brown*.   Mr. Damgaard-Iversen could not have a claim to assign to Continent.  During the entire period that Mr. Damgaard-Iversen owned the Aircraft (February 6, 2007 – September 18, 2007), TAE and the engine warranties remained viable.  Mr. Damgaard-Iversen would have a claim only if, while he owned the Aircraft, he suffered an injury. *See Weiss v. Johansen*, 898 So. 2d 1009, 1011-12 (Fla. 4th DCA 2005) (reasoning that the plaintiff who purchased a boat, and subsequently transferred it to a third party before filing suit, had standing to bring a fraud claim against the seller because plaintiff "claim[ed] that he *suffered injury* by purchasing a vessel possessing several defects" and "relief in equity against fraud is personal to the one defrauded") (emphasis added) (internal quotations omitted).  Because Mr. Damgaard-Iversen cannot and does not allege any injury while he owned the Aircraft, there is no possibility that he could assign a misrepresentation claim to Plaintiff.  Therefore, unlike *Brown*, Plaintiff's claims for fraudulent and negligent misrepresentation should be dismissed with prejudice.

concerning TAE's financial condition" (*see* Compl. ¶ 57).  After all, superior knowledge is the only plausible avenue for Plaintiff to meet the "duty" element of its fraudulent concealment claim.  *See Taylor v. American Honda Motor Co., Inc.*, 555 F.Supp. 59, 64-65 (M.D. Fla. 1982). For Plaintiffs to properly allege "superior knowledge," it is not sufficient to allege "superior *actual* knowledge" of Diamond.  *See Taylor*, 555 F.Supp. at 64-65 (emphasis in original).

> In absence of a fiduciary relationship, mere non-disclosure of material facts in an arm's length transaction is ordinarily not actionable misrepresentation unless some artifice or trick has been employed to *prevent the representee from making further independent inquiry*, though non-disclosure of material facts may be fraudulent where the other party does not have an equal opportunity to become appraised of the facts.

*Taylor*, 555 F. Supp. at 64 (citing *Ramel v. Chasebrook Constr. Co.,* 135 So.2d 876, 882 (Fla. 2d DCA 1961)).  "Florida law additionally charges a claimant with knowledge of *all facts that he could have learned through diligent inquiry*."  *Id.* (emphasis added) (citing *Ramel*, 135 So.2d at 879).

Here, as in *Taylor*, Plaintiff "ha[s] failed to allege any artifice or trick by the defendant, or lack of an equal opportunity to become appraised of the facts in question, and as such have failed to state an actionable claim of fraudulent concealment."  *Taylor*, 555 F. Supp. at 54. Further, Plaintiff's allegations of Diamond's "knowledge" are conclusory, speculative, and lack any factual support.  (*See* Compl. ¶ 11 ("Because of Diamond's close business relationship with TAE, it knew or should have known about these investigations and TAE's underlying financial problems.").).  And Plaintiff has alleged no "half-truths" by Premier or Diamond that could trigger a duty to disclose.  *See Nourachi v. First Am. Title Ins. Co.*, 44 So. 3d 602, 612 (Fla. 5th DCA 2010).  Therefore, Plaintiff fails to state a claim for fraudulent concealment.

Plaintiff's other allegations fail to bolster its claim of Diamond's purported "superior knowledge."  The mere fact that Diamond conducted business with TAE does not inherently

mean that Diamond had special knowledge of the finances of TAE.  Further, TAE was a public corporation such that information was available to Plaintiffs.  Even if Diamond did have more knowledge "compared to Plaintiffs," this does not give rise to a duty to disclose that knowledge because Plaintiffs could have sought the information independently.

Plaintiff relies upon Diamond's purported "aware[ness] of a German publication from December 2006 which details TAE's financial and criminal problems."  (Compl. ¶ 57.)  First, even if Diamond had knowledge of this publication, it would merely be knowledge of "financial instability," which does not equate to TAE's ability to honor its warranties.  To hold otherwise would impose liability for fraudulent concealment on product manufacturers whenever one of their suppliers posted a negative earnings report.  Second, Plaintiff does not allege that it did not have access to this document.  By Plaintiff's failure to allege a lack of access to this publication, there is a plausible inference (under *Twombly*) that the publication was available to the general public – including Plaintiff.   Particularly under the standards set forth in *Twombly* and *Iqbal* – which require factual allegations beyond mere legal conclusions – Plaintiff fails to allege any facts to support a finding that Diamond concealed any purported information regarding the financial stability of TAE.   For this reason, the fraudulent concealment claim should be dismissed.

**III.     Conclusion.**

WHEREFORE, for the reasons herein stated, Defendant Diamond Aircraft Industries, Inc., respectfully requests this Court to enter an order dismissing the Complaint and awarding Defendant such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on November 15, 2012, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant

## SERVICE LIST

Juan Martinez
juan.martinez@gray-robinson.com
Gray Robinson P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida   33131-0014
Attorney for Plaintiff

V. Brandon McGrath
bmcgrath@bgdlegal.com
Bingham Greenebaum Doll LLP
2350 First Financial Center
255 E. Fifth Street
Cincinnati, Ohio 45202-4728
Attorney for Plaintiff