UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:11-CV-61663-MORENO

CONTINENT AIRCRAFT TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW**

    Defendant Diamond Aircraft Industries, Inc. ("Diamond"), by and through its undersigned counsel, hereby files its Reply in Support of its Motion to Dismiss (Doc. 30). This Reply addresses certain arguments raised by Plaintiff in its Response in Opposition to Diamond's Motion to Dismiss (Doc. 31).

**I.    Legal Standard.**

    The threshold for pleading Plaintiff's claims is set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 669-70 (2009); and Rule 9(b) of the Federal Rules of Civil Procedure. Rule 8 does not somehow soften these requirements. Additionally, *Twombly* and *Iqbal* abrogated the "no set of facts" pleading standard set forth years ago in *Conley v. Gibson*, 355 U.S. 41 (1957). Plaintiff erroneously relies on the *Conley* standard here. (*See* Resp. at 15 (grossly misquoting *Twombly* as stating that dismissal is permitted only when "it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations").) *Twombly* and *Iqbal* forever changed the federal pleadings

landscape; complaints that would otherwise have survived dismissal under *Conley* might not pass muster under *Twombly* and *Iqbal*. *See, e.g.*, *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (affirming district court's dismissal with prejudice; "[b]efore *Twombly* and *Iqbal*, courts would probably have allowed this case to proceed so that plaintiff could conduct discovery in order to gather the pricing information that is solely retained within the accounting system of [defendants]"). Thus, Diamond emphasizes the importance of applying the correct legal standard to Plaintiff's (insufficient) allegations.

A. Agency.

Plaintiff asserts that "the issue of whether an agency relationship *exists* is a question of fact and not proper for determination on a motion to dismiss." (Resp. at 3 (emphasis added) (citing *Villazon v. Prudential Health Care Plan*, 843 So. 2d 842, 853 (Fla. 2003); *McFeely v. Prudential Healthcare Plan Inc.*, 843 So. 2d 1023, 1024 (Fla. 1st DCA 2003)).) However, the issue of whether Plaintiff has sufficiently pled an agency relationship is not a question of fact and is unquestionably appropriate for determination on a motion to dismiss. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326-27 (Fla. 3d DCA 2008) (affirming dismissal with prejudice of complaint where plaintiff failed to allege agency relationship between manufacturer and dealer); *see also In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & Shareholder Derivative Litig.*, 792 F. Supp. 2d 1301, 1352-53 (S.D. Fla. June 3, 2011) (dismissing claim because, *inter alia*, plaintiff failed to plead agency relationship); *Fellner v. Cameron*, Case No. 2:10-cv-155, 2012 U.S. Dist. LEXIS 114198, *10 (M.D. Fla. July 25, 2012) (same; "[t]his does not comply with the District Court's directive on what is required to be alleged to support an actual or apparent agency relationship in Florida"), *rep. and recommendation adopted* (M.D. Fla. Aug. 14, 2012); *Great Fla. Bank v. Countrywide Home Loans, Inc.*, Case No. 10-cv-22124, 2011 U.S. Dist.

2

LEXIS 10321, *11 (S.D. Fla. Feb. 3, 2011) (dismissing complaint because it "fail[ed] to allege facts supporting the existence of an agency relationship").

Regarding Diamond's argument that Rule 9(b) should apply to Plaintiff's allegations of agency, Plaintiff broadly states that this Court "previously held that the Rule 8 pleading standard applies to agency allegations." (Resp. at 7 (citing *CFTC v. Gibraltar Monetary Corp.*, Case No. 9:04-cv-80132, 2004 U.S. Dist. LEXIS 20495 (S.D. Fla. Oct. 21, 2004)).)  However, Plaintiff has misconstrued an opinion that was referring to a prior opinion from the same action. *See CFTC*, Case No. 9:04-cv-80132, Doc. 73 (Order Denying Mot. to Dismiss, July 23, 2004).  The earlier *CFTC* order, to which the cited *CFTC* order was referring, applied precisely the same pleading standard that Diamond seeks in this case and even cited some of the same opinions Diamond has cited.  *CFTC*, Case No. 9:04-cv-80132, Doc. 73, at 3-4 ("[W]hen the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and the underlying fraud claim.") (citing *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999)). (*See also* Mot. at 9 n.8.)  Plaintiff is wrong to characterize Diamond's argument as "unfounded," particularly where the single case Plaintiff cites applied the exact same standard to which Diamond refers.

    **B.**    **Contractual Relationship.**

        **1.**    **Disclaimers.**

Plaintiff's contention that "[n]either party has ever claimed that contractual privity exists between Diamond and Plaintiff, either in this action or any prior action before this Court" (Resp. at 8), while perhaps accurate, does not have any meaning in this individual case.  As an initial matter, Diamond is not "claim[ing]" that privity even exists.  On the contrary, Diamond has vigorously defended Plaintiff's contention that Premier (or any distributor) was or is or has ever

3

been Diamond's agent. Diamond's argument with respect to privity is one that assumes, <u>solely</u> for the purpose of argument, that Plaintiff's own theory regarding agency is true. If Premier was not Diamond's agent, then there is no action. If Premier was Diamond's agent, then the parties must be in privity, and the disclaimers thus bar the action. Diamond did not raise this argument in *Mascaro Aviation* because, there, Plaintiff's claims were improperly lumped together with the claims of numerous other plaintiffs, rendering it nearly impossible to craft individual arguments under individual state's laws based on individual agreements.

Plaintiff's proposition that "the existence of a written disclaimer, such as the one contained in the Agreement, is ineffective to negate liability for intentional torts" is inaccurate. (*See* Resp. at 8-9 (citing *Pinellas Suncoast Transit Auth. v. Mincom, Inc.*, 2007 U.S. Dist. LEXIS 30018, *7 (M.D. Fla. Apr. 24, 2007) ("[A] warranty disclaim cannot relieve a party from liability for fraud.")).) First, the quote from *Pinellas* is dicta and is not a part of the court's holding. Second, the quote from *Pinellas* is not a statement of the law on which Diamond's argument is based. Diamond does not argue in its Motion to Dismiss that the warranty disclaimer precludes liability for fraud. (*See* Mot. at 10-12.) Instead, Diamond argues, based on good authority, that dismissal of fraud claims is appropriate where disclaimers preclude Plaintiff's reasonable <u>reliance</u> – an essential element of Plaintiff's fraud claims – on any purported oral statements prior to executing the Aircraft Sales Agreement. *See also Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295-96 (S.D. Fla. 2007); *Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999).

      **2.**    **Economic Loss Rule.**

Assuming, purely for the sake of argument, that Premier was Diamond's agent and that Diamond and Plaintiff were thus in privity of contract, Plaintiff's claims are within the scope of the economic loss doctrine. Courts dismiss such claims on this very ground. *See HTC Leleu*

4

*Family Trust v. Piper Aircraft, Inc.*, Case No. 1:12-cv-21118, 2012 U.S. Dist. LEXIS 149498, *8-*16 (S.D. Fla. Oct. 17, 2012) (dismissing claims for fraud in the inducement, fraudulent concealment, and negligent misrepresentation as barred by the economic loss rule); *Pavletic v. bertran Yacht, Inc.*, Case No. 11-cv-60484, 2011 U.S. Dist. LEXIS 87825, *13-*19 (S.D. Fla. Aug. 9, 2011) (dismissing claims for negligent misrepresentation and fraud in the inducement based on the economic loss rule).

      **C.**      **Fraudulent and Negligent Misrepresentation.**

            **1.**      **No Misrepresentation.**

Plaintiff seeks to elevate "disseminating the terms" of a warranty into a fraud claim. (*See* Resp. at 10.) Contrary to Plaintiff's characterization, Diamond's argument in support of dismissal is not one that hinges on a determination of "materiality" or even that statements were "mere puffery." (*See id*. at 11.) The argument is far more basic. The vast majority of purported "representations" alleged in the complaint are not "misrepresentations," they are nothing more than restatements of the TAE warranty terms. (Compl. ¶¶ 41, 44-46.)

As Plaintiff points out, the only allegation that is not a restatement of the warranty terms includes alleged representations made by Premier's Susan McKenzie that "TAE engines were high quality," that "Diamond had worked closely with TAE in developing the turbo-diesel engines," and that "Diamond was extremely confident in TAE and the engine technology." (*See* Resp. at 11; Compl. ¶ 45.) This is not a case in which the engines did not perform up to a particular standard. Here, Plaintiff's claims hinge on the loss of a warranty, and these representations have absolutely nothing to do with that warranty.[1]

---

[1] Plaintiff's reliance on the second Report and Recommendation in *Mascaro Aviation* (Doc. 49) is misplaced here. (*See* Resp. at 18 n.4.) As an initial matter, Diamond disputes that it owed any
(footnote cont'd)

5

### D. Fraudulent Concealment.

This Court has previously found that the "superior knowledge" theory of a duty fails where a case involves only an arms-length transaction. *See Mascaro Aviation*, Doc. 49, at 10. Here, Plaintiff's continued reliance on the "superior knowledge" ground to establish a duty thus fails. (*See* Resp. at 16.)

This Court has also held that the "half-truths" required to underlie a duty to disclose could be sufficient. *See Mascaro Aviation*, Doc. 49, at 10. However, the "half-truth" that appears to have been critical in *Mascaro Aviation* was that the plaintiff was told it "could have complete confidence in the TAE engine warranty." *Id*. at 8. Here, in contrast, there is no allegation that could ostensibly be considered a "half-truth" <u>about the TAE engine warranty</u>. Most of the alleged representations are mere (true) restatements of warranty terms. The remaining purported representations by Ms. McKenzie, discussed above, do not even mention the TAE warranty or confidence regarding that warranty. Therefore, the "half-truth" basis for a duty fails here. (*See* Resp. at 18 n.4.) No duty exists that can support Plaintiff's claim for fraudulent concealment, and the claim should be dismissed.

### E. Improper Party.

Plaintiff's argument that it is a proper party to this action fails. Plaintiff did not even exist at the time the underlying purchase took place. Plaintiff cites <u>no authority</u> that rebuts this argument. Instead, Plaintiff cites a single case for the very broad proposition that "it is improper to determine the real party in interest at the motion to dismiss stage because it is a question of

---

duty with respect to this case <u>or</u> *Mascaro Aviation*. Second, Ms. McKenzie's alleged representations are distinguishable from the purported representations in that action. Ms. McKenzie's "confiden[ce] in TAE and the engine technology" is not targeted at TAE's financial status or the TAE engine warranty, unlike Mr. Fabianic's statement that Mascaro Aviation "could have complete confidence ***in the TAE engine warranty***." (R&R at 8 (emphasis added).)

fact." (*See* Resp. at 19 (citing *U.S. Distrib., Inc. v. Block*, Case No. 09-cv-21635, 2009 U.S. Dist. LEXIS 95391, *10 (S.D. Fla. Oct. 13, 2009)).)  However, in *Block*, the allegations all supported a finding, at the motion to dismiss stage, that Plaintiff was a party to the contract at issue. *See Block*, 2009 U.S. Dist. LEXIS 95391 at *10-*11.  Here, on the other hand, <u>Plaintiff's own allegations support Diamond's argument that Plaintiff did not purchase the Aircraft</u>.  (*See* Compl. ¶ 49 (alleging that "***Mr. Damgaard-Iversen entered into a purchase agreement*** for a new DA42") (emphasis added).)  Here, there is no "question of fact."  Furthermore, Plaintiff did not receive any representations or purchase the Aircraft and thus cannot maintain this action.

Plaintiff also is not a proper party to this action because it has no authority to sue or be sued.  Section 736.0816(23), Florida Statutes (formerly Section 737.402(2)(z)), vests the <u>trustee</u> of a trust with the authority to "[p]rosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." Fla. Stat. § 736.0816(23).  It does not vest trusts with similar authority.  In contrast, corporations and other formal, legal entities have the express authority under Florida law to sue and be sued.  *See, e.g.*, Fla. Stat. §§ 607.0302(1) (corporations); 608.404(1) (limited liability companies); 617.0302(2) (not-for-profit corporations); 620.1105 (limited partnerships); 620.8307 (partnerships).  Therefore, Plaintiff has no standing to sue and thus is not a proper party to this action.

Rule 17 does not cure this defect.  It permits, *inter alia*, "the ***trustee*** of an express trust" to bring a lawsuit without joining the person whose benefit the action is brought.  *See* Fed. R. Civ. P. 17(a)(1)(E) (emphasis added).  This rule does not cure the defects here because, first, the "trustee" has not brought this action; the <u>trust</u> has.  And it is the <u>trust</u> that has no right to bring this lawsuit.  This lawsuit does not fall within the exceptions listed in Rule 17 and thus should be

7

dismissed. Even if Mr. Damgaard-Iversen, instead of the Trust, were the named Plaintiff, he could not rightfully sue under Rule 17. He is alleged to be "the sole beneficiary of Continent Aircraft Trust 1087," <u>not</u> the trustee. (*See* Compl. ¶ 39.) Therefore, he would have no right to maintain this action under Rule 17 of the Federal Rules of Civil Procedure.

Finally, Plaintiff should not be allowed to amend to "swap" Plaintiff for Mr. Damgaard-Iversen because such amendment would be futile. There would be no basis for Mr. Damgaard-Iversen to maintain this action – he is not the trustee. Moreover, he owned the Aircraft for approximately 7 months, from February 6, 2007, until September 18, 2007. During this entire time, the TAE warranties were in full force and effect, and thus Mr. Damgaard-Iversen could not have suffered any loss of warranty. In September 2007, he conveyed the Aircraft to the Trust. But there are no allegations that the Trust ever received representations from Diamond or Premier (as Diamond's alleged "agent") regarding the TAE warranties. Of course, there could not have been any representations made to the Trust during the original negotiations because the Trust was not in existence. Plaintiff thus cannot maintain this action.

**II.   Conclusion.**

WHEREFORE, for the reasons stated in its Motion to Dismiss and herein, Defendant Diamond Aircraft Industries, Inc., respectfully requests this Court to enter an order dismissing the Complaint and awarding Defendant such further relief as the Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on December 10, 2012, on all counsel of record on the Service List below:

                                                           s/ Carl R. Nelson
                                                           Carl R. Nelson, FBN 280186
                                                           cnelson@fowlerwhite.com
                                                           Ashley Bruce Trehan, FBN 0043411
                                                           ashley.trehan@fowlerwhite.com

Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant

**SERVICE LIST**

| Juan Martinez | V. Brandon McGrath |
|---|---|
| juan.martinez@gray-robinson.com | bmcgrath@bgdlegal.com |
| Gray Robinson P.A. | Bingham Greenebaum Doll LLP |
| 1221 Brickell Avenue, Suite 1600 | 2350 First Financial Center |
| Miami, Florida  33131-0014 | 255 E. Fifth Street |
| Attorney for Plaintiff | Cincinnati, Ohio 45202-4728 |
| | Attorney for Plaintiff |