UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

  Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

  Defendant.
_____/

## DIAMOND'S ANSWER TO AMENDED COMPLAINT

  Defendant, Diamond Aircraft Industries, Inc. ("Diamond"), answers the Amended Complaint (Doc. 40) of Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("Aircraft Guaranty"), upon information and belief as follows:

  1. Without knowledge and, therefore, denied.

  2. Admitted.

  3. Admitted that Diamond is a Canadian corporation with its principal place of business in Canada.  Otherwise denied.

  4. Admitted that Diamond markets aircraft to certain individuals and companies in the United States.  Admitted that Premier Aircraft Sales, Inc. is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.  It is further admitted that Diamond is subject to the personal jurisdiction of the court in this case.  Otherwise denied.

  5. Admitted.

  6. Admitted.

  7. Denied.

8. Without knowledge and, therefore, denied.

9. Without knowledge and, therefore, denied.

10. Without knowledge and, therefore, denied.

11. Denied.

12. Paragraph 12 of the Amended Complaint does not contain allegations of fact as to which Diamond may form a response – the allegations are mere conjecture and are, therefore, denied.

13. Denied that Diamond had "apparent knowledge" of TAE's impending financial problems. Without such knowledge, Diamond could not have disclosed unknown information to Aircraft Guaranty. Even if Diamond did have such knowledge, denied to the extent it is implied that Diamond owed a duty to Plaintiff to disclose such information.

14. Denied to the extent it is alleged that Diamond was developing an engine. It is further denied to the extent it is implied that Diamond owed to Plaintiff a duty to disclose any engine development. Otherwise denied.

15. Denied.

16. Denied to the extent it is alleged that Diamond was developing an engine. Otherwise, without knowledge and, therefore, denied.

17. Admitted that around April 24, 2008, TAE entered into an insolvency proceeding in Germany. Denied that entering into insolvency voided TAE's engine warranties.

18. Denied.

19. Denied.

20. Admitted that Diamond authorized distributors to market and sell Diamond aircraft in certain places in the U.S. market. Otherwise denied.

21. To the extent Diamond entered into distributorship agreements with distributors, the agreements speak for themselves, and any allegations inconsistent therewith are denied.

22. To the extent Diamond entered into distributorship agreements with distributors, the agreements speak for themselves, and any allegations inconsistent therewith are denied.

23. Admitted that the web page "www.diamondaircraft.com/buy" speaks for itself and any allegations inconsistent therewith are denied. Otherwise denied.

24. Admitted that Diamond has offered some level of training to some dealers' employees regarding operating a Diamond aircraft. Otherwise denied.

25. Admitted that Diamond provided "DRDC Bulletins" that speak for themselves. Otherwise denied.

26. Diamond's right to terminate distributors is in accordance with its agreements with distributors, which speak for themselves, and any allegation inconsistent therewith is denied. Denied that it is Diamond's practice to "strip authorized distributors of their status" as alleged.

27. Denied.

28. Denied.

29. Admitted that employees of Diamond and Diamond's dealers have attended the air shows listed in this paragraph, and that the Diamond and dealer employees have worn similar shirts at the air shows listed in this paragraph. Denied to the extent the terms "alongside" and "work together" could be construed as implying an agency relationship of any type between Diamond and its dealers. Otherwise, denied.

30. Without knowledge as to a customer's perception of Diamond and its dealers and, therefore, denied. Denied that Diamond and its dealers are "indistinguishable," as Diamond has

no agency relationship with its dealers. Even if, *arguendo*, Diamond and its distributors were "indistinguishable" to Diamond's customers (which they were not, and which Diamond denies), it is further denied that this would have been Diamond's "intent."

31. Diamond's Limited Warranty documents speak for themselves, and any allegations inconsistent therewith are denied. Denied that Diamond made any representation as to the reliability of the TAE engine warranty. Admitted that Diamond provided its warranty documents to its authorized distributors and that Diamond intended that these documents be communicated to prospective buyers of DA42 aircraft. Otherwise denied.

32. Denied that Diamond provided any Limited Warranty document directly to or made any representations to Aircraft Guaranty. Without knowledge as to what Premier Aircraft Sales, Inc. may have provided to or represented to Aircraft Guaranty. Otherwise denied.

33. The TAE engine warranty speaks for itself, and any allegations inconsistent therewith is denied. Admitted that the Federal Aviation Administration ("FAA") required TAE engines to be operated and maintained in accordance with TAE and FAA requirements. Otherwise denied.

34. Denied.

35. Admitted that the FAA has increased the Time Before Replacement requirement for the engines installed on Aircraft Guaranty's aircraft. Otherwise denied.

36. TAE's warranty with respect to purchasing a replacement engine speaks for itself, and any allegation inconsistent therewith is denied.

37. The requirement for replacement of gearboxes, clutches, and other key engine components was in accordance with TAE's warranty, which speaks for itself, and any allegation inconsistent therewith is denied. Otherwise denied.

38. Denied.

## AS TO COUNT 1
### (NEGLIGENT MISREPRESENTATION)

39. Without knowledge and, therefore, denied.

40. Denied.

41. Without knowledge and, therefore, denied.

42. Without knowledge and, therefore, denied.

43. Without knowledge and, therefore, denied.

44. Without knowledge and, therefore, denied.

45. Without knowledge and, therefore, denied.

46. Without knowledge and, therefore, denied.

47. Denied that the aircraft at issue was purchased "through Plaintiff." Otherwise without knowledge and, therefore, denied.

48. Without knowledge and, therefore, denied.

49. Admitted that in September of 2007 a ferry pilot took delivery of the DA42 at Diamond's facility in London, Ontario and flew the aircraft to Denmark. Otherwise, without knowledge and, therefore, denied.

50. Denied.

51. Denied.

52. Denied.

## AS TO COUNT 2
### (FRAUDULENT MISREPRESENTATION)

53. Denied.

54. Denied.

55. Denied.

## AS TO COUNT 3
### (FRAUDULENT CONCEALMENT)

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied that Diamond was in the process of developing its own engine. Otherwise without knowledge and, therefore, denied.

65. Without knowledge and, therefore, denied.

66. Denied.

67. The allegations of paragraph 67 of the Amended Complaint are not allegations of fact and are, therefore, denied.

Any allegation of the Amended Complaint not specifically admitted above is hereby denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond made no representation regarding the TAE warranty to Plaintiff, its beneficiary, or its trust.

**Third Affirmative Defense**

The Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond made no purported <u>mis</u>representation to Plaintiff, its beneficiary, or its trust.

**Fourth Affirmative Defense**

The Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Plaintiff (as well as its beneficiary and its trust) did not rely on any purported misrepresentation made by Diamond.

**Fifth Affirmative Defense**

Plaintiff failed to mitigate its damages, if any.

**Sixth Affirmative Defense**

Diamond's limited manufacturer's warranty (the "Limited Warranty") bars Plaintiff's claims.

**Seventh Affirmative Defense**

If Plaintiff suffered damages as alleged in the Amended Complaint, which is denied, then any such damages were caused or contributed to by Plaintiff's own negligence or failure to exercise reasonable care; and Diamond may not be held liable for any damages suffered by Plaintiff due to its own negligence or failure to exercise reasonable care.

### Eighth Affirmative Defense

If Plaintiff suffered damages as alleged in the Amended Complaint, which is denied, then any such damages were caused or contributed to by parties other than Diamond for whose act and omissions Diamond is neither responsible nor liable. Diamond may not be held liable for any damages suffered by Plaintiff due to any acts or omissions of other parties, including Thielert AG, Thielert Aircraft Engines GmbH, Continent Aircraft Trust 1087, Mr. Karsten Damgaard-Iversen, and Premier Aircraft Sales, Inc., and each of them and each of their respective agents and representatives.

### Ninth Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure of Diamond to reveal TAE's financial condition to Plaintiff (or its beneficiary or trust), because Plaintiff has not alleged any duty imposed on Diamond to do so.

### Tenth Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure of Diamond to reveal the development of an engine to Plaintiff (or its beneficiary or trust), because Plaintiff has not alleged any duty imposed on Diamond to do so.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction and waiver in that Plaintiff released Diamond from all claims asserted in the Amended Complaint.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the operation by the doctrine of estoppel.

### Thirteenth Affirmative Defense

Plaintiff's claims may be barred or diminished because of the failure of Plaintiff to preserve evidence.

### Fourteenth Affirmative Defense

If a representative of Diamond made any actionable misrepresentation to Plaintiff, which is denied, any such representation would have been outside the scope of the representative's duties and beyond the representative's authority, and Diamond cannot be held vicariously liable for such acts.

### Fifteenth Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted for pre-judgment interest.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by the economic loss rule.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred by the limitations in Premier Aircraft Sales, Inc.'s contract for the purchase of Plaintiff's aircraft.

### Eighteenth Affirmative Defense

This Court lacks subject matter jurisdiction over this dispute because the amount in controversy is less than $75,000.00.

### Nineteenth Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff has suffered no damages.

### Twentieth Affirmative Defense

This action is barred the applicable statute of limitations or by laches.

### Twenty-First Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action.

### Twenty-Second Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action. Plaintiff suffered no harm when it took title to the applicable aircraft in June 2011, more than **four years after** the transaction at issue and more than **three years after** the TAE engine warranties were voided. Plaintiff took title the aircraft with full knowledge of the lack of warranty coverage and cannot now claim that it lacked sufficient knowledge to make an informed decision.

### Twenty-Third Affirmative Defense

This action is barred because Plaintiff's sole beneficiary is a citizen of Denmark and knew or should have known about the financial well-being of TAE, its founders, or its officers.

### Twenty-Fourth Affirmative Defense

The action is barred by the statute of limitations because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

### Twenty-Fifth Affirmative Defense

The action is barred by the doctrines of waiver and estoppel because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

### Twenty-Sixth Affirmative Defense

The action is barred by Plaintiff's assumption of risk. At the time that Plaintiff took title to the applicable aircraft, the TAE engine warranty had been voided, and Plaintiff took title to the aircraft with full knowledge of this information and assumed the risk of taking title to the aircraft with the voided warranty.

### Twenty-Seventh Affirmative Defense

Diamond reserves the right to amend its answer and defenses as discovery and further investigation proceeds.

*   *   *

WHEREFORE, Diamond respectfully requests that the Court enter judgment in its favor and against Plaintiff and award Diamond its costs of this action and any further relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on June 20, 2013, on all counsel of record on the Service List below:

                                        s/ Carl R. Nelson
                                        Carl R. Nelson, FBN 280186
                                        cnelson@fowlerwhite.com
                                        Ashley Bruce Trehan, FBN 0043411
                                        ashley.trehan@fowlerwhite.com
                                        Scott A. Richards, FBN 0072657
                                        scott.richards@fowlerwhite.com
                                        FOWLER WHITE BOGGS P.A.
                                        501 E. Kennedy Blvd., Suite 1700
                                        Tampa, FL 33602
                                        Telephone: (813) 228-7411  Fax: (813) 229-8313
                                        Attorneys for Defendant

## SERVICE LIST

| | |
|---|---|
| Juan Martinez (FBN 9024) | V. Brandon McGrath |
| Email: juan.martinez@gray-robinson.com | Email:bmcgrath@bgdlegal.com |
| GRAYROBINSON P.A. | Michael A. Grim |
| 1221 Brickell Avenue, Suite 1600 | Email: mgrim@bgdlegal.com |
| Miami, Florida 33131-0014 | BINGHAM GREENBAUM DOLL LLP |
| Tel: 305-416-6880 | 2350 First Financial Center |
| Fax: 305-416-6887 | 255 East Fifth Street |
| | Cincinnati, Ohio 45202 |
| | Tel: 513-455-7643 |
| | Fax: 513-455-8500 |

Attorneys for Plaintiff, Aircraft Guaranty Corporation.

45698628