UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

**PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION ("CONFIDENTIALITY ORDER")**

THE COURT, having reviewed Defendant's Unopposed Motion for Entry of Protective Order Governing the Use and Disclosure of Confidential Information, and being otherwise fully advised in the premises, orders as follows:

1. This Confidentiality Order shall govern discovery in the above-captioned case (the "**Case**") and shall govern all documents, interrogatory answers, answers to requests for admissions, deposition testimony, and other materials, or portions thereof (collectively, "**Discovery Material**") produced or provided, or to be produced or provided, by any party to this Case (the "**Party**" or, together, "**Parties**") or representative thereof, including but not limited to the Party's attorney(s).  As used herein, the term "**document**" means any written, printed, typed, recorded, or graphic matter or means to access such material, however produced or reproduced, of any kind or description, including electronically stored information.

2. As used herein, "**Confidential Information**" shall mean any Discovery Material which a party in good faith asserts constitutes, includes, or discloses (a) a trade secret; (b)

confidential research, development, or commercial information; (c) financial information or data of any party; and (d) information regarding any party's current or former employees.

3. **Designation of "Confidential Information."** Materials shall be designated as "Confidential Information" by stamping "CONFIDENTIAL INFORMATION" on each page of the material by the producing Party, prior to production. For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, information shall be designated by stamping "CONFIDENTIAL INFORMATION" on the material or on a container for such material, in any suitable manner. For materials produced electronically in a .PDF, .TIFF, or similar format information shall bear the legend "CONFIDENTIAL INFORMATION" on each PDF or TIFF image.

4. Those subject to this Order shall hold all Confidential Information in confidence, using at least the same degree of care to prevent unauthorized disclosure or access that it uses with its own confidential information (but in no event using less than a reasonable degree of care), and shall not disclose the Confidential Information to others, allow others to access it, or use it in any way, except as provided in this Order.

5. **Use of Confidential Information.** The Parties and their counsel shall not use any of the Confidential Information for any purpose other than to prepare for or try this Case. This Confidentiality Order expressly prohibits the Parties from disclosing any Confidential Information in connection with any other proceedings, subject to further court order.

6. **Disclosure of Confidential Information.**

   (a) Disclosure of Confidential Information may be made only:

   (i) as is necessary in communications with auditors retained by any Party, or federal or state regulators;

   (ii) as is necessary to comply with subpoenas, discovery requests or orders of any court or government agency; and

(iii) to the extent Confidential Information is already lawfully in the public domain.

(iv) Any disclosures of Confidential Information pursuant to subparagraph 6(a)(i) or (ii) shall be accompanied by a copy of this Confidentiality Order.

(b) If any Party is requested or required under subparagraph 6(a)(ii) to disclose Confidential Information, subject to any applicable legal restrictions, that Party will give written notice to the other as soon as possible after the subpoena, discovery request, or court order is received. However, a Party may withhold notice required under this paragraph if the Party believes in good faith that it is prohibited by law from providing the notice.

(c) **Authorized Persons.** For the purpose of conducting this Case, Confidential Information may be disclosed as needed or appropriate **to the following persons only** (the "**Authorized Persons**"):

(i) Counsel of record for a Party or employees of counsel's law firm who are assisting counsel of record.

(ii) Employees of the Parties for purposes consistent with this Order.

(iii) Any Party's deposition or hearing witness, any non-Party deposition or hearing witness, or any potential witness a Party believes in good faith has information relevant to the case.

(iv) Any person retained by counsel for a Party to assist in this Case.

(v) Each person who receives Confidential Information under subparagraphs 5(c)(iii) or (iv) **shall acknowledge** that he or she has reviewed a copy of this Order and understands that the Confidential Information is provided subject to this Order in connection with this Case. This acknowledgement will be memorialized by executing, prior to receipt of or access to Confidential Information, an "**Acknowledgement**" in the form attached hereto as **Exhibit A**.

7. Each person who receives or reviews the Confidential Information is prohibited from using or disclosing the Confidential Information for any purpose other than this Case.

8. No copies, summaries, or abstracts of any Confidential Information shall be made for distribution or use by persons other than as described in subparagraphs 5(c)(i) through (iv).

9. At any time after production of designated Confidential Information, the designating Party may agree in writing that the Confidential Information may be disclosed to additional designated persons. Any such agreement or waiver must be in writing or transcribed, if made during a recorded proceeding.

10. **Challenges to Designations of Information.** Neither the designation by a Party of any Discovery Material as Confidential Information nor its receipt by the other party, shall constitute a concession that the Discovery Material is "Confidential Information." If a Party objects to a designation of Confidential Information, such request must be in writing to the producing Party and must provide the basis for the request. The Parties shall attempt to resolve the dispute without the Court's intervention within ten (10) days following receipt of the request. If the Parties are unable to resolve a request to change a designation, the Party seeking the change may seek relief from the Court in accordance with applicable local and federal rules and procedures. Unless and until the Court rules on the designation, or the Parties agree otherwise, the Confidential Information shall be treated as it was originally designated.

11. **Confidentiality Log.** The Parties shall each maintain a record in the form of a "Confidentiality Log" with respect to any Confidential Information given to any person described in subparagraphs 5(c)(iii) or (iv). The Confidentiality Log will include at least the following information: the Party who provided the Confidential Information; the person(s) who received the Confidential Information; the date the Confidential Information was given; and a description of the Confidential Information sufficient to identify the document(s), kinds of documents, and/or type of information disclosed.

12. **Notification.** If a Party is requested or required to disclose Confidential Information, subject to applicable legal restrictions, that Party will notify the other Parties in writing as soon as possible after the subpoena, request, or court order is received to permit the other Parties to seek legal protection against any such disclosure. Notwithstanding the aforementioned, a Party may withhold notice required under this paragraph if the Party believes in good faith that it is prohibited by law from providing the notice.

13. **Termination.** Upon termination of this Case, each Party shall assemble and make available for return to the designating party, or destroy, all designated Confidential Information and any reproduction, summary, or abstract thereof; and certify in writing to the designating party that the above procedures have been completed.

14. Nothing in this Confidentiality Order shall be construed as an admission of any party that any Discovery Material (whether or not confidential) or testimony related thereto would be admissible in evidence in this Case or in any other proceeding.

15. Nothing in this Confidentiality Order shall preclude any party from seeking to amend or modify this Confidentiality Order, if necessary.

16. This Order is to be governed by and construed in accordance with the substantive laws of the State of Florida, excluding that body of law pertaining to conflict of laws, and the Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers in Miami, Florida on this \_\_ day of _____, 2013.

FEDERICO A. MORENO  
UNITED STATES DISTRICT JUDGE

Copies provide to:  
Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO: 11-61663-CIV-MORENO**

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

## ACKNOWLEDGMENT

## PURSUANT TO PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

I, (name) (printed) _____, hereby acknowledge that I have reviewed the Protective Order Governing the Use and Disclosure of Confidential Information (the "**Confidentiality Order**") entered in the above-styled case, and further state:

1. I have received or will receive Confidential Information as defined in paragraph 2 of the Confidentiality Order.

2. I understand that disclosure of the Confidential Information to me is subject to the terms of the Confidentiality Order, and such information is to be kept confidential pursuant to the terms of the Confidentiality Order.

Date: _____   _____
                                                                                Signature

**Exhibit A**
to Confidentiality
Order