UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("Plaintiff") respectfully moves the Court, under Fed. R. Civ. P. 37, to compel Defendant to comply with its discovery obligations and produce documents responsive to Plaintiff's discovery requests.

### Background

Defendant responded to Plaintiff's requests for production of documents on July 3, 2013. *See* Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents ("Responses"), attached as **Exhibit A**. Defendant did not produce any documents at that time. On August 13, 2013, Plaintiff's counsel sent a letter to Defendant's counsel regarding Defendant's deficient discovery responses. *See* McGrath Letter, attached as **Exhibit B**. In that letter, counsel requested responsive documents by August 23, 2013. *See id.* Plaintiff's counsel

also raised numerous issues related to Defendant's discovery responses both in general and related to certain specific issues. *Id.*

## General Items in Dispute

Because there were so many deficiencies, counsel for Plaintiff raised several general items in the August 13 McGrath Letter hoping that resolution of these items might aid in resolving issues related to specific requests.

**Plaintiff's Request:** Provide a privilege log.

**Defendant's Response:** As of August 26, 2013, Defendant stated it would "take another few days" to provide a privilege log. *See* **Exhibit C**, *infra.*

**Current status:** No privilege log provided.

**Plaintiff's Request:** Identify all documents withheld based on Defendant's "cost" objection.

**Defendant's Response:** No response provided.

**Reason for Production:** Plaintiff seeks the production of the logs so that it will be able to identify documents withheld due to privilege and so that it may appropriately challenge any documents withheld by Defendant.

**Plaintiff's Request:** Defendant should identify and produce electronically stored information ("ESI"). Plaintiff requests the following metadata, as applicable: document ID, parent ID, the author, recipient, persons to whom the ESI was copied, persons to whom the ESI was blind copied, the date on which the ESI was created, the date the ESI was last modified, the subject line, the file name, the file extension (e.g., pdf, doc, ppt, xls), date sent, date received, time sent, time received, record type (e.g. email,

attachment), MD5 Hash, and the custodian(s) from whom the ESI was obtained. Plaintiff requested that the ESI be produced with a Summation load file. Native format or TIFF images with extracted text are both acceptable. Excel spreadsheets or other spreadsheets should be produced in native format.

**Defendant's Response:** No response provided.

**Reason for Production:** Defendant has thus far resisted producing any ESI. Defendant is obligated to search and produce relevant and responsive electronic documents.

## Specific RFP's in Dispute

**Request for Production No. 13:** Produce all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents" is not limited as to time frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions "criminal or civil allegations against TAE" – including this very request. Diamond thus cannot respond to this request as drafted.

3

**Reasons for Production:** The requested information is relevant to Diamond's knowledge of TAE's ability to provide the engine warranty. Defendant's objections are conclusory and do not provide an appropriate basis to refuse to provide any responsive documents. Plaintiff agreed, without prejudice, to narrow the request as follows: <u>First</u>, the timeframe shall be two years before TAE entered insolvency to June 1, 2008; <u>Second</u>, the sender/receiver should be anyone who was employed by Defendant, was under the control of someone working for Defendant, or had the ability to exert control over Defendant (i.e. the ability to influence or control corporate policies, business decisions, etc.).

**Request for Production No. 16:** Produce all communications and documents regarding TAE's financial well-being or TAE's insolvency.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this Request is vague, overbroad, unduly burdensome, not limited as to time frame, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the term "all communications and documents regarding TAE's financial well-being or TAE's insolvency" is not limited as to time frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding TAE's financial well-being or TAE's insolvency" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions "TAE's insolvency" – including this very request.

**Reasons for Production:** The requested information is relevant to Diamond's knowledge of TAE's financial condition, a central issue in this case. Defendant's objections are again conclusory. Coupled with Diamond's refusal to produce organizational charts (RPF No.

4

24), it is nearly impossible for Plaintiff to blindly narrow the request. In an effort to resolve this issue without prejudice, Plaintiff offered to narrow the request as follows: <u>First</u>, the timeframe shall be from May 1, 2005 to June 1, 2008; <u>Second</u>, the sender/receiver should be anyone who was employed by Defendant, was under the control of someone working for Defendant, or had the ability to exert control over Defendant (i.e. the ability to influence or control corporate policies, business decisions, etc.).

**Request for Production No. 22:** Produce all compiled or audited financial statements, including balance sheets, asset and liability records, income statements, profit and loss records, statements of cash flows, and statements of owners' equity, and any internal and independent audits for Diamond.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.

**Reasons for Production:** This request seeks information related to Defendant's financial motivations in this case. At the very least, this information shows Diamond's ties to TAE's product and Diamond's expected benefit when it introduced its own product to compete with the TAE engine. Furthermore, Plaintiff agreed to keep such information confidential and the parties have agreed to a protective order.

**Request for Production No. 24:** Produce all Diamond organization charts or other documents reflecting or showing Diamond's corporate officers, employees, directors, affiliates, contractors and other affiliated persons or entities.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.

**Reasons for Production:** The objections to this request are frivolous. First, Plaintiff agreed to protect any confidential information. Second, an organizational chart allows Plaintiff to understand the corporate structure of Diamond, which will likely shed light on and lead to the discovery of admissible evidence. Without such information, Plaintiff is blindly asking for information and unable to appropriately review requests by Diamond to narrow certain requests, as discussed above.

**Request for Production No. 27:** Produce job descriptions for Diamond's corporate officers, employees, directors, affiliates, contractors and other affiliated persons or entities, during the time period 2005 to 2008.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.

**Reasons for Production:** This information should be produced for the same reasons stated under RFP No. 24, above.

**Request for Production No. 31:** Produce all documents regarding communications between Diamond and Diamond Aircraft Industries GmbH regarding TAE.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request lacks any time frame or topic (other than "regarding TAE") and thus could encompass voluminous documents that have nothing whatsoever to do with this lawsuit. As a practical matter, it would be virtually impossible to locate all documents as requested. However, Diamond is amenable to providing additional information if Plaintiff narrows this Request such that Diamond can readily identify responsive documents (if any) that would lead to the discovery of admissible evidence in this action.

**Reasons for Production:** Any communications between Diamond Aircraft Industries GmbH and Defendant regarding TAE are relevant and likely to lead to the discovery of admissible evidence. These types of communications directly address the issues raised in this case. So far, Defendant has refused to provide any specific information that would allow Plaintiff to narrow or tailor this request further. Plaintiff offered to work with Defendant in creating an appropriate key word search for emails and electronic documents to narrow the possible range of responsive documents. Furthermore, appropriate responses to RFP Nos. 24 and 27 may allow Plaintiff to narrow this request.

**Request for Production No. 35:** Produce all documents regarding the ownership by Diamond Aircraft Industries GmbH of the Type Certificate ("TC") for the DA42-tdi aircraft, including but not limited to all communications between Diamond Aircraft Industries GmbH and the Federal Aviation Administration related to the application for and obtaining of this TC.

**Defendant's Response:** Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, seeks information from a third-party that is not a party to this action, and seeks information that is subject to trade secret protection and/or is confidential business information. To the extent such information is not subject to trade secret protection or is otherwise confidential, then the information is publicly available via the Federal Aviation Administration.

**Reasons for Production:** First, Defendant must produce responsive documents if such documents are in its possession or control. If Defendant does not have responsive documents, it should simply state that it does not have the ability to produce responsive documents. Second, Plaintiff agreed to protect trade secrets and other confidential information and the parties agreed to a protective order. Finally, the Type Certificate ("TC") and communications with the FAA regarding the TC may lead to information related to Defendant's knowledge of TAE's inability to service the engine warranty or eventually replace the TAE engine with Defendant's own.

## Legal Analysis

"When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1); or (2) is

8

of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Unlimited Res., Inc. v. Deployed Res., LLC*, 2009 U.S. Dist. LEXIS 9704, 7-8 (M.D. Fla. Jan. 29, 2009) citing *Stelor Productions, Inc. v. Google, Inc.*, 2008 U.S. Dist. LEXIS 74936, 2008 WL 4218107 *2 (S.D. Fla. 2008) (citations omitted). Under the Federal Rules, "Courts construe relevancy 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Id.* (citations omitted). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Id.* citing *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

Several objections posed by Defendant are frivolous and are simply efforts to thwart discovery and delay this case as long as possible. For example, Defendant refused to produce organizational charts and job descriptions. *See* RFP Nos. 24 and 27. This type of information is basic and greatly aids a requesting party in understanding where and how to direct its discovery efforts.

Defendant never took steps to produce responsive documents until after Plaintiff's counsel sent the August 13 McGrath Letter. Thus, Defendant has done nothing to comply with its discovery obligations since July 3, 2013 when it served its written objections to Plaintiff's discovery requests. Defendant should not be allowed now to claim it can't produce documents based on travel schedules. *See* 8.20.13 E-mail Exchange, attached as **Exhibit C**.

### Meet and Confer Efforts

Plaintiff's counsel has taken all reasonable steps possible to meet and confer with Defendant's counsel to resolve the outstanding discovery issues and move this case forward. On August 20, 2013, counsel for Defendant represented a response was forthcoming to the August

9

13 McGrath Letter by "the end of the week," which was August 23, 2013. *Id.* When no response was received, Plaintiff's counsel sent a follow-up email asking for the status. *See* 8.26.13 Email Exchange, attached as **Exhibit D**. During that exchange, the parties were able to agree on a protective order and Defendant's counsel promised a response to the August 13 McGrath Letter by August 30, 2013. *See id.* As of the date of this motion, no response to the August 13 McGrath Letter has ever been sent to Plaintiff's counsel.

## Conclusion

Consequently, Plaintiff respectfully requests that the Court compel Defendant to produce responsive documents, including ESI, to award Plaintiff its costs and attorneys' fees associated with this motion, and to award any other appropriate relief.

Respectfully submitted,

*s/ Juan Martinez*
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Phone: (305) 416-6880
Fax: (305) 416-6887
E-mail: juan.martinez@gray-robinson.com
Counsel for Plaintiffs

Of Counsel:

          V. Brandon McGrath
          Bingham Greenebaum Doll LLP
          2350 First Financial Center
          255 East Fifth Street
          Cincinnati, Ohio 45202
          Phone: (513) 455-7600
          Fax: (513) 455-8500
          bmcgrath@bgdlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

          *s/ Juan Martinez*
          Counsel for Plaintiff

14834164_1.docx