# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORP., Trustee of
CONTINENT AIRCRAFT TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

      Defendant.
_____/

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Diamond Aircraft Industries, Inc. ("Diamond") hereby objects and responds to Plaintiff's First Set of Requests for Production served on or about June 3, 2013 (the "Requests").

Diamond's investigation of the allegations in this action is ongoing, and it reserves the right to amend, modify, or supplement its responses and objections to the Requests. Further, Diamond reserves the right to rely on any facts, documents, or other information or materials that may come to its attention at a later date.

### General Objections

1.    The General Objections set forth herein are incorporated in each of the specific responses to the Requests set forth below and have the same force and effect as if fully set forth therein. The assertion of the same, similar, or additional objections in response to specific Requests does not waive any of Diamond's General Objections.

2. Diamond objects to these Requests to the extent that they purport to impose obligations on Diamond that are greater than or different from those under the Federal Rules of Civil Procedure or beyond any discovery limitation imposed by law or by the Court. Diamond will respond to these Requests in compliance with its obligations under the Federal Rules of Civil Procedure, federal law, and orders of the Court.

3. Diamond responds to these Requests to the best of its present knowledge, information, and belief. Diamond continues to investigate the matters that are the subject of this litigation and reserves the right to supplement its responses as this investigation and discovery progress in accordance with the Federal Rules of Civil Procedure.

4. Diamond objects to these Requests to the extent they seek information that Diamond is required to maintain in confidence pursuant to an agreement or understanding with any third party or that is protected under contractual, constitutional, statutory, or common law rights of confidentiality and privacy.

5. In making its objections, Diamond does not waive, and specifically preserves:

   a. All rights to object to the competency, relevancy, materiality, authenticity, and admissibility of any information that may be provided in response to the Requests or the subject matter thereof;

   b. All rights to object on any grounds to the use of any information that may be produced in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter; and

   c. All rights to object on any grounds to any requests for further responses to the Requests or any other request for production.

6.Diamond objects to these Requests to the extent they seek information that is proprietary or confidential or constitutes trade secrets of Diamond. Diamond also objects to these Requests to the extent they seek information or documents protected from disclosure by any protective order or non-disclosure agreement that is binding on Diamond.

7.Diamond objects to these Requests to the extent they purport to seek information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from disclosure. All of the responses to these Requests are made subject to Diamond's right and intention to withhold the production of any material or other information that is privileged or otherwise protected from disclosure, and any information contained herein shall not be construed as a waiver of Diamond's rights, including the right to request return of any such material or other information inadvertently produced.

8.Diamond objects to these Requests to the extent they seek "any" information or use similar terms that fail to identify with reasonable particularity the information sought, on the grounds that such a discovery request constitutes a prohibited "fishing expedition."

9.Diamond objects to item Number "3" set forth in the "Definitions and Instructions" Section of Plaintiff's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendant. These Requests are being answered solely on behalf of the Defendant named in this action, **Diamond Aircraft Industries, Inc.**, and sources under its control. These Requests are not being answered on behalf of entities or individuals not within Diamond's control.

10.Diamond objects to Plaintiff's use of the undefined terms "agents," "any other persons or entities acting on Diamond's behalf or in concert with Diamond," and similar phrases,

which can have far-reaching legal implications that could affect the sufficiency and/or accuracy of Diamond's responses contained herein.

11. By furnishing responses to these Requests, Diamond does not concede that any such information is relevant to this litigation or competent or admissible into evidence in this matter, and Diamond thereby does not waive its ability to argue otherwise at any trial or other proceeding in this matter.

12. Diamond's responses to the Requests are made subject to these General Objections, without waiver of any objections to these or further requests directed to the same or similar subject matter, and without waiver of objections to the admissibility, relevancy, or materiality of any of the information or documents relating to any issue in this case.

13. Diamond's investigation of the facts pertaining to this action, review of information, and preparation for trial is ongoing. Accordingly, Diamond reserves the right to amend, modify, or supplement these objections and responses. Diamond further reserves the right to rely on any facts, documents, or other evidence that may develop or come to its attention at a later date.

14. Diamond's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground.

15. All of these objections are specifically incorporated into the following responses.

### Objections and Responses to Specific Requests for Production

1. Produce all documents and communications identified in your Answers to Plaintiff's First Set of Interrogatories.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further incorporates all objections raised in its Answers to Plaintiff's First Set of Interrogatories to the extent such objections were raised with respect to identification of the responsive documents and communications.**

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all non-privileged documents and communications identified in Diamond's Answers to Plaintiff's First Set of Interrogatories, to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement, if applicable.

2. Produce all non-privileged documents you relied on to respond to any Requests for Admission or Interrogatories above.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further incorporates all objections raised in its Answers to Plaintiff's First Set of Interrogatories and Response to Plaintiff's First Request for Admissions, to the extent applicable. Diamond also objects to the extent this request seeks information subject to work-product and/or trade-secret protection, seeks the production of confidential business information, requests information that is already publicly available, and/or requests information that is already in Plaintiff's possession.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all non-privileged documents on which Diamond relied in responding to Plaintiff's Requests for Admission or Interrogatories, to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement, if applicable.

3. Produce all documents provided by you to any expert witness who will provide testimony in this case.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond also objects on the grounds that this request seeks information protected by the work-product doctrine.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond has not determined who it may use as an expert witness at trial. Therefore, Diamond does not have any responsive documents at this time. Diamond will comply with the deadlines and disclosure requirements imposed by the Federal Rules of Civil Procedures, Local Rules of this Court, and any orders entered by the Court.

4. Produce all communications between you and any expert witness who will testify in this case.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond also objects on the grounds that this request seeks information protected by the work-product doctrine.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond has not determined who it may use as an expert witness at trial. Therefore, Diamond does not have any responsive documents at this time. Diamond will comply with the deadlines and disclosure requirements imposed by the Federal Rules of Civil Procedures, Local Rules of this Court, and any orders entered by the Court.

5. Produce any written statements made by Plaintiff concerning any claim or defense at issue in this case.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, and seeks information already within the possession, custody, or control of Plaintiff. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

None known.

6. Produce all communications between you and Plaintiff.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, and seeks information already within the possession, custody, or control of Plaintiff.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all communications between Diamond and Plaintiff, to the extent such documents exist and are in Diamond's possession, custody, and control, and provided such documents can be produced without excessive cost.

7. Produce any audio or other recordings of any statements allegedly made by Plaintiff.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, and seeks information already within the possession, custody, or control of Plaintiff. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

None known.

8. Produce all communications and documents regarding the sale or potential sale of any Diamond aircraft to Plaintiff.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, and seeks information already within the possession, custody, or control of Plaintiff.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all non-privileged communications and documents regarding the sale or potential sale of any Diamond aircraft to Plaintiff, to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement, if applicable.

9. Produce all documents and communications regarding the reason or reasons for Diamond's decision to develop the Austro diesel engine for use on DA42s.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, seeks information subject to trade secret protection, and seeks the production of confidential business information. Further, Diamond objects to the extent the Request assumes (i) Diamond developed the Austro diesel engine and/or (ii) it was Diamond's decision to develop the Austro diesel engine; Diamond did not develop the engine, nor was it Diamond's decision to do so. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

None; it was not Diamond's decision to develop the Austro diesel engine for use on DA42s.

10. Produce all documents relating to the Austro diesel engine as a real or potential replacement for TAE engines on the DA42.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, seeks information subject to trade secret protection, and seeks the production of confidential business information. Further, Diamond objects to the extent the Request assumes (i) Diamond developed the Austro diesel engine and/or (ii) the Austro diesel engine was a "real or potential replacement for TAE engines on the DA42." Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

None known.

11.   Produce all documents related to computing or determining the cost of developing the Austro diesel engine.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, seeks information subject to trade secret protection, and seeks the production of confidential business information. Further, Diamond objects to the extent the Request assumes (i) Diamond developed the Austro diesel engine and/or (ii) Diamond incurred any costs for the development of the Austro diesel engine. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:**

**None known.**

12.   Produce all communications between you and Premier regarding the development or availability of the Austro diesel engine for use on DA42s.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, seeks information subject to trade secret protection, and seeks the production of confidential business information. Over the years, at various points, there have been numerous, open discussions between Diamond, Premier, and various customers regarding the Austro engine and its availability and development. As a practical matter, it would be virtually impossible to locate all communications as requested. Further, Diamond objects to the extent the Request assumes Diamond developed the Austro diesel engine. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:**

**Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that states that Diamond will produce all communications between Diamond and Premier regarding the development or availability of the Austro diesel engine for use on DA42s, prior to Plaintiff's purchase, to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement, if applicable.**

13.   Produce all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents" is not limited as to time**

8

frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding criminal or civil allegations against TAE or its founders, employees, or agents" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions "criminal or civil allegations against TAE" – including this very request. Diamond thus cannot respond to this request as drafted.

14. Produce all information, evidence, communications, or documents which you have provided to governmental authorities that pertain to criminal or civil allegations against TAE or its founders, employees, or agents.

Diamond incorporates by reference its General Objections as if fully set forth herein. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

15. Produce all information, evidence, communications, or documents which governmental authorities have provided to you that pertain to criminal or civil allegations against TAE or its founders, employees, or agents.

Diamond incorporates by reference its General Objections as if fully set forth herein. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

16. Produce all communications and documents regarding TAE's financial well-being or TAE's insolvency.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this Request is vague, overbroad, unduly burdensome, not limited as to time frame, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the term "all communications and documents regarding TAE's financial well-being or TAE's insolvency" is not limited as to time frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding TAE's financial well-being or TAE's insolvency" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions "TAE's insolvency" – including this very request.

9

17. Produce all communications and documents regarding TAE voiding its engine warranties or the possibility of TAE voiding its engine warranties.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "all communications and documents regarding TAE voiding its engine warranties or the possibility of TAE voiding its engine warranties" is not limited as to time frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding TAE voiding its engine warranties or the possibility of TAE voiding its engine warranties" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions TAE's voiding of warranties – including this very request. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:**

**None known.**

18. Produce all communications and documents regarding incorrect TAE invoices.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "all communications and documents regarding incorrect TAE invoices" is not limited as to time frame, and thus goes far beyond the scope of Plaintiff's claims. Additionally, the term "all communications and documents regarding incorrect TAE invoices" is not limited as to the sender and/or receiver of such communications and documents and thus could encompass literally every single piece of paper that mentions TAE's voiding of warranties – including this very request. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:**

**None known.**

19. Produce all communications between you and any of your authorized dealers, including Premier, regarding the need for authorized dealers to receive final approval from Diamond before a sale can be finalized.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that the Request erroneously presumes Diamond has any "final approval" before a sale can be "finalized." Final sales approval is not required by Diamond. Diamond further objects that the scope of this request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. The only authorized dealer that is pertinent to this action is Premier. Subject to and without waiving these**

10

objections and any other objections that may become available to Diamond, Diamond states:

**None; final sales approval is not required by Diamond.**

20. Produce all documents regarding your imposition of conditions on any of your authorized dealers, including Premier.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that the terms "conditions" and "imposition of conditions" are vague and undefined and also imply that Diamond would have an inherent, non-contractual authority to control its authorized dealers in any way. Diamond denies that it had any such authority. Diamond further objects that the scope of this request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. The only authorized dealer that is pertinent to this action is Premier. Finally, Diamond objects to the extent this requests seeks information that is subject to trade secret protection and/or is confidential and proprietary business information.**

**Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all non-privileged, non-confidential, pertinent agreements it had with Premier that would have been in force at the time of Plaintiff's purchase, to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement.**

21. Produce all documents and communications regarding the decreased value of DA42s equipped with TAE engines after TAE voided its warranties, including any documents and communications provided to governmental agencies, such as the Federal Aviation Administration ("FAA") or the European Aviation Safety Agency ("EASA").

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects to the scope of this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit concerns only a single aircraft, but this Request seeks documents that would make sweeping conclusions regarding all DA42 aircraft equipped with TAE engines. Finally, Diamond objects to this Request to the extent it seeks documents and communications protect by the work-product privilege. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:**

**None known. Furthermore, no valuation of Plaintiff's plane has been made by Diamond.**

22. Produce all compiled or audited financial statements, including balance sheets, asset and liability records, income statements, profit and loss records, statements of cash flows, and statements of owners' equity, and any internal and independent audits for Diamond.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

23. Produce copies of bank statements reflecting deposits, payments, and transfers for bank accounts for which Diamond has signatory authority, access, or control.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

24. Produce all Diamond organization charts or other documents reflecting or showing Diamond's corporate officers, employees, directors, affiliates, contractors and other affiliated persons or entities.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

25. Produce all Articles of Organization or Incorporation, Operating Agreements, Bylaws, records of director, member, or manager meetings (including schedules, attendance, agendas, minutes, and notes), annual reports, and management or organizational structure charts for Diamond.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

26. Produce all agreements relating to the purchase, sale, or transfer of assets, units, stock, or other securities and any agreements relating to the allocation of assets and liabilities of those purchases, sales, or transfers. This includes purchases, sales, or transfers related to company mergers or acquisitions.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

27. Produce job descriptions for Diamond's corporate officers, employees, directors, affiliates, contractors and other affiliated persons or entities, during the time period 2005 to 2008.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

28. Produce all investor lists, stockholder lists and shareholder lists for Diamond during the time period 2005 to 2008.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.**

29. Produce all documents regarding the involvement of Diamond Aircraft Industries GmbH in the development, production, marketing, sales, or delivery of the Austro diesel engine for use on DA42s.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not limited as to time frame, seeks information subject to trade secret protection, and seeks the production of confidential business information. Subject to and**

without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

30.     Produce all documents describing the job title(s) and responsibilities and dates of employment of Christian Dries at Diamond, Diamond Aircraft Industries GmbH, and Diamond Aircraft Sales U.S.A. Inc. during the time period 2005 to 2008.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information. Additionally, Diamond objects to the extent this request requires Diamond to make inquiries beyond its obligations under the Federal Rules of Civil Procedure (for instance, as to Diamond Aircraft Industries GmbH and Diamond Aircraft Sales U.S.A. Inc.). Finally, Diamond objects that the term "employment" is vague and undefined.**

**Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce documentation kept in the ordinary course of business establishing that, between 2005 and 2008, Christian Dries was the CEO and Chairman of Diamond Aircraft Industries, Inc.**

31.     Produce all documents regarding communications between Diamond and Diamond Aircraft Industries GmbH regarding TAE.

**Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects that this Request is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request lacks any time frame or topic (other than "regarding TAE") and thus could encompass voluminous documents that have nothing whatsoever to do with this lawsuit. As a practical matter, it would be virtually impossible to locate all documents as requested. However, Diamond is amenable to providing additional information if Plaintiff narrows this Request such that Diamond can readily identify responsive documents (if any) that would lead to the discovery of admissible evidence in this action.**

32.     Produce all documents regarding marketing or sales activities conducted by Diamond Aircraft Sales U.S.A. Inc. on behalf of Diamond or Diamond Aircraft Industries GmbH in the United States.

> Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably limited in time, seeks information from a third-party, seeks information that is subject to trade secret protection and/or is confidential business information, and seeks information that may already be publicly available. In particular, this Request lacks any time frame or topic (other than "marketing or sales activities") and thus could encompass voluminous documents (including invoices and publicly available FAA documents) that have nothing whatsoever to do with this lawsuit. As a practical matter, it would be virtually impossible to locate all documents as requested. However, Diamond is amenable to providing additional information if Plaintiff narrows this Request such that Diamond can readily identify responsive documents (if any) that would lead to the discovery of admissible evidence in this action.

33. Produce all documents regarding the marketing, promotion or sale of any Diamond aircraft at the SUN 'n FUN airshow for the period 2000 to 2008.

> Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, and not reasonably limited in time. In particular, the Request encompasses marketing materials related to aircraft other than the DA42 and are not at issue here and thus is not reasonably calculated to lead to the discovery of admissible evidence. Diamond also objects that the Request seeks information from a third-party, seeks information that is subject to trade secret protection and/or is confidential business information, and seeks information that may already be publicly available. Responding to this question as framed would be exceedingly burdensome and cost-prohibitive.

34. Produce all documents regarding all visits by Christian Dries to Florida for any business purpose for the period 2000 to 2008.

> Diamond incorporates by reference its General Objections as if fully set forth herein. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:
>
> **None known.**

35. Produce all documents regarding the ownership by Diamond Aircraft Industries GmbH of the Type Certificate ("TC") for the DA42-tdi aircraft, including but not limited to all communications between Diamond Aircraft Industries GmbH and the Federal Aviation Administration related to the application for and obtaining of this TC.

> Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly

15

burdensome, seeks information from a third-party that is not a party to this action, and seeks information that is subject to trade secret protection and/or is confidential business information. To the extent such information is not subject to trade secret protection or is otherwise confidential, then the information is publicly available via the Federal Aviation Administration.

36. Produce all trademarks used by Diamond, including its affiliates, agents, predecessors, successors or assigns.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information subject to trade secret protection, and seeks the production of confidential business information.

Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states that Diamond will produce all trademarks used by Diamond Aircraft Industries, Inc., to the extent such documents exist and are in Diamond's possession, custody, and control; provided such documents can be produced without excessive cost; and subject to an appropriate confidentiality agreement, if applicable.

37. Produce a copy of all purchase agreement(s) between TAE and Diamond or Diamond Aircraft Industries GmbH for the purchase of TAE 1.7L or 2.0L engines for use on a Diamond DA42.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably limited in time, seeks information from a third-party, and is not reasonably calculated to lead to the discovery of admissible evidence. In particular, this Request lacks any time frame or targets of such communications and thus could encompass voluminous amounts of documents that have nothing whatsoever to do with this lawsuit. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

38. Produce a copy of all license agreements between Diamond and Diamond Aircraft Industries GmbH for Diamond's use of the DA42-tdi TC to manufacture DA42 aircraft for sale in the United States.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably limited in time, not reasonably calculated to lead to the discovery of admissible evidence, seeks information from a third-party, and seeks information that is subject to trade secret protection and/or is confidential and proprietary business information. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

39.   Produce a copy of all agreements between Diamond and Diamond Aircraft Sales U.S.A. Inc. or Diamond Aircraft Industries GmbH and Diamond Aircraft Sales U.S.A. Inc. for the sale and distribution of DA42s (or other Diamond aircraft) in the United States.

Diamond incorporates by reference its General Objections as if fully set forth herein. Diamond further objects on the grounds that this request is overbroad, unduly burdensome, not reasonably limited in time, not reasonably calculated to lead to the discovery of admissible evidence, seeks information from a third-party, and seeks information that is subject to trade secret protection and/or is confidential and proprietary business information. Subject to and without waiving these objections and any other objections that may become available to Diamond, Diamond states:

**None known.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2013, I served the foregoing via U.S. Mail and email to the following:

| | |
|---|---|
| Juan Martinez (FBN 9024)<br>juan.martinez@gray-robinson.com<br>GRAY-ROBINSON, P.A.<br>1221 Brickell Avenue, Suite 1600<br>Miami, Florida 33131-0014<br>Tel:  305-416-6880<br>Fax:  305-416-6887 | V. Brandon McGrath<br>Bmcgrath@bgdlegal.com<br>Michael A. Grim<br>mgrim@bgdlegal.com<br>BINGHAM GREENEBAUM DOLL LLP<br>2350 First Financial Center<br>255 East Fifth Street<br>Cincinnati, Ohio 45202<br>Tel: 513-455-7643<br>Fax: 513-455-8500 |

/s/ Carl R. Nelson
Carl R. Nelson, FBN 0280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 43411
ashley.trehan@fowlerwhite.com
Scott Richards, FBN 72657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL  33601
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Diamond Aircraft Industries, Inc.