# Exhibit B



V. Brandon McGrath
Direct (513) 455-7641 | Fax (513) 762-7941
E-mail bmcgrath@bgdlegal.com

August 13, 2013

Carl R. Nelson, Esq. (by e-mail cnelson@fowlerwhite.com)
Fowler White Boggs P.A.
501 E. Kennedy Boulevard
Suite 1700
Tampa, Florida 33602

**Re: Aircraft Guaranty Corporation v. Diamond Aircraft Industries**

Dear Carl:

I am sending this letter to address the deficiencies of Defendant's responses to Plaintiff's Requests for Production of Documents.

Most of the objections asserted by Defendant are improper and, in many cases, make the responses incomprehensible. Without wading into each objection, because Defendant objected to literally every request, and in an effort to resolve these discovery issues informally, please address the following general issues:

1. Defendant has not produced any documents despite serving its written responses on July 3, 2013. Please provide all responsive documents by August 23, 2013. If you are unable or unwilling to comply with this deadline, please let us know immediately.

2. Identify all documents withheld due to privilege on an appropriate privilege log.

3. Identify all documents withheld under your "cost" objection on an appropriate log.

4. If Defendant has been unable to locate documents responsive to a particular request, please state that.

5. To speed up the production of confidential information, we will agree to keep documents confidential if they are identified as such until the Court enters an appropriate protective order. Please send us a proposed protective order/confidentiality agreement immediately.

6. Since Defendant did not identify the types or sources of the documents it will produce, we expect Defendant to identify and produce electronically stored information including the following metadata, as applicable: document ID, parent ID, the author, recipient,

2350 First Financial Center, 255 E. 5th St.
Cincinnati, OH 45202

513.455.7600 main
513.455.8500 fax            www.bgdlegal.com

BINGHAM GREENEBAUM DOLL LLP

Carl R. Nelson, Esq.
August 13, 2013
Page 2

persons to whom the ESI was copied, persons to whom the ESI was blind copied, the date on which the ESI was created, the date the ESI was last modified, the subject line, the file name, the file extension (e.g., pdf, doc, ppt, xls), date sent, date received, time sent, time received, record type (e.g. email, attachment), MD5 Hash, and the custodian(s) from whom the ESI was obtained. We would like the ESI produced with a Summation load file. All ESI should be in a searchable format. Native format or TIFF images with extracted text are both acceptable. Excel spreadsheets or other spreadsheets should be produced in native format.

## Requests for Production of Documents

**Request for Production No. 13:** Defendant's objections do not provide an appropriate basis to refuse to provide any responsive documents. To resolve this issue and without waiving the right to seek a complete response to the request for production as originally drafted, Plaintiff will narrow the request as follows: First, the timeframe shall be two years before TAE entered insolvency to June 1, 2008; Second, the sender/receiver should be anyone who was employed by Defendant, was under the control of someone working for Defendant, or had the ability to exert control over Defendant (i.e. the ability to influence or control corporate policies, business decisions, etc.). Please provide responsive documents.

**Request for Production No. 16:** Defendant's objections do not provide an appropriate basis to refuse to provide any responsive documents. To resolve this issue and without waiving the right to seek a complete response to the request for production as originally drafted, Plaintiff will narrow the request as follows: First, the timeframe shall be from May 1, 2005 to June 1, 2008; Second, the sender/receiver should be anyone who was employed by Defendant, was under the control of someone working for Defendant, or had the ability to exert control over Defendant (i.e. the ability to influence or control corporate policies, business decisions, etc.).

**Request for Production No. 22:** This request is relevant and is likely to lead to the discovery of admissible evidence. Defendant's financial motivation is directly relevant to the claims raised by Plaintiff. Please provide responsive documents.

**Request for Production No. 24:** The objections to this request are frivolous. Plaintiff is agreeable to protect any confidential information. Please provide responsive documents.

**Request for Production No. 27:** See No. 24, above.

**Request for Production No. 31:** Any communications between GmbH and Defendant regarding TAE are relevant and likely to lead to the discovery of admissible evidence. Plaintiff is willing to work with Defendant in creating an appropriate key word search for emails and

BINGHAM GREENEBAUM DOLL LLP

Carl R. Nelson, Esq.
August 13, 2013
Page 3

electronic documents to narrow the possible range of responsive documents. Once appropriate responses to Nos. 24 and 27 are provided, Plaintiff may be able to narrow this request further.

**Request for Production No. 35:** Whether these documents may be obtained from another source is irrelevant. Defendant must produce responsive documents if such documents are in its possession or control. Please produce responsive documents or indicate that Defendant does not have the ability to produce responsive documents.

**Request for Production No. 36:** Please explain how trademarks are confidential. Furthermore, to the extent any responsive information is confidential, Plaintiff agrees to protect confidential information.

We look forward to receiving responsive documents. If Defendant will not provide responsive documents to any of the Requests identified above, please let us know immediately so we may address these issues with the Court.

Sincerely,

/s/ V. Brandon McGrath

cc:   Michael A. Grim, Esq.

VBM/jm3

14799866_1.docx

BINGHAM GREENEBAUM DOLL LLP

Carl R. Nelson, Esq.
August 13, 2013
Page 4