UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

**DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RENEWED
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. 52)**

Defendant Diamond Aircraft Industries, Inc. ("Diamond"), opposes the Renewed Motion for Leave to File Second Amended Complaint (the "Motion for Leave," Doc. 52, filed September 4, 2013).  Plaintiff seeks leave to amend its complaint to, among other things, add new defendants, add new allegations, materially revise existing allegations, and seek new forms of relief against Diamond.  For at least three years Plaintiff's attorneys have known about—or at least have been on notice of—**all** of the parties and circumstances purportedly giving rise to Plaintiff's proposed amendments.  Discovery closes in less than two weeks (October 2, 2013), and trial is scheduled to begin in three months (December 30, 2013).  Allowing Plaintiff to amend would cause undue prejudice to Diamond and is the result of Plaintiff's own undue delay.  Thus, Plaintiff should not be allowed to completely overhaul its case at the eleventh hour.

**I.**    **Legal Standard.**

Though leave to amend under Rule 15(a)(2) is "freely given when justice so requires," it is "not an automatic right."  *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming

trial court's order denying leave to amend due to undue prejudice, where evidence was known to plaintiff at the time of filing original and amended complaints). District courts "have broad discretion in permitting or refusing to grant leave to amend." *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (affirming trial court's order confining plaintiff's amendments to discrete issues already raised in the litigation to avoid undue prejudice to defendant) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). If the district court denies a motion for leave to amend, there must be an apparent "**justifying reason**." *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993) (emphasis added) (affirming trial court's order denying leave to amend due to undue delay). A motion for leave to amend is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing part by virtue of allowance of the amendment, [or] futility of amendment." *Reese*, 527 F.3d at 1263.

Although Plaintiff seeks to add new defendants, Plaintiff does not expressly cite Rule 21 of the Federal Rules of Civil Procedure. Pursuant to Rule 21, a court may add a party at any time on terms that are just. Fed. R. Civ. P. 21. Where a party seeks to join additional parties through an amended pleading, courts generally apply the standard used for ruling on a motion to amend under Rule 15(a). *See Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1255 (11th Cir. 1998) (stating that standard for leave to amend was the same under Rule 15(a) or Rule 21); *see also Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (explaining the applicability of Rule 15(a) on a court's consideration of a motion for leave to amend to add parties). Therefore, a motion to join parties is also appropriately denied on the basis of undue delay, prejudice, and futility. *Loggerhead Turtle*, 148 F.3d at 1255.

Moreover, courts may grant leave to amend **less freely** when the movant seeks to add parties and not merely adding claims or allegations. *See Cameron v. Peach County*, 2003 U.S. Dist. LEXIS 28078, \*12, 17 (M.D. Ga. 2003) (noting that amending "a complaint to add a party poses an especially acute threat of prejudice to the entering party" and finding that allowing the addition of new defendants at that stage in the litigation would prejudice defendants' ability defend against the proposed claims) (quoting *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995)) (also citing *Union Pac. R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991)).

## II. Argument.

Plaintiff's Motion for Leave focuses almost entirely on jurisdictional issues and potential defenses to the proposed complaint. Plaintiff's analysis puts the cart before the horse and fails to address the fundamental issues at hand. Putting aside the fact that the motion was filed after the Court-imposed deadline, there are at least two justifying reasons to deny Plaintiff's Motion for Leave: undue delay (Section II.A) and undue prejudice (Section II.B).

### A. Undue Delay.

Completely absent from Plaintiff's motion and memorandum is any analysis regarding "undue delay." (*See, e.g.*, Doc. 53 at 20 (stating, in the "conclusion" paragraph, that "[t]he Motion for Leave should be granted because the proposed Second Amended Complaint is not futile and will not unfairly prejudice any party" but failing to mention the "undue delay" ground for denying a motion for leave to amend).) Although "the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly support such denial." *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) (emphasis in original) (affirming district court's denial of motion to amend). Specifically, leave to amend should be denied when a movant was aware of the facts leading to the proposed

3

amendment before the lawsuit, had ample opportunity to amend earlier, but inexplicably waited until late in the litigation to try to amend. *See Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982) (finding that the trial court did not abuse its discretion in denying motion for leave to amend "where the facts supporting the proposed defense were known at the time of the original answer and the subsequently abandoned counterclaim and where amendment would cause delay at a late stage in the proceedings"); *Hester*, 941 F.2d at 1578-79 (holding that the trial court did not abuse its discretion in denying motion to amend based on undue delay where the movant "had ample opportunities to amend his complaint" but waited over two years after receiving notice of the deficiencies in his pleading to try to amend).[1]

This case is more than two years old. (*See* Doc. 1.) This case is directly related to a case filed more than four years ago by the same attorneys representing Plaintiff here (except for local counsel Juan Martinez) in the United States District Court for the Western District of Kentucky. *See Morris Aviation, LLC v. Diamond*, No. 3:09-cv-644 ("***Morris Aviation***"). This case is also a direct offshoot of a twenty-plaintiff case that was filed in this Court nearly three-and-a-half years ago. *See Mascaro Aviation, L.L.C., et al. v. Diamond*, No. 0:10-cv-60556 (S.D. Fla.) ("***Mascaro***") (Moreno, J., presiding). Plaintiff initiated this case after Plaintiff was dismissed

---

[1] *See also Cameron*, 2003 U.S. Dist. LEXIS 28078 at *16 ("In this case, there is nothing to suggest that the claims against the Proposed Defendants were newly discovered at the time the Third Motion to Amend was filed. . . . [I]n their briefs, Plaintiffs never mentioned any reason or justification for the delay in naming the Proposed Defendants nor do they include any suggestion that the new factual allegations . . . were recently discovered, or otherwise unknown to them, at either the time the original Complaint or when the previous amendments thereto were filed."); *Layfied*, 607 F.2d at 1099 (affirming denial of leave to amend after summary judgment hearing and emphasizing that "all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint"); *Pines Props. v. Am. Marine Bank*, 2003 U.S. Dist. LEXIS 27691 *10-*11 (S.D. Fla. 2003) (denying motion for leave to amend where party waited to move for leave to amend until after motion for summary judgment was filed), *affirmed in pertinent part by Pines Props. v. Am. Marine Bank*, 156 Fed. Appx. 237, 240 (11th Cir. 2005) (not for publication).

4

from *Mascaro*. (*See Mascaro* Doc. 52 (order dated July 12, 2011, dismissing all plaintiffs except *Mascaro*).)

Plaintiff has failed to address the proverbial "elephant in the room"—the fact that, for at least three years, Plaintiff and/or its counsel has been on notice of the relevant circumstances and parties purportedly giving rise to the proposed amendments. On July 22, 2010, Diamond filed, as an exhibit to its *Mascaro* motion to dismiss, public FAA records showing the chain of title for Plaintiff's own aircraft, including the passage of title from Diamond to Diamond USA. (*See Mascaro*, Doc. 31-34 (exhibit "HH" to Diamond's motion to dismiss) at 5-10.) Further, on September 29, 2011, Plaintiff's counsel deposed Diamond's CEO and President, Peter Maurer, in the *Morris Aviation* case. (*See Morris Aviation*, Doc. 76.) During that deposition, Mr. Maurer explained all of the relevant relationships regarding Diamond, Diamond Aircraft Industries, GmbH ("Diamond Austria"), and Diamond Aircraft Sales U.S.A., Inc. ("Diamond USA"). (*See, e.g.*, *id*. 7:24-8; 10:11-15; 15:9-18:18; 21:3-23; 40:23-41:14; 48:22-52:11; 54:22-55:3; 104:18-25.) These are merely two examples showing that information has been available to Plaintiff and its counsel long before Plaintiff filed its motion for leave.

Plaintiff has known about (or has had notice of) the relevant facts for years and has had ample opportunity to seek leave to amend. Nonetheless, Plaintiff waited to seek leave to amend until this late stage of the litigation. Plaintiff's actions (or inactions) plainly constitute "undue delay," and the Motion for Leave should be denied accordingly.

### B. Undue Prejudice.

Courts consistently recognize that leave to amend should be denied if allowing the amendment would prejudice the non-moving party. *Reese*, 527 F.3d at 1263-64; *Compagnoni v. U.S.*, 1996 U.S. Dist. LEXIS 13710, *17 (S.D. Fla. 1996); *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004). A non-moving party is unduly prejudiced if, due to the late

5

stage of the litigation, the party "would not [be] able to conduct further discovery with respect to" the proposed amendment. *Reese*, 527 F.3d at 1263; *see also Compagnoni* 1996 U.S. Dist. LEXIS 13710 at *20-*21; *Carruthers*, 357 F.3d at 1218.  In addition, the non-moving party may suffer prejudice if the proposed amendment would cause an undue delay in the resolution of the action.  *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622-23(11th Cir. 1983).  Joining additional parties "poses an *especially acute threat of prejudice*" that can justify denial.  *See Cameron*, 2003 U.S. Dist. LEXIS 28078 at *17 (emphasis added).

Plaintiff asserts that it seeks leave to file the new complaint "primarily to add" Diamond Austria and Diamond USA.  (*See* Doc. 52 at 1.)   However, Plaintiff fails to describe the numerous other proposed amendments.  The proposed second amended complaint

- ❖ Adds two (2) new defendants;
- ❖ Adds twenty-four (24) new paragraphs, most of which are entirely new substantive allegations regarding Diamond Canada in addition to the proposed new defendants;
- ❖ Materially revises approximately twenty-six (26) of the sixty-seven (67) paragraphs of the operative complaint, including modification of allegations against Diamond Canada;
- ❖ Adds two (2) additional forms of relief to its prayer for relief (namely, punitive damages and attorneys' fees);
- ❖ Alters the structure of the previous complaint; namely, rearranging the placement of the "Count 1" header and reincorporating the general allegations into each count; and
- ❖ Adds an entirely new purported representation (Doc. 52-1 ¶ 66) not previously disclosed.

Diamond is already making every effort to comply with the scheduling order in this case and in two related cases pending before this Court (nos. 11-cv-61684 and 11-cv-61670).  The discovery cutoff in all three cases is October 2, 2013.  Plaintiff asserts that the proposed amendments will not prejudice Diamond because, as of September 4, 2013, "[n]o depositions have been taken, and

the written discovery exchanged has been limited." (Doc. 53 at 2.) This statement did not reveal the entire story—as of September 4, discovery was well underway, and numerous depositions were scheduled. Since then, depositions of Fred Ahles and Susan McKenzie of Premier Aircraft Sales, Inc. (the pertinent distributor) took place on September 13, 2013, and the deposition of Plaintiff's sole beneficiary, Karsten Damgaard-Iversen, took place on September 19, 2013. The deposition of Diamond's president and CEO, Peter Maurer, is scheduled to take place on September 27, 2013, in London, Ontario, Canada. The parties have exchanged written discovery, responses thereto, and thousands of pages of documents.

As for the related cases, at least five (5) additional depositions are scheduled to take place in the next two weeks, and mediation is scheduled to take place in less than a month. If Plaintiff's Motion for Leave were to be granted, then the plaintiffs in the related cases undoubtedly would follow suit and file their own respective motions for leave to amend, which would result in protracted litigation in not just one, but three cases before this Court. Even if Plaintiff's Motion for Leave were to be granted on the date of filing this response, it would be impossible to conduct discovery regarding the new parties and allegations prior to the discovery cutoff.[2] It will also be impossible to have this case ready for trial as scheduled on December 30, 2013. For these reasons, granting leave to amend would cause undue prejudice to Diamond, and, accordingly, Plaintiff's Motion for Leave should be denied.

## III. Conclusion.

For the reasons stated herein, Diamond respectfully requests the Court deny Plaintiff's Motion for Leave.

---

[2] As a practical matter, service of Diamond Austria, under The Hague Convention's requirements, prior to the discovery cutoff date will likely be impossible. As for Diamond USA, even if it were to be served on the date of filing this response, its response to the new complaint would not be due until after the discovery cutoff.

Dated: September 20, 2013

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 228-7411  Fax: (813) 229-8313
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on September 20, 2013, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 228-7411  Fax: (813) 229-8313
Attorneys for Defendant

## SERVICE LIST

Juan Martinez (FBN 9024)
Email: juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Tel: 305-416-6880
Fax: 305-416-6887

V. Brandon McGrath
Email: bmcgrath@bgdlegal.com
Michael A. Grim
Email: mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
Tel: 513-455-7643
Fax: 513-455-8500

Attorneys for Plaintiff