UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  11-61663-CIV-MORENO
ELECTRONICALLY FILED


AIRCRAFT GUARANTY CORPORATION, TRUSTEE OF
CONTINENT AIRCRAFT TRUST 1087
270 W. Pearl, STE 103-B
Jackson, Wyoming 83001

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.
1560 Crumlin Sideroad
London, Ontario
Canada  N5V 1S2;

DIAMOND AIRCRAFT INDUSTRIES, GmbH
N.A. Ottostrasse 5
A-2700 Wiener Neustadt, Austria;

and

DIAMOND AIRCRAFT SALES U.S.A., INC.
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

    Defendants.
_____/

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("Plaintiff") should be granted leave to amend its Complaint against Defendant Diamond Aircraft Industries, Inc. ("Diamond") to add Diamond Aircraft Industries, GmbH ("Diamond Austria") and Diamond Aircraft Sales, U.S.A., Inc. ("Diamond USA").  Plaintiff seeks leave to

add new defendants and to amend its Complaint to reflect evidence recently discovered. Diamond objects on the grounds that Plaintiff's amendment is untimely and that the amendment would cause unfair prejudice to Diamond and proposed Defendants. None of the cases cited by Diamond relates to the circumstances in which Plaintiff seeks leave to amend its Complaint, and the Federal Rules of Civil Procedure 15 and 21 make clear that the amendment sought by Plaintiff is appropriate.

## ARGUMENT

### I. Plaintiff's Amendment Is Timely

In arguing undue delay, Diamond neglects to mention facts that make it abundantly clear that the amendment is timely. This case was held in abeyance for over a year awaiting an interlocutory appeal at the Eleventh Circuit. (*See* Doc. 23). The Court reopened the case on November 5, 2012 (Doc. 29), and immediately thereafter, Diamond filed its Motion to Dismiss on November 15, 2012 (Doc. 30). For more than six months this case sat idle until the Court issued its Order Granting in Part and Denying in Part Diamond's Motion to Dismiss on May 23, 2013. (Doc. 39). Shortly thereafter, on July 30, 2013, this Court issued the Scheduling Order (Doc. 43). Thereafter, Plaintiff promptly propounded discovery requests on Diamond in July, although Diamond did not produce a single document to Plaintiff until September 2013.

The Federal Rules of Civil Procedure make clear that a party may seek leave to add a party "at any stage in the action," and "the court should freely give leave [to do so] when justice so requires." *See* Fed. R. Civ. P. 21, 15. Where parties are still engaging in discovery, adding a party will be timely so long as the addition of the party does not cause unfair prejudice. *See, e.g.*, *Hawkins v. Fulton County*, 95 F.R.D. 88 (N.D. Ga. 1982).

Plaintiff acted immediately upon receiving the Court's ruling on Diamond's Motion to Dismiss. Even if Plaintiff had been privy to information Diamond claims it was, Plaintiff could

2

not have reasonably sought leave to amend its Complaint until after May 23, 2013, when the Court ruled on Diamond's Motion to Dismiss. Prior to that time, the case had been stayed or Diamond's Motion to Dismiss had been pending. A party cannot possibly be found to have acted with undue delay when it awaited a ruling to a dispositive motion before moving to amend its complaint. Further, it was not until recently when Plaintiff could appreciate the level of dominance and control Diamond Austria exerted over its subsidiaries. After the recent exchange of discovery, Plaintiff learned that Diamond did not possess a significant amount of relevant information relating to Plaintiff's claims. Upon receipt of this discovery (or lack thereof), Plaintiff immediately moved for leave to amend its Complaint to add Diamond Austria and Diamond USA.

The cases cited by Diamond are inapposite. Many of those cases reflected a situation where a plaintiff sat on information or known deficiencies for a substantial period of time without seeking leave to amend their complaints. *See Hester v. Int'l Union of Operating Engineers*, 941 F.2d 1574, 1578-79 (11th Cir. 1991); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). Plaintiff in the instant case did not sit on information or have known deficiencies that it failed to remedy. Instead, Plaintiff acted promptly in seeking leave to amend upon learning of the major role played by Diamond Austria and Diamond USA in carrying out the fraudulent acts at issue in this litigation.

Other cases cited by Diamond involved a plaintiff seeking leave to amend its complaint after summary judgment, which is clearly not the case here. *See Pines Props. v. Am. Marine Bank*, 2003 U.S. Dist. LEXIS 27691 (S.D. Fla. June 24, 2003); *Cameron v. Peach County*, 2003 U.S. Dist. LEXIS 28078 (M.D. Ga. Aug. 11, 2003). Finally, Diamond insinuated that Plaintiff failed to provide reason for delay and failed to allege that its amendment resulted from "newly

discovered" information. (Doc. 59). Both of these allegations are false. First, as indicated above, Plaintiff did not delay in seeking leave to amend its Complaint. Plaintiff sought leave to amend its Complaint as quickly as practicable after exchanging discovery with Diamond. Second, Plaintiff explained in its Memorandum in Support of its Motion for Leave to Amend Complaint that it sought leave to amend "in good faith based on information Plaintiff has discovered regarding the corporate structure of Diamond USA and Diamond Austria as it relates to Diamond Canada . . . ." (Doc. 58, p. 2).

Diamond's cited authority provides examples of extraordinary delay where entirely new claims were alleged against existing parties or new parties were added after significant discovery had transpired. See *Hester*, 941 at 1578-79; *Nat'l Serv. Indus., Inc.*, 694 F.2d at 249; *Pines Props.*, 2003 U.S. Dist. LEXIS 27691, at *22-23; *Cameron*, 2003 U.S. Dist. LEXIS 28078, at *11. This is not the case here. Plaintiff merely seeks leave to amend its Complaint to assert essentially identical claims against a parent and subsidiary of Diamond.

## II. The Amendment Will Not Cause Unfair Prejudice to Diamond or the Proposed Defendants

Diamond has not demonstrated any unfair prejudice from the proposed amendment. In the cases Diamond cites as authority, those courts denied leave to amend because discovery had already closed. See *Reese*, 527 F. 3d at 1263; *Compagnoni*, 1996 U.S. Dist. LEXIS at *18; *Carruthers*, 357 F.3d at 14; *Best Canvas Products & Supplies* 713 F.2d at 623. In *Compagnoni* and *Best Canvas Products & Supplies*, judges were already considering motions for summary judgment. *Compagnoni* at *18; *Best Canvas Products & Supplies* at 623. Here, discovery has not closed, nor has trial begun. Moreover, Diamond apparently concedes the addition of new parties will not materially change the scope of discovery. All of the major players in this litigation remain the same, as do the causes of action Plaintiff asserts.

Citing *Cameron v. Peach County*, Defendant argues that joining additional parties "poses an especially acute threat of prejudice." 2003 U.S. Dist. LEXIS 28078 *1, *17 (M.D. Ga. Aug. 2003). *Cameron* is not on point. In that case, the plaintiffs added new parties who were completely unrelated to the original defendants in the litigation and added them after discovery had been underway for ten months. *Id.* at *7-8. The amended complaint also added several new causes of action. *Id*. at 8.

Here, Plaintiff seeks to join two parties who are inextricably related to the current Defendant and have been on notice of this case since its inception. As laid out in Plaintiff's Memorandum in Support of its Motion for Leave to File Third Amended Complaint (Doc. 52), all three Diamond entities are all part of the same complex corporate structure and are inseparable entities. Peter Maurer exercised a leadership position in all three entities, and is scheduled to be deposed on September 27, 2013. This deposition (as well as others scheduled) can easily encompass issues relevant to all three Diamond entities. All witnesses and discovery matters remain the same as in the original Complaint; the only difference is the formal addition of Diamond USA and Diamond Austria. Even more, Counsel for Diamond also represents Diamond Austria and Diamond USA and his presence in this litigation since its inception will effectively limit any prejudice on the part of Diamond Austria and Diamond USA.

Moreover, in *Cameron*, the "acute" prejudice was to the new parties, not to the existing ones. *Id.* at *17. As Plaintiff has noted, Diamond does not have standing to object to prejudice on behalf of Diamond USA and Diamond Austria. (Doc. 52). Finally, the Second Amended Complaint does not add new causes of action; it merely updates the pleading to comport with newly discovered evidence. Because the new allegations came to light during discovery that has

5

already taken place, there will be no undue delay or prejudice in conducting discovery related to those allegations.

## CONCLUSION

Plaintiff promptly amended its Complaint upon learning of the viability of its claims and upon receipt of new evidence supporting an amended complaint. Thus, for the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint should be granted.

Respectfully submitted,

/s/ Juan Martinez
Juan Martinez
Florida Bar No. 9024
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served in compliance with the Court's ECF Guidelines on September 27, 2013 upon:

Carl R. Nelson
Ashley Bruce Trehan
Fowler White Boggs P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida  33602

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, INC.

/s/ Juan Martinez
COUNSEL FOR PLAINTIFF

14877124_2.docx