UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-61663-CIV-MORENO
ELECTRONICALLY FILED

AIRCRAFT GUARANTY CORPORATION, TRUSTEE OF
CONTINENT AIRCRAFT TRUST 1087

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., ET AL.

    Defendants.
_____/

**MOTION FOR LEAVE TO SERVE DIAMOND AIRCRAFT INDUSTRIES, GMBH BY
ALTERNATIVE MEANS AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 4(f)(3), respectfully moves this Court for leave to serve Diamond Aircraft Industries GmbH ("Diamond Austria") by other means not prohibited by international agreement. Service through alternative means, as ordered by the Court, is appropriate in cases where alternative means comport with Due Process and minimize offense to foreign law. Plaintiff can avoid extraordinary time and expense if the Court grants it leave to serve Diamond Austria through its United States affiliate, through counsel for Diamond Aircraft Industries, Inc. ("Diamond Canada"), or through electronic communications. All of these methods have been approved as valid means of service of process. Accordingly, Plaintiff respectfully requests that the Court allow it to serve its Second Amended Complaint by alternative means on Diamond Austria.

I.  **Rule 4(f)(3) Allows the Court to Order Alternative Methods of Service.**

The Federal Rules of Civil Procedure provide express rules relating to service of process for a foreign defendant. *See* Fed. R. Civ. P. 4(f). Many of these methods have proven to be expensive and inefficient. As a result, the United States Supreme Court has held that "the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (U.S. 1988). Instead, where applicable law allows a defendant to be served in the United States, a court may allow such service of process so long as that method is consistent with Due Process. *Id.*

"Rule 4(f)(3) is an equal means of effective service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Int'l Interlink, et al.*, 284 F.3d 1007, 1016 (9th Cir. 2002). "Despite coming in last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy." *Tracfone Wireless, Inc. v. Isaac Bitton, et al.*, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012). Rule 4(f)(3) operates neither as a "last resort" nor as "extraordinary relief." *Rio Properties, Inc.*, 284 F.3d at 1015. An alternative means of service may be approved "even if other methods of service remain incomplete or unattempted." *Id.*

## II. Service on Diamond Austria is Extraordinarily Burdensome Because Austria is not A Signatory to the Hague Convention.

Plaintiff intends to serve Diamond Austria as efficiently as possible.[1] If Plaintiff institutes any method of service requiring transmittal of the Second Amended Complaint abroad, Plaintiff will incur extraordinary cost and delay to achieve such service of process. Austria is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and therefore, cannot execute service of process under this treaty. *See* Status Table, Hague Convention on Private International Law, attached as **Exhibit B**. Thus, Plaintiff's only option is to serve Diamond Austria by letters rogatory under Federal Rule of Civil Procedure 4(f)(2)(ii). This will require approximately $7,000 for one complaint[2] and delay the case by six months or more.

The Federal Rules of Civil Procedure provide tools to avoid unnecessary cost and delay, which will happen in this case if an alternative service method is not permitted. *See Target Corp. v. AU Optronics Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, 2011 U.S. Dist. LEXIS 30305, *22, 26-27 (N.D. Cal. Mar. 8, 2011) (finding that letters rogatory would cause excessive costs and delay, and therefore, allowed plaintiff to serve the defendant through its domestic affiliate). Where a defendant has a domestic agent, that agent may be served pursuant to the Federal Rules of Civil Procedure. *Volkswagenwerk*, 486 U.S. at 707; *Id.* For example, the Supreme Court upheld service of process on a German company when the plaintiff formally served its complaint on the German defendant's subsidiary in the United States. *Id.* In

---

[1] Plaintiff has sent a request for waiver and waiver to Diamond Austria via Federal Express and Diamond Austria's receipt of those documents has been confirmed. *See* Tracking Update (October 4, 2013 10:20 AM), attached as **Exhibit A**.

[2] The cost includes translation of the complaint. Because three complaints would need to be served in the three separate actions, there would be an additional cost of about $10,000 total.

3

*Volkswagenwerk*, the domestic subsidiary, which had already entered an appearance in the litigation, was a wholly owned subsidiary of the German company, the majority of the members of the board of directors sat on both company's boards, and the domestic subsidiary operated as the "exclusive importer and distributor" of the German parent. *Id.* at 729. The Supreme Court held "[w]here service on a domestic agent is valid and complete under both [applicable] law and the Due Process Clause, our inquiry ends." *Id.* at 735. In this holding, the Supreme Court recognized the extraordinary expense involved in serving a foreign party abroad, and expressly approved service of a foreign corporation through a domestic agent where service comports with the Due Process Clause. *Id.*

### III. Service on Diamond Austria Through Alternative Means is Reasonable and Comports with Due Process.

In this case, there are several alternative forms of service available that have been upheld as consistent with the Due Process Clause: (i) service on a United States agent or subsidiary, *Rio Props., Inc.*, 284 F.3d at 1016; (ii) service on domestic counsel, *id.*; or (iii) service through email, *Britton*, 278 F.R.D. at 693. The Federal Rules of Civil Procedure specifically allow, by way of a court order, for a defendant to be served by an alternative means. These alternative means are far less burdensome than serving Diamond Austria through letters rogatory.

First, service on Diamond Aircraft Sales U.S.A., Inc. ("Diamond USA") is appropriate because, as fully briefed in Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Amend (Doc. 53), Diamond USA is a domestic affiliate and agent of Diamond Austria. (Doc. 62, ¶ 8). Diamond USA is operated for the sole benefit of Diamond Austria and Diamond Canada and it has no other purpose but to generate income on behalf of these two Defendants. (Doc. 53, p. 18). In fact, Diamond USA is the exclusive distributor for Diamond Austria's products in the United States, including the DA-42 at issue in this case. (Doc. 53, p. 14).

4

Moreover, Diamond Austria's owner, Christian Dries, was the Chief Executive Officer of both Diamond Canada and Diamond Austria at the commencement of the litigation and is likely fully apprised of the court proceedings. (Doc. 53, pp. 2, 14). Further, Diamond USA is a wholly-owned subsidiary of Diamond Canada. Accordingly, serving the Second Amended Complaint on Diamond USA is appropriate. *See Rio Props., Inc.*, 284 F.3d at 1016.

Second, service on Diamond Canada's counsel comports with Due Process because Diamond Canada, Diamond USA, and Diamond Austria are inextricably intertwined. When Diamond Canada was first served with this lawsuit in April 2010, Christian Dries was the Chief Executive Officer of Diamond Canada and Diamond Austria. Currently, Christian Dries owns Diamond Austria and routinely consults with Diamond Canada on business matters as confirmed recently by Diamond Canada's President Peter Maurer in his deposition conducted on September 27, 2013.

Next, Christian Dries was CEO of Diamond Canada when the company retained Fowler White Boggs and Mr. Carl Nelson ("Mr. Nelson") to represent it in this case and all the other cases pending against it in this Court.[3] It is reasonable for the Court to determine that service on Mr. Nelson will provide actual notice to the agents and officers of Diamond Austria of this lawsuit. Accordingly, service through Mr. Nelson is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also, Rio Props., Inc.*, 284 F.3d at 1016.

Finally, the Court may also allow Plaintiff to serve Diamond Austria with the Second Amended Complaint by way of electronic mail. Service via email has been expressly upheld as

---

[3] Plaintiff mistakenly indicated Fowler White Boggs represented Diamond Austria and Diamond USA in a reply memorandum (Doc. 60). Plaintiff has since learned that statement was inaccurate.

5

consistent with the Due Process Clause. *See Britton*, 278 F.R.D. at 693. Christian Dries is the owner of Diamond Austria, and may be reached by email at the following address: c.dries@diamond-air.at. His email address has been confirmed as recently as October 4, 2013. This method of service will allow Diamond Austria to be served quickly and efficiently with little to no cost to Plaintiff.

## Meet and Confer

On October 4, 2013, Counsel for Plaintiff contacted counsel for Defendant Diamond Canada to meet and confer regarding the filing of this motion. Counsel for Diamond Canada did not consent to this motion.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court allow it to serve its Second Amended Complaint by alternative means. A proposed Order is tendered herewith.

Respectfully submitted,

/s/ Juan Martinez
Juan Martinez
Florida Bar No. 9024
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served in compliance with the Court's ECF Guidelines on October 8, 2013 upon:

Carl R. Nelson
Ashley Bruce Trehan
Fowler White Boggs P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida  33602

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, INC.

/s/ *Juan Martinez*
COUNSEL FOR PLAINTIFF

14892800_1.docx