UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

**DEFENDANT DIAMOND AIRCRAFT SALES U.S.A., INC.'S MOTION TO SET ASIDE DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Diamond Aircraft Sales U.S.A., Inc. ("Diamond U.S.A."), through its undersigned counsel and pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, respectfully moves the Court to set aside the Default Final Judgment entered on January 22, 2014 (Doc. 74).

### Memorandum In Support

**I.    Procedural Posture.**

This is one of sixteen (16) related cases that are pending before this Court. (*See, e.g.*, Doc. 17, Notice of Related Cases.)  Thirteen (13) of those cases have been stayed, while the remaining three (including this case) were reopened as representative cases. (*See* Doc. 29, Order Granting Plaintiff's Motion to Reopen, dated November 5, 2012; *see also Mascaro Aviation, LLC v. Diamond Aircraft Industries, Inc.*, 10-cv-60556-Moreno, Docs. 83 & 87.)  Discovery between Plaintiff and Defendant Diamond Aircraft Industries, Inc. commenced.

On September 4, 2013, Plaintiff moved the Court for leave to file a Second Amended Complaint (Doc. 52) to add two additional defendants, Diamond U.S.A. and Diamond Aircraft Industries, GmbH ("Diamond Austria"). By Order entered September 30, 2013 (Doc. 61), the Court granted Plaintiff leave to file an amended complaint. The September 30 Order also provides in relevant part:

> The Court **stays** the case and places it in civil suspense pending service of process on the additional defendant**s**. Upon service of process on the additional defendant**s**, the court will reopen the case, set a new trial date, and issue a new scheduling order.

(Doc. 61) (emphasis added). The Order uniformly refers to "defendants" in the plural, meaning Diamond U.S.A. and Diamond Austria. The same motion and order were filed and entered in the two other representative cases.

Plaintiff filed a Second Amended Complaint on September 30, 2013 (Doc. 62). This created a dilemma for Plaintiff because Plaintiff could not serve Diamond U.S.A. without a summons, and upon information and belief, the clerk cannot issue a summons in a case while the case is in civil suspense, that is, closed for administrative purposes. In recognition of this dilemma, Plaintiff filed an Unopposed Motion To Issue Summons on November 15, 2013 (Doc. 66). **Plaintiff did not move the Court to lift the stay.** In the motion Plaintiff said that "[t]he summons is necessary because the Clerk of Court indicated a summons could not be issued for a closed case without order of the Court."

On December 2, 2013, the Court granted the motion and simply ruled that "the case is reopened." (Doc. 68) The Order did not mention the stay. Again, the same motion and order were filed and entered in the two other representative cases. Diamond U.S.A. believed the Court granted this relief solely to solve Plaintiff's dilemma with respect to obtaining a summons to serve Diamond U.S.A. with process, the limited relief Plaintiff sought in its motion. Notably, the

2

Court did **not** lift the stay, set a new trial date, or issue a scheduling order. (*See* Doc. 61 ("Upon service of process on the additional defendant**s**, the court will reopen the case, **set a new trial date**, and **issue a new scheduling order.**") (emphasis added).)  Based on the language of the September 30 Order, Diamond U.S.A. believed the case had been reopened for administrative purposes only; that the case was nonetheless stayed; and that Diamond U.S.A. thus would not be required to file a response to the operative complaint while the case was stayed.

On December 4, 2013, Diamond U.S.A. was served.  Proof of service on Diamond U.S.A. was filed (Doc. 73), and the Clerk's office docketed an answer date of December 25, 2013.  The CM/ECF Help Desk has advised that the December 25, 2013, answer date was automatically generated by the CM/ECF system, without reference to any orders in the case.

On January 22, 2014, the Court *sua sponte* entered a Default Final Judgment as to Diamond U.S.A. without notice or prior entry of default. (Doc. 74.)

**II.    Argument.**

Diamond U.S.A. seeks to set aside the Default Final Judgment on the grounds of mistake, inadvertence, or surprise.  *See* Fed. R. Civ. P. 60(b)(1).  As described above, Diamond U.S.A. had interpreted the Court's orders and actions to mean that this case remained stayed until **both** Diamond U.S.A. **and** Diamond Austria had been served with process.  Even though the docket reflected a deadline of December 25, 2013, Diamond U.S.A. understood (correctly) that the date had been automatically generated by a computer.  Diamond U.S.A. further understood this to mean that the computer-generated response date was not binding in a case which the Court had previously stayed.

Counsel for Diamond U.S.A. communicated its understanding to counsel for Plaintiff, but the parties had opposing views as to how the Court's orders should be interpreted.  During the past week, despite Diamond U.S.A.'s belief that it was clear on the record that the stay remained

3

in place, counsel for the parties had been exchanging drafts of a motion for clarification regarding Diamond U.S.A.'s deadline to respond to the operative complaint. Counsel for Plaintiff advised the undersigned counsel that Plaintiff would be filing a motion for clarification.

The most recent stay of this case (Doc. 61) and of the two other representative cases avoided piecemeal litigation without all three defendants present. Presently, even though Diamond U.S.A. has been served, Diamond Austria has not. All considered, Diamond U.S.A. believed that it was not obligated to respond to the Second Amended Complaint until Diamond Austria has been served. Diamond U.S.A. believed, based on the language of the Court's orders, that once Diamond Austria had been served, the Court would lift the stay, order an appropriate deadline for response, enter a scheduling order, and set a date for trial. Therefore, Diamond U.S.A. respectfully requests the Court to set aside the Default Final Judgment and affirm the stay in this litigation.

However, if Diamond U.S.A.'s interpretation was incorrect and the stay has been lifted, Diamond U.S.A. respectfully requests the Court to set aside the Default Final Judgment and allow Diamond U.S.A. 21 days from the date of an order on this motion for Diamond U.S.A. to respond to the operative complaint.

**III.  Conclusion.**

WHEREFORE, Defendant Diamond Aircraft Sales, U.S.A., Inc. respectfully moves the Court to set aside the Default Final Judgment (Doc. 74) as to Diamond U.S.A. and to affirm the stay in this litigation. Alternatively, Diamond U.S.A. asks the Court to set aside the Default Final Judgment (Doc. 74) and allow Diamond U.S.A. twenty-one (21) days to respond to the operative complaint.

## S.D. Fla. L.R. 7.1(a)(3) Certificate

I hereby certify that counsel for Diamond U.S.A. has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales U.S.A., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on January 23, 2014, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales U.S.A., Inc.

## SERVICE LIST

Juan Martinez (FBN 9024)
juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-0014
Tel: (305) 416-6880
Fax: (305) 416-6887

Michael A. Grim
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695
*Admitted pro hac vice*

V. Brandon McGrath
bmcgrath@bgdlegal.com
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 455-7643
Fax: (513) 455-8500
*Admitted pro hac vice*

Attorneys for Plaintiff Aircraft Guaranty Corporation