**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 11-CV-61663**
**ELECTRONICALLY FILED**

**AIRCRAFT GUARANTY CORPORATION, TRUSTEE OF**
**CONTINENT AIRCRAFT TRUST 1087**

       **Plaintiff,**

**v.**

**DIAMOND AIRCRAFT INDUSTRIES, INC.**
**DIAMOND AIRCRAFT INDUSTRIES, GMBH**
**DIAMOND AIRCRAFT SALES, USA, INC.**

       **Defendants.**
_____/

## PLAINTIFF'S RESPONSE TO THE MOTION OF DIAMOND AIRCRAFT SALES, USA, INC. TO SET ASIDE DEFAULT JUDGMENT

Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 hereby files its Response to Defendant Diamond Aircraft Sales, USA, Inc.'s Motion to Set Aside Default Judgment (Doc. 75). Plaintiff agrees with this Court's Default Final Judgment as to Defendant Diamond Aircraft Sales, USA, Inc. (Doc. 74) for the reasons set forth below.

## INTRODUCTION

This Court issued an Order on September 30, 2013 (Doc. 61) ordering that this case, along with two other companion cases, be stayed and placed in civil suspense until two additional defendants, Diamond Aircraft Sales, USA, Inc. ("Diamond USA") and Diamond Aircraft Industries, GmbH ("Diamond Austria"), were served with process. On or about November 13, 2013, Plaintiff's counsel, Brandon McGrath, contacted via e-mail Diamond USA's counsel, Carl Nelson, who has also been counsel for the original defendant, Diamond Aircraft Industries, Inc. ("Diamond Canada") (Doc. 7), since the inception of this case.

1

(Declaration of Michael A. Grim ("Grim Decl."), ¶ 2, attached at Exhibit A).  Mr. McGrath advised Mr. Nelson in writing that Plaintiff would be filing motions to issue summons to Diamond USA.  (*Id.*, ¶ 3).  In response, Mr. Nelson explained that Diamond USA did not intend to respond to the summons until after service on Diamond Austria occurred, notwithstanding that Mr. Nelson expressed reservation about this course of conduct, as evidenced when he stated that he was "a little uncomfortable just making the assumption." (*Id.*, ¶ 4).  Mr. McGrath further inquired as to whether Mr. Nelson would be representing Diamond USA, and Mr. Nelson answered affirmatively.  (*Id.*, ¶ 5).  Mr. McGrath then offered that Plaintiff would agree to allow Diamond USA to wait until Diamond Austria was served to answer the Complaint **if** Diamond USA would waive service.  (*Id.*, ¶ 6).  Mr. Nelson declined the offer.  (*Id.*, ¶ 7).

As a result of Diamond USA's refusal to waive service, it became necessary for Plaintiff to move the Court to reopen the case in order to issue the summons to Diamond USA, because the clerk would not issue the summons when the case was held in civil suspense.  On November 15, 2013, Plaintiff moved to reopen the case.  (Doc. 66).  The Court granted Plaintiff's motion and reopened the case on December 2, 2013.  (Doc. 68).  On December 4, 2013, Diamond USA was served with the involved summons and a copy of the Complaint.  (Doc. 69).  In accordance with Federal Rule of Civil Procedure 12, a responsive pleading was due from Diamond USA no later than December 25, 2013.  To date, Diamond USA has knowingly and intentionally failed to file a responsive pleading to the Complaint.

On or about January 6, 2014, Plaintiff's counsel again contacted Diamond USA's counsel via e-mail to inquire about Diamond USA's failure to respond to the Complaint.  (Grim Decl., ¶ 10).  Plaintiff's counsel told Diamond USA's counsel that the time for a responsive pleading had passed and inquired as to whether Diamond USA intended to respond or, in the alternative, file a

motion for clarification.  (*Id*.).  Plaintiff's counsel stated that if Diamond USA did not act within the next three days, Plaintiff would move for a default.  (*Id*.).  Mr. Nelson stated that "no motion for clarification is necessary" and that "neither Diamond U.S. nor Diamond Canada needs to respond to the new complaints until you serve Diamond Austria . . . ."  (*Id*., ¶ 11).  Mr. McGrath reiterated that Plaintiff disagreed with Diamond USA's position that no response is required, but out of an abundance of caution, asked whether Diamond USA would be willing to file a joint motion for clarification.  (*Id*., ¶ 12).  Ultimately, Diamond USA's counsel declined to participate in a joint motion, and instead chose to do nothing.  (*Id.*, ¶¶ 17-18).  Shortly thereafter, on January 22, 2014, the Court entered the Default Judgment as to Defendant Diamond Aircraft Sales, USA, Inc., *sua sponte*.

## <u>ARGUMENT</u>

This Court properly entered a default judgment against Diamond USA pursuant to Federal Rules of Civil Procedure 12 and 55.  Federal Rule of Civil Procedure 12 clearly states that a defendant must serve a responsive pleading no later than 21 days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).  Notwithstanding, Diamond USA has steadfastly refused to file any responsive pleading.  Federal Rule of Civil Procedure 55 provides the Court with authority to enter a default judgment against a party who fails to plead or defend itself against a summons and complaint. Fed. R. Civ. P. 55(b).  Here, the Court reviewed the record in this case, and having found that Diamond USA had failed to respond to Plaintiff's Complaint, the Court entered an appropriate Order of default against Diamond USA.

Diamond USA failed to allege that the Court acted improperly in entering the default judgment against it, and therefore, Diamond USA has waived any argument to the contrary. Instead, Diamond USA argued only that it is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides relief from a judgment for "mistake, inadvertence, surprise,

or excusable neglect." (Doc. 75). Rule 60(b)(1) does not entitle Diamond USA to relief for at least two reasons. First, Diamond USA failed to establish its entitlement for relief under the three-prong analysis applicable to Rule 60(b)(1), as defined by this Circuit. Second, as demonstrated herein, Diamond USA's action in this case does not warrant relief.

**I.     DIAMOND USA'S MOTION FAILS BECAUSE IT HAS NOT SHOWN A MERITORIOUS DEFENSE AND LACK OF PREJUDICE TO PLAINTIFF**

As an initial matter, Diamond USA failed to cite to a single case in support of its Motion, nor even so much as articulate the standard applied in this Circuit for relief pursuant to Rule 60(b)(1). Yet, the law is clear, to warrant relief pursuant to Rule 60(b)(1), "**the defaulting party must show**: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not prejudice the opposing party; **and** (3) good reason existed for failure to respond to the complaint." *Davila and Hernandez, et al. v. Alcami Group, Inc. et al.*, No. 12-23198-CIV-MORENO, 2013 U.S. Dist. LEXIS 66374, at *12 (S.D. Fla. May 8, 2013) (emphasis added) (citations omitted). Diamond USA, therefore, carries the burden of proving relief is warranted. Diamond USA wholly failed to do so in its Motion, as a matter of law.

Indeed, Diamond USA failed to make **any** argument that it had a meritorious defense. Diamond USA does not even so much as deny a single allegation in the Complaint in its Motion. Diamond USA failed to contest a single allegation set forth in the Complaint, and for this reason, Diamond USA has necessarily conceded that it has no meritorious defenses. Moreover, Diamond USA makes no argument that granting its Motion would not unduly prejudice Plaintiff. Nor could it. Diamond USA, through counsel, seeks solely to delay this case with its inaction, which further prejudices Plaintiff.

Because Diamond USA failed to argue that it could satisfy the first two requirements of the three-prong test for relief under Rule 60(b)(1), the Court should deny Diamond USA's Motion to Set Aside the Default Judgment, as a matter of law.

## II.    **DIAMOND USA HAS NOT SHOWN GOOD REASON FOR ITS FAILURE TO RESPOND TO PLAINTIFF'S COMPLAINT**

Even if the Court overlooked Diamond USA's shortcomings in its Motion related to the requirements for Rule 60(b)(1) relief, Diamond USA still failed to carry its burden.  To show good reason for not having responded to the Complaint, Diamond USA argues mistake and excusable negligent by asserting that it was confused as to whether the case had been reopened. This is its stated "good reason" even when **Diamond USA intentionally took no affirmative steps to clarify its obligation** when confronted on multiple occasions about the matter by Plaintiff's counsel.  Rather, Diamond USA's counsel engaged in a procedural gambit and sat idly by while the time for a response came and went.  Diamond USA's counsel claims that it improperly believed the December 2, 2013 Order only reopened the case to allow the issuance of the summons to Diamond USA, but that once that event occurred, the case automatically re-closed.  This argument misstates and mischaracterizes the Court's Order and the facts and circumstances surrounding Diamond USA's delay.

The Court's December 2, 2013 Order states plainly that "the case is reopened," without the limitations that Diamond USA's counsel now seeks to impose on it in an attempt to justify Diamond USA's inaction and to set aside the default judgment.  When the Court stayed the case in September, it did so to allow Plaintiff to serve Diamond USA and Diamond Austria. Once the Court reopened the case to issue the summons and complaint to Diamond USA, it became clear that the case had reopened to allow Plaintiff to effect service of process on Diamond USA.  At this point, Diamond USA had no reasonable basis to believe that the Rules of Civil Procedure

had been abrogated by the Court's Order.  No rule of procedure requires (or allows) a defendant served with process to await service on all defendants to trigger a specific defendant's obligation to respond to a complaint.  Accordingly, even though service had yet to be completed as to Diamond Austria due to the letters rogatory process, Diamond USA cannot argue that it had any reasonable belief that service must be effected on Diamond Austria before Diamond USA had an obligation to answer the Complaint.

Furthermore, in an attempt to set aside the default judgment, Diamond USA takes great pains to misconstrue this Court's September 30, 2013 Order.  Although Diamond USA correctly stated the Order initially as: "[u]pon service of process of the additional defendants, the court will reopen the case, set a new trial date, and issue a new scheduling order," (Doc. 61), by the end of its Motion, Diamond USA mischaracterizes that Order to include that, in addition to entering a scheduling order and setting a new trial date, the "Court would … order an appropriate deadline for response."  (Doc. 75) (emphasis added).  Diamond USA's "belief" lacks merit. Nothing in any of the Court's Orders indicated that the Court would modify the deadline for responsive pleadings.  This was merely an assumption on the part of Diamond USA's counsel – an assumption he indicated as far back as November 13, 2013 that he was "uncomfortable" making.  (*See* Grim Decl., ¶ 4).

This Court never stated that upon service to Diamond Austria it would set forth the appropriate deadlines for a response.  To take Diamond USA's counsel's position at face value would assume that Diamond Austria would not be bound to respond to the summons or Complaint either, unless and until the Court would require it.  This is an absurdity.  Rule 12 is clear in its requirement that a party has 21 days to respond to a Complaint, but according to Diamond USA, the Court intended to abrogate the effect of those rules to give Diamond USA

(and presumably Diamond Austria) an unbounded period of time to sit on the Complaint before responding.  Accordingly, Diamond USA's construction of the Court's September 30, 2013 Order lacks merit.

Even assuming *arguendo* that the Order was confusing, Plaintiff gave Diamond USA multiple opportunities to address any "confusing" aspect, even going so far as offering to file a Joint Motion for Clarification.  But after deliberation, Diamond USA declined to act – even when presented with the prospect that Plaintiff would seek a default judgment.  Diamond USA persisted in its refusal to file a responsive pleading or seek clarification.  Only now that Diamond USA faces the specter of an actual default judgment, does it claim ignorance of the Court's Orders.

Simply put, Diamond USA's default was "caused by the movant's failure to establish minimum procedural safeguards for determining [what] action in response to a summons and complaint" ought to be taken, which is not grounds for setting aside a default judgment.  *See Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987); *see also Davila and Hernandez*, No. 12-23198-CIV-MORENO, 2013 U.S. Dist. LEXIS 66374, at *12 (denying motion to set aside a default judgment where defendant failed to hire counsel and answer the complaint on the basis that settlement would likely occur).  In this case, Diamond USA's failure to seek any procedural safeguards, including the Motion for Clarification that Plaintiff offered to file despite being entitled to a default judgment, precludes Diamond USA from now claiming excusable neglect. Diamond USA's counsel admitted it knew that that the docket reflected a due date of December 25, 2013, for Diamond USA to respond to the Complaint, but chose to intentionally and knowingly disregard it, even after Plaintiff's counsel notified Diamond USA of its failure to

timely respond and stated Plaintiff would pursue a default judgment.  Such flagrant disregard of the rules of civil procedure does not constitute "excusable neglect."

The real reason Diamond USA failed to submit a timely response is simple: Diamond USA, through counsel, intentionally sought to delay this case.  Indeed, in its Motion, Diamond USA continues to seek delay and asks for another 21 days to respond to the Complaint.  If the Court grants the relief sought, the Court would thereby provide Diamond USA nearly **3 months** to file its responsive pleading.  Therefore, even when presented with a default judgment, the Defendant has failed to take prompt curative action (*i.e.*, file a responsive pleading), but instead requests additional time to comply.  Such intention does not constitute "mistake, inadvertence, surprise, or excusable neglect."  Diamond USA's arguments related to purported good reasons for delay are meritless and relief in these circumstances should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to uphold the Default Final Judgment as to Defendant Diamond Aircraft Sales, USA, Inc.


Dated:  January 27, 2014

Respectfully submitted,


/s/Juan Martinez_____
Juan Martinez
Florida Bar No. 9024
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of January, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

s/Juan Martinez
Counsel for Plaintiff

15114092_1.docx