UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-CV-61663
ELECTRONICALLY FILED

AIRCRAFT GUARANTY CORPORATION, TRUSTEE OF
CONTINENT AIRCRAFT TRUST 1087

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.
DIAMOND AIRCRAFT INDUSTRIES, GMBH
DIAMOND AIRCRAFT SALES, USA, INC.

    Defendants.
_____/

## DECLARATION OF MICHAEL A. GRIM

I, Michael A. Grim, declare as follows:

1. I represent Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("Aircraft Guaranty Corporation" or "Plaintiff"), along with my colleague V. Brandon McGrath ("Mr. McGrath"). Mr. McGrath and I have represented Aircraft Guaranty Corporation since the inception of this case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Attached to this Declaration as Exhibit 1 is a string of emails in which I was copied between Mr. McGrath and counsel for Diamond USA, Carl Nelson ("Mr. Nelson"). Mr. Nelson has been counsel for the original Defendant Diamond Industries, Inc. ("Diamond Canada") since the inception of this case. These emails took place between the time period of November 13, 2013, and January 19, 2014.

1

3. On November 13, 2013, Mr. McGrath contacted Mr. Nelson to advise that Plaintiff would file motions to issue summons to Diamond USA. (Email from Brandon McGrath to Carl Nelson (Nov. 13, 2013, 07:55 EST)).

4. On the same day, Mr. Nelson explained that Diamond USA had no objection to the motion, but that Diamond USA did not intend to respond to the summons until after Plaintiff effected service on Diamond Austria. (Email from Carl Nelson to Brandon McGrath (Nov. 13, 2013, 15:56 EST)). At this time, Mr. Nelson indicated that he felt "a little uncomfortable" assuming that Diamond USA did not need to respond until Diamond Austria is served, and that he wanted to file a motion for clarification to be sure. (*Id.*).

5. In response, Mr. McGrath asked Mr. Nelson if Mr. Nelson would be representing Diamond USA. (Email from Brandon McGrath to Carl Nelson (Nov. 13, 2013, 17:23 EST)). Mr. Nelson answered in the affirmative. (Email from Carl Nelson to Brandon McGrath (Nov. 13, 2013, 17:24 EST)).

6. Mr. McGrath then offered that Plaintiff would agree to allow Diamond USA to wait until Diamond Austria was served to answer the Complaint if Diamond USA would waive service. (Email from Brandon McGrath to Carl Nelson (Nov. 13, 2013, 17:26 EST).

7. Mr. Nelson refused to waive service. (Email from Carl Nelson to Brandon McGrath (Nov. 13, 2013, 17:28 EST)).

8. Given that Diamond USA would not waive service, Plaintiff took the necessary steps to formally serve Diamond USA. Plaintiff effected formal service of process on Diamond USA on December 4, 2013.

9. Diamond USA never filed a responsive pleading to the Summons and Complaint. According to the docket, the Response or Answer to the Complaint was due on December 25, 2013.

10. On Monday, January 6, 2014, Mr. McGrath emailed Mr. Nelson that the time had passed for Diamond USA to respond to the Complaint. (Email from Brandon McGrath to Carl Nelson (Jan. 6, 2013, 19:50 EST)). In this email, Mr. McGrath advised Mr. Nelson that Diamond USA should either file a motion for clarification or an answer to the Complaint by Thursday, January 9, 2014, or Plaintiff would move for a default judgment. (*Id.*).

11. The following day, on January 7, 2014, Mr. Nelson responded that no motion for clarification was necessary and that Diamond USA and Diamond Canada would not respond to the Complaint until Diamond Austria has been served. (Email from Carl Nelson to Brandon McGrath (Jan. 7, 2014, 10:39 EST)).

12. On January 8, 2014, Mr. McGrath advised that Plaintiff disagreed with Diamond USA's position, but asked Mr. Nelson if Diamond USA would be willing to file a joint motion for clarification. (Email from Brandon McGrath to Carl Nelson (Jan. 8, 2013, 14:03 EST)).

13. Mr. Nelson advised Mr. McGrath that due to personal matters, he could not make any decisions with respect to these issues until Friday, January 10, 2014. (Email from Carl Nelson to Brandon McGrath (Jan. 8, 2014, 14:10 EST)).

14. As a result, Mr. McGrath followed up with Mr. Nelson on January 10, 2014, and again suggested that a motion for clarification be filed. (Email from Brandon McGrath to Carl Nelson (Jan. 10, 2013, 12:38 EST)).

15. Later that day, Mr. Nelson responded by reasserting that Diamond USA need not respond to the Complaint until Diamond Austria has been served. (Email from Carl Nelson to Brandon McGrath (Jan. 10, 2014, 15:06 EST)). Mr. Nelson indicated, however, that if Plaintiff drafted the motion for clarification, Diamond USA would consider joining. (*Id.*).

16. On January 14, 2014, Plaintiff provided a draft of the Motion for Clarification to Diamond USA. (Email from Brandon McGrath to Carl Nelson (Jan. 14, 2013, 14:48 EST)).

17. On January 15, 2014, Mr. Nelson responded and provided several revisions to the Motion for Clarification. (Email from Carl Nelson to Brandon McGrath (Jan. 15, 2014, 12:06 EST)). In his email, Mr. Nelson stated that Diamond USA would not join the motion, but instead would simply not oppose the motion if all of Diamond USA's proposed revisions were accepted. (*Id.*).

18. On January 19, 2014, Mr. McGrath indicated that Plaintiff would file its original Motion for Clarification and advise the Court that Diamond USA opposed the motion. (Email from Brandon McGrath to Carl Nelson (Jan. 19, 2013, 20:16 EST)).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2014 in Louisville, Kentucky.

_____
Michael A. Grim