UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

## DEFENDANT DIAMOND AIRCRAFT SALES U.S.A., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT FINAL JUDGMENT

Defendant Diamond Aircraft Sales U.S.A., Inc. ("Diamond U.S.A."), through its undersigned counsel and in further support of its Motion to Set Aside Default Final Judgment (the "Motion," Doc. 75), states, first, that in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *United States v. Varmado*, 342 Fed. Appx. 437, 439 (11th Cir. 2009).

**I.**    **Good Reason Existed for Diamond U.S.A. Not to Respond.**

This is not a case in which a defendant has given no indication of its intent to defend—far from it.  Counsel for Diamond U.S.A. entered their appearances on December 9, 2013.  (*See* Docs. 70, 71, & 72).  Moreover, the email exchanges attached to Plaintiff's Response (Doc. 76) make abundantly clear that Diamond U.S.A. intends to defend this action.  Plaintiff never moved for default.  Indeed, by every indication, Plaintiff intended to move the Court for clarification as

to Diamond U.S.A.'s deadline to respond to the operative complaint, rather than seeking a default.

Plaintiff's Response mischaracterizes Diamond's position when it states that Diamond U.S.A. "has steadfastly refused to file any responsive pleading." (Response at 3.) The email exchanges make clear that Diamond U.S.A. believed responding would be **<u>inappropriate</u>** in light of the stay. Diamond U.S.A. did not want to run afoul of the stay.

Plaintiff's Response also inadvertently confirms Diamond U.S.A.'s interpretation. Plaintiff reiterates the very same point that Diamond made in its Motion: that Plaintiff had to move to reopen the case **<u>solely</u>** for the purpose of issuing a summons to Diamond U.S.A. "because the clerk would not issue the summons when the case was held in civil suspense." (Response at 2.) For this same reason, it is Diamond U.S.A.'s position that the **<u>stay</u>** was **<u>never</u>** lifted; the reopening of the case was administrative so that the clerk could issue a summons. **<u>The Court has not entered any order lifting the stay in this case.</u>**

Diamond U.S.A. believed that, with the case stayed, Diamond U.S.A. was not required to expend the time and resources required to file a response to the operative complaint until Diamond Aircraft Industries, GmbH ("Diamond Austria") is served. Diamond U.S.A.'s interpretation was sound not only because of the express language of this Court's orders but also practical considerations of time and expense. Litigating without Diamond Austria would be piecemeal, potentially would result in duplicative proceedings, and would needlessly consume judicial resources.

**II.    Diamond U.S.A. Has Meritorious Defenses to Plaintiff's Claims, Including the Running of the Statute of Limitations and Lack of Subject Matter Jurisdiction.**

Diamond U.S.A. has ample meritorious defenses to Plaintiff's claims, some of which overlap with Diamond Canada's, some of which are unique to Diamond U.S.A., and some of

which will overlap with Diamond Austria. Diamond U.S.A. will vigorously defend this case on grounds including, but not limited to, the statute of limitations having run as to Diamond U.S.A. (and Diamond Austria, for that matter); lack of subject matter jurisdiction; and the fact that Plaintiff has not alleged (and as a factual matter, cannot allege) that the independent entity Diamond U.S.A. made representations that could ground Plaintiff's claims against it. Diamond U.S.A. can (and will) assert most of the defenses raised by Diamond Canada.

It is simply untrue that Diamond U.S.A. has waived anything, including any argument as to whether entry of the default judgment was proper. Diamond U.S.A. pointed out in its Motion that, prior to the Court's entry of the Default Final Judgment (Doc. 74), there had been no prior entry of default or other notice. (*See* Mot. at 3.) Diamond U.S.A. believes that the prior entry of default or other notice and opportunity to be heard should have been provided to Diamond U.S.A. prior to entry of the Default Final Judgment under Rule 55 of the Federal Rules of Civil Procedure. The Clerk did not enter a default under Rule 55(a), nor did Plaintiff seek a default. Further, Rule 55(b) presumes that a default has been enter prior to entry of the default judgment. Thus, entry of the Final Default Judgment against Diamond U.S.A. was procedurally improper.

**III.     Setting Aside the Default Will Not Prejudice Plaintiff.**

There will be no prejudice to Plaintiff if this case (and Diamond U.S.A.'s obligation to respond) remains stayed. Without Diamond Austria, the entire case remains at a standstill. Even if Diamond U.S.A. were to respond tomorrow, the case could not move forward on its merits without Diamond Austria's involvement.

Plaintiff's accusations of Diamond U.S.A.'s supposed "delay" are wrong. This procedural posture is Plaintiff's own doing. This case had been set for trial to begin on December 30, 2013. Diamond Canada opposed Plaintiff's motion for leave to amend largely on the ground that the trial was quickly approaching. When the Court granted Plaintiff's motion for

3

leave to amend, the Court also entered the stay, which put the entire case on hold until all defendants had been served. In other words, the stay resulted from Plaintiff's seeking to add Diamond U.S.A. and Diamond Austria. No prejudice to Plaintiff can result from Plaintiff's own actions.

*   *   *

For these reasons, Diamond U.S.A. seeks to set aside the Default Final Judgment (Doc. 74) and affirm the stay in this litigation. Alternatively, Diamond U.S.A. asks the Court to set aside the Default Final Judgment (Doc. 74) and allow Diamond U.S.A. twenty-one (21) days to respond to the operative complaint.

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales U.S.A., Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on January 27, 2014, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657

scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales U.S.A., Inc.

## SERVICE LIST

| | |
|---|---|
| Juan Martinez (FBN 9024) | V. Brandon McGrath |
| juan.martinez@gray-robinson.com | bmcgrath@bgdlegal.com |
| GRAY ROBINSON P.A. | BINGHAM GREENEBAUM DOLL LLP |
| 1221 Brickell Avenue, Suite 1600 | 2350 First Financial Center |
| Miami, FL 33131-0014 | 255 East Fifth Street |
| Tel: (305) 416-6880 | Cincinnati, OH 45202 |
| Fax: (305) 416-6887 | Tel: (513) 455-7643 |
| | Fax: (513) 455-8500 |
| | *Admitted pro hac vice* |

Michael A. Grim
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695
*Admitted pro hac vice*

Attorneys for Plaintiff Aircraft Guaranty Corporation,
Trustee Of Continent Aircraft Trust 1087
