UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-CV-61663
ELECTRONICALLY FILED

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST 1087

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.
DIAMOND AIRCRAFT INDUSTRIES, GMBH
DIAMOND AIRCRAFT SALES, USA, INC.

    Defendants.
_____/

## AFFIDAVIT OF KARSTEN DAMGAARD-IVERSEN

1. My name is Karsten Damgaard-Iversen, and I am the beneficiary of the Continent Aircraft Trust 1087 and the designated representative of the Plaintiff Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 ("AGC" or "Plaintiff"), in the above-referenced action.

2. I make this Affidavit based on my personal knowledge, and I am over the age of 18 years and competent to testify to the matters contained within this Affidavit.

3. I have read the Second Amended Complaint filed on behalf of Plaintiff, and I have personal knowledge of the factual allegations contained therein. I attest that the allegations set forth in the Second Amended Complaint are true and correct.

4. Plaintiff retained the expert firm, The Arvai Group, to review its claim, and to prepare a report determining the amount of damages suffered by Plaintiff as a result of the

1

tortious conduct of Diamond Aircraft Sales, USA, Inc. ("Diamond USA"), Diamond Aircraft Industries, Inc. ("Diamond Canada") and Diamond Aircraft Industries, GmbH ("Diamond Austria").

5. As a result of the conduct of Diamond USA outlined in the Second Amended Complaint, Plaintiff was damaged in an amount of $663,584.00. This amount represents Plaintiff's claim for which a report was prepared by The Arvai Group based upon supporting documents provided to the expert by, and after extensive consultations with, Plaintiff.

6. As a result of the fraudulent actions set forth in Plaintiff's Second Amended Complaint, I believe Plaintiff is entitled to punitive damages. During the sales process, I was provided with specific representations by sales agents working on behalf of Diamond Austria, Diamond Canada, and Diamond USA that the Thielert Aircraft Engines ("TAE") engine required maintenance intervals would be covered by the TAE engine warranty. I would not have purchased the DA42 if these representations had not been made. These representations were false and outrageous because, based upon evidence I have since learned, I do not believe Diamond Austria, Diamond Canada and Diamond USA had any expectations that the warranty would be honored. Among other things, they knew at the time Plaintiff purchased the aircraft that TAE was about to go out of business. Defendants' misconduct is even more reprehensible because they were secretly developing their own engine to replace the TAE engine at a much higher price than the cost of the TAE engine. An award of punitive damages of $1,990,752.00, or three times the award of compensatory damages, is appropriate to deter such future misconduct.

Further, the Affiant sayeth naught.

_____
Karsten Damgaard-Iversen

Dated: January 28, 2014

STATE OF Nevada
COUNTY OF Washoe

SWORN TO AND SUBSCRIBED before me on this 28, day of January 2014.

The Affiant, KARSTEN DAMGAARD-IVERSEN, is [ ] personally known to me or [X] has produced Driver License as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.



MARISSA N. KATAFIAS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 01-11-17
Certificate No: 13-9851-2

_____
NOTARY PUBLIC
Commissioner Number: 13-9851-2
My commission expires: 01/11/2017

15117685_1.docx

3