UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

      Defendants.

_____/

**DEFENDANT DIAMOND AIRCRAFT SALES U.S.A., INC.'S
ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Diamond Aircraft Sales U.S.A., Inc. ("Diamond U.S.A.") answers the Second

Amended Complaint (Doc. 62) of Plaintiff Aircraft Guaranty Corporation, Trustee of Continent

Aircraft Trust 1087 ("Aircraft Guaranty"), upon information and belief as follows:

**THE PARTIES[1]**

1.    Without knowledge and, therefore, denied.

2.    Admitted that Diamond Aircraft Industries, Inc. ("Diamond Canada") is a

Canadian corporation with its principal place of business in London, Ontario, Canada.

Otherwise denied.

---

[1] Diamond U.S.A. adopts the headings used in Plaintiff's Second Amended Complaint purely for the sake of reference.  The use of such headings is not an admission of the substance of such headings.

3.      Admitted that Diamond Aircraft Industries, GmbH ("Diamond Austria") is an Austrian corporation with its principal place of business in Wiener Neustadt, Austria.  Otherwise denied.

4.      Admitted that Diamond U.S.A. is incorporated in Delaware.  Otherwise denied.

## JURISDICTION AND VENUE

5.      Admitted that Diamond Canada is a Canadian corporation with its principal place of business in Canada.  Admitted that Diamond Austria is an Austrian corporation with its principal place of business in Austria.  Admitted that Diamond U.S.A. is a Delaware corporation.  Otherwise denied.

6.      Denied.

7.      Admitted that Christian Dries has served, at various times, as Chief Executive Officer for Diamond Austria and Diamond Canada.  Otherwise, denied.

8.      Admitted that Diamond U.S.A. has little to no assets.  Otherwise, denied.

9.      Denied.

10.     Denied.

11.     Admitted that Diamond Canada markets aircraft to certain individuals and companies in the United States.  Otherwise denied.

12.     Admitted that, in 1997 Diamond U.S.A. registered to do business in Florida.  Otherwise denied.

13.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

14.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

15.     No allegations in paragraph 15 pertain to Diamond U.S.A. and, thus, no response is required.   To the extent the allegations apply to Diamond U.S.A., denied.

16.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

17.     No allegations in paragraph 17 pertain to Diamond U.S.A. and, thus, no response is required.   To the extent a response is required, Diamond U.S.A. states that any purported agreement speaks for itself.  Otherwise denied.

18.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

19.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

20.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

21.     Admitted that Diamond U.S.A. has entered into one or more distributor agreements with Premier Aircraft Sales, Inc. ("Premier").  Any such agreement speaks for itself; any allegations inconsistent therewith are denied.  Admitted that Premier is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.  Admitted that, in 2006, Christian Dries was the Chief Executive Officer ("C.E.O.") of Diamond Austria and Diamond Canada. Admitted that, in 2006, Peter Maurer was the President of Diamond Canada and Diamond U.S.A.  Otherwise, denied.

22.     To the extent any agreements exist relating to any service centers, any such agreement speaks for itself; any allegations inconsistent therewith are denied.  Further, in several

3

instances, this paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond U.S.A., denied.

23.     Denied.

## FACTUAL BACKGROUND

24.     This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond U.S.A., denied.

25.     No allegations in paragraph 25 pertain to Diamond U.S.A. and, thus, no response is required. To the extent a response is required, denied.

26.     No allegations in paragraph 26 pertain to Diamond U.S.A. and, thus, no response is required. To the extent a response is required, denied.

27.     No allegations in paragraph 27 pertain to Diamond U.S.A. and, thus, no response is required. To the extent a response is required, admitted that Diamond Austria manufactured the DA42 in Austria, that the DA42s were then either ferry flown to Diamond Canada for subsequent distribution or were shipped in a kit from Austria for final assembly in Canada. Otherwise denied.

28.     Without knowledge and, therefore, denied.

29.     Denied.

30.     Without knowledge and, therefore, denied.

31.     Without knowledge and, therefore, denied.

32.     Denied.

33.     Paragraph 33 of the Second Amended Complaint does not contain allegations of fact as to which Diamond U.S.A. may form a response—the allegations are mere conjecture and are, therefore, denied.

34.     No allegations in paragraph 34 pertain to Diamond U.S.A. and, thus, no response is required.  To the extent a response is required, admitted that there exists an email from Peter Maurer to Michael Goldschmidt dated November 20, 2007, and that the email speaks for itself; any allegations inconsistent therewith are denied.  Admitted that, on November 20, 2007, Peter Maurer was president of Diamond Canada.  Otherwise denied.

35.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

36.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

37.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

38.     Denied.

39.     Admitted that around April 24, 2008, TAE entered into an insolvency proceeding.  Denied that entering into insolvency necessarily voided TAE's engine warranties.  Otherwise denied.

40.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any documents presented to the European Aviation Safety Agency ("EASA") speak for themselves.  Otherwise, without knowledge and, therefore, denied.

41.     No allegations in paragraph 41 pertain to Diamond U.S.A. and, thus, no response is required.  To the extent a response is required, any documents presented to or issued by the FAA speak for themselves.  Admitted that Christian Dries is an officer of Austro Engine GmbH.  Otherwise, without knowledge and, therefore, denied.

42.    Denied.

43.    Denied.

44.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied.  Otherwise denied.

45.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied.  Otherwise denied.

46.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied.  Otherwise denied.

47.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., the web page www.diamondaircraft.com/buy speaks for itself; any allegations inconsistent therewith are denied.  Otherwise denied.

48.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

49.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any "DRDC Bulletins" speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

50.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any order forms and sales agreements speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

51.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

52.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

53.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

54.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., without knowledge as to a customer's perception of Diamond (as defined by Plaintiff) and its distributors and, therefore, denied.  Otherwise denied.

## TAE ENGINE WARRANTY

55.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., any Limited Warranty documents speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

56.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., without knowledge as to what Premier may have provided to or represented to Plaintiff and, therefore, denied.  Otherwise denied.

57.     Any TAE engine warranty documents speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

58.     Denied.

59.     Denied.

60.     Any TAE engine warranty documents speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

61.     Any TAE engine requirements speak for themselves; any allegations inconsistent therewith are denied.  Otherwise denied.

62.    Denied.

63.    Without knowledge and, therefore, denied.

64.    Without knowledge and, therefore, denied.

65.    Without knowledge and, therefore, denied.

66.    Without knowledge and, therefore, denied.

67.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., without knowledge and, therefore, denied.

68.    Without knowledge and, therefore, denied.

69.    Without knowledge and, therefore, denied.

70.    Without knowledge and, therefore, denied.

71.    Without knowledge and, therefore, denied.

72.    Denied that the aircraft at issue was purchased "through Premier."  Otherwise without knowledge and, therefore, denied.

73.    Without knowledge and, therefore, denied.

74.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., admitted that in September of 2007, a ferry pilot took delivery of the DA42 at Diamond Canada's facility in London, Ontario, and flew the aircraft to Denmark.  Otherwise, without knowledge and, therefore, denied.

75.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

76.    This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

77.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

78.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

79.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

80.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

## COUNT 1

### (NEGLIGENT MISREPRESENTATION)

81.     Diamond U.S.A. incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

82.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

83.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

84.     Denied.

## COUNT 2

### (FRAUDULENT MISREPRESENTATION)

85.     Diamond U.S.A. incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

86.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

87.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

88.     Denied.

## COUNT 3

### (FRAUDULENT CONCEALMENT)

89.     Diamond U.S.A. incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

90.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

91.     Denied.

92.     This paragraph fails to differentiate among the three Defendants.  To the extent the allegations apply to Diamond U.S.A., denied.

93.     Denied.

94.     Denied.

## JURY DEMAND

95.     The allegations of paragraph 95 of the Second Amended Complaint are not allegations of fact and are, therefore, denied.

*     *     *

Any allegation of the Second Amended Complaint not specifically admitted above is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond U.S.A. made no representation regarding the TAE warranty to Plaintiff, its beneficiary, or its trust.

### Third Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond U.S.A. made no purported misrepresentation to Plaintiff, its beneficiary, or its trust.

### Fourth Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because neither Plaintiff, nor its beneficiary, nor its trust relied on any purported misrepresentation by Diamond U.S.A.

### Fifth Affirmative Defense

There is no federal subject matter jurisdiction because there is no diversity of citizenship between all the parties.

### Sixth Affirmative Defense

There is no federal subject matter jurisdiction because the amount-in-controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

### Seventh Affirmative Defense

Plaintiff failed to mitigate its damages, if any.

**Eighth Affirmative Defense**

Diamond Canada's limited manufacturer's warranty (the "Limited Warranty") bars Plaintiff's claims.

**Ninth Affirmative Defense**

If Plaintiff suffered damages as alleged in the Second Amended Complaint, which is denied, then any such damages were caused by, in whole or in part, Plaintiff's own negligence or failure to exercise reasonable care.  Diamond U.S.A. may not be held liable for any damages suffered by Plaintiff due to its own negligence or failure to exercise reasonable care.

**Tenth Affirmative Defense**

If Plaintiff suffered damages as alleged in the Second Amended Complaint, which is denied, then any such damages were caused by, in whole or in part, parties other than Diamond U.S.A. for whose act and omissions Diamond U.S.A. is neither responsible nor liable.  Diamond U.S.A. may not be held liable for any damages suffered by Plaintiff due to any acts or omissions of other parties, including Thielert AG, Thielert Aircraft Engines, GmbH, Continent Aircraft Trust 1087, Mr. Karsten Damgaard-Iversen, and Premier Aircraft Sales, Inc., and each of them and each of their respective agents and representatives.

**Eleventh Affirmative Defense**

The Second Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure to Diamond U.S.A. to reveal TAE's financial condition to Plaintiff (or to Plaintiff's beneficiary or trust) because Plaintiff has not alleged any duty imposed on Diamond U.S.A. to do so.

**Twelfth Affirmative Defense**

The Second Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure of Diamond U.S.A. to reveal

the development of an engine to Plaintiff (or to Plaintiff's beneficiary or trust) because Plaintiff has not alleged any duty imposed on Diamond U.S.A. to do so.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction and waiver in that Plaintiff released Diamond U.S.A. from all claims asserted in the Second Amended Complaint.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the operation by the doctrine of estoppel.

### Fifteenth Affirmative Defense

This action is barred by the applicable statute of limitations or by laches.

### Sixteenth Affirmative Defense

Plaintiff's claims may be barred or diminished because of the failure of Plaintiff to preserve evidence.

### Seventeenth Affirmative Defense

If a representative of Diamond U.S.A. made any actionable representation to Plaintiff, which is denied, any such representation would have been outside the scope of the representative's duties and beyond the representative's authority, and Diamond U.S.A. cannot be held vicariously liable for such acts.

### Eighteenth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for prejudgment interest.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred by the economic loss rule.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the limitations and/or disclaimers in Premier Aircraft Sales, Inc.'s contract for the purchase of Plaintiff's aircraft.

### Twenty-First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff has suffered no damages.

### Twenty-Second Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action.

### Twenty-Third Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action.  Plaintiff suffered no harm when it took title to the applicable aircraft in June 2011, more than **four years <u>after</u>** the transaction at issue occurred, and more than **three years <u>after</u>** the TAE engine warranties were voided.  Plaintiff took title to the aircraft with full knowledge of the lack of warranty coverage and cannot now claim that it lacked sufficient knowledge to make an informed decision.

### Twenty-Fourth Affirmative Defense

This action is barred because Plaintiff's sole beneficiary is a citizen of Denmark and knew or should have known about the financial well-being of TAE, its founders, and/or its officers.

### Twenty-Fifth Affirmative Defense

This action is barred by the statute of limitations because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

## Twenty-Sixth Affirmative Defense

This action is barred by the doctrines of waiver and estoppel because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

## Twenty-Seventh Affirmative Defense

This action is barred by Plaintiff's assumption of risk.  At the time that Plaintiff took title to the applicable aircraft, the TAE engine warranty had been voided.  Plaintiff took title to the aircraft with full knowledge of this information and assumed the risk of taking title to the aircraft with the voided warranty.

## Twenty-Eighth Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted because there are no independent allegations of wrongdoing against Diamond U.S.A.

## Twenty-Ninth Affirmative Defense

In paragraph 8 of the Second Amended Complaint, Plaintiff admits that Diamond U.S.A. has little or no assets.  Therefore, any claim against Diamond U.S.A. is futile and would be a waste of judicial resources.

## Thirtieth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for punitive damages, and there is no basis in law or in fact for seeking punitive damages in this action.

## Thirty-First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for attorneys' fees and costs, and there is no basis in law or in fact for seeking attorneys' fees and costs in this action.

### Thirty-Second Affirmative Defense

Diamond U.S.A. reserves the right to amend its answer and defenses as discovery and further investigation proceeds.

*       *       *

WHEREFORE, Diamond U.S.A. respectfully requests that the Court enter judgment in its favor and against Plaintiff and award Diamond U.S.A. its costs of this action and any further relief the Court deems appropriate.

Dated:  <u>February 14, 2014</u>

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales
U.S.A., Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on February 14, 2014, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Sales U.S.A., Inc.

### <u>SERVICE LIST</u>

Juan Martinez (FBN 9024)
juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-0014
Tel: (305) 416-6880
Fax: (305) 416-6887

V. Brandon McGrath
bmcgrath@bgdlegal.com
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 455-7643
Fax: (513) 455-8500
*Admitted pro hac vice*

Michael A. Grim
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695
*Admitted pro hac vice*

Attorneys for Plaintiff Aircraft Guaranty Corporation,
Trustee of Continent Aircraft Trust 1087