Feb. 7. 2007 11:07AM Premier aircraft No.8735 P. 1
06-FEB-07 21:39 VAN- TOSHIBA directie +31 79 3689443 T-127 P.002 F-330

Aircraft Sales, Inc.

5544 NW 23rd Avenue, Hangar 15, Fort Lauderdale, FL 33309
(954) 771-0411 Facsimile (954) 771-3452

# AIRCRAFT SALES AGREEMENT

This Aircraft Sales Agreement ("Agreement") is entered into by and between **PREMIER AIRCRAFT SALES, INC.** (Seller) and **Karsten Damgaard-Iversen and/or his assigns** (Buyer) whose address is, **Atlanta, Georgia USA.**

1. Subject to and upon compliance with the terms and conditions of this Agreement, **Seller agrees to sell and transfer to Buyer** and Buyer agrees to purchase and pay for the following described aircraft ("Aircraft") as per the attached Aircraft Specification Sheet, which along with the attached ADDENDUM TO THE AGREEMENT, are hereby made part of this AICRAFT SALES AGREEMENT:

The Aircraft: Year: **2007** Make: **Diamond** Model: **DA42**
N: **N56KD** Serial #: **42.AC076** Color: **TBD**

2. Before delivery, the following modifications and/or deletions to the Aircraft shall be made: **N/A**

3. a. **Purchase Price in** U.S. Dollars. Including the above modifications, additions, and/or deletions: **$562,268.00**
   b. Trade-In Aircraft: Make: Model: N: Serial #:
   c. **LESS:** Value allowed for trade-in: **$0.00**
   d. **Adjusted Purchase Price, less trade** (in U.S. Dollars): **$562,268.00**
   e. **PLUS:** State and local taxes, if any (If none, please explain) Not Applicable : 
   f. **Total Purchase Price, including tax** (in U.S. Dollars): **$562,268.00**
   g. **LESS:** Cash payment with this order ($6,226.80 by AMEX 06.02.07 and $50,000.00 by 12.02.07): **$56,226.80**
   h. **Balance Due:** to be paid at delivery by Bank Transfer or Cashier's Check: **$506,041.20**
   (Full payment is due 7 days after notification to Buyer that aircraft is ready for delivery, however not before May 31, 2007).

4. If Buyer subsequently orders additional equipment for the Aircraft not specified herein, he agrees to pay the full price of such equipment with the balance of the purchase price at the time of delivery (* As shown on the Addendum to the Agreement. If Applicable).

5. **Delivery.** Seller agrees to deliver the Aircraft to Buyer at **Fort Lauderdale Executive (KFXE)** Airport on or before **July 2007.**

6. **The undersigned Buyer has read and understands all terms, conditions, warranty disclaimer and limitations of liability set forth in this Agreement, including on the following 2 pages hereof, and agrees that the same are included and are a part of this Agreement as if set forth on the face hereof.**

This Agreement is executed as of this 6th day of **February 2007.** In witness whereof, the parties hereto have signed this Agreement which is finally executed at **FXE**.

**Seller: Premier Aircraft Sales, Inc.**
Office: FXE
By Susan McKenzie
(Signature)
Name SUSAN MCKENZIE
(Print)
Date FEB 6 - 2007

**Buyer: Karsten Damgaard-Iversen and/or his assigns**
By [signature]
(Signature)
Name K. DAMGAARD-IVERSEN
(Print)
Date Feb 6 - 2007

**Buyer's acceptance of delivery:** Buyer hereby (i) acknowledges delivery of the Aircraft identified herein; (ii) agrees that he has either personally or through an authorized agent inspected the Aircraft; (iii) agrees that the Aircraft satisfies the terms and conditions of this Agreement; and (iv) reaffirms all terms conditions of this Agreement.

By ______________________ (Signature) Dated this __________ day of ______________, 200__

Name ______________________ (Print) Title ______________________ (Print)

AGC-000017

AIRCRAFT SALES AGREEMENT
(continued)

7. **Title.** Title to the Aircraft shall pass to Buyer when the full Purchase Price is paid to Seller. All risk of loss shall be borne by Buyer from the time of receipt of title and possession of the Aircraft.

8. **Taxes.** Buyer shall assume and pay all taxes, fees, assessments, duties or similar governmental charges and fees on the sale of the Aircraft, including any penalties, fines or interest thereon incurred in connection with the sale of the Aircraft and shall indemnify and hold Seller harmless from and against the payment of any and all such Taxes.

9. **Entire Agreement/Governing Law.** This Agreement is made in and governed by the laws of Florida, without regard to the provisions thereof respecting conflicts of law. This Agreement constitutes the entire agreement of the parties hereto with respect to the purchase and sale of the Aircraft and supercedes all prior representations and understandings whether written or oral. No modification, termination or waiver of any provision hereof shall be valid unless in writing signed by the parties.

10. **Failure to accept delivery.** In the event that Buyer refuses to take delivery and pay for the Aircraft in accordance with the terms and conditions of this Agreement for any reason other than the failure of Seller to deliver the Aircraft and satisfy its requirements herein, Seller, at its sole option, may retain any deposit paid by Buyer under this Agreement as liquidated damages and not as a penalty. Buyer acknowledges that Seller's damages for Buyer's failure to accept delivery and pay for the Aircraft would be uncertain and difficult to ascertain, and the amount agreed upon as liquidated damages is a reasonable estimate of Seller's anticipated actual damages.

11. **Warranty Disclaimer.** EXCEPT AS EXPRESSLY STATED TO THE CONTRARY HEREIN, THE AIRCRAFT IS SOLD "AS IS" AND SELLER HEREBY DISCLAIMS AND MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS OF ANY KIND WITH RESPECT TO THE AIRCRAFT INCLUDING, WITHOUT LIMITATION, ITS CONDITION, DESIGN, QUALITY, CAPACITY, MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, COMPLIANCE WITH THE REQUIREMENTS OF ANY LAW, ORDER, RULE, REGULATION, SPECIFICATION, PATENT OR CONTRACT.

SELLER SHALL NOT BE LIABLE FOR ANY DEFECT, EITHER LATENT OR PATENT, IN THE AIRCRAFT AND SHALL HAVE NO OBLIGATION OR LIABILITY IN NEGLIGENCE, STRICT LIABILITY OR OTHER TORT. IN NO EVENT SHALL SELLER BE LIABLE FOR EXEMPLARY OR PUNITIVE DAMAGES OR FOR ANY DIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING, WITHOUT LIMITATION, FOR LOSS OF USE OF THE AIRCRAFT OR FOR ANY INTERRUPTION IN BUYER'S BUSINESS OCCASIONED BY BUYER'S INABILITY TO USE THE AIRCRAFT.

12. **Indemnification by Buyer.** Buyer shall defend, indemnify and hold harmless Seller, its affiliates and parent company, and each of their directors, officers, employees and agents from and against all claims, demands, suits, obligations, liabilities, damages, losses, judgments, costs and expenses (including reasonable attorneys' fees) which may be asserted against or recoverable from any of them and which arise out of or are in any manner connected with the Aircraft or this Agreement and including, without limitation, by reason of injury to or death of any person, or by reason of loss of or damage to any property, including the Aircraft or any part thereof.

13. **Force Majeure.** Seller shall not be liable for failure to deliver or delays in delivery of the Aircraft due to causes beyond its control including, but not limited to, strikes, lockouts or other labor disputes or difficulties, machinery breakdowns, inability to obtain shipping space or transportation, delays by carriers or suppliers, fires, floods, acts of nature, war or other outbreak of hostilities, mobilization, civil commotion, riots, embargoes and domestic or foreign governmental regulations or orders. If delivery is delayed more than one hundred eighty (180) days beyond the scheduled delivery date, Buyer shall have the right to demand return of its deposit. In which event, upon receipt by Buyer of its deposit, this Agreement shall terminate. In such event, Buyer's sole remedy and Seller's sole liability for failure to deliver, or delay in delivery, will be limited to the return of that part of the Purchase Price which Buyer has paid to the Seller.

14. **If a dispute arises** from or relates to this Agreement or the breach thereof and if the dispute cannot be settled through direct discussions of the parties hereto, the parties hereto agree to first endeavor to settle the dispute by mediation to be held within thirty (30) days from demand by either party, such mediation to be administered by the American Arbitration Association (AAA) under its Commercial Dispute Resolution Procedures. If the dispute cannot be resolved by mediation, any unresolved controversy or claim arising from or relating to this Agreement or breach thereof shall be settled exclusively by arbitration administered by the AAA in accordance with its Commercial Dispute Resolution Procedures. Any demand for arbitration must be filed within one (1) year of the conclusion of the mediation session in which an impasse was reached or any unresolved controversy remained. Judgment on any award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

With regard to the arbitration process, in the event of conflict between this clause and applicable state law, arbitration shall be governed by Title 9 of the US Code (United States Arbitration Act) and the Commercial Dispute Resolution Procedures of the AAA.

Initials

**14. Continued**
Either party may, without inconsistency or conflict with this Agreement, seek from a court any interim or provisional relief that is necessary to protect the rights or property of that party, pending the establishment of the arbitration hearing (or pending determination by the AAA of the merits of the controversy).

Mediation and arbitration shall be held in Fort Lauderdale, Broward County, Florida, or at any other place selected by mutual agreement of the parties.

A mediator shall be selected by mutual agreement of the parties; if the parties cannot agree, then by the AAA.

Any arbitration shall be by a panel of three arbitrators, unless the parties mutually agree to a single arbitrator. AAA shall provide a list of neutral arbitrators, from which the parties hereto shall select three by alternately striking unacceptable names. After fourteen (14) total names have been stricken, AAA shall provide a final list of seven (7) from which three (3) shall be chosen by the parties. If the parties cannot agree on the final three arbitrators, then AAA shall select the final three arbitrators.

The arbitration proceedings shall be conducted before a panel of three (3) neutral arbitrators (unless the parties agree to use only one arbitrator), all of whom shall be members of the bar of the state where the specific Premier Aircraft Sales, Inc. office or location is involved, who have actively engaged in the practice of law for at least ten (10) years, and with expertise in Aviation Law and/or Commercial Contracts.

The arbitrator(s) shall have the authority to award any remedy or relief that a court in the applicable state could order or grant including, without limitation, specific performance, attorneys fees, costs, the issuance of an injunction or the imposition of sanctions for abuse or frustration of the arbitration process and related costs.

Neither a party hereto nor an arbitrator may disclose the existence, content, or results of any mediation or arbitration hereunder without the prior written consent of both parties hereto.

The parties shall allow and participate in limited discovery for a period of ninety (90) days from the date of the filing of an answer or another responsive pleading to the demand for arbitration. Limited discovery shall mean no more than three (3) depositions (including one (1) expert), and no more than twenty-five (25) interrogatories and requests for admissions. The arbitrators may expand discovery only for good cause shown. The final arbitration hearing must be held within one hundred twenty (120) days of the initial demand for arbitration unless continued by the arbitrators, and only for good cause shown.

The parties hereto stipulate that trial by jury is waived upon execution of this Agreement.

The arbitration award shall be in writing, and upon the request of a party, shall include findings of fact and conclusions of law.

The arbitrator(s) shall award to the substantially prevailing party all of that party's costs and fees. "Costs and fees" shall mean all reasonable pre-award expenses of the arbitration, including the arbitrators' fees, administrative fees, travel expenses, out-of-pocket expenses (such as copying and telephone), court costs, witness fees and attorneys' fees.

Initials

Premier
Aircraft Sales

5544 NW 23rd Avenue, Hangar 15, Fort Lauderdale, FL 33309
(954) 771-0411 Facsimile (954) 771-3452

# ADDENDUM TO THE AGREEMENT

DATE: February 6, 2007

This Addendum is herewith made a supplement of and is made a part of the above-referenced Agreement and shall in no way void or nullify any provision thereof except to the extent specified below, and attested to by the signatures of both parties to the original Agreement.

**Sale of 2007 Diamond DA42, N 56KD, Serial Number: 42.AC076 Includes:**

1. **Aircraft is new from factory and will come with Diamond DA42 Limited Warranty.**
2. Sale includes 3 day DA42 factory training course at European American Aviation, (Diamond Brilliance Flight Center) located in Naples, Florida.
3. When the DA42 Aircraft is ready for delivery, buyer will pay the balance due and seller will keep the DA42 at the Fort Lauderdale Facility for a maximum of 2 months. Buyer is available to start training in early June 2007 or sometime in July of 2007. It is agreed that the balance due will not be payable before May 31, 2007.
4. Seller will assist with getting insurance quotes for the DA42.
5. Seller will replace the factory standard compass with a vertical card compass. Buyer will pay only the cost of the vertical card compass.
6. Item # 5 is contingent upon an existing STC or FAA Field approval for installation in the Diamond DA42 for the make and model of the vertical card compass that the buyer wants installed in SN 42.AC076.

Agreed to and effective this 6th day of February 2007.

Seller: Premier Aircraft Sales, Inc.
Office: Fort Lauderdale, FL
By [signature: Susan McKenzie] (Signature)
Name SUSAN MCKENZIE (Print)
Date FEB 6 - 2007

Buyer: Karsten Damgaard-Iversen and/or his assigns
By [signature] (Signature)
Name K. DAMGAARD-IVERSEN (Print)
Date Feb 6 - 2007

Aircraft Sales, Inc.

# 2007 DIAMOND DA42-TDI TWINSTAR

N56KD S/N 42.AC076 Aircraft Specification Sheet

**Total Purchase Price: $562,268.00**

Initial here 

**FULL FACTORY WARRANTY**

- Airframe/Avionics – 2 Years
- Engines- 12 Years or 2400 hours

**STANDARD PACKAGE WITH GARMIN G1000 $478,638**

- GDU1040, 10 inch Primary Flight Display
- GDU1040, 10 inch Multi Function Display
- Garmin Integrated VFR Terrain Awareness System
- Remote Avionics Mounting Rack w/ Line Replaceable Units
- GEA71 Airframe/Engine Interface Unit
- Dual Garmin GIA 63 COM/NAV/GPS
- GMA1347 Digital Audio System
- GTX33 Mode S Transponder – Traffic System
- GRS77 Solid-state Attitude Heading Reference System
- GDC74 Digital Air Data Computer
- GMU44 Magnetometer
- Honeywell KAP140 Dual Axis Autopilot with Altitude Hold and Preselect
- Standby instruments (Compass, Horizon, Air Speed indicator, Altimeter)
- Composite cabin and safety seats (up to 26g)
- Lightning protection system
- Fire extinguisher
- FAILSAFE Airframe Design
- 3 point safety belts automatic (all seats)
- Power supply socket for handheld GPS
- Hydraulic retractable landing gear
- High intensity discharge landing and taxi lights
- Position and anti-collision lights
- 4-way baggage compartment system
- Nose baggage compartment accessible form both sides
- ELT ARTEX 406 MHz

File Photo

File Photo

File Photo

**OPTIONAL EQUIPMENT**

| Item | Price |
|---|---|
| Honeywell KN 63 Remote DME | $7,773 |
| Integrated Becker 3500 remote ADF | $9,245 |
| Long Range Fuel Tanks– (79 US Gallons) | $6,850 |
| TKS Deicing System | $57,212 |

**EXTERIOR/INTERIOR:**

- Exterior Trim: "Your Choice"
- Premium Leather Interior

**Delivery Charges** $2,550

**RELIABLE POWERPLANT INCLUDES:**

- Dual Thielert TAE 1.7 Centurion Turbo Diesel Engines
- Dual MT-3 Constant Speed Full Feathering Propellers
- FADEC Digital Engine and Propeller Management System

**Please call Premier Aircraft Sales, Inc. at 954-771-0411 - 800-903-8402, sales@flypas.com or visit us on the Web at www.flypas.com for more information.**

All specifications are subject to verification by buyer and subject to prior sale. Buyer is responsible to ensure that aircraft and its components are as described.

Fort Lauderdale Executive Airport (FXE)
5544 NW 23rd Avenue, Hangar 16
Fort Lauderdale, Florida 33309

*Where integrity, experience and value take flight.*

Feb. 7. 2007 11:09AM Premier aircraft No. 8735 P. 6
06-FEB-07 21:39 VAN- TOSHIBA UITGELIG +31 70 3689445 T-127 P.001 F-339

Attn: Premier Aircraft Sales, Inc.
(Mrs Susan McKenzie)
Fax: 1 (954) 771 3452

BY FAX
6 pages
Feb 6 - 2007

CREDIT CARD CHARGE AUTHORIZION

I K. DAMGAARD-IVERSEN credit card holder
(PRINT NAME)

(PRINTED COMPANY NAME OR YOUR NAME)

Authorize Premier Aircraft Sales, Inc. to charge the indicated credit card

USD 6,226.80
Amount

____ MC ______ VISA ✓ American Express

Credit card # 3746 044070 12001 expiration date 08.07

Card holder Name KARSTEN DAMGAARD-IVERSEN

Billing Address WOODGATES FARM
FORD MANOR ROAD
DORMANSLAND - RH7 6NZ - U.K.

Card Holder Signature [signature]

Card Holder phone number 0031 6 5354 7444 (Dutch mobile)
0044 1342 833 910 (UK home phone)

SALES DRAFT

PREMIER AIRCRAFT SALES
5540 NW 23 AVE #14
FT LAUDERDALE, FL 33309
TERMINAL 02101 89

0004199213 15:47:05
02/06/2007

AX 374604407012001 EXP. 0507
INVOICE 150003 002
AUTH. CODE 162716

SALE TOTAL $6226.80

I AGREE TO PAY ABOVE TOTAL AMOUNT ACCORDING TO CARD ISSUER AGREEMENT (MERCHANT AGREEMENT IF CREDIT VOUCHER)

X

MERCHANT COPY