UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

**DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S
ANSWER TO SECOND AMENDED COMPLAINT[1]**

Defendant Diamond Industries, Inc. ("Diamond Canada") answers the Second Amended Complaint (Doc. 62) of Plaintiff Aircraft Guaranty Corporation ("Aircraft Guaranty"), upon information and belief as follows:

---

[1] Upon preparing its motion to dismiss and answer on behalf of Diamond Aircraft Sales U.S.A., Inc., pursuant to the Court's Order (Doc. 82, dated Feb. 5, 2014), Diamond Canada's counsel observed that no response to the Second Amended Complaint had been filed by Diamond Canada.  The reason no response was filed by Diamond Canada was the same rationale explained in Diamond U.S.A.'s filings (Docs. 75, 77, and 80)—that is, Diamond Canada and Diamond U.S.A.'s counsel believed the stay of the case obviated any need to respond.  Given the Court's Order directing Diamond U.S.A. to file its motion to dismiss and answer, counsel in good faith files Diamond Canada's responses contemporaneously with Diamond U.S.A.'s.  Counsel for Plaintiff does not object to Diamond Canada's responding to the Second Amended Complaint pursuant to the February 5 order.

## THE PARTIES[2]

1. Without knowledge and, therefore, denied.

2. Admitted that Diamond Canada is a Canadian corporation with its principal place of business in London, Ontario, Canada. Otherwise denied.

3. Admitted that Diamond Aircraft Industries, GmbH ("Diamond Austria") is an Austrian corporation with its principal place of business in Wiener Neustadt, Austria. Otherwise denied.

4. Admitted that Diamond Aircraft Sales U.S.A., Inc. ("Diamond U.S.A.") is incorporated in Delaware. Otherwise denied.

## JURISDICTION AND VENUE

5. Admitted that Diamond Canada is a Canadian corporation with its principal place of business in Canada. Admitted that Diamond Austria is an Austrian corporation with its principal place of business in Austria. Admitted that Diamond U.S.A. is a Delaware corporation. Otherwise denied.

6. Denied.

7. Admitted that Christian Dries has served, at various times, as Chief Executive Officer for Diamond Austria and Diamond Canada. Otherwise, denied.

8. Admitted that Diamond U.S.A. has little to no assets. Otherwise, denied.

9. Denied.

10. Denied.

---

[2] Diamond Canada adopts the headings used in Plaintiff's Second Amended Complaint purely for the sake of reference. The use of such headings is not an admission of the substance of such headings.

11. Admitted that Diamond Canada markets aircraft to certain individuals and companies in the United States. Otherwise denied.

12. Admitted that, in 1997 Diamond U.S.A. registered to do business in Florida. Otherwise denied.

13. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

14. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

15. Admitted that Diamond Canada's president, Peter Maurer has attended the Sun 'n' Fun trade show. Otherwise, the allegations of paragraph 15 do not pertain to Diamond Canada and are, therefore, denied.

16. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

17. No allegations in paragraph 17 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, Diamond Canada states that any purported agreement speaks for itself. Otherwise denied.

18. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

19. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

20. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

21. Admitted that Diamond U.S.A. has entered into one or more distributor agreements with Premier Aircraft Sales, Inc. ("Premier"). Any such agreement speaks for itself; any allegations inconsistent therewith are denied. Admit that Premier is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. Admitted that, in 2006, Christian Dries was the Chief Executive Officer ("C.E.O.") of Diamond Austria and Diamond Canada. Admitted that, in 2006, Peter Maurer was the President of Diamond Canada and Diamond U.S.A. Otherwise, denied.

22. To the extent any agreements exist relating to any service centers, any such agreement speaks for itself; any allegations inconsistent therewith are denied. Further, in several instances, this paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any agreements between Diamond Austria and/or Diamond Canada with any service centers speak for themselves. Otherwise, denied.

23. Denied.

## FACTUAL BACKGROUND

24. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

25. No allegations in paragraph 25 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, denied.

26. No allegations in paragraph 26 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, denied.

27. No allegations in paragraph 27 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, admitted that Diamond Austria manufactured the DA42 in Austria, that the DA42s were then either ferry flown to Diamond Canada for

subsequent distribution or were shipped in a kit from Austria for final assembly in Canada. Otherwise denied.

28. No allegations in paragraph 28 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, denied.

29. Denied.

30. Without knowledge and, therefore, denied.

31. Without knowledge and, therefore, denied.

32. Denied.

33. Paragraph 33 of the Second Amended Complaint does not contain allegations of fact as to which Diamond Canada may form a response—the allegations are mere conjecture and are, therefore, denied.

34. Admitted that there exists an email from Peter Maurer to Michael Goldschmidt dated November 20, 2007, and that the email speaks for itself; any allegations inconsistent therewith are denied. Admitted that, on November 20, 2007, Peter Maurer was president of Diamond Canada. Otherwise denied.

35. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

36. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

37. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

38. Denied.

39. Admitted that around April 24, 2008, TAE entered into an insolvency proceeding. Denied that entering into insolvency necessarily voided TAE's engine warranties. Otherwise denied.

40. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any documents presented to the European Aviation Safety Agency ("EASA") speak for themselves. Otherwise, without knowledge and, therefore, denied.

41. No allegations in paragraph 41 pertain to Diamond Canada and, thus, no response is required. To the extent a response is required, any documents presented to or issued by the FAA speak for themselves. Admitted that Christian Dries is an officer of Austro Engine GmbH. Otherwise, without knowledge and, therefore, denied.

42. Denied.

43. Denied.

44. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied. Otherwise denied.

45. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied. Otherwise denied.

46. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any pertinent distributor agreement speaks for itself; any allegations inconsistent therewith are denied. Otherwise denied.

47. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, the web page www.diamondaircraft.com/buy speaks for itself; any allegations inconsistent therewith are denied. Otherwise denied.

48. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

49. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any "DRDC Bulletins" speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

50. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, any order forms and sales agreements speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

51. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

52. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

53. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

54. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, without knowledge as to a customer's perception of Diamond (as defined by Plaintiff) and its distributors and, therefore, denied. Otherwise denied.

## TAE ENGINE WARRANTY

55. Any Limited Warranty documents speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

56. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, without knowledge as to what Premier may have provided to or represented to Plaintiff and, therefore, denied. Otherwise denied.

57. Any TAE engine warranty documents speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

58. Denied.

59. Denied.

60. Any TAE engine warranty documents speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

61. Any TAE engine requirements speak for themselves; any allegations inconsistent therewith are denied. Otherwise denied.

62. Denied.

63. Without knowledge and, therefore, denied.

64. Without knowledge and, therefore, denied.

65. Without knowledge and, therefore, denied.

66. Without knowledge and, therefore, denied.

67. Without knowledge and, therefore, denied.

68. Without knowledge and, therefore, denied.

69. Without knowledge and, therefore, denied.

70. Without knowledge and, therefore, denied.

71. Without knowledge and, therefore, denied.

72. Without knowledge and, therefore, denied.

73. Denied.

74. Denied.

75. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

76. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

77. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

78. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

79. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

80. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

## COUNT 1

### (NEGLIGENT MISREPRESENTATION)

81. Diamond Canada incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

82. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

83. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

84. Denied.

## COUNT 2

### (FRAUDULENT MISREPRESENTATION)

85. Diamond Canada incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

86. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

87. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

88. Denied.

## COUNT 3

### (FRAUDULENT CONCEALMENT)

89. Diamond Canada incorporates by reference paragraphs 1 through 80 of its Answer to the Second Amended Complaint as though fully set forth herein.

90. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

91. Denied.

92. This paragraph fails to differentiate among the three Defendants. To the extent the allegations apply to Diamond Canada, denied.

93. Denied.

94. Denied.

## JURY DEMAND

95. The allegations of paragraph 95 of the Second Amended Complaint are not allegations of fact and are, therefore, denied.

\* \* \*

Any allegation of the Second Amended Complaint not specifically admitted above is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond Canada made no representation regarding the TAE warranty to Plaintiff, its beneficiary, or its trust.

### Third Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because Diamond Canada made no purported <u>mis</u>representation to Plaintiff, its beneficiary, or its trust.

### Fourth Affirmative Defense

The Second Amended Complaint, and each purported count therein, fails to state a claim upon which relief can be granted because neither Plaintiff, nor its beneficiary, nor its trust relied on any purported misrepresentation by Diamond Canada.

### Fifth Affirmative Defense

There is no federal subject matter jurisdiction because there is no diversity of citizenship between all the parties.

### Sixth Affirmative Defense

There is no federal subject matter jurisdiction because the amount-in-controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

11

### Seventh Affirmative Defense

Plaintiff failed to mitigate its damages, if any.

### Eighth Affirmative Defense

Diamond Canada's limited manufacturer's warranty (the "Limited Warranty") bars Plaintiff's claims.

### Ninth Affirmative Defense

If Plaintiff suffered damages as alleged in the Second Amended Complaint, which is denied, then any such damages were caused by, in whole or in part, Plaintiff's own negligence or failure to exercise reasonable care. Diamond Canada may not be held liable for any damages suffered by Plaintiff due to its own negligence or failure to exercise reasonable care.

### Tenth Affirmative Defense

If Plaintiff suffered damages as alleged in the Second Amended Complaint, which is denied, then any such damages were caused by, in whole or in part, parties other than Diamond Canada for whose act and omissions Diamond Canada is neither responsible nor liable. Diamond Canada may not be held liable for any damages suffered by Plaintiff due to any acts or omissions of other parties, including Thielert AG, Thielert Aircraft Engines, GmbH, and USAERO, LLC, and each of them and each of their respective agents and representatives.

### Eleventh Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure to Diamond Canada to reveal TAE's financial condition to Plaintiff (or to Plaintiff's beneficiary or trust) because Plaintiff has not alleged any duty imposed on Diamond Canada to do so.

### Twelfth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff's claims are based on the purported failure of Diamond Canada to reveal the development of an engine to Plaintiff (or to Plaintiff's beneficiary or trust) because Plaintiff has not alleged any duty imposed on Diamond Canada to do so.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction and waiver in that Plaintiff released Diamond Canada from all claims asserted in the Second Amended Complaint.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the operation by the doctrine of estoppel.

### Fifteenth Affirmative Defense

This action is barred by the applicable statute of limitations or by laches.

### Sixteenth Affirmative Defense

Plaintiff's claims may be barred or diminished because of the failure of Plaintiff to preserve evidence.

### Seventeenth Affirmative Defense

If a representative of Diamond Canada made any actionable representation to Plaintiff, which is denied, any such representation would have been outside the scope of the representative's duties and beyond the representative's authority, and Diamond Canada cannot be held vicariously liable for such acts.

### Eighteenth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for prejudgment interest.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred by the economic loss rule.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the limitations and/or disclaimers in the in Premier Aircraft Sales, Inc.'s contract for the purchase of Plaintiff's aircraft.

### Twenty-First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff has suffered no damages.

### Twenty-Second Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action.

### Twenty-Third Affirmative Defense

This action is barred because Plaintiff is not a real party in interest, lacks standing, and is not a proper party to this action. Plaintiff suffered no harm when it took title to the applicable aircraft in June 2011, more than **four years after** the transaction at issue occurred, and more than **three years after** the TAE engine warranties were voided. Plaintiff took title to the aircraft with full knowledge of the lack of warranty coverage and cannot now claim that it lacked sufficient knowledge to make an informed decision.

### Twenty-Fourth Affirmative Defense

This action is barred because Plaintiff's sole beneficiary is a citizen of Denmark and knew or should have known about the financial well-being of TAE, its founders, and/or its officers.

### Twenty-Fifth Affirmative Defense

This action is barred by the statute of limitations because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

### Twenty-Sixth Affirmative Defense

This action is barred by the doctrines of waiver and estoppel because there has been no allegation that any purported claim would be preserved and/or transferred to Plaintiff by Plaintiff's predecessor.

### Twenty-Seventh Affirmative Defense

This action is barred by Plaintiff's assumption of risk. At the time that Plaintiff took title to the applicable aircraft, the TAE engine warranty had been voided. Plaintiff took title to the aircraft with full knowledge of this information and assumed the risk of taking title to the aircraft with the voided warranty.

### Twenty-Eighth Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted because there are no independent allegations of wrongdoing against Diamond Canada.

### Twenty-Ninth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for punitive damages, and there is no basis in law or in fact for seeking punitive damages in this action.

### Thirtieth Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted for attorneys' fees and costs, and there is no basis in law or in fact for seeking attorneys' fees and costs in this action.

### **Thirty-First Affirmative Defense**

Diamond Canada reserves the right to amend its answer and defenses as discovery and further investigation proceeds.

*   *   *

WHEREFORE, Diamond Canada respectfully requests that the Court enter judgment in its favor and against Plaintiff and award Diamond Canada its costs of this action and any further relief the Court deems appropriate.

Dated:  February 14, 2014

                                  Respectfully submitted,

                                  s/ Carl R. Nelson
                                  Carl R. Nelson, FBN 280186
                                  cnelson@fowlerwhite.com
                                  Ashley Bruce Trehan, FBN 0043411
                                  ashley.trehan@fowlerwhite.com
                                  Scott A. Richards, FBN 0072657
                                  scott.richards@fowlerwhite.com
                                  FOWLER WHITE BOGGS P.A.
                                  501 E. Kennedy Blvd., Suite 1700
                                  Tampa, FL 33602
                                  Tel: (813) 228-7411
                                  Fax: (813) 229-8313
                                  Attorneys for Defendant Diamond Aircraft Industries, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on February 14, 2014, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

## SERVICE LIST

| | |
|---|---|
| Juan Martinez (FBN 9024)<br>juan.martinez@gray-robinson.com<br>GRAY ROBINSON P.A.<br>1221 Brickell Avenue, Suite 1600<br>Miami, FL 33131-0014<br>Tel: (305) 416-6880<br>Fax: (305) 416-6887 | V. Brandon McGrath<br>bmcgrath@bgdlegal.com<br>BINGHAM GREENEBAUM DOLL LLP<br>2350 First Financial Center<br>255 East Fifth Street<br>Cincinnati, OH 45202<br>Tel: (513) 455-7643<br>Fax: (513) 455-8500<br>*Admitted pro hac vice* |
| Michael A. Grim<br>mgrim@bgdlegal.com<br>BINGHAM GREENEBAUM DOLL, LLP<br>3500 National City Tower<br>101 South Fifth Street<br>Louisville, KY 40202<br>Tel: (502) 589-4200<br>Fax: (502) 587-3695<br>*Admitted pro hac vice* | |

Attorneys for Plaintiff Aircraft Guaranty Corporation,
Trustee of Continent Aircraft Trust 1087
