**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:11-61663-CIV MORENO**
**ELECTRONICALLY FILED**

**AIRCRAFT GUARANTY CORPORATION,**
**TRUSTEE OF CONTINENT AIRCRAFT TRUST 1087**

    **Plaintiff,**

**v.**

**DIAMOND AIRCRAFT INDUSTRIES, INC., ET AL.**

    **Defendants.**
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT DIAMOND**
**AIRCRAFT INDUSTRIES, INC.'S MOTION TO DISMISS**

Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

Michael A. Grim (*admitted pro hac vice*)
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: 502.587.3696
Facsimile:  502.587.2235
E-mail: mgrim@bgdlegal.com

V. Brandon McGrath (*admitted pro hac vice*)
BINGHAM GREENEBAUM DOLL LLP
255 East Fifth Street, Suite 2350
First Financial Center
Cincinnati, Ohio 45202
Telephone: 513.455.7641
Facsimile: 513.762.7941
E-mail: bmcgrath@bgdlegal.com

I.      <u>INTRODUCTION</u>

<u>First</u>, Plaintiff Aircraft Guaranty Corporation ("AGC"), the Trustee of Continent Aircraft Trust 1087, is the proper plaintiff in this case because the trustee of a trust is the real party in interest as a matter of law in Florida. <u>Second</u>, AGC's Second Amended Complaint with Jury Demand (Doc. 62, "Complaint") properly states claims for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment because the Complaint identifies the who, what, when, where, and how of the Defendant's fraudulent and negligent activities and puts the defendant on notice of its tortious conduct.  Therefore, Diamond Aircraft Industries, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 85, "Diamond's Motion") should be denied.

II.     <u>ARGUMENT</u>

A.      **AGC is the Proper Plaintiff**

The initial plaintiff in this case was Continent Aircraft Trust 1087, the trust that holds the aircraft at issue. In its Order Granting in Part Motion to Dismiss, dated May 23, 2013 (Doc. 39) ("Order"), the Court held AGC was the proper plaintiff in this case and granted leave to amend the complaint. The Court stated:

> Plaintiff is a trust company, whose sole beneficiary is Mr. Damgaard-Iversen. Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." It allows "a trustee of an express trust" to sue without joining the person for whose benefit the action is brought. Fed. R. Civ. P. 17(1)(E). Here, the Trust is the current owner of the aircraft.
>
> Florida Statute § 736.0816(23) vests the trustee of a trust with the authority to "[p]rosecute or defend, including appeals, an action, claim or judicial proceeding in any jurisdiction to protect trust

2

property or the trustee in the performance fo [sic] the trustee's duties." § 736.0816(23), Fla. Stat…

(Order, pp. 12-13.)  The Court already made it clear the appropriate plaintiff is the trustee, AGC. None of the arguments advanced by Diamond Aircraft Industries, Inc. ("Diamond Canada") change that previous determination.

### 1. Diamond Canada Previously Argued that AGC is the Proper Plaintiff

Diamond Canada previously argued that the trustee is the proper plaintiff in this lawsuit. (Defendant's Reply in Support of Its Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law, dated December 10, 2012 (Doc. 32) ("Reply")). Citing Florida statutes, Diamond Canada specifically stated Continent Aircraft Trust "is not a proper party to this action because it has no authority to sue or be sued. Section 736.0816(23)…vests the trustee of a trust with the authority to '[p]rosecute or defend, including appeals, an action, claim or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties.'" Fla. Stat. § 736.0816(23). (Reply at pp. 7-8.) Diamond Canada further stated, "Rule 17 does not cure this defect.  It permits, *inter alia*, 'the trustee of an express trust' to bring a lawsuit without joining the person whose benefit the action is brought. *See* Fed. R. Civ. P. 17(a)(1)(E)….This rule does not cure the defects here because, first, the 'trustee' has not brought this action; the trust has. And it is the trust that has no right to bring this lawsuit." (*Id*.)  Diamond Canada also argued that to make Mr. Damgaard-Iversen the plaintiff "would be futile." (*Id*., p. 8.)  It claimed that Mr. Damgaard-Iversen could not be a proper plaintiff because he had no right to sue under Fed. R. Civ. P. 17. (*Id*.)  Based on Diamond Canada's previous arguments and the Court's previous ruling, AGC is the proper plaintiff.

### 2.      Under Both Federal and Florida Law, AGC is the Proper Plaintiff

As Diamond Canada argued and this Court previously held, both Federal Rule of Civil Procedure 17 and Florida Statute § 736.0816(23) give a trustee the right to sue on behalf of a trust and a trust's beneficiary. According to the Supreme Court, "trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship." *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 462 (1980).  "The real party in interest requirement comes from the Federal Rules of Civil Procedure, which state that '[a]n action must be prosecuted in the name of the real party in interest.' [citing Fed. R. Civ. P. 17(a)(1).] In other words, the action must be brought by the person entitled under the governing substantive law to enforce the asserted right." *Whelan v. Abell,* 953 F.2d 663, 672 (D.C. Cir. 1992) (abrogated on other grounds) citing *District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co.*, 254 App. D.C. 374, 797 F.2d 1041, 1048 (D.C. Cir. 1986).

In *Navarro*, the Supreme Court noted that "[f]or more than 150 years, the law has permitted trustees…to sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id*. at 465-66. The Court held that when a trustee "[has] legal title, [manages] the assets, [and controls] the litigation" it is the "real [party] to the controversy." *Id*. at 465. The trustees in the *Navarro* case "operated under a declaration of trust that authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id*. at 464.  Although the shareholders who benefitted from the trust did have a limited right of intervention in the trustees' decisions, that "form of 'control' does not strip the trustees of the powers that make them real parties to the controversy for purposes of diversity jurisdiction." *Id*. at 465, n. 14. The Court reiterated that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain

customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464 (citing *Bullard v. Cisco*, 290 U.S. 179, 189 (1933)).

Because the Trust Agreement at issue in this case is a Wyoming trust, the Wyoming Uniform Trust Code governs the operation of the trust.[1] Wyo. Stat. § 4-10-107; Trust Agreement ("Trust"), attached as **Exhibit A**.  Under the Wyoming Uniform Trust Code, AGC must carry out all duties in good faith and for the sole benefit of the beneficiary. *Id*. at § 4-10-801 to -802. The Wyoming Uniform Trust Code grants AGC numerous powers, including the power to acquire or sell the property, borrow money for maintenance of the property, and lease the property (*Id*. at § 4-10-816), and *these powers cannot be limited, except by the trust agreement itself*. *Id*. at § 4-10-815 (emphasis added).

The Trust Agreement specifically provides that the "Trustee may conduct business, make and execute mortgages, leases, contracts and other instruments necessary to acquire, mortgage, lease, sell and transfer Trust Property or other property, *and sue and be sued*." **Exhibit A** at pp. 2-3 (emphasis added). Further, the Trust Agreement specifically provides that Mr. Damgaard-Iversen "will have no right or powers to direct, influence or control the Trustee in the performance of the Trustee's duties under [the] Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee," unlike the trust at issue in *U.S. Bank, infra*.  **Exhibit A** at p. 7.  Under *Navarro*, the purpose of the trust is irrelevant, as is the fact that the beneficiary may pay incidental costs for the upkeep of trust property. Accordingly, AGC is the real party in interest in this case.

---

[1] Florida law recognizes an out-of-state trust if it was validly created by the laws of that state. Fla. Stat. § 736.0403. In Wyoming, a trust is validly created when the owner of property transfers it to another party as trustee. Wyo. Stat. § 4-10-401. Florida law also recognizes that the law of the state designated in the trust governs the trust. Fla. Stat. § 736.0107.

The cases cited by Diamond Canada are distinguishable and not applicable to this case. In *U.S. Bank N.A. v. Coop. Dist. of Spanish Fort*, 2011 U.S. Dist. LEXIS 112026 (S.D. Ala. Sept. 29, 2011), the trustee at issue was not the proper plaintiff because several provisions in the trust agreement **forbade** the trustee from taking any action without first obtaining approval from the beneficiaries. *Id*. at *21.  Moreover, the trustee could not pursue any "remedies" for the trust property unless directed to do so by the beneficiaries. *Id*.  In *Bell v. HSBC Bank USA*, 2013 U.S. Dist. LEXIS 83094 at *3 (M.D. Ga. June 13, 2013), the court held that the trustee was not the real party in interest when the trustee provided no evidence of its control of trust assets or its responsibility as trustee.  Here, there is no evidence of any such limitations on AGC's powers. More importantly, the Complaint properly alleges AGC has the necessary power and authority to prosecute this action. (Complaint at ¶ 1.)

It is undisputed Mr. Damgaard-Iversen stands to benefit if this lawsuit is successful. He operates the aircraft and pays for its maintenance. In fact, any time a trustee wins a lawsuit, the trust and the trust's beneficiary, stand to gain. But these facts do not preclude AGC from being the real party in interest. The standard, as stated above, is that a trustee is a real party in interest when it holds legal title to the trust property, controls the litigation, and is able to manage the asset. *Navarro*, 446 U.S. at 465. The Trust provides all of these rights to AGC.  Therefore, it is the real party in interest.  Because AGC is the real party in interest and it is a Wyoming corporation suing Canadian, Austrian, and Delaware defendants, diversity jurisdiction under 28 U.S.C § 1332 applies. (Complaint at ¶ 5.)

**B.      Plaintiff's Complaint Meets the Particularity Requirements of Rule 9(b)**

The Complaint specifically identifies the factual information required to meet the Fed. R. Civ. P. 9(b) standard to state claims for fraud and misrepresentation.  In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the heightened pleading requirements under Fed. R.

Civ. P. 9(b) "must be read in harmony" with Fed. R. Civ. P. 8, which only requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S 662, 663 (2009).

One of the issues in this case, as explained in the Complaint, is that Diamond USA, Diamond Canada, and Diamond Aircraft Industries, GmbH ("Diamond Austria") perpetrated a fraud by concealing information about the viability of the TAE life extension warranty. No one would have purchased a DA-42 with TAE engines without the warranty. (Complaint at ¶ 62.) Plaintiff alleges Christian Dries acted on behalf of all three defendants and, during the relevant time period, was CEO of all three defendants. (*Id.* at ¶ 7.) Peter Maurer, another key actor in perpetrating the fraud, was President of both Diamond USA and Diamond Canada. All three defendants committed fraudulent action through Mr. Dries and Mr. Maurer (and others). (*Id.* at ¶ 21.) Furthermore, Diamond Austria used Diamond USA and Diamond Canada to perpetrate fraudulent activities related to the warranty because it used them to market and sell DA-42s in the United States. (*Id.* at ¶ 9.)

Specifically, Mr. Maurer knew TAE was unable to honor the engine warranty and he communicated that to Michael Goldschmidt, the president of Diamond Austria. (*Id.* at 34-35.) Thus, all three Diamond defendants knew the life extension program was a sham. AGC also alleges all three Diamond defendants participated in marketing efforts intended to induce the purchase of a DA-42. (*Id.* at 12-14; 20; 27.) Finally, AGC details the specific representations made by the Diamond defendants through their agent, Premier Aircraft Sales, Inc. (*Id.* at 81-94.) Had all three Diamond defendants not worked in concert to conceal material facts about the TAE life extension warranty, the DA-42 would not have been purchased. (*Id.* at ¶ 80.)

7

Based on these detailed allegations, Diamond Canada is on notice of the who (Maurer, Dries, Premier), what (representations about TAE and the life extension warranty), when (during the sales process in 2007), where (Florida and over the telephone), and how (concealing Diamond Canada's specific knowledge that TAE was unable to honor the warranty). Consequently, Diamond Canada has sufficient factual information to respond to the Complaint and defend itself in this case. *See, United States v. Aegis Theraphies, Inc*., 2013 U.S. Dist. LEXIS 154899 (S.D. Ga. Oct. 29, 2013) ("A complaint alleging fraud must provide the defendant with 'enough information to formulate a defense to the charges.'" (citation omitted)).

Because discovery in this case is still ongoing, it is possible AGC may discover further evidence of the fraudulent activities perpetrated by Diamond Canada and its co-defendants. "[W]hile mere conclusory allegations of fraud will not satisfy Rule 9(b), allegations which provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud are sufficient." *In re Sahlen & Assocs*., Inc. 773 F. Supp. 342, 352 (S.D. Fla. 1991). "[T]he degree of specificity required by Rule 9(b) may vary according to the background of the parties and the information available to them at the time of pleading." *Id*.  Mr. Maurer's 2007 e-mail to the president of Diamond Austria shows that all three defendants knew or should have known TAE's life extension warranty was worthless.  (Complaint at ¶ 34.)  Moreover, Diamond Canada did not disclose this information about TAE's inability to support the warranty before the purchase of the DA-42. (Complaint at ¶ 36.)  Plaintiff gained access to this information only after it was allowed to conduct discovery.  Accordingly, it would be substantially unfair to require Plaintiff to provide more detail than it already has since it is evident Diamond Canada possesses information about its fraudulent acts that Plaintiff could not reasonably access.

The cases cited by Diamond Canada actually show Plaintiff's allegations in the Complaint meet the required elements of Rule 9(b). Importantly, Rule 9(b) does not require Plaintiff to plead every element of the fraud claim with particularity. *See, Brightstar Corp. v. WSA Distrib.*, 2010 U.S. Dist. LEXIS 25759 (S.D. Fla. Mar. 17, 2010). The particularity requirement applies only to the circumstances constituting fraud. *Id*. citing Fed. R. Civ. P. 9(b).

In *Aegis*, the court held that the government, in a false claims act case, did not allege the "how, when, and where [two of the defendants] were involved in the alleged fraudulent activity, who at the companies was involved, and what statements were made." 2013 U.S. Dist. LEXIS 154899 at *10. And, the Government did not allege any "facts showing that Defendants' separate personalities exist under a common unit of ownership, and there are no facts showing why an inequitable result would flow from treating them as distinct." *Id*. at *12-13. Similarly, in *Behrman v. Allstate Life Ins. Co*., the plaintiff never identified "the particular statements or omissions that are alleged to be fraudulent, nor has he specified the documents or oral representations in which such statements or omissions were allegedly made." 2005 U.S. Dist. LEXIS 7262 (S.D. Fla. Mar. 23, 2005).

Contrary to the complaints in *Aegis* and *Behrman*, AGC alleged the specific "who, what, where, where, and how" of the negligent and fraudulent acts and omissions by Diamond Canada through its officers, agents, and/or employees. AGC also alleged all three Diamond defendants were under the control of Diamond Austria and there was identity of ownership and management by Mr. Dries. AGC specifically identified the TAE warranty and the failure by Mr. Maurer and Premier to disclose TAE's inability to honor the warranty. As described in detail above and in the Complaint, these allegations give Diamond Canada specific notice of the fraudulent acts and

omissions it committed.  Therefore, AGC's Complaint properly states its fraud and misrepresentation claims as required under Fed. R. Civ. P. 9(b).

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Diamond Canada's Motion to Dismiss.

Respectfully submitted,

/s/Juan Martinez
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

Michael A. Grim (*admitted pro hac vice*)     V. Brandon McGrath (*admitted pro hac vice*)
BINGHAM GREENEBAUM DOLL LLP     BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower     255 East Fifth Street, Suite 2350
101 S. Fifth Street     First Financial Center
Louisville, Kentucky 40202     Cincinnati, Ohio 45202
Telephone: 502.587.3696     Telephone: 513.455.7641
Facsimile:  502.587.2235     Facsimile:  513.762.7941
E-mail: mgrim@bgdlegal.com     E-mail: bmcgrath@bgdlegal.com

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on March 3, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

                                 Respectfully submitted,

                          /s/Juan Martinez
                          Juan Martinez (FBN 9024)
                          GRAYROBINSON P.A.
                          1221 Brickell Avenue, Suite 1600
                          Miami, Florida 33131-0014
                          Telephone: 305-416-6880
                          Facsimile: 305-416-6887
                          E-mail: juan.martinez@gray-robinson.com
                          COUNSEL FOR PLAINTIFF

<u>**SERVICE LIST**</u>

**Continent Aircraft Trust 1087**
**vs.**
**Diamond Aircraft Industries, Inc.**
**Case No. 0:11-cv-61663 (MORENO)**
**United States District Court, Southern District of Florida**

Carl R. Nelson
cnelson@fowlerwhite.com
Ashley Bruce Trehan
ashley.trehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: 813-228-7411
Fax:    813-229-8313
Attorneys for Defendants Diamond Aircraft Industries, Inc. & Diamond Aircraft Sales USA, Inc.

[Service by Notice of Electronic Filing generated by CM/ECF]

15188284_2.docx

1