# CONTINENT AIRCRAFT TRUST NO. 1087

### DECLARATION OF TRUST

**Between**

**Aircraft Guaranty Title, LLC**
**as TRUSTEE**

**and**

**Aircraft Guaranty Financial Corporation**
**as SETTLOR**

Copyright Notice

The format and content of the material contained herein is the proprietary information of Aircraft Guaranty Holdings LLC, and cannot be copied, reproduced, transmitted or communicated in any medium nor may any information contained hereon be faxed or transmitted over the Internet or other electronic media without the express prior written consent of Aircraft Guaranty Holdings, LLC.

EXHIBIT "A"

TABLE OF CONTENTS

Page

DEFINITIONS..................................................................................................................................1
    1.1     Defined Terms ..........................................................................................1
    1.2     Singular to Include Plural ........................................................................2

ESTABLISHMENT OF TRUST......................................................................................2
    2.1     Appointment of the Trustee ...................................................................2
    2.2     Declaration of Trust ...............................................................................2
    2.3     Representations and Warranties of the Settlor and Subsequent Transferor............2
    2.4     Activities .................................................................................................2
    2.5     Office ......................................................................................................2
    2.6     Name .......................................................................................................2

TRUST CERTIFICATES AND TRANSFER OF INTEREST .......................................3
    3.1     Issuance of Trust Certificate ..................................................................3
    3.2     Registration and Transfer of Certificates ..............................................3
    3.3     Lost, Stolen, Mutilated or Destroyed Certificates................................3
    3.4     Limitations on Transfer of Trust Certificate .........................................4
    3.5     Assignment of Right to Distributions ....................................................4

CONCERNING THE BENEFICIARY .............................................................................4
    4.1     Restrictions on Beneficiary's Actions ...................................................4
    4.2     Other Expenses Liabilities of the Trust .................................................4

CONCERNING THE TRUSTEE.......................................................................................5
    5.1     Status. .....................................................................................................5
    5.2     Acceptance of Trustee and Duties .........................................................5
    5.3     Furnishing of Documents.......................................................................5
    5.4     Reliance; Advice of Counsel .................................................................5
    5.5     Not Acting in Individual Capacity .........................................................6

AUTHORITY AND DUTIES OF THE TRUSTEE .........................................................6
    6.1     General Authority ...................................................................................6
    6.2     Specific Authority ..................................................................................6
    6.3     Trustee Duties ........................................................................................6
    6.4     Limitations on Trustee's Authority .......................................................7
    6.5     Accounting and Reports to the Beneficiary and Others..........................7
    6.6     Signature of Returns ..............................................................................7
    6.7     Notice to Beneficiary .............................................................................7
    6.8     No Duties Except as Specified in This Agreement or in Instructions......................8

6.9    No Action Except Under Specified Documents or Instructions ..............................8


COMPENSATION OF TRUSTEE ...........................................................................8
7.1    Trustee's Fees and Expenses ...........................................................8
7.2    Lien on Trust Property ....................................................................8
7.3    Payments to the Trustee ..................................................................8

INVESTMENT AND APPLICATION OF TRUST FUNDS ..................................8
8.1    Investment of Trust Funds ..............................................................8
8.2    Allocations and Distributions .........................................................9
8.3    Method of Payment ........................................................................9

TERMINATION OF TRUST ...............................................................................10
9.1    Termination of Trust .....................................................................10
9.2    No Termination by Settlor or Beneficiary....................................10
9.3    Exercise of Trust Powers After Termination. ..............................10

SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES ...........................10
10.1    Resignation of Trustee; Appointment of Successor.....................10
10.2    Appointment of Additional Trustees ...........................................11

MISCELLANEOUS ............................................................................................11
11.1    Supplements and Amendments.....................................................11
11.2    Legal Title to Trust Property in Trustee. .....................................11
11.3    Contracts Made by Trustee. ..........................................................11
11.4    Limitations on Rights of Others....................................................12
11.5    Notices ...........................................................................................12
11.6    Severability ...................................................................................12
11.7    Separate Counterparts ...................................................................12
11.8    Successors and Assigns..................................................................12
11.9    Headings ........................................................................................12
11.10   Not Influenced by Beneficiaries who are not U.S. Citizens or Resident Aliens....12
11.11   Governing Law ..............................................................................12

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

**DECLARATION OF TRUST** ("Agreement") dated July 01, 2007, between Aircraft Guaranty Financial Corporation, a Nevada Corporation, as Settlor, and Aircraft Guaranty Title, LLC,  a Nevada limited liability company, as Trustee.

## ARTICLE I
## DEFINITIONS

**1.1**   **Defined Terms.** For all purposes of this Agreement, the capitalized terms are defined as follows:

"*Aircraft*" means those certain airplanes or helicopters, including engines and parts, for which the Trustee holds title for the benefit of Beneficiary, and which shall constitute the Trust Property.

"*Agreement*" means this Declaration of Trust, as it may be amended from time to time.

"*Authorized Officer*" means any officer of the Trustee who is authorized to act for the Trustee in matters relating to, and binding upon, the Trust and whose name appears on a list of such authorized officers furnished by the Trustee as such list may be amended or supplemented from time to time.

"*Beneficiary*" or "*Beneficiaries*" each means the singular or plural, and each means the Settlor and each of the successors in interest as beneficiaries of the Trust pursuant to Article III.

"*Business Day*" means any day that is not a Saturday, Sunday or any other day on which commercial banking institutions in the Cayman Islands are authorized or obligated by law or executive order to be closed.

"*Distribution Date*" means the first Business Day following a day on which the Trustee receives funds unless the date is changed by written consent of Beneficiary.

"*Distribution Date Statement*" means the statement described as such in Section 8.2(c) hereof.

"*FAA*" means the United States Department of Transportation, Federal Aviation Administration.

"*Fiscal Year*" means the calendar year from each January 1 to the following December 31.

"*Ownership Percentage*" or "*Ownership Interest*" with respect to a Beneficiary means the proportion (expressed as a percentage) of the beneficial Ownership Interest in the Trust Property held by such Beneficiary.

"*Periodic Filings*" means any filings or submissions that the Trust is required to make with any regulatory agency.

"*Settlor*" or "*Grantor*"  means Aircraft Guaranty Financial Corporation, and any successor in interest.

"*Transfer*" means the sale, transfer or other assignment of all of a Beneficiary's right, title and interest in all or a portion of such Beneficiary's beneficial interest in the Trust.

"*Trust*" means the trust established by this Agreement.

"*Trust Certificate*" means a certificate evidencing the Ownership Interest of a Beneficiary in defined Trust Property in substantially the form attached hereto as Exhibit 1 or Exhibit 1A.

"*Trust Property*" means all right, title and interest in any property contributed to the Trust or otherwise acquired by the Trust, including without limitation all distributions, payments or proceeds thereon. The Trust Property, principally, shall be certain Aircraft.

"*Trust Property Related Agreement*" means any instrument or agreement signed by the Trustee affecting Trust Property, including, but not limited to, any lease or any operating agreement, and any financing agreements or insurance agreements.

"*Trustee*" means Aircraft Guaranty Title, LLC, a Nevada limited liability company,  not in its individual capacity but solely as trustee under this Agreement, and any successor trustee.

**1.2     Singular to Include Plural.**  Unless another meaning is clearly indicated or required by context or circumstances, either singular or plural words shall include the other.

## ARTICLE II
## ESTABLISHMENT OF TRUST

**2.1     Appointment of the Trustee.**  The Settlor appoints the Trustee as trustee of the Trust, to have all the rights, powers and duties set forth herein.  The Trustee acknowledges receipt in trust from the Settlor the sum of one hundred dollars, constituting the initial Trust Property.  The Settlor shall cause title to the Aircraft to be transferred to Trustee by an FAA Bill of Sale.

**2.2     Declaration of Trust.**  The Trustee accepts the Trust Property and declares that it will hold the Trust Property in trust subject to the conditions provided in this Agreement for the use and benefit of the Beneficiary.  It is the intention of the parties that the Trust constitute a trust under the statutes and common law of and as applied in the Cayman Islands, British West Indies.

**2.3     Representations and Warranties of the Settlor and Subsequent Transferor.**  The Settlor, and any persons transferring property to the Trust, represents and warrants to the Trustee that upon the receipt of the Trust Property by the Trustee, the Trustee will have good title to the Trust Property free and clear of any lien, except those expressly disclosed to the Trustee.

**2.4     Activities.**   The Trust may engage in the following activities:  (i) the ownership, management, registration and leasing of Trust Property, (ii) activities which are necessary, suitable or convenient to accomplish the foregoing, and (iii) such other activities as may be required in connection with conserving the Trust Property and making distributions to the Beneficiaries.

**2.5     Office.**  The business office of the Trust shall be in the name of the Trustee, addressed to Aircraft Guaranty Title, LLC, 515 N. Sam Houston Parkway East, Suite 305, Houston, Texas 77060, or at such other address as the Trustee may designate by notice to the Beneficiaries.

**2.6     Name.**  The Trust Agreement created hereby shall be know as Continent Aircraft Trust No. 1087, in which name the Trustee may conduct business, make and execute mortgages, leases,

contracts and other instruments necessary to acquire, mortgage, lease, sell and transfer Trust Property or other property, and sue and be sued.

## ARTICLE III
## TRUST CERTIFICATES AND TRANSFER OF INTEREST

### 3.1    Issuance of Trust Certificate.

(a)    As of the date hereof, the Trustee has issued and delivered to the Beneficiary a Trust Certificate in the name of the Beneficiary evidencing a one hundred percent Ownership Percentage in the Trust.

(b)    Each Trust Certificate shall be executed by manual signature on behalf of the Trustee by one of its Authorized Officers.

### 3.2    Registration and Transfer of Certificates.

(a)    The Trustee shall maintain at its office, or at the office of any agent appointed by it and approved in writing by the Beneficiary at the time of such appointment, a record for the registration of issued Trust Certificates and the Transfer of Trust Certificates.  Only persons listed as Beneficiaries on the registration record shall be entitled to the rights as Beneficiaries.

(b)    The registered owner of any Trust Certificate as recorded in the register of Trust Certificates may Transfer all or any portion of the beneficial interest in the Trust Property evidenced by such Trust Certificate upon surrender thereof to the Trustee accompanied by the documents required by Section 3.4 hereof.   Such Transfer may be made by the registered owner in person or by an attorney-in-fact duly authorized in writing upon surrender of the Trust Certificate to the Trustee accompanied by a written instrument of Transfer and with such signature guarantees and evidence of authority of the persons signing the instrument of Transfer as the Trustee may reasonably require. Promptly upon the receipt of such documents and receipt by the Trustee of the transferor's Trust Certificate, the Trustee shall record the name of such transferee as a Beneficiary and its Ownership Percentage in the Trust Certificate register and issue, execute and deliver to such Beneficiary or Beneficiaries a Trust Certificate evidencing such Ownership Percentage in the Trust Property.  In the event a transferor transfers only a portion of its beneficial interest in the Trust Property, the Trustee shall register and issue, to such transferor a new Trust Certificate evidencing such transferor's new Ownership Percentage in the Trust Property.  Subsequent to a Transfer and upon the issuance of the new Trust Certificate or Trust Certificates, the Trustee shall cancel and destroy the Trust Certificate surrendered to it in connection with such Transfer.  The Trustee shall consider the person in whose name any Trust Certificate is registered on the official record as the sole Beneficiary of the beneficial interest in the Trust Property evidenced by such Trust Certificate.

(c)    As a condition precedent to any registration of Transfer, the Trustee may require the payment of a sum sufficient to cover the payment of any fees or other charges required to be paid in connection with such Transfer.

### 3.3    Lost, Stolen, Mutilated or Destroyed Certificates.  If (i) any mutilated Trust Certificate is surrendered to the Trustee, or (ii) the Trustee receives evidence to its satisfaction that any Trust Certificate has been destroyed, lost or stolen, and upon proof of ownership satisfactory to the Trustee

together with such security or indemnity as may be requested by the Trustee to save it harmless, the Trustee shall execute and deliver a new Trust Certificate for the same Ownership
Percentage as the Trust Certificate so mutilated, destroyed, lost or stolen, of like tenor and bearing a different issue number, with such notations, if any, as the Trustee shall determine.

     **3.4**    **Limitations on Transfer of Trust Certificate.**  No Transfer of a beneficial interest in the Trust shall be made to any person unless such person delivers to the Trustee an Accession Agreement substantially in the form of Exhibit 2 attached and incorporated herein by reference.

     **3.5**    **Assignment of Right to Distributions.**  A Beneficiary may assign all or any part of its right to receive distributions, but such assignment (in the absence of a permitted Transfer) shall cause no change in the ownership of the Trust or the Trust Property.

**ARTICLE IV**
**CONCERNING THE BENEFICIARY**

     **4.1**    **Restrictions on Beneficiary's Actions.**  Each Beneficiary shall comply with the applicable provisions of the laws and this Agreement in the manner necessary to effect the intention of the parties that legal title to Trust Property shall rest with the Trustee and that beneficial and equitable title shall rest in the Beneficiary according to the Ownership Percentage.  Beneficiary shall enjoy all the benefits and attributes of beneficial ownership of Trust Property.

     **4.2**    **Other Expenses, Liabilities of the Trust.**  The Beneficiary shall be liable for obligations related to the Trust Property; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable solely for the Trust Property in which the statement delivered by the Trustee to the effect that amounts necessary to pay expenses or to such expenses and such Beneficiary's allocable share of such expenses, each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.  The Beneficiary shall be liable for all obligations incurred by the Trustee in the performance of his duties hereunder, including, but not limited to, the payment of all fees and expenses incurred by the Trustee in the performance of his duties hereunder: provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable solely for its allocable share of such expenses, and each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

## ARTICLE V
## CONCERNING THE TRUSTEE

**5.1     Status.**  Trustee represents and warrants that it is a citizen of the United States of America

**5.2     Acceptance of Trustee and Duties.**  The Trustee accepts the trust created and accepts legal title as Trustee to the Trust Property.  The Trustee agrees to perform its duties upon the terms of this Agreement.  The Trustee shall not be personally liable under any circumstances, except (i) for its own willful misconduct or gross negligence, (ii) for liabilities arising from the failure by the Trustee to perform obligations expressly undertaken by it in the last sentence of Section 6.7, or (iii) for taxes, fees or other charges on, based on or measured by any fees, commissions or compensation received by the Trustee in connection with any of the transactions contemplated by this Agreement or a Trust Property Related Agreement.  In particular, but not by way of limitation:

(a)     The Trustee shall not be liable for any error of judgment made in good faith by an Authorized Officer of the Trustee;

(b)     The Trustee shall not be liable with respect to any action taken or omitted to be taken by the Trustee in good faith in accordance with the instructions of the persons holding all of the beneficial Ownership Interest.

(c)     No provision of this Agreement shall require the Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of any of its rights or powers hereunder, if the Trustee shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(d)     Under no circumstances shall the Trustee be personally liable for any indebtedness of the Trust under any Trust Property Related Agreement; and

(e)     The Trustee shall not be personally responsible for or in respect of the validity or sufficiency of this Agreement or for the due execution hereof by the Settlor, or for the form, character, genuineness, sufficiency, value or validity of any collateral, or for or in respect of the validity or sufficiency of a Trust Property Related Agreement.

**5.3     Furnishing of Documents.**  The Trustee shall send to the Beneficiary, promptly upon receipt thereof, duplicates or copies of all material reports, notices, requests, demands, certificates, financial statements and any other instruments received by the Trustee hereunder (other than documents originated by or otherwise furnished to the Beneficiary).

**5.4     Reliance; Advice of Counsel.**

(a)     The Trustee shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine or believed by it to be signed by the proper party or parties.  The Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect.  As to any fact or matter the manner of ascertainment of which is not

specifically prescribed herein, the Trustee may for all purposes hereof rely on a certificate, signed by the president or any vice president or by the treasurer or any assistant treasurer or the secretary or any assistant secretary of the relevant party, as to such fact or matter, and such certificate shall constitute full protection to the Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(b)       In the exercise or administration of the Trust hereunder and in the performance of its duties and obligations under any of the Trust Property Related Agreement, the Trustee (i) may act directly or, at the expense of the Trust, through agents or attorneys pursuant to agreements entered into with any of them, and the Trustee shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Trustee with reasonable care; and (ii) may, at the expense of the Trust, consult with counsel, accountants and other skilled persons to be selected with reasonable care and employed by it, and the Trustee shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons.

5.5       **Not Acting in Individual Capacity.**  In accepting the trusts hereby created the Trustee acts solely as a Trustee and not in its individual capacity, and all persons having any claim against the Trustee by reason of the transactions contemplated by this Agreement or any Trust Property Related Agreement shall look only to the Trust Property for payment or satisfaction.

## ARTICLE VI
## AUTHORITY AND DUTIES OF THE TRUSTEE

6.1       **General Authority.**  The Trustee is authorized to take all actions required or permitted to be taken by it pursuant to the terms of this Agreement and any Trust Property Related Agreement.

6.2       **Specific Authority.**  The Trustee is hereby authorized and directed to take the following action:

(a)       Hold legal title to all Trust Property;

(b)       Take all actions which the Trustee deems necessary or advisable to register any  Aircraft which comprises a portion of the Trust Property with the United States Federal Aviation Administration and to insure that such Aircraft maintains its registration and complies with related regulations and requirements.

(c)       Collect and dispense funds as described in this Agreement and any Trust Property Related Agreement.

(d)       Take all actions that the Trustee deems necessary or advisable to register any Aircraft that comprises a portion of the Trust Property witht the United States Federal Aviation Administration and to insure that such Aircraft maintains its registration and complies with related regulation and requirements.

6.3       **Trustee Duties.**  It shall be the duty of the Trustee to discharge all of its responsibilities pursuant to the terms of this Agreement and to administer the Trust for the interest of the Beneficiary. Trustee shall have the right to grant to the Beneficiary the independent power to manage, control and

maintain the Trust Property in all things except those matters subject to the exclusive authority of the Trustee referred to in Sections 6.1 and 6.2.

**6.4    Limitations on Trustee Authority:**

(a)    Subject to paragraph (b) of this Section 6.4, the Beneficiary will have no rights or powers to direct, influence or control the Trustee in the performance of the Trustee's duties under this Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee. In all matters involving the ownership and operation of the Aircraft by the Trustee, the Trustee shall have absolute and complete discretion in connection therewith and shall be free of any kind of influence or control whatsoever by the Beneficiary, and the Trustee shall exercise its duties under this Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee as it, in it's discretion, shall deem necessary to protect the interests of the United States, notwithstanding any countervailing interest of any foreign power which, or whose citizens, may have a direct or indirect interest in the Beneficiary and any such action by the Trustee shall not be considered malfeasance or in breach of any obligation which the Trustee might otherwise have to the Beneficiary; provided, however, that subject to the foregoing limitations, the Trustee shall exercise its discretion in all matters involving the ownership and operation of the Aircraft by the Trustee with due regard for the interest of the Beneficiary.

(b)    Subject to the requirements of the preceding paragraph (a), the Trustee agrees that it will not, without the prior written consent of the Beneficiary, (i)sell, mortgage, pledge or otherwise dispose of the Aircraft or other assets held in the Trust relating thereto except as otherwise expressly provided in this Agreement, or (ii) amend any Lease or other Operating Agreement or give any consents.

**6.5    Accounting and Reports to the Beneficiary and Others.** The Trustee shall (i) maintain or cause to be maintained the financial books of the Trust relating to the receipt and disbursement of all funds, and (ii) deliver to each Beneficiary within 90 days of the end of each Fiscal Year, or more often, as may be required by the law, a copy of the annual financial statement of the Trust for such Fiscal Year and a statement in such form and containing such information as may be required, as is necessary and appropriate to enable each Beneficiary to prepare its tax returns.

**6.6    Signature of Returns.** The Trustee shall sign on behalf of the Trust any tax returns, annual return, and other Periodic Filings of the Trust, unless applicable law requires a Settlor or Beneficiary to sign such documents, in which case, the designated person shall sign such document.

**6.7    Notice to Beneficiary.** In the event that the Trustee is unable to decide between alternative courses of action, or is unsure as to the application of any provision of this Agreement or any Trust Property Related Agreement, or such provision is ambiguous as to its application, or is, or appears to be, in conflict with any other applicable provision, or in the event that this Agreement or any Trust Property Related Agreement permits any determination by the Trustee or is silent or is incomplete as to the course of action which the Trustee is required to take with respect to a particular set of facts, the Trustee may give notice (in such form as shall be appropriate under the circumstances) to the Beneficiary requesting instructions and, to the extent that the Trustee shall have acted or refrained from acting in good faith in accordance with any instructions received from the holder of all of the beneficial Ownership Interest, the Trustee shall not be liable on account of such action or inaction to any person. If the Trustee shall not have received appropriate instructions within ten days of such notice (or within such shorter period of time as may be specified in such notice) the Trustee may, but shall be under no

duty to, take or refrain from taking such action, not inconsistent with this Agreement or the Trust Property Related Agreement, as the Trustee shall deem to be in the best interests of the Beneficiary, and the Trustee shall have no liability to any person for such action or inaction.

**6.8    No Duties Except as Specified in This Agreement or in Instructions.** The Trustee shall not have any duty or obligation to manage, make any payment in respect of, record or otherwise deal with the Trust Property, or to otherwise take or refrain from taking any action under, or in connection with, any document contemplated hereby to which the Trustee is a party, except as expressly provided by the terms of this Agreement and no implied duties or obligations shall be read into this Agreement against the Trustee. The Trustee nevertheless agrees that it will, at its own cost and expense, promptly take all action as may be necessary to discharge any liens on any part of the Trust Property which result from claims against the Trustee personally that are not related to the ownership or the administration of the Trust Property or the transactions contemplated by the Trust Property Related Agreement.

**6.9    No Action Except Under Specified Documents or Instructions.** The Trustee shall not manage, control, use, sell, dispose of or otherwise deal with any part of the Trust Property except (i) in accordance with the powers granted to and the authority conferred upon the Trustee pursuant to this Agreement, and (ii) in accordance with instructions delivered to the Trustee pursuant to Section 6.7 hereof.

**ARTICLE VII**
**COMPENSATION OF TRUSTEE**

**7.1    Trustee's Fees and Expenses.** The Trustee shall receive compensation for its services as set forth on the fee schedule attached as Exhibit 3. The Trustee shall be entitled to be reimbursed for its reasonable expenses, including, without limitation, the reasonable compensation, expenses and disbursements of such agents, representatives, experts and counsel as the Trustee may employ in connection with the exercise and performance of its rights and duties under this Agreement and Trust Property Related Agreement.

**7.2    Lien on Trust Property.** The Trustee shall have a lien on the Trust Property, and the Trust Certificate and the represented Ownership Interest, for any compensation or expenses and indemnity due, and this lien shall be prior to all other liens.

**7.3    Payments to the Trustee.** Any amounts paid to the Trustee from the Trust Property shall be deemed not to be part of the Trust Property immediately after such payment.

**ARTICLE VIII**
**INVESTMENT AND APPLICATION OF TRUST FUNDS**

**8.1    Investment of Trust Funds.** Income with respect to and proceeds of the Trust Property which are received by the Trustee more than one day prior to a Distribution Date shall be invested and reinvested by the Trustee. All such investments shall have a maturity date no later than the Business Day preceding the next Distribution Date unless they are redeemable at the option of the Trustee prior to maturity. Interest earned from such investment and reinvestment shall be credited to the Trust Property.

**8.2    Allocations and Distributions.**

(a)    Income with respect to and proceeds of Trust Property held by the Trustee on a Distribution Date shall be distributed by the Trustee on such Distribution Date in the following order:

> (i)    first, pay any amounts due to the Trustee under this Agreement;
>
> (ii)    second, to pay any amounts then due to any person under any Trust Property Related Agreement; and
>
> (iii)    third, to pay any other expenses associated with the Trust Property.

(b)    Income and proceeds with respect to the Trust Property held by the Trustee on a Distribution Date after the application of funds pursuant to Section 8.2(a) shall be distributed on such Distribution Date to the Beneficiaries holding beneficial Ownership Interest in the Trust Property, in proportion to their respective Ownership Percentages, determined as of the close of business on the Business Day immediately preceding such Distribution Date, and adjusted to take into consideration the duration that the Beneficiary has held the Ownership Percentage.  All payments to be made under this Agreement by the Trustee shall be made only from the income and proceeds of the Trust Property and only to the extent that the Trustee has received such income and proceeds.

(c)    With each distribution to a Beneficiary pursuant to Section 8.2(b) above, the Trustee shall deliver a Distribution Date Statement setting forth, for the period since the preceding Distribution Date:

> (i)    income and proceeds received by the Trustee with respect to the Trust Property;
>
> (ii)    amounts paid to the Trustee;
>
> (iii)    amounts paid to any person pursuant to a Trust Property Related Agreement; and
>
> (iv)    amounts paid for other expenses associated with the Trust Property.

(d)    Each net item of income, gain, loss, deduction, credit or allowance for any fiscal year, or applicable portion thereof, shall be allocated to the Beneficiary in the ratio of its Ownership Percentage in the Trust.  In the event that any tax is imposed on the Trust, such tax shall be charged against amounts otherwise distributable to the Beneficiaries on a pro rata basis according to the Ownership Percentage.  The Trustee is hereby authorized to retain from amounts otherwise distributable to the Beneficiaries sufficient funds to pay or provide for the payment of, and to actually pay, such tax as is legally owed by the Trust (but such authorization shall not prevent the Trustee from contesting any such tax in appropriate proceedings, and withholding payment of such tax, if permitted by law, pending the outcome of such proceedings).

**8.3    Method of Payment.**  All amounts payable to a Beneficiary pursuant to this Agreement shall be paid by the Trustee to such Beneficiary or a nominee therefor by check payable to such Beneficiary, mailed first class to the address of such Beneficiary appearing on the register maintained pursuant to Section 3.2, or by crediting the amount to be distributed to such Beneficiary to an account maintained by such Beneficiary with the Trustee or by transferring such amount by wire transfer in

© Aircraft Guaranty Holdings LLC *515 North Sam Houston Parkway East, Ste.305 *Houston, Texas 77060 – +1-281-445-7594

immediately available funds to a banking institution with bank wire transfer facilities for the account of such Beneficiary, as instructed in writing from time to time by such Beneficiary.  The Trustee may require a Beneficiary to pay any wire transfer fees incurred in connection with any wire transfer made to such Beneficiary.

## ARTICLE IX
## TERMINATION OF TRUST

**9.1    Termination of Trust.**  The Trust created hereby shall terminate and the Trust Property shall be distributed to the Beneficiary in accordance with their respective Ownership Percentages, and this Agreement shall be of no further force or effect, upon the earliest of (i) the final distribution by the Trustee of all moneys or other property or proceeds of the Trust Property in accordance with the terms of this Agreement and the Trust Property Related Agreement, (ii) 15 years after the date of this Agreement, (iii) a decision by the Trustee that termination of the Trust will be in the best interests of the Beneficiary, or (iv) the removal or resignation of the Trustee without the appointment of a successor Trustee.

**9.2    No Termination by Settlor or Beneficiary:**  Except as provided in Section 9.1, neither the Settlor nor the Beneficiary shall be entitled to terminate or revoke, the Trust established hereunder.

**9.3    Exercise of Trust Powers After Termination.**  After termination of the Trust as provided in Section 9.1, Trustee shall have no authority or power to act on behalf of the Trust.

## ARTICLE X
## SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES

**10.1   Resignation of Trustee; Appointment of Successor.**

(a)    The Trustee may resign at any time by giving at least 60 days' prior written notice to the Beneficiary, such resignation to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) below. In addition, the Beneficiary holding one hundred percent of the Ownership Percentage, at any time, may remove the Trustee, for cause only, by an instrument in writing delivered to the Trustee, such removal to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) and 10.1(c), below.  In case of the resignation or removal of the Trustee, the Beneficiary may appoint a successor Trustee by an instrument signed by the holder of one hundred percent of the Ownership Percentage.  If a successor Trustee shall not have been appointed within 30 days after the giving of written notice of such resignation or the delivery of the written instrument with respect to such removal, the Trustee or the Beneficiary may apply to any court of competent jurisdiction to appoint a successor Trustee to act until such time, if any, as a successor Trustee shall have been appointed as provided above.  Any successor Trustee so appointed by such court shall immediately and without further act be superseded by any successor Trustee appointed as above provided within one year from the date of the appointment by such court.

(b)    Any successor Trustee, however appointed, shall execute and deliver to the predecessor Trustee an instrument accepting such appointment, and thereupon such successor Trustee, without further act, shall become vested with all the estates, properties, rights, powers, duties and trust of the predecessor Trustee in the Trust with like effect as if originally named the Trustee; but nevertheless, upon the written request of such successor Trustee, such predecessor Trustee shall execute and deliver an instrument transferring to such successor Trustee all the estates, properties, rights, powers, duties and

trusts of such predecessor Trustee, and such predecessor Trustee shall duly assign, transfer, deliver and pay over to such successor Trustee all moneys or other property then held or subsequently received by such predecessor Trustee upon the Trust.

(c)     If the successor Trustee is not a United States citizen, then the successor Trustee shall take appropriate action to change the registration of title to Aircraft included as Trust Property to the country in which the successor Trustee qualifies for registration.  For purposes of this Agreement, United States citizen means (i) an individual who is a citizen of the United States, (ii) a partnership of which each member is such an individual, or (iii) a corporation or association created or organized under the laws of the United States or of any state, territory, or possession of the United States, of which the president and two-thirds or more of the board of directors and other managing officers thereof are such individuals and in which at least seventy-five percent (75%) of the voting interest is owned or controlled by persons who are citizens of the United States or of one of its possessions.

(d)     Any corporation into which the Trustee may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which the Trustee shall be a party, or any corporation to which substantially all of the corporate trust business of the Trustee may be transferred, shall, subject to the terms of Section 10.1(c), be the Trustee under this Agreement without further act.

**10.2     Appointment of Additional Trustees.**  At any time or times for the purpose of meeting any legal requirements of any jurisdiction in which any part of the Trust Property may at the time be located, the Trustee, by an instrument in writing, may appoint one or more individuals or corporations to act as separate trustee of all or any part of the Trust Property to the full extent that local law makes it necessary or appropriate for such separate trustee or separate trustees to act alone.

## ARTICLE XI
## MISCELLANEOUS

**11.1     Supplements and Amendments.**  This Agreement may be amended only by a written instrument signed by the Trustee and all of the Beneficiaries at the time of such amendment; provided, however, that if, in the opinion of the Trustee, any instrument required to be so executed adversely affects any right, duty or liability of, or immunity or indemnity in favor of, the Trustee under this Agreement or any of the documents contemplated hereby to which the Trustee is a party, or would cause or result in any conflict with or breach of any terms, conditions or provisions of, or default under, the charter documents or by-laws of the Trustee or any document contemplated hereby to which the Trustee is a party, the Trustee may in its sole discretion decline to execute such instrument.

**11.2     Legal Title to Trust Property in Trustee.**  The Trustee shall have legal title to the Trust Property and Beneficiary shall only have an undivided beneficial and equitable Ownership Interest therein.  No transfer, by operation of law or otherwise, of any right, title or interest of the Beneficiary in and to its undivided beneficial interest in the Trust Property shall operate to terminate this Agreement or the trust or entitle any successor transferee to an accounting or to the transfer to it of legal title to any part of the Trust Property.

**11.3     Contracts Made by Trustee.**  Upon receipt of written consent of the Beneficiaries, the Trustee has authority to execute any Trust Property Related Agreement and any documents provided for therein, and such action shall bind the Beneficiary and shall be effective to obligate the Trustee and the

Beneficiary to the extent set forth in such Trust Property Related Agreement. No third party shall be required to inquire as to the authorization, necessity, expediency or regularity of such action or as to the application of any proceeds by the Trustee.

**11.4    Limitations on Rights of Others.**  Nothing in this Agreement, whether express or implied, shall be construed to give to any person other than the Trustee and the Beneficiary any legal or equitable right, remedy or claim in the Trust Property or under or in respect of this Agreement or any covenants, conditions or provisions contained herein.

**11.5    Notices.**  Unless otherwise expressly specified or permitted by the terms hereof, all notices shall be in writing and delivered by hand or mailed by certified mail, postage prepaid, if to the Trustee, addressed to: Aircraft Guaranty Title, LLC, 515 N. Sam Houston Parkway East, Suite 305, Houston, Texas 77060, or to such other address as the Trustee may have set forth in a written notice to the Beneficiary; and if to a Beneficiary, addressed to it at the address for the Beneficiary listed in the register maintained by the Trustee.  Whenever any notice in writing is required to be given by the Trustee hereunder, such notice shall be deemed given and such requirement satisfied 72 hours after such notice is mailed by certified mail, postage prepaid, addressed as provided above, and notice is sent by a telecopier to a number provided by Beneficiary for which the sender receives a confirmation of good transfer; any notice given by a Beneficiary to the Trustee shall be effective upon receipt by an Authorized Officer of the Trustee.

**11.6    Severability.**  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

**11.7    Separate Counterparts.**  This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**11.8    Successors and Assigns.**  All covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the Trustee and its successors and assigns, and each Beneficiary and its successors and permitted assigns, all as herein provided.  Any request, notice, direction, consent, waiver or other instrument or action by a Beneficiary shall bind the successors and assigns of such Beneficiary.

**11.9    Headings.**  The headings of the various articles and sections are for convenience of reference only and shall not define or limit any of the terms or provisions.

**11.10   Not Influenced by Beneficiaries who are not U.S. Citizens or Resident Aliens.**  Notwithstanding any other provision of this agreement, beneficiaries who are not U.S. Citizens orResident Aliens shall have no more than twenty-five percent (25%) of the aggregate power to influence or limit the exercise of the Trustee's authority or to remove the Trustee.

**11.11   Governing Law.**  This Agreement shall in all respects be governed by, and construed in accordance with, the laws of the Cayman Islands (excluding conflicts of law rules), including all matters of construction, validity and performance.

**IN WITNESS WHEREOF,** the parties have caused this Declaration of Trust to be duly executed by their respective officers, as of the day and year first above written.

Aircraft Guaranty Title, LLC, TRUSTEE

By: _____
Mary Wood
Manager

Aircraft Guaranty Financial Corporation,  SETTLOR

By: _____
Dwana Peters
Assistant Vice President

Exhibit 1 to

Declaration of Trust

FORM OF TRUST CERTIFICATE

CONTINENT AIRCRAFT TRUST 1087
TRUST CERTIFICATE

UNDER DECLARATION OF TRUST DATED July 01, 2007

Certificate No. 1                                                        July 01, 2007

     Aircraft Guaranty Title, LLC, a Nevada limited liability company, as trustee (the "Trustee") under a Declaration of Trust dated July 01, 2007  with Aircraft Guaranty Financial Corporation,  (the "Settlor"), hereby certifies that Aircraft Guaranty Financial Corporation,  is the owner of a 100% undivided beneficial interest in the Trust Property provided for in the Declaration of Trust.  This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

     Capitalized terms used herein without definition have the meanings ascribed to them in the Declaration of Trust.

     Transfer of the beneficial Ownership Interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Declaration of Trust.  This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

     The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Declaration of Trust and agrees not to transfer this Trust Certificate except in accordance with the Declaration of Trust.

     This Trust Certificate and the Declaration of Trust shall in all respects be governed by, and construed in accordance with, the laws of the Cayman Islands.

     IN WITNESS WHEREOF, the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title, LLC, as Trustee


By: _____
            Mary Wood
            Manager

Exhibit 1A to
Declaration of Trust

FORM OF TRUST CERTIFICATE

CONTINENT AIRCRAFT TRUST 1087
TRUST CERTIFICATE

UNDER DECLARATION OF TRUST DATED AS
OF _____

Certificate No. _____

_____
(Date Issued)

     Aircraft Guaranty Title, LLC, a Nevada limited liability company, as trustee (the "Trustee") under a Declaration of Trust dated as of _____ with Aircraft Guaranty Financial Corporation, (the "Settlor"), hereby certifies that _____ ("Beneficiary") is the owner of a _____% divided beneficial interest in the Trust Property provided for in the Declaration of Trust. This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

     Capitalized terms used herein without definition have the meanings ascribed to them in the Declaration of Trust.

     Transfer of the beneficial Ownership Interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Declaration of Trust. This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

     The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Declaration of Trust and agrees not to transfer this Trust Certificate except in accordance with the Declaration of Trust.

     This Trust Certificate and the Declaration of Trust shall in all respects be governed by, and construed in accordance with, the laws of the Cayman Islands.

     IN WITNESS WHEREOF, the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title, LLC, as Trustee

By: _____
                   Mary Wood
                   Manager

Exhibit 2 to
Declaration of Trust

FORM OF ACCESSION AGREEMENT

Aircraft Guaranty Title, LLC
515 N. Sam Houston Parkway East, Suite 305
Houston, Texas 77060

Dear Sirs:

The undersigned (herein referred to as "Beneficiary," whether one or more) refers to the Declaration of Trust, dated as of _____ (the "Declaration of Trust"), between Aircraft Guaranty Financial Corporation, a Nevada Corporation, and Aircraft Guaranty Title, LLC, a Nevada limited liability company, (in its capacity as trustee thereunder, the "Trustee"). Beneficiary proposes to acquire a beneficial interest in Continent Aircraft Trust No. 1087, a trust organized under the laws of the Cayman Islands, British West Indies (the "Trust") formed pursuant to the Declaration of Trust. As part of the consideration for receiving the beneficial interest in the Trust and Trust Property, Beneficiary has agreed to contribute and transfer to the Trust interest in the Aircraft described below and to pay certain fees. Capitalized terms used herein without definition have the meanings given them in the Declaration of Trust.

.          In consideration for the receipt of the Trust Certificate, Beneficiary hereby transfers or has arranged for the transfer to the Trustee, the legal title to the following described Aircraft, or property, or Beneficiary hereby instructs Trustee to acquire for the benefit of the Beneficiary the following described Aircraft, or property:

| Manufacturer/Model | _____ |
| Manufacturer Serial No. | _____ |
| FAA Registration No. | _____ |
| Agreed value on transfer to Trustee | $_____, |

as more particularly described in Appendix "A." (when applicable).

.          Beneficiary acknowledges that Beneficiary is acquiring the Trust Certificate for Beneficiary's own account and not for the benefit of any other person and not with a view to any distribution of the beneficial interest in the Trust, subject, nevertheless, to the understanding that disposition of the specified Trust Property shall at all times be subject to the Declaration of Trust.

3.          The Beneficiary shall be responsible for arranging for the payment of expenses related to the Trust Property, including any debt service on notes or leases secured by the Trust Property; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable for its share according to the Ownership Percentage. Within ten business days of receipt of a statement delivered by the Trustee to the effect that amounts necessary to pay expenses or to meet any obligation of the Trust related to the Trust Property, and setting forth the basis for such expenses and such Beneficiary's allocable share of such expenses, each Beneficiary shall deliver to the creditor or obligee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

4.          Beneficiary agrees that in the event of a future Transfer of the beneficial interest in the Trust, such Transfer shall be made in conformity to the following:

(a)          this letter is executed promptly by such transferee, and

(b)     if the Trust has more than one Beneficiary, the Beneficiaries representing a majority of the Ownership Percentage, excluding the interest of the transferring Beneficiary, shall have provided written consent to the Transfer.

(c)     Beneficiary agrees to be bound by all the terms and conditions of Declaration of Trust.

Very truly yours,

Beneficiary

Accepted and Acknowledged this
_____ day of _____, 200____.

Aircraft Guaranty Title, LLC, as Trustee

By: _____
            Mary  Wood
            Manager

Exhibit 3 to
Declaration of Trust

SCHEDULE OF TRUSTEE FEES

Fees and charges to be paid by the Trust to Aircraft Guaranty Title, LLC , as Trustee of the Trust known as the Continent Aircraft Trust No.1087 created by the execution of the Declaration of Trust dated July 01, 2007 , shall be in the annual amount of _____ $ U.S. Dollars for Trust Administration, and $ _____ U.S. Dollars for Trust Property Management, or in such other U.S. Dollar amounts as set forth in Trust Property Related Agreements or permitted by Article VII of the Trust Agreement.

Annual fees and charges invoiced are  payable in advance yearly by March 1st  for services to be rendered in the coming year during the term of the Trust, to include any prorated fees due for services provided in the previous year.

Accepted and acknowledged this _____ day of _____, 200_____.

Aircraft Guaranty Financial Corporation,  SETTLOR

By: _____

Name:   Dwana Peters
Title:     Assistant Vice President

## MEMORANDUM OF TRUSTEE'S MERGER OF TRUSTS

THIS MEMORANDUM OF TRUSTEE'S MERGER OF TRUSTS dated as of July 25, 2011 (this "Memorandum"), is made by Aircraft Guaranty Corporation, a Wyoming corporation in its dual capacity as trustee ("Trustee") of Continent Aircraft Trust No. 1087, a Cayman Islands common law trust (hereinafter "1087-CI") and Continent Aircraft Statutory Trust No. 1087, a Wyoming statutory trust (hereinafter "1087-WY").

**1. Merger.**  Subject to the terms and conditions hereinafter set forth, 1087-CI shall be merged with and into 1087-WY with 1087-WY being the surviving statutory trust.  This Merger shall be effective upon execution hereof (the "Effective Time" of the Merger).

**2. Governing Document.**  1087-WY shall be the surviving statutory trust in the Merger (sometimes referred to herein as the "Surviving Statutory Trust"), and the Surviving Statutory Trust shall continue its existence under the laws of the state of Wyoming; however, the Declaration of Trust of 1087-CI dated July 1, 2007 with Aircraft Guaranty Financial Corporation, a Nevada corporation, as settlor and Aircraft Guaranty Title, LLC, a Nevada limited liability company, as original trustee ("Declaration") shall continue to be the Declaration of the Surviving Statutory Trust, without change or amendment until thereafter amended.

**3. Succession.**  At the Effective Time the separate existence of 1087-CI shall cease, 1087-WY shall succeed to all rights, privileges, assets and liabilities of 1087-CI in the manner set forth in §17-23-201(g) of the Wyoming Statutory Trust Act of the State of Wyoming (the "Wyoming STA"). 1087-CI is sometimes referred to herein as the "Disappearing Trust."

**4. Succession of Beneficial Interest.**  At the Effective Time, by virtue of the Merger and without any action on the part of the holder thereof the Beneficiary(ies) (as defined in the Declaration) of 1087-CI shall become the Beneficiary(ies) of 1087-WY in the same proportion(s) as that held under 1087-CI.

**5. Trust Certificates.**  At and after the Effective Time of the Merger, all of the outstanding certificates which immediately prior to the Effective Time of the Merger evidenced beneficial interest of 1087-CI shall be deemed for all purposes to evidence ownership of, and to represent, beneficial interest of 1087-WY into which the beneficial interest of 1087-CI formerly evidenced by such certificates have been converted as herein provided.  Certificates evidencing beneficial ownership of 1087-WY shall continue to evidence ownership of shares of the Surviving Statutory Trust.

**6. Further Assurances.**  From time to time, as and when required by the Surviving Statutory Trust, or by its successors or assigns, there shall be executed and delivered on behalf of the Disappearing Trust such deeds and other instruments, and there shall be taken or caused to be taken by it all such further and other action as shall be appropriate or necessary to vest, perfect, or confirm, of record or otherwise, in the Surviving Statutory Trust the title to and possession of all property, interests, assets, rights, privileges, immunities, powers, franchises and authority of the Disappearing Trust and otherwise to carry out the purposes of this Memorandum; and the officers and directors of the Surviving Statutory Trust are fully authorized in the name and on behalf of the Disappearing

Trust or otherwise, to take any and all such action and to execute and deliver any and all such deeds and instruments.

    **7. Notice.**  The Trustee shall give notice of the Merger to the Beneficiary(ies) pursuant to the Wyoming STA and Wyoming Uniform Trust Code §4-10-418 made applicable by §113 of the STA.

    IN WITNESS WHEREOF, Aircraft Guaranty Corporation, a Wyoming corporation, Trustee of (i) Continent Aircraft Trust No. 1087, a Cayman Islands common law trust and (ii) Continent Aircraft Statutory Trust No. 1087, a Wyoming statutory trust, has caused this Memorandum to be executed as of the date first above written.

                          Aircraft Guaranty Corporation,
                          a Wyoming corporation

                          By: _Ashley M. Phippin_
                          Ashley M. Phippin, Jr. Vice President

STATE OF WYOMING       )
                        ) ss:
COUNTY OF LARAMIE     )

    This instrument was acknowledged before me by Ashley M. Phippin, Jr. Vice President, on July 25, 2011.   Witness my hand and official seal.   My commission expires: _7.12.2013_ .

                                _Jacque L. Pappas_
                                NOTARY PUBLIC

JACQUE I. PAPPAS — NOTARY PUBLIC
COUNTY OF LARAMIE — STATE OF WYOMING
MY COMMISSION EXPIRES JUL 12, 2013

2

# STATE OF WYOMING
## Office of the Secretary of State

I, MAX MAXFIELD, SECRETARY OF STATE of the STATE OF WYOMING, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF ORGANIZATION

**Continent Aircraft Statutory Trust No. 1087**

Accordingly, the undersigned, by virtue of the authority vested in me by law, hereby issues this Certificate.

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **25th** day of **July**, **2011**.



_Max Maxfield_
Secretary of State

By: _____ Ryan Anderson _____

Filed Date: 07/25/2011



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: business@state.wy.us

**Max Maxfield, WY Secretary of State**
**FILED: 07/25/2011 01:16 PM**
**ID: 2011-000605522**

## Statutory Trust
## Certificate of Trust

1. Name of the statutory trust:

> Continent Aircraft Statutory Trust No. 1087

2. Name and address of at least one (1) of the trustees authorized to manage the statutory trust:

> Aircraft Guaranty Corporation
> 199 E. Pearl, Ste 101
> Jackson, WY 83001

3. Name and physical address of its registered agent:
*(The registered agent may be an individual resident in Wyoming, a domestic or foreign entity authorized to transact business in Wyoming, having a business office identical with such registered office. The registered agent must have a physical address in Wyoming. A Post Office Box or Drop Box is not acceptable. If the registered office includes a suite number, it must be included in the registered office address.)*

> Frontier Registered Agency Services LLC
> 199 E. Pearl, Ste 101
> Jackson, WY 83001

4. Mailing address of the statutory trust:

> PO Box 2549
> Onalaska, TX 77360

5. Principal office address:

> 199 E. Pearl, Ste 101
> Jackson, WY 83001

6. Future effective date or time of this certificate if it is NOT to be effective upon the filing of this certificate:

> *(Date – mm/dd/yyyy)*

ST-CertificateTrust - Revised 08/13/2009

7. Execution:

**Trustee Signature:** _____   Date: `07/21/2011`

*(mm/dd/yyyy)*

Print Name: `Aircraft Guaranty Corporation, by Jeremy W. Bouchard, Vice President`

**Trustee Signature:** _____   Date: _____

*(mm/dd/yyyy)*

Print Name: _____

**Trustee Signature:** _____   Date: _____

*(mm/dd/yyyy)*

Print Name: _____

Contact Person: `Jeremy W. Bouchard`

Daytime Phone Number: `(307) 632-1103`   Email: `info@wyoregisteredagent.com`

---

Checklist
- ☐ ***Filing Fee: $100.00***   Make check or money order payable to Wyoming Secretary of State.
- ☐ The Certificate of Trust must be signed by at least one trustee.
- ☐ The Certificate of Trust must be accompanied by a written consent to appointment executed by the registered agent.
- For consistency the Secretary of State's Office will only keep one version of the agent's name on file.
- ☐ Please submit one **originally signed** document and one exact photocopy of the filing.
- ☐ **Please review form prior to submitting to the Secretary of State to ensure all areas have been completed to avoid a delay in the processing of your documents.**

---

**Other Requirements:**
An annual report will be due on or before January 1 each year. If not paid within thirty (30) days from the due date, the entity will be subject to dissolution/revocation.



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: business@state.wy.us

## Consent to Appointment by Registered Agent

I, Frontier Registered Agency Services LLC , registered office located at
*(name of registered agent)*

199 E. Pearl, Ste 101
Jackson, WY 83001
voluntarily consent to serve

**\*** *(registered office physical address, city, state & zip)*

as the registered agent for   Continent Aircraft Statutory Trust No. 1087
*(name of business entity)*

I hereby certify that I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

**Signature:** _____   **Date:** 07/21/2011
*(Shall be executed by the registered agent.)* *(mm/dd/yyyy)*

Print Name: Jeremy W. Bouchard   Daytime Phone: (307) 632-1103

Title: Vice President   Email: info@wyoregisteredagent.com

Registered Agent Mailing Address
(if different than above):

---

**\*If this is a new address, complete the following:**

Previous Registered Office(s):

I hereby certify that:
- After the changes are made, the street address of my registered office and business office will be identical.
- This change affects every entity served by me and I have notified each entity of the registered office change.
- I certify that the above information is correct and I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

**Signature:** _____   **Date:** _____
*(Shall be executed by the registered agent.)* *(mm/dd/yyyy)*

Checklist
☐ Submit one **originally signed** consent to appointment and one exact photocopy.

RAConsent – Revised 10/21/2009

## AFFIDAVIT AND CERTIFICATE OF CITIZENSHIP

STATE OF TEXAS

COUNTY OF POLK

BEFORE ME, the undersigned authority, personally appeared Dr. Connie L. Wood, who being by me duly sworn, deposes as follows:

My name is Connie L. Wood. I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated below.

I am President of *Aircraft Guaranty Corporation*, a corporation organized *under the laws of the State of Wyoming*; which is now Trustee of **Continent Aircraft Trust No. 1087** (formed under Trust Agreement dated July 01, 2007, between *Aircraft Guaranty Title, LLC, a Nevada Limited Liability Company* as Trustee, and Aircraft Guaranty Financial Corporation, a Nevada Corporation, as Grantor) in its capacity as the surviving corporation of a merger with *Aircraft Guaranty Corporation, a Wyoming corporation* as officially recorded by the state of Wyoming's Office of the Secretary of State on 06 July 2011.

I hereby certify that Aircraft Guaranty Corporation, a Wyoming corporation, as Trustee, is a citizen of the United States and that Karsten Damgaard-Iversen, as successor Beneficiary (s), is/are not a citizen of the United States, and that I know of no reason, situation or relationship as a result of which the beneficiary(s) or any other persons under the Trust Agreement who are not citizens or resident aliens of the United States together would have more than 25% of the aggregate power to influence or limit the exercise of Aircraft Guaranty Corporation's authority as Trustee under the Trust Agreement.

This affidavit is submitted in fulfillment of the requirement stated in Part 47 of the Federal Aviation Regulations § 47.7(c)(2).

AIRCRAFT GUARANTY CORPORATION, TRUSTEE

BY: _____

Dr. Connie L. Wood, President

SUBSCRIBED AND SWORN TO BEFORE ME this 20th day of July, 2011.

_____

Notary Public - State of Texas

FE LANE
Notary Public
STATE OF TEXAS
My Comm. Exp. May. 27, 2014

CONTINENT AIRCRAFT TRUST NO. 1087
TRUST CERTIFICATE

COPY

UNDER TRUST AGREEMENT DATED July 01, 2007

Certificate No. 2                                              August 02, 2007

Aircraft Guaranty Title, LLC, a Nevada limited liability company, as trustee (the "Trustee") under a Declaration of Trust dated July 01, 2007, with Aircraft Guaranty Financial Corporation (the "Settlor"), hereby certifies that Karsten Damgaard-Iversen is the owner of a 100% undivided beneficial interest in the Trust Property provided for in the Declaration of Trust. This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

Capitalized terms used herein without definition have the meanings ascribed to them in the Declaration of Trust.

Transfer of the beneficial ownership interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Declaration of Trust. This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Declaration of Trust and agrees not to transfer this Trust Certificate except in accordance with the Declaration of Trust.

This Trust Certificate and the Declaration of Trust shall in all respects be governed by, and construed in accordance with, the laws of the Cayman Islands (excluding conflict of law rules).

IN WITNESS WHEREOF, the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title, LLC, as Trustee

By Mary Wood
Mary Wood
Manager

**CONTINENT AIRCRAFT TRUST NO. 1087**
**TRUST CERTIFICATE**

**UNDER TRUST AGREEMENT DATED July 01, 2007**

Certificate No. 1                                         **July 01, 2007**

Aircraft Guaranty Title, LLC, a Nevada limited liability company, as trustee (the "Trustee") under a Declaration of Trust dated July 01, 2007 , with Aircraft Guaranty Financial Corporation (the "Settlor"), hereby certifies that Aircraft Guaranty Financial Corporation, is the owner of a 100% undivided beneficial interest in the Trust Property provided for in the Declaration of Trust. This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

Capitalized terms used herein without definition have the meanings ascribed to them in the  Declaration of Trust.

Transfer of the beneficial ownership interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Declaration of Trust. This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Declaration of Trust and agrees not to transfer this Trust Certificate except in accordance with the Declaration of Trust.

This Trust Certificate and the Declaration of Trust shall in all respects be governed by, and construed in accordance with, the laws of the Cayman Islands (excluding conflict of law rules).

**IN WITNESS WHEREOF,** the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title, LLC, as Trustee

*For value received, the undersigned*
*hereby transfers 100% interest evidenced*
*hereon to* **Karsten Damgaard-Iversen,**
*effective:* **August 02, 2007**

By: *Mary Wood*
**Mary Wood**
**Manager**

*Aircraft Guaranty Financial Corporation*

By: *Dwana Peters*
**Dwana Peters**
**Assustant Vice President**

ACCESSION AGREEMENT

August 02, 2007

Aircraft Guaranty Title, LLC, Trustee
515 N. Sam Houston Parkway East
Suite 305
Houston, Texas 77060

Re:    Continent Aircraft Trust No. 1087

Dear Sir:

The undersigned (herein referred to as "Beneficiary," whether one or more) refers to the Trust Agreement, dated as of July 01, 2007 (the "Trust Agreement"), between Aircraft Guaranty Financial Corporation, a Nevada Corporation, and Aircraft Guaranty Title, LLC, a Nevada limited liability company, in its capacity as trustee under the Trust Agreement, (the "Trustee"). Beneficiary proposes to purchase a beneficial interest in Continent Aircraft Trust No. 1087, a Cayman Islands Trust (the "Trust") formed pursuant to the Trust Agreement. As part of the consideration for the purchase of the beneficial interest in the Trust Beneficiary has agreed to pay certain fees. Capitalized terms used herein without definition have the meanings given them in the Trust Agreement.

1.    Beneficiary agrees, as provided, and, to the extent specified in Sections 4.2 and 5.2 of the Trust Agreement, to be liable solely for all fees, expenses, taxes, indemnity payments and other liabilities related to the Trust Property in accordance with the terms of the Trust Agreement, including (except as otherwise provided in the Trust Agreement) those incurred by Aircraft Guaranty Title, LLC, in its capacity as Trustee in the administration of the Trust, to the extent such fees, expenses, taxes, indemnity payments and other liabilities of the Trust or the Trustee, as the case may be, with respect to the Trust Property, are not paid out of the Trust Property; provided, however, that Beneficiary will be liable only for obligations of the Trust Property arising on and after the date hereof.

2.    Beneficiary acknowledges that Beneficiary is acquiring the Trust Certificate for Beneficiary's own account and not for the benefit of any other person and not with a view to any distribution of the beneficial interest in the Trust, subject, nevertheless, to the understanding that disposition of the specified Trust Property shall at all times be subject to the Trust Agreement.

3.    Beneficiary agrees that, in the event that the Beneficiary wishes to dispose of or exchange any of the beneficial interest in the Trust, such transfer or exchange of the Trust Certificate shall be made in conformity with the following:

a.    A minimum transfer fee of $1,000.00 for the first Trust Certificate, and a minimum transfer fee of $250.00 for each additional Trust Certificate, after the accession is signed.

Aircraft Guaranty Title, LLC
Page 2 of 2

b.   The transfer or exchange is made to an Eligible Purchaser (as defined below), and

c.   A letter to substantially the same effect as this letter is executed promptly by such Eligible Purchaser (as defined below) on behalf of such Eligible Purchaser.

"Eligible Purchaser" means a corporation, partnership or other entity which can make representations with respect to itself contained in this letter.

4.   Beneficiary agrees to be bound by all the terms and conditions of the Trust Certificate and the Trust Agreement.

Mr. Karsten Damgaard-Iversen

ACCEPTED AND ACKNOWLEDGED:  August 02, 2007

Aircraft Guaranty Title, LLC, Trustee

By: _____
     Mary Wood
     Manager

**CONFIDENTIALITY & NON-CIRCUMVENTION AGREEMENT**
**FOR CONTINENT AIRCRAFT TRUST AGREEMENT NO. 1087**

August 02, 2007

TO:   Aircraft Guaranty Title, LLC
      Houston, Texas, 77060

Because of the proprietary and confidential nature of the information being disclosed by Aircraft Guaranty Title, LLC (**"AGTLLC"**), and its affiliates and agents, to the undersigned, at its request, the undersigned makes the following covenants as consideration for this disclosure and agrees to maintain confidential and limit disclosure of all the Proprietary Information, according to the following terms:

1.      Proprietary Information, unless otherwise limited or excluded in this Agreement, shall mean the following:

(a)     Information in writing clearly identified as proprietary or confidential information which has been marked with a legend so indicating the nature of the information.

(b)     Orally disclosed information which is disclosed to be proprietary or confidential information by the disclosing party and which is reduced to writing or referred to in writing within 30 days.

(c)     Items and documents disclosed by **AGTLLC** or its affiliates to the undersigned which are proprietary and confidential but may not be marked with a legend so indicating but which are later specifically identified through a written memorandum to the undersigned as Proprietary Information if the undersigned receives the memorandum prior to a public disclosure.

2.      The undersigned acknowledges the proprietary rights of **AGTLLC** in and to the Proprietary Information, and the undersigned further agrees to take every precaution to safeguard and treat the Proprietary Information as confidential by not disclosing the Proprietary Information to any other party, except those within its organization who receive the Proprietary Information on a "need-to-know" basis and who have executed a similar Confidentiality and Non-Circumvention Agreement provided by the undersigned. The undersigned further agrees that it will not make use of any of the Proprietary Information, either directly or indirectly, which it receives or has received from **AGTLLC** and its affiliates, other than with the prior written consent and authorization of **AGTLLC**. And, the undersigned further agrees to advise its attorneys, accountants, consultants, advisors and any other third party to whom it may need to disclose the Proprietary Information of the confidentiality provisions of this Confidentiality Agreement and that aforesaid parties may be required to sign a disclaimer letter for the benefit of **AGTLLC** prior to receiving the Proprietary Information. The

Karsten Damgaard-Iversen
Page 2 of 2

limitation on disclosure of the Proprietary Information contained in this Agreement shall not apply to any disclosure required to be made by the undersigned to any governmental regulatory authority, provided that written notice of the disclosure is made to **AGTLLC**.

3.      The undersigned agrees that it will not, directly or indirectly, seek to exploit to the exclusion of **AGTLLC** and its affiliates any of the business structure and documentation which is disclosed by **AGTLLC** and its affiliates following the execution of this Agreement.

4.      This agreement shall expire five years from the date of this Agreement.  The undersigned agrees and warrants that all Proprietary Information which has been provided to the undersigned prior to the effective date has been and will under this Agreement be considered Proprietary Information and protected under this Agreement.

5.      All Proprietary Information contained in written materials that are provided to the undersigned, including all copies made by the undersigned, shall, upon the request of **AGTLLC** , be returned to it, and the undersigned shall not in any way retain copies of the Proprietary Information.

6.      The undersigned agrees that **AGTLLC** has not granted any license by this Agreement, and that the disclosure of the Proprietary Information and all materials related to it shall not result in any commitment to grant to the undersigned any rights to any matter disclosed to the undersigned.

7.      The undersigned's obligations under this Agreement shall not relate to information which (a) can be established to have been in the actual possession of the undersigned at the time revealed to it by **AGTLLC** ; or (b) was obtained from a source other than **AGTLLC** prior to signing of this Agreement, provided that the undersigned has advised **AGTLLC** of the receipt of the Proprietary Information from the third party source.

8.      This Agreement shall be construed under the laws of the State of Texas.  The undersigned acknowledges that failure to abide by the terms of this Agreement may result in irreparable injury to **AGTLLC**.  **AGTLLC** may enforce this Agreement in any forum and may seek any remedy at law or in equity.

9.      If this Agreement is presented in more than one language, the interpretation of the English language version shall control.

**EXECUTED:**  August 02, 2007

Mr.  Karsten Damgaard-Iversen

## AFFIDAVIT AND CERTIFICATE OF CITIZENSHIP

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally appeared Mary Wood, who being by me duly sworn, deposes as follows:

My name is Mary Wood. I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated below.

I am Manager of Aircraft Guaranty Title, LLC, a limited liability company organized under the laws of the State of Nevada, and hereby certify that the attached is a true and correct copy of the *Declaration of Trust Agreement* between Aircraft Guaranty Title, LLC, as Trustee, and *Aircraft Guaranty Financial Corporation,* a Nevada Corporation, as Settlor, July 01, 2007, titled " Continent Aircraft Trust No. 1087.

I hereby certify that Aircraft Guaranty Title, LLC, Trustee and Aircraft Guaranty Financial Corporation, Beneficiary, are both U.S. citizens, and that I know of no reason, situation or relationship as a result of which the beneficiaries under the Trust Agreement who are not citizens or resident aliens of the United States together would have more than 25% of the aggregate power to influence or limit the exercise of Aircraft Guaranty Title, LLC's authority as Trustee under the Trust Agreement.

This affidavit is submitted in fulfillment of the requirement stated in Part 47 of the Federal Aviation Regulations § 47.7(c)(2).

Aircraft Guaranty Title, LLC, Trustee

BY:_____
MARY WOOD, Manager

SUBSCRIBED AND SWORN TO BEFORE ME this 1st day of July, 2007.

_____
Notary Public - State of Texas

MARGARET ALFORD
MY COMMISSION EXPIRES
May 24, 2011

**AFFIDAVIT AND CERTIFICATE OF AUTHENTICATION OF DOCUMENTS**

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally appeared Mary Wood, who being by me duly sworn, deposes as follows:

My name is Mary Wood.  I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated below.

I am Manager of Aircraft Guaranty Title, LLC, a limited liability company organized under the laws of the State of Nevada , and hereby certify that the attached is a true and correct copy of the *Declaration of Trust Agreement* between *Aircraft Guaranty Title, LLC,* as Trustee, and Aircraft Guaranty Financial Corporation, a Nevada Corporation, as Settlor, dated July 01, 2007 titled "Continent Aircraft Trust No. 1087.

_____
MARY WOOD

SUBSCRIBED AND SWORN TO BEFORE ME this 1st day of July , 2007.

_____
Notary Public - State of Texas



MARGARET ALFORD
MY COMMISSION EXPIRES
May 24, 2011