UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

**DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE,
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    Diamond Aircraft Industries, Inc. ("Diamond Canada"), through its undersigned counsel hereby files its Reply in support of Diamond Canada's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 85, dated Feb. 14, 2014, the "Motion"). Plaintiff filed its Memorandum in Opposition to Diamond Canada's Motion (Doc. 89, dated Mar. 3, 2014, the "Opposition").

    Regarding subject matter jurisdiction, the overarching problem with Plaintiff's Opposition, is that Plaintiff turns a blind eye to facts, reality, and evidence. This case is controlled by one individual—Karsten Damgaard-Iversen, a Danish citizen. The named Plaintiff, Aircraft Guaranty Corporation ("Aircraft Guaranty"), although a formally correct party under Rule 17(a), has no stake in, interest in, or control over either the subject aircraft or the

instant lawsuit. The "real party to the controversy" for determining whether diversity exists is Iversen, whose Danish citizenship destroys diversity. Accordingly, there is no subject matter jurisdiction, and the action should be dismissed.

Further, Plaintiff's Opposition fails to support the Second Amended Complaint's "lumping together" of three distinct legal entities, Diamond Aircraft Sales, U.S.A., Inc. ("Diamond U.S.A."), Diamond Canada, and Diamond Aircraft Industries, GmbH ("Diamond Austria"), thus barring its claims.

**I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

As an initial matter, Plaintiff fails to rebut several discrete points raised by Diamond Canada in its Motion. The Motion points out that Iversen is a citizen of Denmark. (Mot. at 5, 7.)[1] Diamond Canada asserts that there is no diversity when a resident alien is on one side of an action and a foreign party is on the other (Mot. at 11). Diamond Canada also points out that the inclusion of Diamond U.S.A. (a Delaware corporation) does not somehow "create" diversity jurisdiction. (Mot. at 12-14.) Plaintiff does not (and cannot) refute these points.

The salient question thus becomes the following: Which party is the "real party to the controversy" for purposes of determining diversity jurisdiction? The answer is Iversen, who is a Danish citizen, thus destroying diversity.

**A.      A "Real Party in Interest" Under Rule 17(a) Does Not Always Equal a "Real Party to the Controversy" for Diversity Purposes.**

> "Although [the plaintiff] is a 'real party in interest' in the sense that this action properly may be maintained in [its] name . . .[the plaintiff] must establish it is the real party to this controversy for the purposes of determining diversity jurisdiction."

---

[1] For the purpose of uniformity, citations to all court filings refer to the page numbers generated by CM/ECF at the **top**, **right**-hand corner of each page.

2

*Airlines Reporting Corp. v. S&N Travel, Inc.*, 58 F.3d 857, 862 n.4 (2d Cir. 1995) (citing Fed. R. Civ. P. 17(a)) (affirming dismissal for lack of subject matter jurisdiction where the named plaintiff was the "real party in interest" under Rule 17(a) but not the "real party to the controversy" for diversity purposes).

Diamond Canada in its Motion and Plaintiff in its Opposition both acknowledge the Court's previous order, which permitted the Trustee to step in as a plaintiff under Rule 17(a) because the Trust itself had no right to sue. However, throughout its Opposition, Plaintiff ignores the distinction made in numerous authorities, including authorities cited in Diamond Canada's Motion (*see* Mot. at 11 n. 4), that the Rule 17(a) "real party in interest" is not always the same as the jurisdictional "real party to the controversy." The cases squarely refute Plaintiff's position.

Further, Plaintiff's attempts to distinguish Diamond Canada's cases are futile because the principles espoused in those cases are firmly entrenched in federal jurisprudence and apply here. *See Navarro*, 446 U.S. at 462 n.9; *Emerald Inv.*, 492 F.3d 192 n.10; *see also Lincoln Property Co. v. Rochi*, 546 U.S. 81, 91 (2005) (citing footnote 9 from *Navarro* and distinguishing between Rule 17(a) from the "jurisdictional 'real parties to the controversy' rule applicable in diversity cases to complaining and defending parties alike.").[2]

---

[2] *Accord Assoc. Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796-97 (8th Cir. 1998) (citing *Navarro*, 446 U.S. at 461) ("[C]omplete diversity of citizenship jurisdiction under 28 U.S.C. s 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties to the controversy must be ignored. * * * [T]he Federal Rules of Civil Procedure have no bearing on the requirements of federal diversity jurisdiction. * * * Rather than addressing jurisdiction, Federal Rule of Civil Procedure 17(a) relates only to the proper parties."); *see also Fong v. Elder Life Mgmt., Inc.*, Case No. 11-cv-5904, 2012 U.S. Dist. LEXIS 7220, *8 n.2 (E.D.N.Y. Jan. 23, 2012) ("The real party to the controversy for jurisdictional purposes is not necessarily the same as the real party in interest for procedural purposes under Rule 17(a) of the Federal Rules of Civil Procedure.")
(footnote cont'd)

In *Airlines Reporting*, the Second Circuit described the plaintiff—a not-for-profit Delaware corporation with its principal place of business in Virginia—as follows:

> [The plaintiff] was created in 1984 by a consortium of domestic air carriers, its sole shareholders, to function as a clearinghouse and collection agent for transactions between the air carriers and travel agents.
>
> [The plaintiff] essentially acts as an intermediary in the air transportation industry.
> . . .
>
> [T]he [Carrier Services Agreement] grants [the plaintiff] the power of attorney to enter into contracts with travel agents on behalf of the carriers and to institute legal proceedings against any agent to collect funds owed to the carriers on transactions involving [the plaintiff's] ticket stock.

*Airlines Reporting*, 58 F.3d at 859. The plaintiff sued the defendant, a New York corporation, in federal court on behalf of twenty-nine air carriers, invoking diversity jurisdiction. *Id*. at 860.

The defendant moved to dismiss for lack of subject matter jurisdiction, arguing that, even though the plaintiff was not *itself* a New York corporation, at least one of the carriers represented by the plaintiff maintained its principal place of business in New York, thus destroying diversity. *Id*. The district court agreed and dismissed the case for lack of subject matter jurisdiction. *Id*. The Second Circuit affirmed, noting first that the corporate status of the plaintiff "does not end the jurisdictional inquiry in this case." Id. at 861. Citing *Navarro*'s "**real and substantial part[y] to the controversy**" language, the Second Circuit distinguished situations in which a corporation sues on its *own* behalf from situations "where a party sues or is sued in a **representative capacity**." *Id*. at 862 (emphasis added). The court found that the plaintiff was acting "merely as an agent representing the interests of others" and, thus, "the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute." *Id*.

---

(finding that, even though the guardian was the plaintiff, the ward was the real party to the controversy for purposes of determining diversity jurisdiction).

4

Here, as in *Airlines Reporting* (and other cited cases), Aircraft Guaranty is not seeking "to protect any corporate interests of its own." *See id*, 58 F.3d at 862. Aircraft Guaranty does not (and cannot) allege that it "suffered any corporate damage or pecuniary loss itself" as a result of any of the alleged conduct. *See id*. Nor does Aircraft Guaranty "lay claim to any portion of the potential recovery obtained in the lawsuit"(*see id*.), as evidenced by Iversen's own deposition testimony. Aircraft Guaranty "is a mere conduit for a remedy owing to others"—namely, **Iversen**—advancing no specific interest of its own. Accordingly, Aircraft Guaranty's citizenship does not matter for purposes of diversity jurisdiction; Iversen is the "real and substantial party" to this litigation.

### B. Aircraft Guaranty's Purported "Powers" Do Not Reflect Reality; it is Merely a Nominal, Formal Party Bringing Suit on Iversen's Behalf.

Plaintiff argues that the cases cited by Diamond Canada in its Motion (and, by extension, the cases cited above) do not apply because, here, the applicable trust agreement and state law[3] confer certain powers and duties onto Aircraft Guaranty as the Trustee. (*See* Opp. at 5.) Those powers and duties are irrelevant. In this action, Aircraft Guaranty is nothing more than a nominal or formal party. *See Bishop v. Hendricks*, 495 F.2d 289, 290-91 (4th Cir. 1974)

---

[3] Plaintiff cites Wyoming trust law. (Opp. at 5.) Aircraft Guaranty was formerly a Nevada corporation and is now a Wyoming corporation. Likewise, at the time this action was initiated, Continent Aircraft Trust 1087 was a Wyoming Trust. However, a mere **two days** prior to this action's filing (and for over a year after Plaintiff's original action was initiated, in *Mascaro Aviation*), Continent Aircraft Trust 1087 was a Cayman Islands common law trust. (*See* Mot. Composite Ex. C at AGC-000509, Memo. of Trustee's Merger of Trusts.) Plaintiff has not posited that the Wyoming citizenship of the Trust should control, but if the Trust's citizenship were a factor, it would likewise destroy diversity. Even though, at the outset of the case, the Trust was a citizen of Wyoming, the transfer of citizenship from the Cayman Islands to Wyoming was in all likelihood made "improperly," purely for the purpose of creating diversity jurisdiction. *See Airlines Reporting*, 58 F.3d at 862-864 (holding that an assignment of claims from the "real parties to the controversy"—the carriers—to the named plaintiff was ineffective for diversity purposes and that the plaintiff "acted as it did to obtain a federal forum"). The timing of the transfer of the Trust's citizenship could not have been coincidental.

(affirming dismissal for lack of diversity where a Georgia citizen was appointed as administrator in whose name the action was brought; and where beneficiaries and defendant were South Carolina citizens).  What matters for purposes of determining diversity jurisdiction is **substance**, **not form**.  *See id*. ("In this case, the administrator has failed to establish any substantive facts or to assign any valid reasons for his appointment that would give 'substance' to his representation or fix his status in the suit as different from the nominal.  Without any 'real [or] substantial interest in the outcome of the litigation,' he possesses 'no stake in the litigation.'")

As discussed in Diamond Canada's Motion, and according to Iversen himself, the creation of the Trust and the transfer of the aircraft from Iversen, individually, to the Trust was for the **sole** purpose of registering Iversen's Aircraft with the FAA.  Iversen is the sole beneficiary and sole certificate holder of the Trust.  The Trustee does not have any independent control over the Trust's only asset—the subject Aircraft.  Rather, Iversen, the 100% beneficial owner of the Trust, controls the Aircraft and the Trust in every way, is the ultimate decision-maker regarding the disposition of the aircraft, and would receive the sales proceeds if the Aircraft were ever sold.  (*See generally* Mot. at 3-5; 6-9.)  Plaintiff even acknowledges "[i]t is undisputed Mr. Damgaard-Iversen stands to benefit if this lawsuit is successful."  (Opp. at 6.)  All of the evidence points solely to Iversen's **actual** control of the trust assets and **actual** interest in the outcome.

Plaintiff's arguments do not reflect reality.  They focus on form instead of substance.  Plaintiff fails to provide evidence that Aircraft Guaranty has some **real**, **actual**, **substantive** stake in this litigation for purposes of determining diversity jurisdiction.  Iversen's deposition reflects the reality of the situation—that he has everything to either gain or lose, and that he runs the show.  Aircraft Guaranty is nothing more than a formal, nominal party.  For this reason,

Iversen is the "real party to the controversy" for diversity purposes. Because Iversen is a Danish citizen, and because two of the three Defendants are foreign corporations, there is no diversity and thus no federal subject matter jurisdiction, and the case should be dismissed.

II.     **Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted: Plaintiff's Opposition Fails to Clarify the Allegations of Fraud as to Diamond Canada.**

Plaintiff has failed to state claims for fraud against Diamond Canada that meet the applicable pleading standard. *See* Fed. R. Civ. P. 9(b); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (May 18, 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In its Opposition, Plaintiff alleges that "Mr. Maurer knew TAE was unable to honor the engine warranty" and cites allegations referring to an email sent on November 20, 2007. (*See* Opp. at 7.)[4] Under Plaintiff's own allegations, however, the email was sent more than nine months **after** Mr. Iversen purchased the subject aircraft in February 2007. (*See* 2d Am. Compl. ¶ 74.) Thus, the email fails to support a "reasonable inference" that Mr. Maurer knew, at the time of Iversen's purchase (more than nine months prior), that TAE would not be able to honor the engine warranty. *See Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's Opposition still fails to explain Diamond Canada's alleged role in the purported fraud, instead emphasizing the fact that Defendants "were under the control of Diamond Austria." (*See* Opp. at 9.) Plaintiff's assertion of "control" leads to a more "reasonable inference" that Diamond Canada was merely a vessel and had no role whatsoever in

---

[4] Diamond Canada denies this email has any probative value.

the purported fraud. None of the alleged fraudulent activities are alleged to have been conducted **by Diamond Canada**.

Finally, proving Diamond Canada's point, Plaintiff asserts in its Opposition that Premier Aircraft Sales, Inc. ("Premier") was "their"—meaning all three Diamond entities'—agent. (*See* Opp. at 7 (referring to "their agent"); 2d Am. Compl. ¶¶ 43-54 (referring generally to "Diamond" as opposed to any specific Diamond entity).) But there are no allegations showing how Premier was an actual or apparent agent of Diamond Canada itself.

Plaintiff's allegations and subsequent arguments in its Opposition fail to support a "reasonable inference" that Diamond Canada is liable for any alleged misconduct. As such, the claims against Diamond Canada should be dismissed.

### III. Conclusion

Plaintiff has failed to adequately rebut the salient issues raised in Diamond Canada's Motion to Dismiss (Doc. 85). The entire action should be dismissed for lack of subject matter jurisdiction. Alternatively, the Second Amended Complaint should be dismissed for failure to state a claim.

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on March 13, 2014, on all counsel of record on the Service List below:

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

## SERVICE LIST

| | |
|---|---|
| Juan Martinez (FBN 9024) | V. Brandon McGrath |
| juan.martinez@gray-robinson.com | bmcgrath@bgdlegal.com |
| GRAY ROBINSON P.A. | BINGHAM GREENEBAUM DOLL LLP |
| 1221 Brickell Avenue, Suite 1600 | 2350 First Financial Center |
| Miami, FL 33131-0014 | 255 East Fifth Street |
| Tel: (305) 416-6880 | Cincinnati, OH 45202 |
| Fax: (305) 416-6887 | Tel: (513) 455-7643 |
| | Fax: (513) 455-8500 |
| | *Admitted pro hac vice* |
| Michael A. Grim | |
| mgrim@bgdlegal.com | |
| BINGHAM GREENEBAUM DOLL, LLP | |
| 3500 National City Tower | |
| 101 South Fifth Street | |
| Louisville, KY 40202 | |
| Tel: (502) 589-4200 | |
| Fax: (502) 587-3695 | |
| *Admitted pro hac vice* | |

Attorneys for Plaintiff Aircraft Guaranty Corporation,
Trustee of Continent Aircraft Trust 1087