**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 11-61663-CIV-MORENO**

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

       Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

       Defendants.

_____/

**DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, GMBH'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FOR**
**LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, FOR FAILURE**
**TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW**

29416276.1

## Table of Contents

I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction. ..................................................... 2

II.  Motion to Dismiss for Lack of Personal Jurisdiction. ............................................................. 2

    A.  There Is No General Personal Jurisdiction Over Diamond Austria in Florida. ................. 3

        1.  Plaintiff's Allegations Regarding Diamond Austria's Contacts With Florida Are
            Factually Wrong. .......................................................................................................... 4

        2.  Diamond Austria's Contacts With Florida Are, In Fact, Minimal and Do Not Meet the
            High Standard of General Personal Jurisdiction. ......................................................... 5

    B.  There is No Specific Personal Jurisdiction Over Diamond Austria in Florida. ................. 9

        1.  There Are No Allegations of Wrongdoing Against Diamond Austria. ....................... 9

        2.  There is No Specific Jurisdiction Based on an Agency Theory. ............................... 10

    C.  There is No Personal Jurisdiction Over Diamond Austria Under an Alter-Ego Theory. . . 12

III. Motion to Dismiss for Failure to State a Claim. .................................................................... 13

    A.  Plaintiff's Claims Against Diamond Austria Are Barred by Florida's Statute of
        Limitations. ........................................................................................................................ 14

    B.  Plaintiff's Allegations Fail to State a Claim Because They Fail to Meet Federal Pleading
        Standards. ........................................................................................................................... 17

        1.  Plaintiff Fails to State a Claim Against Diamond Austria Directly. ......................... 18

        2.  Plaintiff Fails to State a Claim Against Diamond Austria Under an Agency Theory. 19

IV.  Conclusion ............................................................................................................................. 20

Defendant Diamond Aircraft Industries, GmbH, Inc. ("Diamond Austria"), through its undersigned counsel and pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves the Court to dismiss the Second Amended Complaint (DE 62) for lack of subject matter jurisdiction; for lack of personal jurisdiction; or, in the alternative, for failure to state a claim upon which relief can be granted.

## Summary of Arguments

This case should be dismissed because there is no subject matter jurisdiction. There is no diversity of citizenship where there is at least one foreign party on each side of the case. Here, the named Plaintiff, while a properly named party under the Federal Rules of Civil Procedure, is a mere formality for jurisdictional purposes. The Plaintiff's trust's beneficiary, a Danish citizen, is the real party to the controversy. Two of the Defendants are foreign companies. Therefore, there is no diversity of citizenship. (Section I.)

Additionally, this case should be dismissed for lack of personal jurisdiction.[1]  Diamond Austria is an Austrian corporation with virtually no ties to the State of Florida. Diamond Austria's contacts with the State of Florida are minimal and, as such, do not support the hefty requirements for establishing *general* personal jurisdiction. Further, based on the specific facts of this case, no *specific* personal jurisdiction exists over Diamond Austria in the State of Florida. Finally, there is no personal jurisdiction under an alter-ego theory because neither Diamond Canada nor Diamond U.S.A. is a subsidiary of Diamond Austria. (Section II.)

---

[1] Diamond Austria files the Declaration of Christian Dries contemporaneously with and in support of its motion to dismiss for lack of personal jurisdiction; doing so does not convert this motion into one for summary judgment. *See Associated Indus. Ins. Co. v. Advanced Mgmt. Servs.*, Case No. 12-cv-80393, 2013 U.S. Dist. LEXIS 37830, *5-*6 (S.D. Fla. Mar. 19, 2013) ("While the consideration of [evidentiary] materials ordinarily would convert a motion to dismiss into one for summary judgment, see Fed. R. Civ. P. 12(b), in the context of personal jurisdiction, the motion remains one to dismiss even if evidence outside the pleadings is considered.") (citing *Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984)).

Alternatively, Plaintiff fails to state a claim against Diamond Austria upon which relief can be granted because the claims against Diamond Austria are barred by the applicable statute of limitations.  (Section III.A.)  Further, Plaintiff fails to state a claim against Diamond Austria upon which relief can be granted because Plaintiff's allegations do not meet the federal pleading standards.  (Section III.B.)

## I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Diamond Austria joins in the motions (and the replies in support) filed by Defendants Diamond Aircraft Industries, Inc. ("Diamond Canada") and Diamond Aircraft Sales U.S.A., Inc. ("Diamond U.S.A.") to dismiss this action for lack of subject matter jurisdiction.  (*See* DE 83, 85, 93, & 94.)

Plaintiff Aircraft Guaranty Corporation ("Aircraft Guaranty," the "Trustee"), Trustee of Continent Aircraft Trust 1087 (the "Trust"), is merely a nominal, formal party with no stake in this litigation.  Karsten Damgaard-Iversen (the Trust's sole beneficiary) is the sole real party to this controversy.  Because Mr. Iversen is a Danish citizen, and because both Diamond Canada and Diamond Austria are foreign corporations, diversity is lacking.  *See* 28 U.S.A. § 1332(a).  There is thus no subject matter jurisdiction, and the action should be dismissed accordingly.

## II.     Motion to Dismiss for Lack of Personal Jurisdiction.

> [T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.
>
> *McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011).

Plaintiff has not and cannot establish that exercising personal jurisdiction over Diamond Austria—an Austrian corporation with virtually no ties to the State of Florida—would be appropriate.  "It goes without saying that, where the defendant challenges the court's exercise of

jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Federal courts in Florida look first to Florida's long-arm statute to determine whether personal jurisdiction over a nonresident defendant is appropriate and, if so, analyze whether exercising such personal jurisdiction would violate the Due Process Clause. *See Fraser v. Smith*, 594 F.3d 842, 846-48 (11th Cir. 2010).

> Plaintiff's key jurisdictional allegation states:
>
> Diamond [meaning all three Defendants] is subject to the personal jurisdiction of this Court, and is amenable to service of process pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, because Diamond has maintained continuous and systematic contacts with Florida by way of its significant sales and marketing efforts, its numerous contractual relationships with Florida distributors and purchasers, and its regularly and purposeful direction of its products into the Florida market for nearly two decades.

(*See* DE 62, ¶ 11.) Though the "continuous and systematic" language invokes general jurisdiction as opposed to specific, Diamond Austria addresses both grounds in this motion. Further, to the extent Plaintiff is attempting to allege an alter-ego theory of personal jurisdiction, that attempt fails (Section II.C).

## A.     There Is No General Personal Jurisdiction Over Diamond Austria in Florida.

Plaintiff's allegation regarding personal jurisdiction does not cite a particular subsection of Florida's long-arm statute. However, Section 48.193(2), Florida Statutes, permits general jurisdiction over a foreign defendant that "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity."

To establish general jurisdiction under Florida law, the only relevant "contacts" or "activities" are Diamond Austria's. As a matter of law, general jurisdiction under Florida's long-arm statute cannot be established under an agency theory. *See Rogers v. Omni Solution, Inc.*,

2011 U.S. Dist. LEXIS 24178, *14 (S.D. Fla. Mar. 9, 2011) ("[T]he Florida long-arm statute does not provide for general jurisdiction on the basis of an agent's actions.").

The reach of Florida's long-arm statute's general jurisdiction provision "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser*, 594 F.3d at 846.   Therefore, the Court needs to determine whether exercising jurisdiction over Diamond Austria would "exceed constitutional bounds." *See id.* Here, such an exercise would violate Diamond Austria's due process rights.   First, Plaintiff's allegations regarding Diamond Austria's "contacts" with Florida are factually wrong.   Second, Diamond Austria's lack of contacts with Florida precludes the Court from exercising personal jurisdiction.

### 1.     Plaintiff's Allegations Regarding Diamond Austria's Contacts With Florida Are Factually Wrong.

Contrary to Plaintiff's allegation that Diamond Austria has "numerous contractual relationships with Florida distributors and purchasers," Diamond Austria has no contracts with independent dealers in Florida that sell aircraft manufactured by Diamond Austria and/or Diamond Canada, nor does Diamond Austria have contracts with individual retail purchasers in Florida.   (Dries Decl. ¶¶ 13, 15-17.)   Any sales into Florida would have happened through Diamond Canada, Diamond U.S.A., and a network of independent, United States dealers.   (*Id.* ¶ 15.)   This may have included Premier Aircraft Sales, Inc. ("Premier"), an entity with which Diamond Austria has no contract or agency relationship.   (*Id.* ¶ 17.)   Diamond Austria has no authority to—and, in fact, does not—exercise control over Premier.   (*Id.*)   Diamond Austria has never represented Premier to be its agent.   (*Id.*)

Diamond Austria has no "significant sales" in Florida, evidenced by the fact that Diamond Austria does not sell and has not sold aircraft directly to any person or business,

including independent dealers and retail customers, in Florida.  (Dries Decl. ¶ 13.)  Diamond

Austria has no "marketing efforts" in Florida and, in fact, has never advertised directly in

Florida.  (*Id*. ¶ 12.f.)  And contrary to Plaintiff's allegation that Diamond Austria "purposeful[ly]

direct[s]" its products into Florida, Diamond Austria's products are not specifically designed for

the Florida market, nor does Diamond Austria specifically intend to serve the Florida market.

(*Id*. ¶ 14.)  Therefore, as a factual matter, Plaintiff cannot support its allegations of general

personal jurisdiction.

> **2.    Diamond Austria's Contacts With Florida Are, In Fact, Minimal and Do Not Meet the High Standard of General Personal Jurisdiction.**

> [A] court may assert jurisdiction over a foreign corporation "to hear any and all claims against [it]" only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State."
>
> *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014).

The United States Supreme Court's recent opinion in *Daimler* serves as a roadmap for

this Court to decline to exercise personal jurisdiction over Diamond Austria.  The defendant in

*Daimler* was a German public company headquartered in Germany.  *Id*. at 751.  The German

public company had a subsidiary in New Jersey.[2]  *Id*.  The plaintiffs attempted to establish

personal jurisdiction over the German company in a California federal court based on the New

Jersey subsidiary's contacts with California.  *Id*.  The district court permitted jurisdictional

discovery, ultimately found that personal jurisdiction was lacking, and dismissed the case

accordingly.  *Id*. at 752.  The Ninth Circuit initially affirmed but then withdrew its opinion after

---

[2] The instant case is even more clear-cut than *Daimler* because, here, Diamond Austria has no
United States subsidiary.

rehearing, reversing the dismissal. *Id.* at 753. The Supreme Court reversed, finding there to be no personal jurisdiction over the German company. *Id.* at 642.

The *Daimler* Court rejected the notion that general jurisdiction over a foreign defendant exists "in every State in which [the] corporation engages in a substantial, continuous, and systematic course of business.'" *Daimler*, 134 S. Ct. at 761. Such a formulation is "unacceptably grasping." *Id.* The question is not whether the foreign corporation's contacts are in some sense "continuous and systematic," but rather, whether its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* Thus, exercising personal jurisdiction over Diamond Austria would require finding that Diamond Austria has certain "minimum contacts" with Florida and that those "minimum contacts" render Diamond Austria "essentially at home" in Florida. *See Daimler*, 134 S. Ct. at 751; *see also Fraser*, 594 F.3d at 846 (citing *Oldfield*, 558 F.3d at 1220; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

These criteria are not met. By no stretch of facts may Diamond Austria be found to be "essentially at home" in Florida. Below are two lists: the first showing Diamond Austria's actual (minimal) contacts with Florida, and the second showing Diamond Austria's lack of contacts with Florida, with paragraph citations to the Dries Declaration.

**Diamond Austria's
Minimal Contacts With the State of Florida**

1. A "Memorandum of Understanding" executed in Paris, France in June 2013 between Diamond Austria and Embry-Riddle Aeronautical University, which is based in the State of Florida. (¶ 18.)[3]

---

[3] Contrary to Plaintiff's allegation in paragraph 17 of the Second Amended Complaint, the Memorandum of Understanding expressly did not create a partnership, joint venture, agency

(footnote cont'd)

2. Christian Dries's attendance at a total of two (2) exhibitions in the State of Florida in the span of more than a decade.  (¶ 20.)

3. Diamond Austria's website available to the general public.  (¶ 21.)

.............................................................................................................................................................

**Diamond Austria's**
**Lack of Contacts With the State of Florida**

Diamond Austria:

1. Is headquartered in Wiener Neustadt, Austria, not Florida.  (¶ 4.)

2. Has Austrian—not Floridian—ownership.  (¶ 7.)

3. Does not sell and has not sold aircraft directly to any person or business (including independent dealers and retail customers) in Florida.  (¶ 13.)

4. Has no contracts with independent dealers in Florida.  (¶ 16.)

5. Has no authority to exercise control over independent dealers in Florida.  (¶ 16.)

6. Does not, in fact, exercise control over independent dealers in Florida.  (¶ 16.)

7. Has never represented Florida independent dealers to be its agents.  (¶ 16.)

8. Does not specifically design its products for the Florida market and does not specifically intend to serve the Florida market.  (¶ 14.)

9. Has never been incorporated in Florida, has never registered to do business in Florida, and does not conduct business in Florida.  (¶ 12.a.)

10. Has no offices, facilities, real property, assets, bank accounts, or investments in Florida.  (¶12.b)

11. Has no employees, officers, directors, owners, shareholders, agents, or subsidiaries in Florida.  (¶ 12.c.)

12. Has no mailing address or telephone number in Florida.  (¶ 12.d.)

---

relationship, or any other business organization or entity.  (Dries Decl. ¶ 18.)  The Memorandum of Understanding, which was entered into in Paris, did not create any obligations on behalf of either party, but rather, contemplated joint research and development projects to take place in the future.  (*Id*.)  However, the projects and operations contemplated by the Memorandum of Understanding have not materialized.  (*Id*. ¶ 19.)  Embry-Riddle has made no purchases from Diamond Austria.  (*Id*.)

13. Has never filed taxes or administrative reports in Florida. (¶ 12.e.)

14. Has never distributed print advertising materials in Florida, has never aired a radio or television advertisement in Florida, and has otherwise never advertised directly in Florida. (¶ 12.f.)

15. Has never owned, leased, or used real property in Florida. (¶ 12.g.)

16. Has no physical presence in Florida. (¶ 12.h.)

17. Has never consented to the jurisdiction of any court in Florida. (¶ 12.i.)

........................................................................................................................................................

Diamond Austria's actual contacts with Florida are akin to—and, in some instances, are even fewer than—other foreign defendants' contacts with forum states in which **no** general personal jurisdiction was found. *See, e.g.*, *Fraser*, 594 F.3d at 845, 847 (finding no general personal jurisdiction over Turks and Caicos corporation where corporation's owners had traveled to Florida to promote its services; where corporation had placed advertisements in newspapers and magazines and operated a website accessible to the general public; and where corporation had purchased tour boats in Florida); *Daimler*, 134 S. Ct. at 759 (finding no general jurisdiction where corporations' only purported contacts with the forum state were through its wholly owned subsidiary); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011) (finding no general personal jurisdiction over European corporations where the product at issue had reached the forum state "through the stream of commerce," where tens of thousands of the foreign defendants' tires were distributed within the forum state).

The bottom line is that there must be a limit on where a foreign corporation may be sued within the United States. Recent Supreme Court opinions like *Daimler*, *McIntyre*, and *Goodyear* cement this notion, recognizing that non-forum defendants should be permitted "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 134 S. Ct. at 762 (quoting *Burger King v. Rudzewicz*, 471 U.S.

462, 472 (1985)); *accord Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) ("[T]he Supreme Court has instructed courts to interpret the Due Process Clause in such a way as to provide "a degree of predictability to the legal system," thereby allowing foreign residents the opportunity to "structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Diamond Austria is not "at home" in the State of Florida.  Diamond Austria's contacts with Florida are minimal at best.  Thus, general personal jurisdiction is lacking, and the claims against Diamond Austria should be dismissed accordingly.

**B.      There is No Specific Personal Jurisdiction Over Diamond Austria in Florida.**

Plaintiff has not alleged specific personal jurisdiction under Florida's long-arm statute, Section 48.193(1)(a), Florida Statutes.  Subsection (1)(a) may subject a foreign corporation to a Florida court if the plaintiff's claim "aris[es] from" certain enumerated acts, conducted by the foreign corporation or through an agent.

Even if Plaintiff were to allege specific personal jurisdiction over Diamond Austria, such an allegation would fail.  This action involves a Danish citizen's purchase of an aircraft (which was not produced by Diamond Austria) from a Florida independent dealer, Premier, and has nothing to do with Diamond Austria.  Moreover, specific personal jurisdiction fails under an agency theory because Plaintiff has not sufficiently alleged and cannot factually establish that the purported actors—representatives of Premier—were agents of Diamond Austria.

**1.      There Are No Allegations of Wrongdoing Against Diamond Austria.**

Plaintiff's factual allegations regarding its purported claims are set forth in paragraphs 63 through 80 of the Second Amended Complaint.  The gist of Plaintiff's case is that Premier—a Florida independent dealer not owned or controlled by Diamond Austria—made certain

representations to Mr. Iversen; that those representations purportedly induced Mr. Iversen to purchase the aircraft; and that, because the engine manufacturer's warranties were voided (more than a year after the purchase), Mr. Iversen suffered damages.  Nowhere are there allegations that Plaintiff's claims somehow arose out of the above-mentioned (i) Memorandum of Understanding between Diamond Austria and Embry-Riddle; (ii) attendance by Christian Dries at two exhibitions in Florida; or (iii) Diamond Austria's website.

Further, the facts would rebut any allegation of specific personal jurisdiction.  Diamond Austria has no contacts with the State of Florida that relate to the allegations in Plaintiff's claims. (Dries Decl. ¶ 22.)  The aircraft at issue in this action was produced by Diamond Canada, not Diamond Austria.  (*Id*. ¶¶ 23-24.)  Diamond Austria was not involved in any sales of this specific aircraft at any point and had no knowledge that this specific aircraft would be sold in Florida. (*Id*. ¶¶ 25-26.)  Diamond Austria's (minimal) contacts with Florida are listed above, at pages 6-7. In no way can Plaintiff's claim be interpreted to "arise from" Diamond Austria's contacts with Florida.  Specific personal jurisdiction thus does not exist, and the claims against Diamond Austria should be dismissed accordingly.

### 2.  There is No Specific Jurisdiction Based on an Agency Theory.

Certain actions by an agent can subject foreign principals to Florida's long-arm jurisdiction.  *See* Fla. Stat. § 48.193(1)(a) (extending specific personal jurisdiction over "[a] person . . . who personally or through an agent does any of the acts enumerated in this subjection"); *see also Rogers v. Omni Solution, Inc.*, 2011 U.S. Dist. LEXIS 24178, *8, *11 (S.D. Fla. Mar. 9, 2011) (setting forth the elements of actual and apparent agency in analysis of

specific personal jurisdiction; finding plaintiff failed to meet his burden of proving an actual or apparent agency relationship).[4]

Here, however, the agency test fails.  As stated above, the sale and purported representations were all allegedly made by Premier, an independent dealer located in Florida. Plaintiff does not (and cannot) allege that Diamond Austria ever made any representation that Premier was its agent.  Despite Plaintiff's conclusory and unspecific allegations, Premier is not Diamond Austria's agent.   Diamond Austria does not have contracts with United States independent dealers, including Premier.  (Dries Decl. ¶¶ 16-17.)  Diamond Austria has no authority to—and, in fact, does not—exercise control over such independent dealers, including Premier.  (*Id.*)  Diamond Austria has not acknowledged and does not acknowledge that any independent dealer, including Premier, was or is its agent.  (*Id.*)  Diamond Austria has not exerted and does not exert control over independent dealers', including Premier's, day-to-day activities.  (*Id.*)  Diamond Austria has never represented such independent dealers, including Premier, to be its agents.  (*Id.*)

On a motion to dismiss for lack of personal jurisdiction, evidence matters.  Plaintiff's allegations deserve no deference given Mr. Dries's conflicting Declaration.  It is Plaintiff's burden to produce evidence of an agency relationship for purposes of conferring specific

---

[4] "To demonstrate an actual agency relationship, a plaintiff must allege (1) that the principal acknowledges that the reputed agent was acting as its agent; (2) that the reputed agent accepts that undertaking; and (3) that the principal exerts control over the agent's day-to-day activities during the course of the agency relationship."  *Rogers*, 2011 U.S. Dist. LEXIS 24178 at *8 (citing *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326 (Fla. 3d DCA 2008)).  "To successfully allege an apparent agency relationship, a plaintiff must demonstrate facts showing '(1) a representation [regarding an agency relationship] by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation.'"  *Rogers*, 2011 U.S. Dist. LEXIS 24178 at *11 (quoting *Ocana*, 992 So. 2d at 326) (finding, as part of its personal jurisdiction analysis, no evidence that the purported principal "made any representation to [the plaintiff] regarding an agency relationship").

personal jurisdiction over Diamond Austria.  *See Rogers*, 2011 U.S. Dist. LEXIS at \*6 ("If the defendant challenges jurisdiction by submitting an affidavit in support of its position, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.").  Here, as in *Rogers*, there is **no evidence** that Diamond Austria made any representation to Plaintiff regarding an agency relationship between Diamond Austria and Premier.  *See Rogers*, 2011 U.S. Dist. LEXIS at \*12.  There are not even any allegations to this effect.  (*See generally* 2d Am. Compl.) Therefore, there is no specific jurisdiction under an agency theory over Diamond Austria.

### C.   There is No Personal Jurisdiction Over Diamond Austria Under an Alter-Ego Theory.

Plaintiff alleges that "Diamond USA has little to no assets and functionally operates as nothing more than an agent and/or alter-ego of Diamond Austria and Diamond Canada . . . ."  (2d Am. Compl. ¶ 8.)  To the extent Plaintiff is attempting to establish personal jurisdiction via an alter-ego theory, this attempt wholly fails.  Courts are generally reluctant to exercise personal jurisdiction over foreign corporations based on an alter-ego theory, and, furthermore, require there be a parent-subsidiary relationship (or otherwise an ownership interest) to do so.  *See, e.g.*, *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (acknowledging that "in some circumstances a close relationship between a parent and its subsidiary may justify a finding that the parent 'does business' in a jurisdiction through the local activities of its subsidiaries," but refusing to apply alter-ego theory to foreign parent).[5]

---

[5] *See also Radmore v. Aegis Commc'ns Group, Inc.*, 346 Fed. Appx. 835, 838 (3d Cir. 2009) (assuming, "arguendo, that a district court could impute personal jurisdiction" to a parent corporation under an alter-ego theory, but declining to exercise personal jurisdiction over foreign parent corporation and its predecessor); *Indah v. SEC*, 661 F.3d 914, 921 (6th Cir. 2011) (declining to exercise personal jurisdiction over foreign parent where subsidiaries allegedly acted as [its] alter ego"); *M2 Software Inc. v. M2 Commc'ns, L.L.C.*, 149 Fed. Appx. 612, 615 (9th Cir. 2005) (noting that the court "will attribute the contacts of [the subsidiary] to its parent company . . . for jurisdictional purposes only if [the subsidiary] is [the parent's] alter ago," but finding that
(footnote cont'd)

Research reveals no instance in which a federal court has exercised jurisdiction over a foreign corporation where the foreign corporation had no ownership interest in the domestic company.  *See MGA Entm't, Inc. v. Innovation First, Inc.*, 525 Fed. Appx. 576, 577 (9th Cir. 2013) (rejecting argument "that an ownership relationship is unnecessary to support an alter ego relationship for jurisdictional purposes"; noting that plaintiff "cites no cases for this proposition in its cursory argument on this point"; and affirming dismissal for lack of personal jurisdiction).

Here, neither Premier, nor Diamond Canada, nor Diamond U.S.A. is a subsidiary of Diamond Austria.  (Dries Decl. ¶¶ 7-9, 17-18.)  Diamond Austria has no ownership interest in Premier, Diamond Canada, or Diamond U.S.A.  (*Id.* ¶¶ 7-11, 17-18.)  An alter-ego theory of personal jurisdiction is not viable. As such, there can be no specific personal jurisdiction, and the claims against Diamond Austria should be dismissed.

## III.     Motion to Dismiss for Failure to State a Claim.

Diamond Austria joins in the motions (and the replies in support) filed by Diamond Canada and Diamond U.S.A. for failure to state a claim to the extent the grounds raised therein apply to Diamond Austria.  (*See* DE 83, 85, 93, & 94.)

---

the plaintiff "fail[ed] to demonstrate facts sufficient to support general jurisdiction" under an alter-ego theory); *Khan v. Bank of N.Y. Mellon*, 525 Fed. Appx. 778, 780 (10th Cir. 2013) ("This court has observed that the general rule . . . is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.") (internal quotation marks omitted); *see also Stevens v. Reliance Fin. Corp.*, Case No. 2:13-cv-416, 2014 U.S. Dist. LEXIS 19675, *24-*25 (M.D. Ala. Feb. 28, 2014) (dismissing claims against parent corporation for lack of personal jurisdiction; rejecting plaintiff's alter-ego argument regarding subsidiary).

A.    **Plaintiff's Claims Against Diamond Austria Are Barred by Florida's Statute of Limitations.**

> A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is **entitled to repose**—unless it is or should be apparent to that person that he is the beneficiary of a **mere slip of the pen**, as it were.
>
> *Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998).

Diamond Austria is entitled to repose because the four-year statute of limitations has run and because there is no basis for applying the "relation-back" doctrine. Florida's four-year limitations period presumably applies to Plaintiff's claims. *See* Fla. Stat. § 95.11(3)(j). Assuming (as Plaintiff has done)[6] that the statute of limitations began to run on May 26, 2008, then the limitations period ended on May 26, 2012. Diamond Austria was added to this lawsuit more than a year after the limitations period ended, on September 30, 2013, well past the outer limits of the four-year limitations period. The claims should be dismissed accordingly.

Furthermore, the relation-back doctrine does not apply. The relation-back provision of Rule 15, Federal Rules of Civil Procedure, "does not support relation back in cases like this one: cases where the newly added defendants were **known to the plaintiff** before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued." *Powers*, 148 F.3d at 1226. Here,

---

[6] *See Mascaro Aviation, LLC v. Diamond Aircraft Indus., Inc.,* Case No. 0:10-cv-60556, Doc. 51, Plaintiffs' Partial Objection to the Magistrate's Report and Recommendation, Dated June 14, 2011, at 6 n. 3 (S.D. Fla. June 28, 2011) ("Based on all facts known at this time, the statute of limitations began to run at the time TAE gave notice the warranty was voided on May 26, 2008."), a copy of which is attached hereto as Exhibit A. Plaintiff was a named Plaintiff in *Mascaro Aviation* at the time the Objection was filed.

"Even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset."  *Powers*, 148 F.3d at 1227 (quoting *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992)).  Here, Plaintiff has long been aware of Diamond Austria's existence and its role in producing DA42s, and Diamond Austria had no reason to know that it would be named to this action.  *See In re: Global Crossing Ltd.*, 385 B.R. 52, 65 (S.D. Fla. April 8, 2008) (citing Fed. R. Civ. P. 15(c)(1)(C)).

Plaintiff's counsel previously deposed Diamond U.S.A. and Diamond Canada's president and C.E.O., Peter Maurer.  This deposition took place on **September 29, 2011**, in the case styled *Morris Aviation, LLC v. Diamond Aircraft Industries, Inc.*, Case No. 3:09-cv-00644 (W.D. Ky.).[7] (*See Morris Aviation*, Doc. 76, filed Dec. 13, 2011, Deposition of Peter Maurer taken September 29, 2011 (the "2011 Maurer Dep."), a copy of which is attached as Exhibit B.)  During this 2011 deposition, Mr. Maurer made clear that he represented Diamond Canada, not Diamond Austria. (2011 Maurer Dep. at 18:12-18 ("And when you ask if we sold them, are you referring to Diamond Aircraft Industries, Inc. in North America? * * * [B]ecause that's the company I represent.  I don't represent Diamond Aircraft Austria.").)

Mr. Maurer explained Diamond Austria's operations to Plaintiff's counsel—again, this occurred <u>two years before</u> Plaintiff's counsel decided to add Diamond Austria to this case:

> **Q: Who's the company in Austria that's building -- that would build DA42s?**
>
> A: Diamond Aircraft Austria.   It's GmbH officially, Diamond Aircraft GmbH.

(2011 Maurer Dep. 15:9-12.)

---

[7] Morris Aviation, LLC was, briefly, also one of the instant Plaintiff's co-Plaintiffs in *Mascaro Aviation*, Case No. 0:10-cv-60556 (S.D. Fla.) and was represented by Plaintiff's counsel.

> **Q: I can't remember if I asked you this earlier, so I just want to clear it up. Diamond Aircraft GmbH, who owns that? Which entity owns that?**
>
> A: Christian Dries is the shareholder of Diamond Aircraft GmbH.
>
> **Q: Is it held by APC Technology or any other company?**
>
> A: No, not related, completely separate.

(*Id*. 104:18-25.) Despite Plaintiff's belated allegations regarding Diamond Austria's development of the DA42, Plaintiff, through its counsel, has known for years that Diamond Austria developed the DA42:

> A: Diamond Aircraft Austria announced the development of the DA42 in 2002, 2003, I believe, maybe as early as 2001. I'd have to go back and check.
>
> **Q: That was a public announcement?**
>
> A: That was a public announcement, yes.
>
> **Q: Did you know before the public announcement that they were going to develop this aircraft?**
>
> A: We had talked about it internally, that there was a desire to do a the twin engine aircraft, but it was announced fairly quickly at that point.
>
> **Q: Are you familiar with -- well, let me ask you this. Do you know why Diamond wanted to develop the DA42? . . .**
>
> **Q: I think you said Diamond Aircraft GmbH developed it, right?**
>
> A: Yes.

(2011 Maurer Dep. 21:3-23; *compare with* 2d Am. Compl. ¶¶ 25-27 (alleging Diamond Austria developed the DA42).) And despite Plaintiff's belated allegations that Diamond Austria developed the Austro engine, Plaintiff, through its counsel, has also known for years that Diamond Austria developed the Austro engine:

> A: . . . Just to be clear, Diamond Aircraft Industries, Inc. had nothing to do with the development of the Austro engine.
>
> **Q: Okay.**
>
> A: And Diamond Aircraft GmbH would certainly have been the company that was initially involved in the idea of creating an Austro engine prior to incorporation of Austro Engine. . . .

> **Q:** When did someone at Diamond—and I know we're talking about Diamond Aircraft GmbH—decide we need to build this Austro engine?
>
> **A:** I'm fairly certain that would have been late 2005.

(*Id*. 51:18-52:1; *compare with* DE 62 ¶ 29 (alleging Diamond Austria began developing its own engine in Austria).)

Plaintiff's counsel has learned no new material information since the 2011 Maurer Deposition yet waited until after the limitations period had run to sue Diamond Austria. Plaintiff's belated suit is not a "mistake" as contemplated by the relation-back doctrine, and Diamond Austria is "entitled to repose."  *See Powers*, 148 F.3d at 1227 ("Before the statute of limitations period ran, Plaintiffs knew Defendants' identities"; citing deposition during which testimony revealed ownership and management structure); *see also Bloom v. Alvereze*, 498 Fed. App'x 867, 873-74 (11th Cir. 2012) (finding claims did not relate back where plaintiff knew of defendant's role in the underlying claims prior to filing suit).  This action is barred by the statute of limitations and should be dismissed accordingly.

## B.   Plaintiff's Allegations Fail to State a Claim Because They Fail to Meet Federal Pleading Standards.

Rule 9(b) governs Plaintiff's fraud claims and requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).   (*See also* Order Granting in Part Motion to Dismiss, DE 39 (applying Rule 9(b) to Plaintiff's claims).) Plaintiff has failed to state claims for fraud against Diamond Austria that meet the applicable pleading standard.  *See* Fed. R. Civ. P. 9(b); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (May 18, 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### 1.   Plaintiff Fails to State a Claim Against Diamond Austria Directly.

Plaintiff has not alleged any direct wrongdoing by Diamond Austria.  In *PVC Windoors,*
*Inc. v. Babbitbay Beach Constr.*, 598 F.3d 802 (11th Cir. 2010), the Eleventh Circuit analyzed
fraud claims brought against multiple defendants.  The plaintiff had alleged three fraud-in-the-
inducement claims against five defendants.  *Id*. at 808.  However, the court noted it was "clear"
that one specific defendant was "the only defendant that, according to the amended complaint's
allegations, made any misrepresentations to" the plaintiff.  *Id*.  The court thus "limit[ed] [its]
discussion of these counts" to what that defendant may have said to the plaintiff.  *Id*.  Likewise,
here the discussion should be limited to what Diamond Austria allegedly said to Plaintiff.
Because there are no allegations that Diamond Austria said <u>anything</u>, a direct claim against
Diamond Austria fails.

Further, federal courts sitting in Florida routinely dismiss fraud claims when a plaintiff
fails to specify which defendant made the alleged representation(s) or omission(s).  *See Begual*
*Investment Mgmt. Inc. v. Four Seasons Hotel Ltd.*, 2011 U.S. Dist. LEXIS 108720, *14-*15
(S.D. Fla. Sept. 23, 2011) (dismissing claim for fraudulent inducement asserted against all
defendants; under Rule 9(b), "Plaintiffs have not detailed the required who, what, where, when,
and how of the allegedly false statements and again fail to specify each Defendant's participation
in the alleged fraud") (citing *Barrett v. Scutieri*, 281 Fed. App'x 952, 953 (11th Cir. 2008));
*Behrman v. Allstate Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7262, *9-*10 (S.D. Fla. March 23,
2005) (dismissing fraud claims for failure to meet the particularity requirement of Rule 9(b)
where plaintiff "simply lumped together all of the Defendants, and has not alleged how any
particular . . . [d]efendant defrauded him through any identifiable misstatement or omission made
directly or indirectly to him"); *Fellner v. Cameron*, 2011 U.S. Dist. LEXIS 106622, *16-*18
(M.D. Fla. Sept. 20, 2011) (dismissing claims for fraud in the inducement and fraudulent

concealment where plaintiff improperly lumped defendants together in allegations); *see also Scott v. Yellon*, 2013 U.S. Dist. LEXIS 105228, *4-*5 (M.D. Fla. July 11, 2013) ("By lumping 'defendants' together, Plaintiff has failed to comply with Fed. R. Civ. P. 8(a) which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").

Here, Plaintiff's claims are based on representations purportedly made by Susan McKenzie, a representative of Premier.  (*See* DE 62, ¶¶ 66-73.)  There are no allegations that Diamond Austria made any representations.  Plaintiff thus fails to state a direct claim against Diamond Austria, and the Second Amended Complaint should be dismissed accordingly.

### 2. Plaintiff Fails to State a Claim Against Diamond Austria Under an Agency Theory.

Without a viable direct claim against Diamond Austria, Plaintiff's only alternative is to impute Premier's representations to Diamond Austria under an agency theory.  This theory fails.

"To demonstrate an actual agency relationship, a plaintiff must allege (1) that the principal acknowledges that the reputed agent was acting as its agent; (2) that the reputed agent accepts that undertaking; and (3) that the principal exerts control over the agent's day-to-day activities during the course of the agency relationship."  *Rogers*, 2011 U.S. Dist. LEXIS 24178 at *8 (citing *Ocana*, 992 So. 2d at 326).  "To successfully allege an apparent agency relationship, a plaintiff must demonstrate facts showing '(1) a representation by the purported principal [regarding agency]; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation.'"  *Rogers*, 2011 U.S. Dist. LEXIS 24178 at *11 (quoting *Ocana*, 992 So. 2d at 326).

The agency-related allegations fail to allege the requisite elements of agency.  Instead, similar to the fraud allegations, the agency allegations "lump" together all three Defendants, defining them simply as "Diamond."  (*See* DE 62, ¶¶ 43-54.)  As to actual agency, Plaintiff does

not (and cannot) allege that Diamond Austria acknowledged Premier was acting as its agent; that Premier accepted such an undertaking; or that Diamond Austria exerted any control over Premier. *See Rogers*, 2011 U.S. Dist. LEXIS 24178 at *8. Regarding apparent agency, Plaintiff does not (and cannot) allege that Diamond Austria made **_any_** representation to Plaintiff, much less a representation that Premier was its agent. *See id.* at *11. Plaintiff's claims against Diamond Austria thus cannot proceed on an agency theory and, therefore, should be dismissed.

IV.   **Conclusion**

WHEREFORE, Diamond Austria respectfully requests that the Court dismiss this case for lack of subject matter jurisdiction; for lack of personal jurisdiction; or, alternatively, for failure to state a claim, and award Diamond Austria such further relief as the Court deems just and proper.

Respectfully submitted,

s/ Benjamine Reid
Benjamine Reid, FBN 183522
breid@cfjblaw.com
Paul R. Borr, FBN 027515
pborr@cfjblaw.com
CARLTON FIELDS JORDEN BURT
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113
Phone:  305.539.7222
Fax:  305.530.0055
*Attorneys for Defendant Diamond Aircraft Industries, GmbH*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on April 3, 2014, on all counsel of record on the Service List below:

s/ Benjamine Reid
Benjamine Reid, FBN 183522
breid@cfjblaw.com
Paul R. Borr, FBN 027515
pborr@cfjblaw.com
CARLTON FIELDS JORDEN BURT
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Phone: 305.539.7222
Fax: 305.530.0055
*Attorneys for Defendant Diamond Aircraft Industries, GmbH*

## <u>SERVICE LIST</u>

Michael A. Grim
*Admitted pro hac vice*
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695

V. Brandon McGrath
*Admitted pro hac vice*
bmcgrath@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 455-7643
Fax: (513) 455-8500

Carl R. Nelson, FBN 280186
carl.nelson@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Scott A. Richards, FBN 0072657
scott.richards@bipc.com
BUCHANAN INGERSOLL & ROONEY /
FOWLER WHITE BOGGS
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313

*Attorneys for Defendants Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales U.S.A., Inc.*

29416276.1

Juan Martinez, FBN 9024
juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-0014
Tel: (305) 416-6880
Fax: (305) 416-6887

*Attorneys for Plaintiff*