UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:10-60556-CIV MORENO
ELECTRONICALLY FILED

**MASCARO AVIATION, L.L.C., et al.**

        **Plaintiffs,**

vs.

**DIAMOND AIRCRAFT INDUSTRIES, INC.**

        **Defendant.**
_____/

**PLAINTIFFS' PARTIAL OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION, DATED JUNE 14, 2011**

Plaintiffs, by and through counsel, hereby file their Partial Objection to the Magistrate's Report and Recommendation, dated June 14, 2011.

**INTRODUCTION**

Plaintiffs respectfully object to the Magistrate's Report and Recommendation, dated June 14, 2011 (Doc. 49) ("Recommendation"), that 18 of the Plaintiffs ("Misjoined Plaintiffs"), excluding Mascaro Aviation, L.L.C. ("Mascaro") (collectively, "Plaintiffs"), be "dropped" from this lawsuit.  In this case, the appropriate remedy for misjoinder is to "sever" each set of claims for each of the Misjoined Plaintiffs, and for each case to then proceed in a separate action against Diamond Aircraft Industries, Inc. ("Diamond").

Under Fed. R. Civ. P. 21, the Court should only drop parties on just terms.  When a plaintiff is dropped from an action, the plaintiff's claims are dismissed without prejudice.  If the claims of the Misjoined Plaintiffs are dismissed without prejudice, most will be barred from re-filing their claims because the applicable statute of limitations has already expired.  To prevent this unjust result, severing each of the Misjoined Plaintiffs is the appropriate remedy.

Importantly, once the claims are severed, these cases may proceed on their merits. Plaintiffs do not object to any other portion of the Recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiffs' purchases of aircraft manufactured and marketed by Diamond. (*See* Am. Compl. ¶24 (Doc. 40).) The engines on these aircraft were all manufactured by Thielert Aircraft Engines GmbH ("TAE"), a German corporation. (*Id.*) During the purchase process, Diamond and/or its agents made various representations regarding the aircraft engines and their warranty, and also concealed TAE's financial problems as well as Diamond's development of its own replacement engine for Plaintiffs' aircraft. (*See generally id.*). TAE suddenly announced insolvency in April of 2008. (*Id.* at ¶ 35.) Shortly thereafter, Plaintiffs' engine warranties were voided and they were left with engines that were too expensive to economically maintain and use. (*Id.* at ¶ 36.)

Plaintiffs' original complaint was filed in the Southern District of Florida on April 9, 2010. (Compl. (Doc. 1)). Diamond filed a motion to dismiss (Doc. 31), which was granted, but Plaintiffs were given leave to file an amended complaint. (Doc. 39). Plaintiffs then filed an amended complaint (Doc. 40) on March 22, 2011 and Diamond responded with its Motion to Dismiss or, in the Alternative, Motion to Drop Parties (Doc. 43) ("Motion to Dismiss").[1]

In the Recommendation, the Magistrate Judge held that Plaintiffs failed to satisfy joinder requirements and also determined that of the 19 total Plaintiffs, 18 should be dropped from this case with one Plaintiff, Mascaro, remaining to proceed on its own claims. (Recommendation at p. 12.) The Recommendation further held that Mascaro sufficiently pled all of its claims against Diamond so as to survive Diamond's Motion to Dismiss. (*Id.*)

---

[1] Diamond has not asserted lack of personal jurisdiction as one of the reasons to dismiss Plaintiffs' claims.

2

## ARGUMENT

### I. A Party May Be Dropped Only On Just Terms

Under Fed. R. Civ. P. 21, misjoinder can be remedied by dropping, adding, or severing parties and claims. *See id*. A court, however, cannot remedy misjoinder by dismissing an entire suit. *Id.*; *see also, DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). A court may only drop or add parties under Fed. R. Civ. P. 21 "on just terms." *Id*.

The procedural impact of "dropping" a party under Fed. R. Civ. P. 21 differs markedly from "severing" a party or claim. *See e.g., DirecTV, Inc*. 467 F.3d at 845. When a party is "dropped," the Court effectively dismisses that party and its claims from the case without prejudice. *See id*. citing *Publicker Indus. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir. 1979). Consequently, a dropped party is exposed to statute of limitations defenses because courts "treat the initial complaint as if it never existed." *Id*. (quoting *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotations omitted)). On the other hand, the statute of limitations for claims "severed" by a Court remain tolled because the Court views the original suit as continuing "in another guise." *Id*. (citing *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 (3d Cir. 1999); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also, DirecTV, Inc. v. Collins*, 244 F.R.D. 408, 411 (S.D. Ohio 2007) (outlining procedure for severing complaint against multiple defendants due to misjoinder). If the severed suit was originally timely filed, then it can continue to proceed without any statute of limitations concerns. *Id*.

Statute of limitations issues have repeatedly implicated Fed. R. Civ. P. 21's requirement that dropping a party can only be done "on just terms." *Hartley v. Clark*, 2010 U.S. Dist. LEXIS 28241 (N.D. Fla. Feb. 12, 2010) (Magistrate Report and Recommendation adopted and incorporated by *Hartley v. Clark*, 2010 U.S. Dist. LEXIS 28238 (N.D. Fla. March 23, 2010)); *DirecTV, Inc.*, 467 F.3d 842; *Elmore*, 227 F.3d 1009; *Strandlund v. Hawley,* 532 F.3d 741 (8th

Cir. 2008). To avoid violating the "just terms" mandate, courts "must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." *DirecTV, Inc.*, 467 F.3d at 846. Accordingly, a court's "discretion to drop and dismiss claims against misjoined defendants under [Fed. R. Civ. P. 21] is abated when it prejudic[es] any substantial right of plaintiffs, which includes loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Id.* at 846 – 847 (citing *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) (internal quotations omitted)).

In *Hartley*, the Northern District of Florida echoed the holding of *DirecTV, Inc.* with regard to misjoinder. *Hartley*, 2010 U.S. Dist. LEXIS 28241 (N.D. Fla. Feb. 12, 2010). *Hartley* involved a single plaintiff inmate who brought claims against numerous correctional facility defendants. *Id.* at *1 – 2. The Court held that the plaintiff had not satisfied the requirements for permissive joinder. *Id.* at *12. The Court noted that "[t]he Third, Seventh, and Eighth Circuits have interpreted [Fed. R. Civ. P. 21] to permit dismissals of parties only if dismissal does not cause substantial prejudice." *Id.* at *15. Consequently, severing a party for misjoinder under Fed. R. Civ. P. 21 is the proper remedy when dropping that party would result in the expiration of the statute of limitations. *Id.* at *15 – 18 (citing and discussing *DirecTV, Inc.*, 467 F.3d 842; *Elmore*, 227 F.3d 1009; *Strandlund*, 532 F.3d 741).

Ultimately, the Magistrate Judge in *Hartley* still recommended that the misjoined defendants be dismissed, rather than severed. *Id.* at *18 – 19. This recommendation was made *only* after the Court determined that the plaintiff's claims against the misjoined defendants would not be prejudiced because the dismissal would not result in the expiration of the relevant statute of limitations. *See id.* (examining how the applicable statute of limitations would not bar the

4

plaintiff's claims and then stating, "[t]herefore, dismissal of the [misjoined defendants] will not prejudice Plaintiff's right to pursue his claims against those Defendants.").

Other courts have also adopted or approved the holding in *DirecTV* that severing rather than dropping parties when statute of limitations concerns arise is the appropriate remedy: *Nasious v. City & County of Denver - Denver Sheriff's Dep't*, 2011 U.S. App. LEXIS 3544, at *10-14 (10th Cir. Feb. 22, 2011), *Jackson v. Olsen*, 2010 U.S. Dist. LEXIS 17879, at *25 – 26 (E.D. Va. Mar. 1, 2010), *Harris v. Gerth*, 2009 U.S. Dist. LEXIS 11746, at *4 – 7 (E.D. Mich. Feb. 11, 2009),[2] *Battle v. D.C.*, 2009 U.S. Dist. LEXIS 127375, at *5-6 (D.D.C. Apr. 29, 2009). While at least one district court in the Ninth Circuit has indicated misjoined parties assume the risk of being dropped and having the statute of limitations expire, that court specifically justified its holding by noting that the plaintiffs had conceded that their claims did "not involve any statute of limitations issues," and furthermore, the court felt severance was not practicable because it was "unclear how the Court would structure the severed actions" because of the plaintiff's confusing pleadings. *See, Bravado Int'l Group Merch. Servs. v. Cha*, 2010 U.S. Dist. LEXIS 80361, at *14 – 18 (C.D. Cal. June 30, 2010). None of those issues are present here. Each Misjoined Plaintiff has clearly and timely set forth its allegations against Diamond in the Amended Complaint such that the Court would have no difficulty setting out each set of claims as a separate action.

---

[2] Plaintiffs acknowledge the case of *DirecTV, Inc. v. Hudson*, 2004 U.S. Dist. LEXIS 30132 (S.D. Ohio 2004), in which the Southern District of Ohio held that the Sixth Circuit allows dropping a party for misjoinder, even when doing so causes the plaintiff's re-filed claims to become barred by the statute of limitations. However, the *Hudson* court repeatedly noted that determination of what are "just terms" pursuant to Fed. R. Civ. P. 21 is "fact-intensive" and "depends upon the unique circumstances of each case." *Id*. at *11, 13. In contrast to *Hudson*, the facts of this case justify severance because of Plaintiffs' dutiful prosecution of their claims against Diamond. Furthermore, recent case law decided since *Hudson* evidences a clear trend towards finding an abuse of discretion when a court drops a party pursuant to Fed. R. Civ. P. 21 and causes that party's claims to become barred by statutes of limitation defenses. *See. e.g.*, *DirecTV, Inc.*, 467 F.3d 842; *Strandlund*, 532 F.3d 741; *Nasious*, 2011 U.S. App. LEXIS 3544, at *10-14 (10th Cir. Feb. 22, 2011); *Hartley*, 2010 U.S. Dist. LEXIS 28241 (N.D. Fla. Feb. 12, 2010).

5

II. **The Misjoined Plaintiffs will Face Substantial Prejudice if the Court Drops Them from This Litigation.**

The Misjoined Plaintiffs face the same statute of limitations concerns as the plaintiffs in the cases discussed above. If the Court adopts the Recommendation and drops the Misjoined Plaintiffs, most of the Misjoined Plaintiffs' will be prejudiced by the expiration of the relevant statute of limitations. To illustrate this point, a chart is attached that summarizes the relevant allegations in the Amended Complaint. *See* **Exhibit A.** This chart describes the most likely applicable statute of limitations**,** the date of TAE's insolvency, and the date the TAE warranties were voided.[3] In light of the facts of this case, the appropriate method to remedy misjoinder is to sever each Misjoined Plaintiff and its individual claims, and to allow each Misjoined Plaintiff to proceed in a separate action against Diamond within the Southern District of Florida.

As the United States Supreme Court and the Southern District of Florida have previously noted, statutes of limitation are designed "primarily to assure fairness to defendants by preventing surprise through the filing of claims which plaintiffs" failed to adequately pursue and prosecute. *Booth v. Carnival Corp.*, 510 F. Supp. 2d 985, 989 (S.D. Fla. 2007) (citing and quoting *Burnett v. New York Central R. Co.*, 380 U.S. 424, 427-428 (1965)). Such concerns are not an issue in this case because Diamond has known about the Misjoined Plaintiffs' claims for well over a year and it will not suffer any prejudice due to surprise or spoliation of evidence. Severing the Misjoined Plaintiffs will accomplish the same goal as dropping the Misjoined Plaintiffs without prejudicing the Misjoined Plaintiffs by suddenly exposing them to potential statute of limitations defenses and without wasting judicial time and resources.

In the event the Court adopts the Recommendation to drop Misjoined Plaintiffs, Plaintiffs respectfully request that any Order include savings language so that any claims re-filed by

---

[3] Based on all facts known as this time, the statute of limitations began to run at the time the TAE gave notice the warranty was voided on May 26, 2008.

6

dropped parties relate back to the original filing date of the Complaint. *See e.g.*, *Berry v. Illinois Dep't of Human Servs.*, 2001 WL 111035, at *18 (N.D. Ill. Feb. 2, 2001) (providing that misjoined plaintiffs must re-file their claims, but stating that "[t]he new complaints should be considered to be the continuation of the case *sub judice*," so that for statute of limitations concerns they relate back to the filing of the original action).[4]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court sever, rather than drop, each of the Misjoined Plaintiffs and each of their claims, so that the Misjoined Plaintiffs can proceed in independent actions against Diamond.

Respectfully submitted,

/s/Juan Martinez
Juan Martinez
Florida Bar No. 9024
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFFS

Of Counsel:
Mark T. Hayden
V. Brandon McGrath
GREENEBAUM DOLL & MCDONALD PLLC
2900 Chemed Center, 255 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: 513-455-7643
Facsimile: 513-455-8500
E-mail:mth@gdm.com; vbm@gdm.com

---

[4] The *Berry* court labeled the misjoinder remedy as a "severance," but in reality the court "dropped" the plaintiffs because it required them to re-file their claims. *Berry*, 2001 WL 111035, at *18; *see also Hudson*, 2004 U.S. Dist. LEXIS 30132, at *10 – 11.

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 28th, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

                                        Respectfully submitted,

                                        /s/Juan Martinez
                                        Juan Martinez
                                        Florida Bar No. 9024
                                        GRAYROBINSON P.A.
                                        1221 Brickell Avenue, Suite 1600
                                        Miami, Florida 33131-0014
                                        Telephone:  305-416-6880
                                        Facsimile:  305-416-6887
                                        E-mail:  juan.martinez@gray-robinson.com
                                        COUNSEL FOR PLAINTIFFS

## SERVICE LIST

**Mascaro Aviation, L.L.C., et al. v. Diamond Aircraft Industries, Inc.
Case No. 0:10-cv-60556 (MORENO)
United States District Court, Southern District of Florida**

Carl R. Nelson
cnelson@fowlerwhite.com
Ashley Bruce Trehan
ashley.trehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: 813-228-7411
Fax:    813-229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

[Service by Notice of Electronic Filing generated by CM/ECF]

\175617\1 - # 4111892 v1

**Exhibit A – Potential Applicable Statute of Limitations**

| Plaintiff | Date of TAE Insolvency | Date TAE Warranty Voided | Date of Filing Original Complaint | Shortest Applicable Statute of Limitations |
|---|---|---|---|---|
| DSM Leasing Corp. | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Cal. Civ. Proc. Code § 339(1) |
| Cary N. Mariash | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **6 Years** Burns Ind. Code Ann. § 34-11-2-7(4) |
| Twinstar Partners, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** A.R.S. §§ 12-542(1) |
| Rellim Enterprises, LLC; Applied Science Services Corporation | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Cal. Civ. Proc. Code § 339(1) |
| Lidija, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Cal. Civ. Proc. Code § 339(1) |
| Graham Aviation, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Mont. Code Ann. § 27-2-204(1); § 27-2-203 |
| Xie Jian Trustee | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Cal. Civ. Proc. Code § 339(1) |
| Twin Eagles Aviation, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **3 years** N.C. Gen. Stat. § 1-52(5); § 1-52(9) |
| Ferndock LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** Tex. Civ. Prac. & Rem.Code § 16.003(a). |
| Richard Dennis Rubin Enterprises, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **4 years** Fla. Stat. § 95.11(3)(a),(q); 95.031; § 95.11(3)(j) |
| Oak Street Properties LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** KSA § 60-513(a)(3) KSA § 60-513(a)(4) |

| **Plaintiff** | **Date of TAE Insolvency** | **Date TAE Warranty Voided** | **Date of Filing Original Complaint** | **Shortest Applicable Statute of Limitations** |
|---|---|---|---|---|
| S & D Seven LLC; KAL Venture Partners LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **4 years** O.C.G.A. § 9-3-31 |
| CS Leasing LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **3 years** Md. COURTS AND JUDICIAL PROCEEDINGS Code Ann. § 5-101; §5-203 |
| World Traveling Fools, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 years** A.R.S. §§ 12-542(1) |
| Clyde Air Leasing, LLC | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **2 Years** CGS § 52–584 |
| Continent Aircraft Trust 1087 | **April 24, 2008** | **May 26, 2008** | **April 9, 2010** | **4 years** Fla. Stat. § 95.11(3)(a),(q); 95.031; § 95.11(3)(j) |

\175617\1 - # 4111888 v1