UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

**DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, GMBH'S
MOTION TO STAY DISCOVERY AGAINST DIAMOND AUSTRIA
PENDING A RULING ON ITS MOTION TO DISMISS FOR LACK
OF JURISDICTION AND INCORPORATED MEMORANDUM OF LAW**

    Defendant Diamond Aircraft Industries, GmbH, Inc. ("Diamond Austria"), through its undersigned counsel and in connection with its contemporaneously filed motion to dismiss for lack of jurisdiction, respectfully moves the Court to stay discovery against Diamond Austria in this case pending a determination of subject matter and/or personal jurisdiction. Diamond Austria submits this motion in good faith and not for delay or for any improper purpose.

    All Defendants in this case have moved to dismiss the Second Amended Complaint based on a lack of subject matter jurisdiction. (DE 83, 85, and Diamond Austria's contemporaneously filed motion) In addition, Diamond Austria has moved to dismiss based on a lack of personal jurisdiction and the failure to state a claim. These motions are pending before this Court.

29414920.1

These jurisdictional determinations are fundamental, threshold issues. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Guzman-Munoz v. United States AG*, 733 F.3d 1311, 1313 (11th Cir. 2013) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999); *see also First Inv. Corp. v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 749 (5th Cir. 2012) ("[P]ersonal jurisdiction is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citations and internal quotation marks omitted).

Federal District Courts have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression or undue burden or expense. *See* Federal Rule of Civil Procedure 26(c).[1]

Here, a stay is appropriate because the pending motions are potentially dispositive of the entire action. *See Solar Star Sys., LLC v. Bellsouth Telecomms, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (Moreno, J.) (granting motion to stay discovery pending determination of potentially dispositive motion to dismiss); *Varga v. Palm Beach Capital Mgmt., LLC*, 2010 WL 8510622, *1 (S.D. Fla. Sept. 3, 2010) (Moreno, J.) (noting that pending motions to dismiss raised case dispositive issues and stating that "[i]t is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised"); *Rivero v. Taylor*, 2010 WL 3384913, *6 (S.D. Fla. Aug. 3, 2010) (granting motion to stay discovery pending resolution of

---

[1] This Court's Scheduling Order provides that "[m]otions to dismiss shall not stay discovery." (DE 81 at 6, item (10), emphasis in original.) Diamond Austria understands that, as a matter of course, motions to dismiss should not operate to automatically stay discovery. Here, however, as set forth in this motion, there is good cause for the stay.

motion to dismiss where resolution of the motions will dispose of entire case); *Kilma v. Carnival Corp.*, Case No. 08-cv-20335, 2008 U.S. Dist. LEXIS 85138, *10-*11 (S.D. Fla. Oct. 10, 2008) (granting defendant's motion to stay proceedings pending determination of jurisdictional issues); *Allstate Life Ins. Co. v. Estate of Miller*, 2004 WL 141698, *1 (S.D. Fla. Jan. 16, 2004) ("[I]t is within this Court's discretion to stay or limit discovery pending the resolution of dispositive motions."); *Carcamo v. Miami-Dade Cnty.*, 2003 WL 24336368, *1 (S.D. Fla. Aug. 3, 2003) (granting motion to stay discovery pending determination of motion to dismiss).

Furthermore, permitting discovery against Diamond Austria while the dispositive motions are pending would place an undue burden on Diamond Austria. *See Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, *1 (S.D. Fla. Apr. 16, 2008) (granting stay "because discovery is not needed for the resolution of [the] Motion [to Dismiss] and requiring discovery would impose an undue burden on the Defendant."). Diamond Austria's personnel, documents, and information (to the extent these have any relevance to this action) would be located solely in Austria. Presumably, Diamond Austria's documents would have to be translated to the extent they are not written in English. It would be unfair to force Diamond Austria to take part in discovery prior to determining whether this Court has jurisdiction over the subject matter and/or personal jurisdiction over Diamond Austria.

WHEREFORE, Diamond Austria respectfully requests that this Court stay discovery against Diamond Austria (except for jurisdictional discovery, if warranted) pending a ruling on Diamond Austria's motion to dismiss for lack of jurisdiction.

## Local Rule 7.1(a)(3) Certification

Diamond Austria certifies that the undersigned counsel has conferred with counsel for the parties in a good-faith effort to resolve the issues raised in this motion and has been unable to do so with respect to counsel for Plaintiff.

Diamond Austria certifies that counsel for Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales U.S.A., Inc. does not oppose the relief sought herein.

> Respectfully submitted,
>
> s/ Benjamine Reid
> Benjamine Reid, FBN 183522
> breid@cfjblaw.com
> Paul R. Borr, FBN 027515
> pborr@cfjblaw.com
> CARLTON FIELDS JORDEN BURT
> Miami Tower
> 100 S.E. Second St., Ste. 4200
> Miami, Florida  33131-2113
> Tel:  305.539.7222
> Fax:  305.530.0055
> *Attorneys for Diamond Aircraft Industries, GmbH*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on April 3, 2014, on all counsel of record on the Service List below:

> s/ Benjamine Reid
> Benjamine Reid, FBN 183522
> breid@cfjblaw.com
> Paul R. Borr, FBN 027515
> pborr@cfjblaw.com
> CARLTON FIELDS JORDEN BURT
> Miami Tower
> 100 S.E. Second St., Ste. 4200
> Miami, Florida  33131-2113
> Tel:  305.539.7222
> Fax:  305.530.0055
> *Attorneys for Diamond Aircraft Industries, GmbH*

## SERVICE LIST

Michael A. Grim
*Admitted pro hac vice*
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695

V. Brandon McGrath
*Admitted pro hac vice*
bmcgrath@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 455-7643
Fax: (513) 455-8500

Juan Martinez, FBN 9024
juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-0014
Tel: (305) 416-6880
Fax: (305) 416-6887

*Attorneys for Plaintiff*

Carl R. Nelson, FBN 280186
carl.nelson@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Scott A. Richards, FBN 0072657
scott.richards@bipc.com
BUCHANAN INGERSOLL & ROONEY / FOWLER WHITE BOGGS
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313

*Attorneys for Defendants Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales U.S.A., Inc.*