UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:11-61663-CIV MORENO
ELECTRONICALLY FILED

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST 1087

   Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., ET AL.

   Defendants.
_____/

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, GMBH'S MOTION TO STAY
DISCOVERY AGAINST DIAMOND AUSTRIA PENDING A RULING ON ITS
MOTION TO DISMISS FOR LACK OF JURSDICTION

Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

Michael A. Grim (*admitted pro hac vice*)
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: 502.587.3696
Facsimile: 502.587.2235
E-mail: mgrim@bgdlegal.com

V. Brandon McGrath (*admitted pro hac vice*)
BINGHAM GREENEBAUM DOLL LLP
255 East Fifth Street, Suite 2350
First Financial Center
Cincinnati, Ohio 45202
Telephone: 513.455.7641
Facsimile: 513.762.7941
E-mail: bmcgrath@bgdlegal.com

1

**I.     INTRODUCTION**

<u>First,</u> there is no inherent right to have discovery stayed during the pendency of a motion to dismiss, as this Court has noted in a prior Order in this case (Doc. 37). <u>Second,</u> allowing discovery to continue will not place an undue burden on Defendant Diamond Aircraft Industries, GmbH ("Diamond Austria"). As such, Diamond Austria's Motion to Stay Discovery Against Diamond Austria Pending a Ruling on Its Motion to Dismiss for Lack of Jurisdiction and Incorporated Memorandum of Law ("Motion") (Doc. 98) should be denied.

**II.    ARGUMENT**

    **A.     Federal Law Does Not Provide for a Stay of Discovery Pending a Motion to Dismiss, as this Court has Previously Determined**

This Court already held that motions to dismiss do not stay discovery. (Doc. 37). When a related party to this action, Diamond Aircraft Industries, Inc. ("Diamond Canada") refused to make arrangements for a scheduling conference as required by Local Rule 16.1 until the Court ruled on its Motion to Dismiss (Doc. 30), the Court granted Plaintiff's motion to compel, stating simply, "[t]he pendency of a motion to dismiss does not stay the action" (Doc. 37). Furthermore, the Scheduling Order in force in this matter makes abundantly clear that "Motions to dismiss shall <u>not</u> stay discovery" (Doc. 87 at p. 6) (emphasis in original).

Under Federal Rule of Civil Procedure 26(c), "[f]ederal district courts have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression, or undue burden or expense." *Solar Star Sys., LLC v. Bellsouth Telecomms, Inc.*, 2011 U.S. Dist. LEXIS 38150 at *1 (S.D. Fla. Mar. 20, 2011). "A stay of discovery should be a sparingly ordered thing," and a court should only grant it when a case is "surely destined for dismissal." *Ray v. Spirit Airlines, Inc.*, 2012 U.S. Dist. LEXIS 160948 at *3, *6, *10 (S.D. Fla. Nov. 9, 2012). When ruling on a motion to stay, the court must take a "preliminary peek" at the

2

motion and the complaint to determine whether plaintiff's claims have merit. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. Sept. 2, 1997). If the Court cannot say that the case is "surely destined for dismissal," it should not stay discovery. *Ray*, 2012 U.S. Dist. LEXIS 160948 at *6.

In *Ray*, this Court held that although the defendant had offered several arguments for why the case should be dismissed, the plaintiff had also offered as many arguments in opposition to a dismissal, thus discovery was not stayed. *Id*. The same is true in this case. Taking a "preliminary peek" at the Second Amended Complaint (Doc. 62) and Aircraft Guaranty Corporation's ("AGC") contemporaneously filed Response to Diamond Austria's Motion, it is clear that AGC's claims have merit and that "dismissal with prejudice is not a foregone conclusion," in fact, far from it.  *Id*.

While Diamond Austria protests personal jurisdiction, AGC has identified significant evidence to support general jurisdiction over Diamond Austria in Florida in the Second Amended Complaint, the Renewed Motion for Leave to File Second Amended Complaint (Doc. 52), and the memorandum in opposition to Diamond Austria's Motion filed contemporaneously with this Response. To stay discovery when Diamond Austria's Motion has little chance of success would be deeply prejudicial to AGC, who has waited nearly four years while the case has proceeded even to this point. This is yet another attempt by the collective Diamond defendants to delay this case and prevent it from being heard on the merits.

> **B.      Diamond Austria Will Not Be Prejudiced by an Order Denying its Motion to Stay Discovery**

A party moving for a stay of discovery must identify a "specific showing of prejudice or burdensomeness." *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170, *6 (S.D. Fla. July 24, 2008). When a movant "resorts to bland generalizations" about undue prejudice, a motion to stay discovery should be denied. Here, Diamond Austria has not given any specifics about the cost of

3

discovery and the burden on it, other than personnel and document location in Austria (See Diamond's Motion, Doc. 98, p. 3). Diamond Austria also claims that it would need to translate documents into English, yet cites no rule requiring it to do so. In fact, another Diamond defendant, Diamond Canada, has already produced numerous documents, including many e-mails, written in German, which the Diamond defendant sent without translation. Diamond Austria shares many of the same corporate officers as Diamond USA and Diamond Canada, and it has been on notice of this case since inception. Moreover, AGC has already produced to Diamond Austria all of the written responses to discovery requests propounded by Diamond Canada along with all of the documents produced in response to such requests. Finally, AGC has served Diamond Austria with written discovery requests and a request for deposition under Fed. R. Civ. P. 30(b)(6).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Diamond Austria's Motion to Stay Discovery.

Respectfully submitted,

/s/ Juan Martinez
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

| | |
|---|---|
| Michael A. Grim (*admitted pro hac vice*) | V. Brandon McGrath (*admitted pro hac vice*) |
| BINGHAM GREENEBAUM DOLL LLP | BINGHAM GREENEBAUM DOLL LLP |
| 3500 National City Tower | 255 East Fifth Street, Suite 2350 |
| 101 S. Fifth Street | First Financial Center |
| Louisville, Kentucky 40202 | Cincinnati, Ohio 45202 |
| Telephone: 502.587.3696 | Telephone: 513.455.7641 |
| Facsimile: 502.587.2235 | Facsimile: 513.762.7941 |
| E-mail: mgrim@bgdlegal.com | E-mail: bmcgrath@bgdlegal.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

Respectfully submitted,

/s/Juan Martinez
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF

## SERVICE LIST

**Aircraft Guaranty Corporation**
**vs.**
**Diamond Aircraft Industries, Inc., et al.**
**Case No. 0:11-cv-61663 (MORENO)**
**United States District Court, Southern District of Florida**

Benjamine Reid, Esq.
Carlton Fields Jorden Burt
Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2113
Attorney for Defendant Diamond Aircraft Industries, GmbH

Carl R. Nelson
cnelson@fowlerwhite.com
Ashley Bruce Trehan
ashley.trehan@fowlerwhite.com
Buchanan Ingersoll & Rooney/Fowler White Boggs
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: 813-228-7411
Fax:    813-229-8313
Attorneys for Defendants Diamond Aircraft Industries, Inc. & Diamond Aircraft Sales USA, Inc.

[Service by Notice of Electronic Filing generated by CM/ECF]

15262779_1.docx