UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.

    Defendants.
_____/

## RESPONSE TO MOTION FOR PROTECTIVE ORDER

The arguments advanced by Diamond Aircraft Industries, GmbH ("Diamond Austria") related to jurisdiction and its request to stay discovery are fully briefed in Diamond Austria's pending motions related to same (Doc. 97 & Doc. 98). The issues for the Court to address regarding the Emergency Motion for Protective Order (Doc. 104) ("Motion") are whether the requested Fed. R. Civ. P. 30(b)(6) deposition of Diamond Austria ("Diamond Deposition") should proceed and whether Diamond Austria should respond to Plaintiff's written discovery requests.

1) **Deposition Issue**

Plaintiff noticed the Diamond Deposition to comply with the current Scheduling Order (Doc. 87) and only after Diamond Austria's counsel refused to cooperate in discovery. The timeline of events that precipitated this Motion are as follows:

- **April 14:** Brandon McGrath, counsel for Plaintiff, sent a notice of deposition to Diamond Austria's counsel, Benjamine Reid, specifying the deposition would take place "at a date and time to be mutually agreed on by the parties." *See* **Exhibit 1**.

In an attached letter, Mr. McGrath specifically asked for convenient dates. *See* **Exhibit 2**.

- **April 21:** Mr. McGrath forwarded the same e-mail to Mr. Reid, asking for a response. *See* **Exhibit 3**.

- **April 23:** Due to the unresponsiveness of Diamond's Austria's counsel, Mr. McGrath issued an amended notice of the Diamond Deposition for May 8, 2014, at Mr. Reid's office in Miami. *See* **Exhibit 4**. Accompanying the notice was another e-mail offering to reschedule the deposition to a more convenient date and time. *See* **Exhibit 5**.

- **April 29**: Mr. Reid offered a witness for deposition on May 13, 14, or 16 in Austria. *See* **Exhibit 6**. That same day, Mr. McGrath reminded Mr. Reid that Carl Nelson, counsel for the related Diamond parties in this case (*i.e.*, Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales, U.S.A., Inc.), had already issued a notice of deposition to take place on May 14 in Baltimore, Maryland, that would conflict with those dates. *Id.* Mr. McGrath then stated that it seemed more convenient for one witness to travel to the United States, than for three sets of lawyers to travel to Austria. *Id.* Counsel for Plaintiff were available on May 16, one of the dates offered by Mr. Ried, if the deposition could take place in Miami or some other city in the United States. *Id. See also*, **Exhibit 7**, Declaration of Brandon McGrath ("McGrath Decl.").

- **April 30:** Mr. Reid never responded to Mr. McGrath's e-mail but instead filed this Motion.

- **May 1:** Mr. McGrath offered to take the Diamond Deposition on May 20 or 21 in Vienna, Austria.

2

On two occasions between April 16 and April 24, Mr. Reid called Plaintiff's co-counsel, Michael Grim, and asked whether the Diamond Deposition would be limited solely to jurisdictional issues. *See* **Exhibit 8**, Declaration of Michael Grim ("Grim Decl.") at 1.  Mr. Grim stated Plaintiff could not agree to such limitations in light of the Scheduling Order. *Id*.  During one of the calls, Mr. Grim offered to jointly request a status conference with the Court to address the outstanding discovery issues. *Id*. at 2.  Mr. Reid stated he needed to consult with Carl Nelson, counsel for Diamond Canada and Diamond USA.  *Id*. Mr. Reid never responded to such offer. *Id*.  One of the issues raised by Mr. Reid following the April 24th call was whether the plaintiffs in the other two active cases (*i.e.*, Twinstar Partners, LLC and World Traveling Fools, LLC) would attempt to serve Diamond Austria with complaints if a Diamond Austria representative came to Miami for the Diamond Deposition. Following that call, Mr. Grim sent an e-mail to Mr. Reid to confirm that would not happen. *Id*.

As Diamond Austria correctly points out in its Motion, the court has discretion to order a representative of a foreign defendant to travel to the United States for deposition when it is more convenient for the parties and counsel involved. *Barrocos of Fla., Inc. v. Elmassian*, 2012 U.S. Dist. LEXIS 65523, *2 (S.D. Fla. May 10, 2012).  Plaintiff's counsel believed it was more cost-effective to have one witness travel to the United States than to have three sets of lawyers travel to Austria. A review of the correspondence between counsel shows the discussion on the location of the deposition was not closed when Diamond Austria filed the Motion.  In fact, Mr. Reid never raised the issue of cost-sharing, which Plaintiff is willing to consider.

Diamond Austria cites the local rule that **requires** all depositions to be scheduled and completed before the end of the discovery period. Consequently, Plaintiff intended to comply with the Court's scheduling order under which discovery closes on May 22, 2014. The only way to meet this deadline is to have the Diamond Deposition take place on or before May 22, 2014. Because Mr. Reid virtually refused to address discovery issues in this case unless Plaintiff agreed

3

to limit discovery to jurisdictional issues only, Plaintiff had no choice but to schedule the Diamond Deposition on or before the discovery cut-off date.

**2) Written Discovery Issue**

From the beginning, Diamond Austria has taken the position that it does not have to engage in **any** discovery beyond jurisdictional discovery until this Court rules on its Motion to Dismiss (Doc. 97). Plaintiff served written discovery requests as soon as they were ready. Even after Plaintiff served written discovery requests on Diamond Austria, Mr. Reid was adamant that Diamond Austria would not engage in discovery until this Court ruled on its Motion to Dismiss. Plaintiff already produced to Diamond Austria all the documents produced by Plaintiff in this case along with all the responses to written discovery requests propounded by Diamond Canada. Plaintiff has taken all steps reasonably possible to move this case forward and comply with the Court's Scheduling Order. Consequently, Plaintiff respectfully requests that the Court deny Diamond Austria's Motion and require it to respond timely to the written discovery requests served on April 22, 2014.

Respectfully submitted,

/s/ *Juan Martinez*
Juan Martinez
Gray-Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
(305) 416-6880

V. Brandon McGrath
Bingham Greenebaum Doll LLP
2900 Chemed Center, 255 E. Fifth Street
Cincinnati, OH  45202
(513) 455-7643

Michael A. Grim
Bingham Greenebaum Doll LLP
3500 National City Tower, 101 South Fifth Street
Louisville, Kentucky 40202
(502) 589-4200

4

COUNSEL FOR PLAINTIFF,
AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST
1087

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of this Response has been filed through the ECF system and served on counsel of record in the case and has been served by e-mail on the following on May 1, 2014:

Carl R. Nelson
Ashley Bruce Trehan
Fowler White Boggs P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida  33602

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, INC.
DIAMOND AIRCRAFT SALES U.S.A., INC.

Benjamine Reid, Esq.
Carlton Fields Jorden Burt
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2113
Email:  breid@cfjblaw.com

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, GMBH

            /s/ *Juan Martinez*_____
            Juan Martinez
            Gray-Robinson, P.A.
            1221 Brickell Avenue, Suite 1600
            Miami, Florida 33131-0014
            (305) 416-6880

            COUNSEL FOR PLAINTIFF

15293851_2.docx