# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.

      Defendants.

_____/

### NOTICE TO TAKE DEPOSITION UNDER FED. R. CIV. P. 30(B)(6)

PLEASE TAKE NOTICE that Plaintiff, Aircraft Guaranty Corporation, Trustee of

Continent Aircraft Trust 1087, will take the deposition of Diamond Aircraft Industries, GmbH

under Fed. R. Civ. P. 30(b)(6) at a date a time to be mutually agreed on by the parties.

The deposition will continue from day to day before a person duly authorized to

administer oaths until concluded and shall be recorded by any means authorized under Rule 30

of the Federal Rules of Civil Procedure, including but not limited to stenographically, sound

and/or videotape and may be used for all purposes under the rules, including trial.  The topics to

be addressed are described in **Exhibit A**, attached.

                      Respectfully submitted,


                      */s/ V. Brandon McGrath*
                      V. Brandon McGrath
                      Bingham Greenebaum Doll LLP
                      2900 Chemed Center
                      255 E. Fifth Street
                      Cincinnati, OH  45202
                      (513) 455-7643

Michael A. Grim
Bingham Greenebaum Doll LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 5894200
mgrim@bgdlegal.com

- AND -

Juan Martinez
Gray-Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
(305) 416-6880

COUNSEL FOR PLAINTIFF,
AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST
1087

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice has been served via e-mail and regular mail upon the following counsel of record on April 14, 2014.

Carl R. Nelson
Ashley Bruce Trehan
Fowler White Boggs P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, INC.
DIAMOND AIRCRAFT SALES U.S.A., INC.

Benjamine Reid, Esq.
Carlton Fields Jorden Burt
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2113
Email: breid@cfjblaw.com

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, GMBH

/s/ V. Brandon McGrath
V. Brandon McGrath
Bingham Greenebaum Doll LLP
2900 Chemed Center
255 E. Fifth Street
Cincinnati, OH 45202
(513) 455-7643

COUNSEL FOR PLAINTIFF,
AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST
1087

3

## EXHIBIT A

### Definitions

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.     As used herein, the terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or entity, and all their officials, directors, officers, employees, representatives and agents.

2.     The terms "related to," "relating to," and/or "regarding" as used herein include reflecting, concerning, pertaining to, relating to, evidencing, referencing, connected with, or in any manner having as its subject matter, directly or indirectly, expressly or impliedly.

3.     The terms "you," "your," and/or "Diamond Austria" mean the Defendant Diamond Aircraft Industries GmbH and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Diamond Austria.

4.     The term "Diamond Canada" means Diamond Aircraft Industries, Inc.

5.     The term "Diamond USA" means Diamond Aircraft Sales U.S.A., Inc.

6.     The term "Plaintiff" means the Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 and any representatives, employees, agents, accountants, or any other persons or entities acting on its behalf or in concert with it, specifically including Karsten Damgaard-Iversen.

7.     The term "DA42" refers to the Diamond DA42 Twin Star aircraft, and includes such

aircraft whether powered by twin 1.7 liter turbo diesel engines, twin 2.0 liter turbo diesel

engines, or any other aircraft engine.

8.     The term "TAE" means Thielert Aircraft Engines GmbH, Thielert AG, and any

representatives, employees, agents, accountants, or any other persons or entities acting on their

behalf or in concert with them.

9.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both

conjunctive and disjunctive; and the term "including" mean "including without limitation."

10.    The word "document" shall mean any writing, recording, electronically stored

information or photograph in your actual or constructive possession, custody, care or control,

which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below

or to any other matter relevant to the issues in this action, or which are themselves listed below

as specific documents, including, but not limited to: correspondence, memoranda, notes,

messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts,

microfilms, video tapes or tape recordings.

11.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust,

association or any other entity.

12.    The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns,

describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates,

proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

13.    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

14.    "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of ESI, including without limitation mainframe computers, computer servers, desktop computers, laptop computers, notebook computers, tablet computers, PDAs, and smartphones.

15.    "Computer systems," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

16.    "Electronically stored information" or "ESI" includes, without limitation, the following: a. information that is generated, received, processed, and recorded by computers and other electronic devices; b. internal or external web sites; c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; d. activity listings of electronic mail receipts and/or transmittals; and e. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash drive, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a smartphone or personal digital assistant, including, but not limited to, Palm Pilot, Blackberry, iPhone, Android, or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6

17.    "Electronic media" means any magnetic or other storage media device used to record ESL

Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM,

removable media such as flash drives, magnetic tapes of all types, microfiche, punched cards,

punched tape, computer chips, including, but not limited to EPROM, PROM, RAM, and ROM,

or on or in any other vehicle for digital data storage and/or transmittal.

18.    "Network" means any hardware and/or software combination that connects two or more

computers together and which allows the computers to share and/or transfer data between them.

For purposes of this definition, the connection between or among the computer need not be either

physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes

utilizing modems and phone company facilities. In addition, there need not be a central file or

data server nor a central network operating system in place, i.e., peer-to-peer networks and

networks utilizing a mainframe host to facilitate data transfer.

## **Deposition Topics**

1.    The business and/or corporate relationship between Diamond Austria and
Diamond Canada.

2.    The business and/or corporate relationship between Diamond USA and
Diamond Austria.

3.    The business and/or corporate relationship between Diamond Austria and
TAE.

4.    The business and/or corporate relationship between Diamond Austria and
any authorized dealers such as Premier and USAERO.

5.    The corporate structure of Diamond Austria.

7

6.     The identities of the corporate officers, directors, and employees of Diamond Austria from 2004 to 2009.

7.     Diamond Austria's revenue and profit or loss from 2004 to 2009.

8.     Development of the Austro engine from inception to first sale.

9.     The reasons why Diamond Austria developed the Austro engine.

10.     The investigation conducted by German authorities regarding TAE that occurred at least in part between 2005 and 2008, including any communications between Diamond Austria and anyone associated with the investigation.

11.     The insolvency of TAE.

12.     Diamond Austria's involvement in the sale of DA42 aircraft between 2004 and 2009.

13.     Plaintiff's purchase of a DA42.

14.     The TAE life extension program and engine warranty.

15.     The operating cost of the TAE engine, including both the 1.7L and 2.0L versions.

16.     The types and locations of electronically stored information maintained by Diamond Austria, including e-mail systems, computer systems, shared file systems, document management systems, and back-up systems.

17.     The identity and function of every information technology or management information systems department, division, or equivalent functional group within Diamond Austria or provided to Diamond Austria through any outsource service provider, and the identity of the persons responsible for the retention of any ESI or documents, as well as all information regarding document and ESI retention policies.

18.   All persons, individuals, organizations, departments, third party vendors, and/or entities coordinating the e-discovery process for relevant ESI.

19.   The litigation hold implemented by Diamond Austria in this case.

15261010_1.docx

9

# Exhibit 2



V. Brandon McGrath
Direct (513) 455-7641 | Fax (513) 762-7941
E-mail bmcgrath@bgdlegal.com

April 14, 2014

Benjamine Reid (breid@cfjblaw.com)
Carlton Fields Jorden Burt
Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2113

Re: *Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 v. Diamond Aircraft Industries, Inc.* Case No. 11-61663-CIV-MORENO

Dear Benjamine,

Enclosed is a Rule 30(b)(6) notice directed to Diamond Aircraft Industries, GmbH. The notice identifies the topics for a deposition. Please provide me with the identity of the person or persons who will provide testimony and dates and times that are convenient for you.

Sincerely,

*s/V. Brandon McGrath*

cc:   Carl Richard Nelson (cnelson@fowlerwhite.com)
      Ashley Bruce Trehan (ashley.trehan@bipc.com)
      Michael A. Grim (mgrim@bgdlegal.com)
      Bailey Roese (broese@bgdlegal.com)

VBM/jm3
Enclosures
15262537_1.docx

2350 First Financial Center, 255 East Fifth Street
Cincinnati, OH  45202

513.455.7600 main
513.455.8500 fax          www.bgdlegal.com

Exhibit 3

## Grim, Michael A.

| | |
|---|---|
| **From:** | McGrath, V. Brandon |
| **Sent:** | Monday, April 21, 2014 5:12 PM |
| **To:** | breid@cfjblaw.com |
| **Cc:** | cnelson@fowlerwhite.com; Trehan, Ashley (ashley.trehan@bipc.com); Roese, Bailey; Grim, Michael A.; Juan.Martinez@gray-robinson.com |
| **Subject:** | FW: Aircraft Guaranty Coproation v. Diamond Aircraft Industries |
| **Attachments:** | ltr to Mr. Reid AGC.pdf; AGC depo notice 4.14.pdf |

Ben,

I am following up on my letter and notice from last Monday. Please provide me with a date and time for the deposition by Wednesday.

Thanks.

**From:** Hazen, Sabrina C.
**Sent:** Monday, April 14, 2014 5:01 PM
**To:** breid@cfjblaw.com
**Cc:** cnelson@fowlerwhite.com; ashley.trehan@bipc.com; Grim, Michael A.; Roese, Bailey; McGrath, V. Brandon
**Subject:** Aircraft Guaranty Coproation v. Diamond Aircraft Industries

Hello,

Please find attached a letter dated 4/14/14 and Notice of Deposition sent on behalf of Brandon McGrath.

Thank you,

Sabrina C. Hazen
Legal Assistant
Bingham Greenebaum Doll LLP
2350 First Financial Center | 255 East Fifth Street | Cincinnati, OH, 45202-4728
Direct: 513.455.7602
Direct Fax: 513.762.7902
Email: shazen@bgdlegal.com  | http://www.bgdlegal.com
Follow us on Twitter  | Visit our Blog: http://blog.bgdlegal.com



# Exhibit 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.

      Defendants.

_____/

### NOTICE TO TAKE DEPOSITION UNDER FED. R. CIV. P. 30(B)(6)

PLEASE TAKE NOTICE that Plaintiff, Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087, will take the deposition of Diamond Aircraft Industries, GmbH under Fed. R. Civ. P. 30(b)(6) on May 8, 2014 beginning at 9:00 a.m. at the office of Benjamine Reid, 100 S.E. Second Street, Suite 4200, Miami, Florida 33131-2113.

The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded by any means authorized under Rule 30 of the Federal Rules of Civil Procedure, including but not limited to stenographically, sound and/or videotape and may be used for all purposes under the rules, including trial.  The topics to be addressed are described in **Exhibit A**, attached.

Respectfully submitted,

/s/ *V. Brandon McGrath*
V. Brandon McGrath
Bingham Greenebaum Doll LLP
2350 Chemed Center
255 E. Fifth Street
Cincinnati, OH  45202
(513) 455-7643

Michael A. Grim
Bingham Greenebaum Doll LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 5894200
mgrim@bgdlegal.com


- AND -

Juan Martinez
Gray-Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
(305) 416-6880

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice has been served via e-mail and regular mail upon the following counsel of record on April 23rd, 2014.

Carl R. Nelson
Ashley Bruce Trehan
Fowler White Boggs P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida  33602

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, INC.
DIAMOND AIRCRAFT SALES U.S.A., INC.

Benjamine Reid, Esq.
Carlton Fields Jorden Burt
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2113
Email: breid@cfjblaw.com

COUNSEL FOR DEFENDANT
DIAMOND AIRCRAFT INDUSTRIES, GMBH

/s/ V. Brandon McGrath
V. Brandon McGrath
Bingham Greenebaum Doll LLP
2350 Chemed Center
255 E. Fifth Street
Cincinnati, OH  45202
(513) 455-7643

COUNSEL FOR PLAINTIFF

3

## EXHIBIT A

### Definitions

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      As used herein, the terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or entity, and all their officials, directors, officers, employees, representatives and agents.

2.      The terms "related to," "relating to," and/or "regarding" as used herein include reflecting, concerning, pertaining to, relating to, evidencing, referencing, connected with, or in any manner having as its subject matter, directly or indirectly, expressly or impliedly.

3.      The terms "you," "your," and/or "Diamond Austria" mean the Defendant Diamond Aircraft Industries GmbH and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Diamond Austria.

4.      The term "Diamond Canada" means Diamond Aircraft Industries, Inc.

5.      The term "Diamond USA" means Diamond Aircraft Sales U.S.A., Inc.

6.      The term "Plaintiff" means the Aircraft Guaranty Corporation, Trustee of Continent Aircraft Trust 1087 and any representatives, employees, agents, accountants, or any other persons or entities acting on its behalf or in concert with it, specifically including Karsten Damgaard-Iversen.

4

7.     The term "DA42" refers to the Diamond DA42 Twin Star aircraft, and includes such

aircraft whether powered by twin 1.7 liter turbo diesel engines, twin 2.0 liter turbo diesel

engines, or any other aircraft engine.

8.     The term "TAE" means Thielert Aircraft Engines GmbH, Thielert AG, and any

representatives, employees, agents, accountants, or any other persons or entities acting on their

behalf or in concert with them.

9.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both

conjunctive and disjunctive; and the term "including" mean "including without limitation."

10.     The word "document" shall mean any writing, recording, electronically stored

information or photograph in your actual or constructive possession, custody, care or control,

which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below

or to any other matter relevant to the issues in this action, or which are themselves listed below

as specific documents, including, but not limited to: correspondence, memoranda, notes,

messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts,

microfilms, video tapes or tape recordings.

11.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust,

association or any other entity.

12.     The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns,

describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates,

proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

13.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

14.     "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of ESI, including without limitation mainframe computers, computer servers, desktop computers, laptop computers, notebook computers, tablet computers, PDAs, and smartphones.

15.     "Computer systems," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

16.     "Electronically stored information" or "ESI" includes, without limitation, the following: a. information that is generated, received, processed, and recorded by computers and other electronic devices; b. internal or external web sites; c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; d. activity listings of electronic mail receipts and/or transmittals; and e. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash drive, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a smartphone or personal digital assistant, including, but not limited to, Palm Pilot, Blackberry, iPhone, Android, or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6

17.     "Electronic media" means any magnetic or other storage media device used to record ESL

Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM,

removable media such as flash drives, magnetic tapes of all types, microfiche, punched cards,

punched tape, computer chips, including, but not limited to EPROM, PROM, RAM, and ROM,

or on or in any other vehicle for digital data storage and/or transmittal.

18.     "Network" means any hardware and/or software combination that connects two or more

computers together and which allows the computers to share and/or transfer data between them.

For purposes of this definition, the connection between or among the computer need not be either

physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes

utilizing modems and phone company facilities. In addition, there need not be a central file or

data server nor a central network operating system in place, i.e., peer-to-peer networks and

networks utilizing a mainframe host to facilitate data transfer.

## **Deposition Topics**

1.     The business and/or corporate relationship between Diamond Austria and
Diamond Canada.

2.     The business and/or corporate relationship between Diamond USA and
Diamond Austria.

3.     The business and/or corporate relationship between Diamond Austria and
TAE.

4.     The business and/or corporate relationship between Diamond Austria and
any authorized dealers such as Premier and USAERO.

5.     The corporate structure of Diamond Austria.

7

6.    The identities of the corporate officers, directors, and employees of Diamond Austria from 2004 to 2009.

7.    Diamond Austria's revenue and profit or loss from 2004 to 2009.

8.    Development of the Austro engine from inception to first sale.

9.    The reasons why Diamond Austria developed the Austro engine.

10.   The investigation conducted by German authorities regarding TAE that occurred at least in part between 2005 and 2008, including any communications between Diamond Austria and anyone associated with the investigation.

11.   The insolvency of TAE.

12.   Diamond Austria's involvement in the sale of DA42 aircraft between 2004 and 2009.

13.   Plaintiff's purchase of a DA42.

14.   The TAE life extension program and engine warranty.

15.   The operating cost of the TAE engine, including both the 1.7L and 2.0L versions.

16.   The types and locations of electronically stored information maintained by Diamond Austria, including e-mail systems, computer systems, shared file systems, document management systems, and back-up systems.

17.   The identity and function of every information technology or management information systems department, division, or equivalent functional group within Diamond Austria or provided to Diamond Austria through any outsource service provider, and the identity of the persons responsible for the retention of any ESI or documents, as well as all information regarding document and ESI retention policies.

8

18.     All persons, individuals, organizations, departments, third party vendors, and/or entities coordinating the e-discovery process for relevant ESI.

19.     The litigation hold implemented by Diamond Austria in this case.

15261010_1.docx

# Exhibit 5

## Grim, Michael A.

| | |
|---|---|
| **From:** | McGrath, V. Brandon |
| **Sent:** | Wednesday, April 23, 2014 5:24 PM |
| **To:** | breid@cfjblaw.com |
| **Cc:** | cnelson@fowlerwhite.com; Trehan, Ashley (ashley.trehan@bipc.com); Roese, Bailey; Grim, Michael A.; Juan.Martinez@gray-robinson.com |
| **Subject:** | RE: Aircraft Guaranty Coproation v. Diamond Aircraft Industries |
| **Attachments:** | AGC - 30B6 Notice to Diamond Austria.pdf |

Ben,

Attached is a revised notice of deposition for Diamond Austria. We have noticed the deposition for May 8 at your office in Miami. We remain willing to work with you on a convenient time.

Please contact me if you would like to discuss.

Thanks.

---

**From:** McGrath, V. Brandon
**Sent:** Monday, April 21, 2014 5:12 PM
**To:** breid@cfjblaw.com
**Cc:** cnelson@fowlerwhite.com; Trehan, Ashley (ashley.trehan@bipc.com); Roese, Bailey; Grim, Michael A.; Juan.Martinez@gray-robinson.com
**Subject:** FW: Aircraft Guaranty Coproation v. Diamond Aircraft Industries

Ben,

I am following up on my letter and notice from last Monday. Please provide me with a date and time for the deposition by Wednesday.

Thanks.

---

**From:** Hazen, Sabrina C.
**Sent:** Monday, April 14, 2014 5:01 PM
**To:** breid@cfjblaw.com
**Cc:** cnelson@fowlerwhite.com; ashley.trehan@bipc.com; Grim, Michael A.; Roese, Bailey; McGrath, V. Brandon
**Subject:** Aircraft Guaranty Coproation v. Diamond Aircraft Industries

Hello,

Please find attached a letter dated 4/14/14 and Notice of Deposition sent on behalf of Brandon McGrath.

Thank you,

Sabrina C. Hazen
Legal Assistant
Bingham Greenebaum Doll LLP
2350 First Financial Center | 255 East Fifth Street | Cincinnati, OH, 45202-4728
Direct: 513.455.7602

Direct Fax: 513.762.7902
Email: shazen@bgdlegal.com | http://www.bgdlegal.com
Follow us on Twitter | Visit our Blog: http://blog.bgdlegal.com



Exhibit 6

## Grim, Michael A.

**From:** McGrath, V. Brandon
**Sent:** Tuesday, April 29, 2014 6:37 PM
**To:** Reid, Benjamine
**Cc:** Grim, Michael A.; Nelson Carl; Trehan Ashley
**Subject:** Re: Diamond Austria

Thanks for offering alternative dates. We already have a deposition scheduled for 5/14. I believe Carl issued the notice last week.

The more fundamental issue is the location of the deposition. It is more convenient and cost-effective for the witness to travel to Miami (or another convenient US city - NYC, ATL, etc.) than for 3 sets of lawyers to travel to Austria. If Diamond Austria is willing to send its representative to Miami, we are available on 5/16.

Please let me know right away whether this is acceptable.

Thanks.

Brandon McGrath
bmcgrath@bgdlegal.com
office: 513.455.7641
cell/text: 513.237.3534

On Apr 29, 2014, at 11:30 AM, "Reid, Benjamine" <BReid@cfjblaw.com> wrote:

> I left a voice mail for Mike. If the Court requires that Diamond Austria must comply with your deposition notice, we are agreeable to making our witness available in Austria on May 13, 14 or 16. Would those dates work for you?
>
> **<image001.png>**
> **Benjamine Reid**
> Attorney at Law
>
> Miami Tower
> 100 S.E. Second St., Ste. 4200
> Miami, Florida 33131-2113
> Direct: 305.539.7222 | Cell: 305.205.2780
>
> BReid@cfjblaw.com | www.CFJBLaw.com
> bio | vcard
>
> *Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

# Exhibit 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

        Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.

        Defendants.

_____/

## DECLARATION OF BRANDON MCGRATH

I, Brandon McGrath, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am counsel of record in this case for the Plaintiff, Aircraft Guaranty Corporation, Trustee and I am admitted to this Court pro hac vice.

2.      I have personal knowledge of the statements made in this declaration.

3.      On April 14, I sent a notice of deposition to Diamond Austria's counsel, Benjamine Reid, specifying the deposition would take place "at a date and time to be mutually agreed on by the parties." In an attached letter, I specifically asked for convenient dates. True and accurate copies of those documents are attached as **Exhibit 1** and **Exhibit 2** to Plaintiff's Response.

4.      On April 21, I forwarded the same e-mail and documents to Mr. Reid, asking for a response. A true and accurate copy of that document is attached as **Exhibit 3** to Plaintiff's Response.

5.      On April 23 and due to the unresponsiveness of Diamond's Austria's counsel, I issued an amended notice of the Diamond Deposition for May 8, 2014, at Mr. Reid's office in Miami. Accompanying the notice was another e-mail offering to reschedule the deposition to a more convenient date and time. True and accurate copies of those documents are attached as **Exhibit 4** and **Exhibit 5** to Plaintiff's Response.

6.      On April 29, Mr. Reid offered a witness for deposition on May 13, 14, or 16 in Austria. That same day, I reminded Mr. Reid that Carl Nelson, counsel for the related Diamond parties in this case (i.e., Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales, U.S.A., Inc.), had already issued a notice of deposition to take place on May 14 in Baltimore, Maryland, that would conflict with those dates. I then stated that it seemed more convenient for one witness to travel to the United States, than for three sets of lawyers to travel to Austria. I also told Mr. Reid that counsel for Plaintiff were available on May 16, one of the dates he offered, if the deposition could take place in Miami or some other city in the United States. A true and accurate copy of that e-mail exchange is attached as **Exhibit 6** to Plaintiff's Response.

7.      Mr. Reid never responded to My April 29 e-mail but instead filed his Motion.

8.      On May 1, I offered to take the Diamond Deposition on May 20 or 21 in Vienna, Austria as long as the deposition was not limited to jurisdictional issues.

Under 28 U.S.C. § 1746, I declare the above statements are true and accurate to the best of my knowledge.

Executed on May 1, 2014

Brandon McGrath

15295103_1.docx

# Exhibit 8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION, TRUSTEE
OF CONTINENT AIRCRAFT TRUST 1087,

      Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.

      Defendants.

_____/

## DECLARATION OF MICHAEL A. GRIM

I, Michael A. Grim, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    I am counsel of record in this case for the Plaintiff, Aircraft Guaranty Corporation, Trustee and I am admitted to this Court pro hac vice.

    2.    I have personal knowledge of the statements made in this declaration.

    3.    On two occasions between April 16, 2014 and April 24, 2014, Mr. Ben Reid, counsel for Diamond Aircraft Industries GmbH ("Diamond Austria") telephoned me and asked whether the CR 30(b)(6) deposition of Diamond Austria's representative would be limited solely to jurisdictional issues given Diamond Austria's pending Motion to Dismiss related to jurisdiction.

    4.    I stated that the Plaintiff could not agree to such limitations in light of the current scheduling order.

    5.    During one of the calls, I offered to jointly request a status conference with the Court to address the outstanding discovery issues.

6.      Mr. Reid stated he needed to consult with Carl Nelson, counsel for Diamond Aircraft Industries, Inc. ("Diamond Canada") and Diamond Aircraft Sales, U.S.A., Inc. ("Diamond USA").  Mr. Reid never responded.

7.      One of the issues raised by Mr. Reid following the April 24th call was whether the plaintiffs in the other two active cases before this Court (*i.e*, Twinstar Parnters, LLC and World Traveling Fools, LLC) would attempt to serve their respective complaints on Diamond Austria's corporate representative, if he appeared in Miami, Florida for purposes of the 30(b)(6) deposition for Plaintiff Aircraft Guaranty Corporation.

8.      Following that call, I sent an e-mail to Mr. Reid to confirm that would not happen as the letters rogatory process as to those two plaintiffs should be completed shortly, if not already complete.

Under 28 U.S.C. § 1746, I declare the above statements are true and accurate to the best of my knowledge.

Executed on May 1, 2014

_____

**Michael A. Grim**

15295103_1.docx