UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT TRUST
1087,

    Plaintiff,

vs.

DIAMOND AIRCRAFT INDUSTRIES, INC.,
DIAMOND AIRCRAFT INDUSTRIES, GMBH,
and DIAMOND AIRCRAFT SALES U.S.A.,
INC.,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS

Seeking to invoke the Court's diversity jurisdiction, Plaintiff, an American trustee of a Wyoming trust, is suing American, Canadian, and Austrian corporations. This case challenges the parameters of diversity jurisdiction because the trust's beneficiary is a Danish citizen. Given this context, the Court finds it lacks diversity jurisdiction as there are foreign entities on both sides of this case.

THIS CAUSE came before the Court upon the Defendant Diamond Aircraft Sales, U.S.A., Inc.'s Motion to Dismiss **(D.E. No. 83)**, filed on **February 14, 2014**, Defendant Diamond Aircraft Industries, Inc.'s Motion to Dismiss **(D.E. No. 85)** filed on **February 14, 2014**, and Defendant Diamond Aircraft Industries, GmbH's Motion to Dismiss **(D.E. No. 97)** filed on **April 3, 2014**.

THE COURT has considered the motions, the responses, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions to dismiss are GRANTED for lack of subject matter

jurisdiction. During oral argument, Plaintiff requested that if the Court found it lacked jurisdiction, it grant leave to amend the complaint to drop the two foreign defendants. The Court recognizes it has discretion under Federal Rule of Civil Procedure 21, which permits the district court to drop a party "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action. . ."). Based on Plaintiff's counsel's own representation in Open Court that the American Defendant, Diamond Aircraft Sales, U.S.A., Inc., has no assets, the Court declines to allow the Plaintiff to amend the complaint to drop the foreign defendants. The Court will, however, allow the Plaintiff's counsel to select another case that is in abeyance to reopen by no later than **May 21, 2014**.

## I. Background

Plaintiff Aircraft Guaranty Corp. is the trustee of Continent Aircraft Trust 1087 that entered into a contract with a Florida company, Premier Aircraft Sales, Inc., a non-party, to purchase a DA42 aircraft. Defendant Diamond Aircraft Industries is a Canadian company that manufactures different models of light aircraft, including the Diamond DA42 Twin Star. Karsten Damgaard-Iversen is presently the sole beneficiary of the Continent Aircraft Trust. The Aircraft Sales Agreement confirms that Mr. Damgaard-Iversen purchased the aircraft in his individual capacity. Continent Aircraft Trust is the current owner of the aircraft. Plaintiff, the trustee Aircraft Guaranty Corp., is domiciled in Wyoming.

On August 26, 2013, the Plaintiff moved and the Court granted leave to file a third amended complaint in this action, which sought the addition of Diamond Aircraft Industries GmbH ("Diamond Austria") and Diamond Aircraft Sales U.S.A., Inc., two other related entities.

At issue in the motion to dismiss is whether diversity jurisdiction should be determined by looking at the Plaintiff trustee's domicile, which is Wyoming, or Iversen's citizenship, which is Denmark. According to Defendants' motions to dismiss, Iversen's Danish citizenship destroys this Court's diversity jurisdiction because there are two foreign defendants – Diamond Aircraft Industries from Canada and Diamond Aircraft Industries, GmbH from Austria. Iversen is the sole certificate holder and beneficiary of the trust. Iversen testified at his deposition that his sole purpose in creating the trust was to register the aircraft with the FAA. Moreover, Iversen testified at his deposition that the Trustee has no independent control over the Trust's only asset – the subject aircraft. Iversen also testified that he, not the Trustee, was making the decisions in this litigation. Citing Iversen's deposition, the Defendants argue Iversen is the "real party in interest" as he is the ultimate decision-maker regarding the disposition of the aircraft.

## II. Legal Standard and Analysis

Federal courts have original subject matter jurisdiction over controversies between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Federal diversity jurisdiction does not encompass controversies between citizens of foreign states or resident aliens. *See Vantage Drilling Co. v. Su*, 741 F.3d 535, 538 (5th Cir. 2014) (finding diversity jurisdiction was lacking where plaintiff was incorporated in the Cayman Islands and defendant is a Taiwanese citizen); *see also Banci v. Wright*, 44 F. Supp. 2d 1272, 1275 (S.D. Fla. 1999) (finding no diversity jurisdiction existed where plaintiff was a citizen of Ecuador and a Florida resident and where defendant was a citizen of Ecuador and a California resident).

Plaintiff bears the burden of establishing diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter." *JPMCC 2005-*

*CIBC13 Collins Lodging, LLC v. Philips South Beach LLC*, No. 10-20636-CIV-ALTONAGA, 2010 WL 4317000, *1 (S.D. Fla. Oct. 22, 2010).

At issue in the motion to dismiss is whether diversity should be determined by looking at the Plaintiff trustee's domicile, which is Wyoming, or the beneficiary Iversen's citizenship, which is Denmark. According to Defendants' motions to dismiss, Iversen's Danish citizenship destroys this Court's diversity jurisdiction. Iversen is the sole certificate holder and beneficiary of the trust. *See* Iversen Depo. at 61. It is undisputed that Iversen's purpose in creating the trust was to register the aircraft with the FAA. *Id.* at 56. Citing Iversen's deposition testimony, the Defendants argue Iversen is the "real party in interest" as he is the ultimate decision-maker regarding the disposition of the aircraft, and would receive the sales proceeds if the aircraft were ever sold. *Id.* at 61. Iversen testified the Trustee had no control over the aircraft or this litigation and he only retained the trustee to obtain and maintain FAA registration. *Id.* at 56, 61.

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) is the seminal case on this issue. In *Navarro*, the Supreme Court found that a trustee is a real party in interest for "purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.*, 446 U.S. at 464-65. The *Navarro* Court recognized that trustees could sue in their own right, without regard to the citizenship of the trust beneficiaries when the trustee was actively controlling the assets and controlling the litigation. *Id.* Likewise in *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995), the Second Circuit held that it would not find the citizenship of a corporation to control when the corporation was merely acting as an agent representing the interests of others. It stated that "[i]n such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute."

The Third Circuit in *Emerald Investors Trust v. Gaunt Parsipanny Partners*, 492 F.3d 192 (3d

Cir. 2007), examined the Supreme Court cases of *Navarro* and *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). Mindful of *Navarro* and *Carden*, *Emerald Investors Trust* outlines four possible tests for determining the citizenship of a trust: (a) look to the citizenship of the trustee only; (b) look to the citizenship of the beneficiary only; (c) look to the citizenship of either the trustee or the beneficiary depending on who is in control of the trust in the particular case; or (d) look to the citizenship of both the trustee and the beneficiary. *Emerald Investors Trust*, 492 F.3d at 201-204. The Third Circuit ultimately concluded that the final alternative, the citizenship of the trustee and the beneficiary, is the best approach. *Id.*, 492 F.3d at 204. Finding this approach did not contravene *Navarro* and *Carden*, the Third Circuit found no reason to limit a trust's members to include only a trustee and not its beneficiaries. Ultimately, the Third Circuit found the citizenship of both the trustee and the beneficiary controls in determining the citizenship of a trust.

The Eleventh Circuit analyzed the issue and ruled consistently with the Third Circuit's decision in *Emerald Investors Trust*. In *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002), the Eleventh Circuit reaffirmed the distinction between a corporation and a business trust. Citing *Carden*, the Eleventh Circuit held that a business trust is "*not* to be accorded the status of a corporation for diversity purposes. Instead, like the limited partnership in *Carden*, it is to be treated as a citizen of each state in which one of its shareholders is a citizen." *Riley*, 292 F.3d at 1339 (emphasis in original). The Eleventh Circuit also emphasized that prior to *Carden*, it had applied the "incorporated/unincorporated distinction to determine the citizenship of trusts on the basis of the citizenship of their shareholders." *Id.*

Applying the precedent to this case, the Court finds it must consider Iversen's Danish citizenship in its diversity analysis. This case is unlike *Navarro* where the trustee was in control of the assets and the litigation. Rather, Iversen's deposition testimony supports the conclusion that he

is the "real party in interest." Iversen's own testimony establishes that he was in control of the trust's singular asset, the airplane, and directed the litigation. Especially in a case, such as this, the Court must find it appropriate to consider his Danish citizenship to find that there is no diversity jurisdiction.

The Court also agrees with the rationale of *Emerald Investors Trust* stating that courts should consider the domicile of both trustees and beneficiaries in deciding whether diversity jurisdiction exists. *Emerald Investors*, 492 F.3d at 204. This holding obviates an "illogical outcome under a trustee or beneficiary-only approach in a case in which the trustee controls the trust and the beneficiary is merely passive, or vice versa." *Id.* This bright-line rule is also preferable and more efficient to determine jurisdiction. *Id.*

Plaintiff urges the Court to follow Federal Rule of Civil Procedure 17 and state law governing the trust in this case to find there is diversity jurisdiction. The Supreme Court, however, has instructed that Rule 17 is a procedural rule, not a jurisdictional one. *See Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005). In *Riley*, the Eleventh Circuit also disagreed with this argument stating Rule 17(b) only applies to the right of a corporation to sue and be sued, again drawing a distinction between corporate and unincorporated entities. The Eleventh Circuit also added that "state law cannot prescribe rules to govern federal diversity jurisdiction." *Riley*, 292 F.3d at 1339. Following *Lincoln Property Co.* and *Riley*, the Court declines to find that state law and Rule 17 apply to create diversity jurisdiction. As complete diversity is lacking, the Court finds there is no jurisdiction over this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of May, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record