UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-61663-CIV-MORENO

AIRCRAFT GUARANTY CORPORATION,
TRUSTEE OF CONTINENT AIRCRAFT
TRUST 1087,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.;
DIAMOND AIRCRAFT INDUSTRIES, GMBH;
and DIAMOND AIRCRAFT SALES U.S.A., INC.,

    Defendants.
_____/

### DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendant Diamond Aircraft Industries, Inc. ("Diamond Canada"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 54(d)(1), S.D. Fla. L.R. 7.3(c), and 28 U.S.C. § 1920, respectfully submits its Bill of Costs for recoverable expenses incurred in defense of the above-captioned case.  For the reasons stated herein, Diamond Canada is entitled to have the costs incurred in defense of the above-captioned case taxed against Plaintiff.

Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  Fed. R. Civ. P. 54(d)(1).  In the instant case, Diamond Canada is a prevailing party because the case has been dismissed for lack of subject-matter jurisdiction, and there are no claims asserted by Plaintiff against Diamond Canada that remain pending.

28 U.S.C. § 1920 identifies six categories upon which a prevailing party may file a Bill of Costs, but Diamond Canada only seeks recovery under one of those categories: the category permitting the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  *See* 28 U.S.C. § 1920(2).  Such costs are recoverable under both the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules.

In the instant case, Diamond Canada attended all of the depositions in the subject case and was responsible for paying and has paid for all of the deposition transcripts ordered and utilized in the subject case.  As detailed in Composite Exhibit A[1] attached hereto, Diamond Canada was responsible for and paid four (4) invoices pertaining to depositions taken in the instant action.  *See* Comp. Ex. A.  In certain instances, a deposition was noticed for and taken in this and the other two active cases.[2]  For the costs incurred as to the depositions noticed in all three active cases, Diamond Canada divided that cost and only included a third of the total cost in its Bill of Costs submitted in this case.  *See* Comp. Ex. A (showing mathematical reductions for both Invoices 3 and 4).

As seen by citations to the deposition testimony throughout Diamond Canada's filings in this case (including, Diamond Canada's Motion to the Dismiss Second Amended Complaint (Doc. 85) at 4-6, 9-11, 14), Diamond Canada relied upon and utilized the deposition transcripts in defense of the claims asserted by Plaintiff against Diamond Canada.  As such, the costs incurred by Diamond Canada were justified and should be taxed against Plaintiff.

---

[1] The invoices comprising Composite Exhibit A are attached to and incorporated herein by reference.

[2] The two other open cases are Twinstar Partners, LLC v. Diamond Aircraft Industries, Inc. et al. (Case No. 11-CV-61684) and World Traveling Fools, LLC v. Diamond Aircraft Industries, Inc. (Case No. 11-CV-61670).

Additionally, Diamond Canada has provided a credit of $145.00 for the cost incurred by Plaintiff for service of process on Diamond Aircraft Sales U.S.A., Inc. *See* Comp. Ex. A. This credit was provided in order to avoid the need for Plaintiff to file a similar motion pursuant to Fed. R. Civ. P. 4(d)(2) to recover its costs for service.

As required by S.D. Fla. L.R. 7.3(c), Diamond Canada files its Bill of Costs and this supporting memorandum within thirty (30) days of entry of final judgment. *See* Doc. 113 dated May 8, 2014. As such, Diamond Canada's submissions are timely.

WHEREFORE, for the reasons herein stated, Diamond Canada respectfully requests that the Court approve the Bill of Costs submitted by Diamond Canada and tax such costs against Plaintiff.

### S.D. Fla. L.R. 7.1(a)(3) Verification

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Diamond Canada has conferred with counsel for the Plaintiff, who agrees to the relief requested herein.

Respectfully submitted,

s/ Carl R. Nelson
Carl R. Nelson, FBN 280186
cnelson@fowlerwhite.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@fowlerwhite.com
Scott A. Richards, FBN 0072657
scott.richards@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on June 3, 2014, on all counsel of record on the attached Service List:

> s/ Carl R. Nelson
> Carl R. Nelson, FBN 280186
> cnelson@fowlerwhite.com
> Ashley Bruce Trehan, FBN 0043411
> ashley.trehan@fowlerwhite.com
> Scott A. Richards, FBN 0072657
> scott.richards@fowlerwhite.com
> FOWLER WHITE BOGGS P.A.
> 501 E. Kennedy Blvd., Suite 1700
> Tampa, FL 33602
> Tel: (813) 228-7411
> Fax: (813) 229-8313
> Attorneys for Defendant Diamond Aircraft
> Industries, Inc.

**SERVICE LIST**

Juan Martinez (FBN 9024)
juan.martinez@gray-robinson.com
GRAY ROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131-0014
Tel: (305) 416-6880
Fax: (305) 416-6887

Michael A. Grim
mgrim@bgdlegal.com
BINGHAM GREENEBAUM DOLL, LLP
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
Tel: (502) 589-4200
Fax: (502) 587-3695
*Admitted pro hac vice*

V. Brandon McGrath
bmcgrath@bgdlegal.com
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 455-7643
Fax: (513) 455-8500
*Admitted pro hac vice*

Attorneys for Aircraft Guaranty Corporation,
Trustee for Continent Aircraft Trust 1087

Benjamine Reid
breid@cfjblaw.com
CARLTON FIELDS JORDEN BURT
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Phone: (305) 539-7222
Fax: (305) 530-0055

Attorneys for Diamond Aircraft Industries,
GmbH